William M. Audet (California State Bar No. 117456)
Adel A. Nadji (California State Bar No. 232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California 94105
ANadji@audetlaw.com
Telephone:   (415) 568-2555
Facsimile:   (415) 568-2556

[Additional Counsel listed on signature page.]

Attorneys for Plaintiffs,
MONTE RUSSEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO AND COMPANY,<br><br>Defendant. | Case No. C 07 3993 CW<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**<br><br>and<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

COME NOW Plaintiff Monte Russell, and by and through his attorneys, state and allege as follows:

**THE PARTIES**

1. Individual and representative Plaintiff Monte Russell resides in Glendale, Arizona. Plaintiff is a former employee of Defendant Wells Fargo & Company. He was employed by Defendant from 1998 until September 2006.

2. Defendant Wells Fargo & Company is a Delaware corporation with its headquarters in San Francisco, California. On its website, Wells Fargo & Company describes itself as "a diversified financial services company providing banking, insurance, investments, mortgage and consumer finance through more than 6,000 stores, the Internet and other distribution channels across North America and internationally."

COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
Page 1

**JURISDICTION AND VENUE**

3. Jurisdiction over Plaintiffs' federal claim are based upon: (a) Section 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §216(b), which authorizes employees to bring civil actions in state or federal court to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

4. Personal Jurisdiction over Defendant is proper because Defendant is licensed to do business in this state and is headquartered and doing business in San Francisco, California.

5. Venue is proper because this is a venue in which a substantial part of the events or omissions giving rise to the claims occurred.

**FACTUAL ALLEGATIONS**

6. Plaintiff brings this action against Wells Fargo. Plaintiff is a former Wells Fargo Technology Information Group (upon information and belief, formerly known as Wells Fargo Service Company) employee, with the job title "PC/LAN Engineer," whose primary duties were to provide computer support to Wells Fargo. Mr. Russell did not supervise any employees. Wells Fargo classified Plaintiff's position as exempt from the overtime provisions of FLSA, as described below. Plaintiff's primary duties, however, make him a nonexempt employee.

7. Plaintiff brings this action on behalf of himself and all persons (hereinafter "FLSA Employees") who were, are, or will be employed by Wells Fargo nationwide as Technology Information Group employees with the primary job duties of providing computer support, including persons with the job title "PC/LAN Engineers," at any time within the three years prior to this action's filing date through the date of the final disposition of this action (the "FLSA Period"). Plaintiff reserves the right to include other job titles for positions undertaking similar tasks but bearing different job titles.

8. Plaintiff alleges that Wells Fargo unlawfully classified Plaintiff and the FLSA employees as exempt from overtime pay provisions under FLSA. Plaintiff and the FLSA employees worked overtime or on-call hours, as defined by FLSA, and are and have been entitled to premium compensation at one and one-half times the regular hourly rate ("overtime compensation") for those hours. Wells Fargo has willfully refused to pay Plaintiff and the FLSA

Employees the required overtime compensation for overtime hours worked and has failed to keep time records as required by the FLSA.

9. The primary duties of Plaintiff and the FLSA Employees were or are to provide computer support services to Wells Fargo by following and implementing well-established company instructions and procedures. A PC/LAN Engineer's primary duties include fixing or troubleshooting computer hardware and installing software according to instructions or specifications established by others in the Technology Information Group, or implementing changes to computer hardware according to instructions or specifications established by others in the Technology Information Group. Although the job titles given to the FLSA Employees suggest that their jobs require exceptional expertise, they are really technicians, not "engineers" or "analysts."

10. Plaintiff and Defendant entered into a tolling agreement relating to the issues involved in this case.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings the First Cause of Action for violation of FLSA as a collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), on behalf of all FLSA Employees, as defined in paragraph 6 and 7.

12. Plaintiff and the FLSA Employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant Wells Fargo's common practice, policy, or plan of refusing to pay overtime in violation of FLSA and unlawfully characterizing FLSA Employees as exempt employees.

13. The First Cause of Action may be brought and maintained as an "opt-in" collective action under Section 16(b) of FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff under FLSA, since Plaintiff's claims are similar to the claims of the FLSA Employees.

14. The names and addresses of the FLSA Employees are available from Defendant. Notice will be provided to the FLSA Employees via first class mail to the last known address of their employer, and will be published in national publications.

## FIRST CAUSE OF ACTION

## (VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938)

15. Plaintiffs restate and re-allege the allegations set forth the preceding paragraphs.

16. The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1). At all relevant times, Defendant has been, and continues to be, an "employer" engaging in interstate commerce or in the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. § 203. Defendant has employed and continues to employ employees, including Plaintiff and the putative class.

17. The FLSA requires each covered employer, such as Defendant Wells Fargo, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a week.

18. The FLSA Employees are entitled to be paid overtime compensation for all overtime hours worked.

19. At all relevant times, Wells Fargo had a policy and practice of failing and refusing to pay overtime pay to the FLSA Employees for their hours worked in excess of forty (40) hours per week.

20. By failing to compensate Plaintiff and the FLSA Employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Wells Fargo has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

21. By failing to record, report, or compensate Plaintiff and the FLSA Employees, Wells Fargo has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 216(b).

22. The FLSA Employees are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing

of this complaint, plus periods of equitable tolling. Wells Fargo's failure to pay overtime to Plaintiff and the FLSA Employees was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Wells Fargo did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the FLSA Employees are entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Gold 'n Plump did not act willfully in failing to pay overtime pay, the FLSA employees are entitled to an award of prejudgment interest at the applicable legal rate. Reasonable attorneys' fees and costs, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), should also be awarded.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Designation of this action as a collective action on behalf of the proposed FLSA Employee Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);
2. Designation of Plaintiff as a Representative of the FLSA Employees;
3. An award of damages, including liquidated damages, to be paid by Wells Fargo;
4. Costs of action incurred herein, including expert fees;
5. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;
6. Pre- and post-judgment interest, as provided by law; and
7. Such injunctive and equitable relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: **August 2, 2007** | Respectfully submitted, |
| 2 | | AUDET & PARTNERS, LLP |
| 3 | | |
| 4 | | */s/ Signature* |
| 5 | | William M. Audet (California State Bar No. 117456) |
| 6 | | Adel Nadji (California State Bar No. 232599)<br>221 Main Street, Suite 1460 |
| 7 | | San Francisco, California 94105<br>fsmith@larsonking.com |
| 8 | | Telephone: (415) 568-2555<br>Facsimile: (415) 568-2556 |
| 9 | | |
| 10 | | T. Joseph Snodgrass (*Pro Hac Vice pending*) |
| 11 | | Kelly A. Swanson (*Pro Hac Vice pending*)<br>LARSON • KING, LLP |
| 12 | | 2800 Wells Fargo Place<br>30 East 7th Street |
| 13 | | St. Paul, Minnesota 55101<br>Telephone: (651) 312-6500 |
| 14 | | Facsimile: (651) 312-6619 |
| 15 | | Attorneys for Plaintiff MONTE RUSSELL |
| 16 | Lk: 1207854 | |