GLENN L. BRIGGS (SB# 174497)
E-mail: gbriggs@hbwllp.com
THERESA A. KADING (SB# 211469)
E-mail: tkading@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued herein as
WELLS FARGO & COMPANY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY,<br><br>Defendants. | CASE NO. C 07-03993 CW<br><br>JUDGE CLAUDIA WILKEN<br>COURTROOM 2<br><br>**ANSWER OF DEFENDANT WELLS FARGO BANK, N.A., TO PLAINTIFF'S COMPLAINT; CERTIFICATION OF INTERESTED PARTIES** |

26166_1

- 1 -

ANSWER OF WELLS FARGO BANK, N.A., TO PLAINTIFF'S COMPLAINT

In answer to Plaintiff's Complaint, defendant Wells Fargo Bank, N.A. (erroneously sued herein as Wells Fargo & Company) (hereinafter, "Defendant"), for itself and no other defendants, admits, denies and alleges as follows:

## THE PARTIES

1. Answering Paragraph 1, Defendant is without sufficient information either to admit or deny allegations regarding Plaintiff's place of residence, and therefore denies same. Defendant admits that Plaintiff was an employee of Defendant Wells Fargo Bank, N.A., from 1998 until September 2006. Defendant denies that Plaintiff was an employee of Wells Fargo & Company. To the extent additional answers are required, Defendant denies the remaining allegations in Paragraph 1.

2. Answering Paragraph 2, Defendant admits that it is a National Association incorporated under the laws of the United States, with headquarters in San Francisco, California. Defendant admits that, on www.wellsfargo.com, there is a statement that Wells Fargo & Company "is a diversified financial services company providing banking, insurance, investments, mortgage and consumer finance through more than 6,000 stores, the Internet and other distribution channels across North America and internationally." Defendant denies the remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Answering Paragraph 3, Paragraph 3 contains legal conclusions to which no answers are required. To the extent answers are required, Defendant denies the allegations in Paragraph 3.

4. Answering Paragraph 4, Defendant admits that it is licensed to do business in California and that it is headquartered and does business in San Francisco, California. The remaining allegations of Paragraph 4 contain legal conclusions to which no answers are required. To the extent answers are required, Defendant denies the remaining allegations of Paragraph 4.

5. Answering Paragraph 5, Defendant admits that some portion of the alleged conduct purportedly occurred in the Northern District of California. The remaining allegations of Paragraph 5 contain legal conclusions to which no answers are required. To the extent answers are required, Defendant denies the allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

6. Answering Paragraph 6, Defendant admits that Plaintiff has brought this action against it. Furthermore, Defendant admits that Plaintiff was employed by Defendant and that he had the job title "PC/LAN Engineer 3." Defendant further admits that Plaintiff did not supervise any employees and that his position of "PC/LAN Engineer 3" was treated as exempt from the overtime provisions of the FLSA during the period of time Plaintiff was employed in that position. Defendant denies the remaining allegations in Paragraph 6. To the extent Paragraph 6 contains legal conclusions, no answers are required.

7. Answering Paragraph 7, Defendant is without sufficient information either to admit or deny the allegations as to whom Plaintiff contends are similarly situated and therefore denies same. Defendant is also without sufficient information either to admit or deny Plaintiff's allegations as to rights he is or is not reserving with respect to inclusion of other job titles and therefore denies same.

1  8.   Answering Paragraph 8, Defendant denies the allegations contained in
2  Paragraph 8.

4  9.   Answering Paragraph 9, Defendant denies the allegations contained in
5  Paragraph 9.

7  10.  Answering Paragraph 10, Defendant admits that it entered into a
8  tolling agreement with Plaintiff relating to the issues in this case that Plaintiff has
9  since terminated.

## COLLECTIVE ACTION ALLEGATIONS

13  11.  Answering Paragraph 11, Paragraph 11 contains legal conclusions to
14  which no answers are required. To the extent answers are required, Defendant
15  denies the allegations of Paragraph 11.

17  12.  Answering Paragraph 12, Defendant is without sufficient information
18  either to admit or deny allegations as to whom Plaintiff contends are similarly
19  situated and therefore denies same. Defendant denies the remaining allegations of
20  Paragraph 12.

