T. JOSEPH SNODGRASS (MN# 231071) (*pro hac vice*)
Email: jsnodgrass@larsonking.com
KELLY A. SWANSON (MN# 330838) (*pro hac vice*)
Email: kswanson@larsonking.com
LARSON KING, LLP
2800 Wells Fargo Place
30 East 7th Street
St. Paul, Minnesota 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6619

Attorneys for Plaintiff
MONTE RUSSELL


GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
THERESA A. KADING (SB# 211469)
Email: tkading@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A. (ERRONEOUSLY SUED
HEREIN AS WELLS FARGO & COMPANY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY,<br><br>Defendants. | CASE NO. C 07-03993 CW<br><br>JUDGE CLAUDIA WILKEN<br>COURTROOM 2<br><br>**JOINT RULE 26(f) REPORT** |

27032_1

JOINT RULE 26(f) REPORT

## JOINT RULE 26(f) REPORT

On September 27, October 15, and October 26, 2007, Plaintiff Monte Russell ("Plaintiff") and Defendant Wells Fargo Bank, N.A. (erroneously sued herein as Wells Fargo & Company) ("Defendant"), conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9 and the Court's Order Setting Initial Case Management Conference and ADR Deadlines. Pursuant to the foregoing, the parties hereby submit this Joint Rule 26(f) Report concurrently with the required Joint Case Management Statement. At this meeting, the parties conferred and agreed upon the following:

### Joint Statement of Parties' Agreement to Mediate this Action

The parties have an agreement in principle to mediate this action and have agreed to a course of action to prepare for mediation. The parties have conferred regarding an appropriate date for mediation of this action such that the parties have sufficient time to prepare for mediation and have agreed that the mediation will take place during the first quarter of 2008. Because the calendars of many individuals are involved, including counsel for both parties, the parties themselves and a private mediator, agreement to a precise date has not yet been reached. The parties have discussed and agreed in principle to an informal exchange of documents and information prior to mediation. The parties agree that this informal exchange of information is more productive and efficient for purposes of mediation than formal discovery.

In addition, the parties have agreed in principle to toll the statute of limitations for claims raised in the Complaint for the putative collective action members to ensure that no putative collective action members will be prejudiced by this agreement of the parties to mediate.

27032_1

-2-

The parties further agree that it would be most effective to continue the Scheduling Conference in this matter to a date within 30 days following the mediation at which the parties will either (a) inform the Court that the matter has resolved and propose a timeline for approval of the settlement and dismissal of the action; or (b) inform the Court that the case has not resolved and propose an appropriate scheduling order.

In the alternative, the parties have proposed pre-trial dates and a trial date in this report and/or the Joint Case Management Statement filed concurrently herewith.

1) <u>Rule 26(a)(1) Disclosures</u>

The parties have agreed to waive the formal requirements for initial disclosures pending mediation and have agreed that, if mediation is not successful, the parties will reach a reasonable agreement regarding the exchange of initial disclosures. As above, the parties have agreed to an informal exchange of documents and information prior to mediation in this matter and believe that this is more efficient for purposes of mediation.

2) <u>Subjects for Discovery, Proposed Completion Date, and Limitations</u>

As above, the parties have agreed to stay all formal discovery pending mediation and informally exchange information required to prepare for mediation.

The subjects on which discovery may be needed include: (1) the job duties of Plaintiff and other persons holding the positions of PC/LAN Engineer 3, PC/LAN Engineer 4, or PC/LAN Engineer 5 during the relevant time period; (2) compensation of Plaintiff and other persons holding the positions of PC/LAN Engineer 3, 4, or 5 during the relevant time period; (3) hours worked by Plaintiff

1  and other persons holding the position of PC/LAN Engineer 3, 4, or 5 during the
2  relevant time period; and (4) whether collective action treatment is appropriate in
3  this action.

5  The parties do not believe that discovery should occur in phases, nor that any
6  discovery limits, aside from those already in place under the Federal Rules of Civil
7  Procedure, are necessary. However, the parties reserve the right to stipulate in
8  writing to extend the discovery limits.

10  As above, the parties have proposed that the Court continue the Scheduling
11  Conference until a date following mediation and that the Court not set a trial date
12  and discovery cut-off date until that time. Alternatively, the parties propose a
13  discovery cut-off date of June 1, 2009.

15  At this time, the parties are not aware of any other issues affecting the status
16  or management of the case. All other issues are addressed in the Joint Case
17  Management Statement filed concurrently herewith.

19  DATED: October 30, 2007      LARSON KING, LLP
20                                T. JOSEPH SNODGRASS
                                  KELLY A. SWANSON

22                                By: _____
23                                    T. JOSEPH SNODGRASS
                                      Adel A. Nadji
24                                Attorneys for Plaintiff
                                  MONTE RUSSELL

27032_1                          -4-

1  DATED: October 30, 2007     HODEL BRIGGS WINTER LLP
2                              GLENN L. BRIGGS
                               THERESA A. KADING
3

4                              By: _____
5                                  THERESA A. KADING

6                              Attorneys for Defendant
                               WELLS FARGO BANK, N.A.
7

27032_1                         -5-

JOINT RULE 26(f) REPORT

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of San Francisco, State of California; my business address is 221 Main Street, Suite 1460, San Francisco, California 94105. I am over the age of 18 and not a party to the within action. On this date I served the following documents:

**JOINT RULE 26(f) REPORT**

on the parties shown below:

Glenn L. Briggs
Theresa A. Kading
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618
Telephone:   (949) 450-8040
Facsimile:   (949) 450-8033
*Attorneys for Defendant*

[X] (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the above-referenced documents were transmitted, the transmission was reported as complete and without error and the report was properly issued.

[X] (BY ELECTRONIC FILING) On this date I provided the documents(s) listed above electronically through the Court's electronic filing service provider pursuant to the instructions on that website.

[ ] (BY E-MAIL) On this date, the above-referenced documents were converted to electronic files and e-mailed to the addresses shown.

[ ] (BY PERSONAL SERVICE) I caused the above documents to be delivered by hand pursuant to CCP § 1011.

[X] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X] State: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 30th day of October, 2007 at San Francisco, California.

*/s/ Hannah Weinberg*
Hannah Weinberg