22  13.  Answering Paragraph 13, Defendant is without sufficient information
23  either to admit or deny allegations as to whom Plaintiff contends are similarly
24  situated and therefore denies same. Defendant denies the remaining allegations of
25  Paragraph 13. To the extent Paragraph 13 contains legal conclusions, no answers
26  are required.

14. Answering Paragraph 14, Defendant denies the allegations contained in Paragraph 14. To the extent Paragraph 14 contains legal conclusions, no answers are required.

## FIRST CAUSE OF ACTION

## (VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938)

15. Answering Paragraph 15, Defendant incorporates by reference its answers to the preceding paragraphs as though fully set forth herein.

16. Answering Paragraph 16, Defendant admits that it employed Plaintiff. Defendant denies that Wells Fargo & Company employed Plaintiff. The remaining allegations of Paragraph 16 contain legal conclusions to which no answers are required. To the extent answers are required, Defendant denies the allegations contained in Paragraph 16.

17. Answering Paragraph 17, Paragraph 17 contains legal conclusions to which no answers are required. To the extent answers are required, Defendant denies the allegations contained in Paragraph 17.

18. Answering Paragraph 18, Paragraph 18 contains legal conclusions to which no answers are required. To the extent answers are required, Defendant denies the allegations contained in Paragraph 18.

19. Answering Paragraph 19, Defendant denies the allegations contained in Paragraph 19. Defendant specifically denies that Plaintiff is entitled to overtime pay.

1   20.   Answering Paragraph 20, Defendant denies the allegations contained in Paragraph 20. To the extent Paragraph 20 contains legal conclusions, no answers are required.

21.   Answering Paragraph 21, Defendant denies the allegations contained in Paragraph 21. To the extent Paragraph 21 contains legal conclusions, no answers are required.

22.   Answering Paragraph 22, Defendant denies the allegations contained in Paragraph 22. To the extent Paragraph 22 contains legal conclusions, no answers are required.

Answering Plaintiff's prayer for relief, Defendant is without sufficient information either to admit or deny allegations regarding Plaintiff's prayer for relief. However, Defendant denies that Plaintiff is entitled to damages in any amount or relief of any kind.

WHEREFORE, Defendant prays that this Court enter judgment in favor of Defendant and against Plaintiff, that the Court award its costs incurred herein, and that the Court grant such other and further relief the Court deems equitable and just.

## FIRST AFFIRMATIVE DEFENSE

23.   Defendant denies each and every allegation not expressly admitted herein.

## SECOND AFFIRMATIVE DEFENSE

24. Defendant denies that Plaintiff is similarly situated to any class of employees he seeks to represent.

## THIRD AFFIRMATIVE DEFENSE

25. The Complaint, and each and every purported claim contained therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of claims; and (d) the individualized nature of Plaintiff's claims makes class treatment inappropriate.

## FOURTH AFFIRMATIVE DEFENSE

26. Plaintiff may not pursue this action on behalf of any individual who has not signed and filed a written consent to participate in this suit.

## FIFTH AFFIRMATIVE DEFENSE

27. The Complaint, and each and every purported claim contained therein, fails to state facts sufficient to constitute a claim for which relief may be granted against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

28. The Complaint, and each and every purported claim contained therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to 29 U.S.C. § 255.

## SEVENTH AFFIRMATIVE DEFENSE

29. The Complaint, and each and every purported claim contained therein, is barred in whole or in part because Plaintiff, and those similarly situated, if any, were exempt from the relevant provisions of the Fair Labor Standards Act.

## EIGHTH AFFIRMATIVE DEFENSE

30. The Complaint, and each and every purported claim contained therein, is barred in whole or in part because Plaintiff, and those similarly situated, if any, were not meeting the realistic expectations of Defendant and thus misperforming the job.

## NINTH AFFIRMATIVE DEFENSE

31. The Complaint, and each and every purported claim contained therein, is barred in whole or in part by the *de minimis* doctrine.

## TENTH AFFIRMATIVE DEFENSE

32. The Complaint, and each and every purported claim contained therein, is barred in whole or in part because Defendant's compensation and time keeping

practices were adopted in good faith and in conformity with and in reliance upon written administration regulations, orders, rulings, approvals, or interpretations of the United States Department of Labor and therefore may not give rise to liability for back pay pursuant to 29 U.S.C. § 259.

## ELEVENTH AFFIRMATIVE DEFENSE

33. The Complaint, and each and every purported claim contained therein, is barred in whole or in part because Defendant acted in good faith and with reasonable grounds to believe that its actions were not in violation of law, such that no liquidated damages may be awarded to Plaintiff, or those similarly situated, if any, pursuant to 29 U.S.C. § 260.

## TWELFTH AFFIRMATIVE DEFENSE

34. The Complaint, and each and every purported claim contained therein, is barred to the extent Plaintiff, and those similarly situated, if any, consented to any alleged activity or conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

35. The Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of judicial estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

36. The Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

37. The Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

38. The Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

39. The Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

40. The Complaint, and each and every purported claim contained therein, is barred in whole or in part by the doctrine of avoidable consequences.

## NINETEENTH AFFIRMATIVE DEFENSE

41. Plaintiff, and those similarly situated, if any, have failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

## TWENTIETH AFFIRMATIVE DEFENSE

42. Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff, and those similarly situated, if any, have an adequate and complete remedy at law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

43. The Court has no jurisdiction over the subject matter of the Complaint or parts thereof, because Plaintiff, and those similarly situated, if any, failed to exhaust their administrative remedies.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

44. To the extent Plaintiff, or those similarly situated, if any, have signed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

45. Liability and/or damages, if any, to each member of the group Plaintiff purports to represent may not be determined by a single jury or on a group-wide basis, and therefore permitting this action to proceed as a collective action would violate Defendant's rights under the Seventh and Fourteenth Amendments to the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

46. Defendant reserves the right to amend to assert additional affirmative defenses as discovery proceeds and it becomes aware of additional facts and circumstances that provide the basis for additional affirmative defenses.

DATED: September 17, 2007        HODEL BRIGGS WINTER LLP
                                 GLENN L. BRIGGS
                                 THERESA A. KADING

                                 By: /s/ Theresa Kading
                                     THERESA A. KADING

                                 Attorneys for Defendant
                                 WELLS FARGO BANK, N.A. (ERRONEOUSLY SUED HEREIN AS WELLS FARGO & COMPANY)

CERTIFICATION OF INTERESTED PARTIES

[F.R.C.P. 7.1 and L.R. 3-16]

Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Monte Russell, plaintiff;

2. Wells Fargo Bank, N.A., defendant;

3. Wells Fargo & Company, parent of defendant.

DATED: September 17, 2007    HODEL BRIGGS WINTER LLP
                             GLENN L. BRIGGS
                             THERESA A. KADING

By: *Theresa Kading*
    THERESA A. KADING

Attorneys for Defendant
WELLS FARGO BANK, N.A. (ERRONEOUSLY SUED HEREIN AS WELLS FARGO & COMPANY)

# PROOF OF SERVICE

UNITED STATES DISTRICT COUR     )
                                ) ss:
COUNTY OF ORANGE                )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

On **September 17, 2007**, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT WELLS FARGO BANK, N.A., TO PLAINTIFF'S COMPLAINT; CERTIFICATION OF INTERESTED PARTIES** on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| William M. Audet (State Bar No. 117456)<br>Adel A. Nadji (State Bar No. 232599)<br>AUDET & PARTNERS, LLP<br>221 Main Street, Suite 1460<br>San Francisco, California 94105<br>ANadji@audetlaw.com<br>Telephone: (415) 568-2555<br>Facsimile: (415) 568-2556 | T. Joseph Snodgrass (Pro Hac Vice pending)<br>Kelly A. Swanson (Pro Hac Vice pending)<br>LARSON KING, LLP<br>2800 Wells Fargo Place<br>30 East 7th Street<br>St. Paul, Minnesota 55101<br>Telephone: (651) 312-6500<br>Facsimile: (651) 312-6619 |

☒ **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on September 17, 2007 with postage thereon fully prepaid, at Irvine, California.

☐ **VIA OVERNIGHT MAIL:**

VIA UPS: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA ELECTRONIC MAIL:**

Pursuant to C.R.C. 2060, I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error. My email address is mpace@hbwllp.com.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 17, 2007, at Irvine, California.

_Michele A. Pace_

PROOF OF SERVICE