UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

MONTE RUSSELL, on behalf of himself and
others similarly situated,

       Plaintiff,                                Case No.: C 07 3993 CW

v.

                                     **JOINT CASE MANAGEMENT STATEMENT**

WELLS FARGO AND COMPANY,

       Defendant.

Plaintiff Monte Russell, on behalf of himself and all others similarly situated, and Defendant Wells Fargo Bank, N.A. (who alleges it is erroneously sued herein as Wells Fargo & Company) submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9.

1. <u>Jurisdiction and Service</u>:

Jurisdiction over Plaintiff's federal claim is based upon Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in state or federal court to recover damages for an employer's failure to pay overtime wages as required by the FLSA. Federal subject matter jurisdiction is also based on 28 U.S.C. § 1331 providing the United States District Court with original jurisdiction of all civil actions arising under laws of the United States and 28 U.S.C. § 1337 providing the same jurisdiction for suits "arising under any act of Congress regulating commerce[.]" Venue is proper under 28 U.S.C. § 1391(b).

No issues exist regarding personal jurisdiction or venue. Barring newly discovered interested parties, no parties remain to be served.

2. <u>Facts</u>:

Plaintiff alleges he is a proposed collective action representative bringing FLSA claims against Defendant arising out of Defendant's alleged misclassification of employees holding the positions of PC/LAN Engineer 3, PC/LAN Engineer 4, and PC/LAN Engineer 5 as exempt from the overtime pay provisions of the FLSA. Plaintiff was employed by Defendant from 1998 until September 2006 as a "Technology Information Group" employee with the title of "PC/LAN

Engineer 3." Plaintiff alleges that his primary duties were to provide computer support to Defendant. Plaintiff alleges that he did not supervise any employees.

Plaintiff alleges that Defendant classified Plaintiff's position as exempt from overtime provisions under the FLSA. Defendant has employed and continues to employ PC/LAN Engineer 3, PC/LAN Engineer 4, and PC/LAN Engineer 5.

Plaintiff claims that he and other similarly situated employees were at all times relevant not exempt from overtime pay provisions under the FLSA. As such, Plaintiff claims that he and other similarly situated employees were at all times relevant underpaid for their services to Defendant. Plaintiff seeks to represent a putative collective action class. Plaintiff prays for monetary damages and for himself, the putative collective action class, and his attorneys' fees and costs as allowed under the FLSA.

Defendant has answered Plaintiff's complaint and asserts general denials and twenty-four affirmative defenses.

The parties anticipate a factual dispute over the nature of Plaintiff's and other similarly situated employees' primary job duties. Additional discovery is needed.

3. <u>Legal Issues</u>:

The case involves legal issues arising out of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. and cases, regulations, and administrative decisions interpreting the FLSA. The parties dispute the following points of law:

   a. Misclassification as "Exempt"

Plaintiff alleges, and Defendant denies, that Defendant unlawfully classified Plaintiff and other similarly situated employees as "exempt" from overtime pay provision under the FLSA. *See* 29 U.S.C. §§ 206, 207 and 213.

   b. Failure to Pay Overtime

Plaintiff alleges, and Defendant denies, that by failing to compensate Plaintiff and other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated, and continues to violate, the FLSA. *See* 29 U.S.C. § 207(a)(1) and 215(a).

   c. Failure to Make, Keep, and Preserve Records

Plaintiff alleges, and Defendant denies, that by failing to record, report, or compensate Plaintiff and other similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violating of the FLSA. *See* 29 U.S.C. §§ 211(c) and 216(b).

d. Damages Entitlement

Plaintiff alleges, and Defendant denies, that Plaintiff and other similarly situated employees are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of Plaintiff's complaint, plus periods of equitable tolling. Plaintiff also seeks liquidated damages. *See* 29 U.S.C. §§ 216, 217 and 260.

e. "Willful" Violations

Plaintiff alleges, and Defendant denies, that Defendant's failure to pay overtime to Plaintiff and other similarly situated employees was "willful" because Defendant did not act in good faith in failing to pay proper overtime pay and had no reason to believe that its failure to do so was not in violation of the FLSA. *See* 29 U.S.C. §§ 255(a) and 260.

f. "Opt-in" Collective Action

Plaintiff alleges, and Defendant denies, that Plaintiff may bring and maintain his case as an "opt-in" collective action for all claims asserted by Plaintiff under the FLSA, since Plaintiff's claims are similar to the claims of other similarly situated employees. *See* 29 U.S.C. § 216(b).

4. Motions:

There are no pending motions. The parties anticipate non-dispositive motions in the near future relating to Plaintiff's efforts to bring this case as a collective action in the event that the case is not resolved at mediation.

5. Amendment of Pleadings:

Plaintiff may seek to add additional collective action opt-ins. Plaintiff also plans on amending the pleadings to properly name Defendant if, as Defendant contends, the wrong Wells Fargo affiliate is named in the Complaint.

The parties propose that any motions to amend the complaint be completed by April 1, 2008.

6. Evidence Preservation:

Counsel for Plaintiff has gathered all evidence in Plaintiff's possession relating to Plaintiff's employment with Defendant. Plaintiff and his counsel will preserve all emails, voice mails, and other electronic evidence, if any.

Defendant has communicated to certain of its employees to preserve evidence relating to Plaintiff's employment with Defendant.

7. Disclosures:

The parties have agreed to waive the formal requirements for initial disclosures pending mediation and have agreed that, if mediation is not successful, the parties will reach a reasonable agreement regarding the exchange of initial disclosures.

8. Discovery:

The parties have agreed to stay all formal discovery pending mediation and informally exchange information required to prepare for mediation. In the event mediation is not successful, the parties propose the following regarding discovery in this case.

Plaintiff does not believe that discovery should not be significantly limited at this stage of the proceedings. Plaintiff requests the following:

1. __100__ Interrogatories
2. __No Limits__ Document requests
3. __No Limits__ Factual depositions (Plaintiff anticipates 20-30)
4. __No Limits__ Requests for admissions
5. __Not anticipated__ Rule 35 medical examinations
6. _____ other.

Defendant requests the following:

1. __100__ Interrogatories
2. __No Limits__ Document requests
3. __No Limits__ Factual depositions (Plaintiff anticipates 20-30)
4. __50__ Requests for admissions
5. __Not anticipated__ Rule 35 medical examinations
6. _____ other.

The parties recommend that the Court establish the following discovery deadlines:

1. __June 1, 2009__ Deadline for completion of non-expert discovery, including service and response to interrogatories, document requests, requests for admission and scheduling of factual depositions;
2. __N/A__ Deadline for completion of all Rule 35 medical examinations.

The parties anticipate that they will require expert witnesses at time of trial and recommend the following:

1. Plaintiff anticipates calling __2-3__ experts: to testify concerning damages and FLSA compliance.
2. Defendant anticipates calling __2__ experts.
3. Because Defendant bears the burden of proof on liability, Defendant's expert reports should be submitted on May 30, 2009, Plaintiff's expert reports should be submitted on July 1, 2009 and rebuttal expert reports should be submitted on July

       21, 2009. Plaintiff further agrees that Defendant will present evidence first at trial regarding liability with respect to the exemption issue.
4. Expert depositions should be completed between July 21, 2009 and August 21, 2009.
5. The parties request that the Court establish the following deadlines for disclosure of experts and experts' opinions consistent with Rule 26(a)(2):
   A. Deadlines for all parties' identification of expert witnesses (initial and rebuttal) (Fed. R. Civ. P. 26(a)(2)(A)):
      Defendant's deadline: May 30, 2009.
      Plaintiff's deadline: July 1, 2009.
      Rebuttal: July 21, 2009.
   B. Deadlines for completion of disclosure or discovery of the substance of expert witness opinions:
      Defendant's deadline: Reports provided on May 30, 2009.
      Plaintiff's deadline: Reports provided on July 1, 2009.
   C. Deadlines for completion of expert witness depositions, if any: August 21, 2009.

Plaintiff recommends that the motions be filed and served on or before the following date:
1. Non-dispositive motions: Heard on or before September 1, 2009.
2. Dispositive motions: Heard on or before September 1, 2009.

The parties agree that the case will be ready for trial on or after October 1, 2009. Plaintiff anticipates that the trial may be 5-7 days. Defendant estimates that the trial will be 20-30 days. A final pretrial conference should be held on or before September 1, 2009.

9. Class Actions:

The case is not a class action at this time.

10. Related Cases:

The parties do not know of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. Relief:

Plaintiff and other similarly situated employees seek damages, including (a) collective action designation on behalf of the proposed FLSA employee class and prompt issuance of notice; (b) designation of Plaintiff as a Collective Action Representative; (c) monetary damages, including liquidated damages to be paid by Defendant; (d) costs, including expert fees; (e) attorneys' fees; (f) pre- and post-judgment interest; and (g) any other injunctive and equitable relief as the Court may deem just and proper.

Plaintiff has no documents to support a monetary calculation at this time. Damages calculations will be based upon employment records and expert testimony. Upon information and belief,

5

employment records and other documents necessary to formulate a damages calculation are in Defendant's possession. Discovery continues.

12. <u>Settlement and ADR</u>:

The parties have agreed to participate in private mediation.

13. <u>Cosent to Magistrate Judge For All Purposes</u>:

The parties have not agreed to consent to jurisdiction by a Magistrate Judge pursuant to Title 28, USC § 636(c) at this time.

14. <u>Other References</u>:

The parties do not believe the case is appropriate for reference to binding arbitration, a special master, or the Judical Panel on Multidistrict Litigation at this time.

15. <u>Narrowing of Issues</u>:

The parties anticipate that there may be issues that can be narrowed by agreement or by motion as the case progresses. There are none at this time. The parties do not wish to bifurcate issues, claims, or defenses at this time.

16. <u>Expedited Schedule</u>:

The parties do not request an expedited schedule at this time.

17. <u>Scheduling</u>:

See number 8 above.

18. <u>Trial</u>:

Plaintiff has demanded a jury trial. See also number 8 above.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:

Plaintiff asserts that, other than his attorneys and their respective law firms, no persons, firms, partnerships, corporations, or other entities known by him have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendant submitted a "Certification of Interested Parties" pursuant to Civil L.R. 3-16 with its Answer. (ECF No. 12). Therein, Defendant asserts that the following list of persons, associations of persons, firms, partnerships, corporations or other entities have either (i) a

financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

    (1) Monte Russell, Plaintiff,
    (2) Wells Fargo Bank, N.A., Defendant, and
    (3) Wells Fargo & Company, parent of Defendant

20. <u>Other Matters</u>:

There are no other matters to discuss at this time.

Dated: October 30, 2007    Respectfully submitted,

AUDET & PARTNERS, LLP

_____
William M. Audet (California State Bar No. 117456)
Adel Nadji (California State Bar No. 232599)
221 Main Street, Suite 1460
San Francisco, California 94105
ANadji@audetlaw.com
Telephone:    (415) 568-2555
Facsimile:    (415) 568-2556

LARSON • KING, LLP
T. Joseph Snodgrass (*Pro Hac Vice*)
Kelly A. Swanson (*Pro Hac Vice*)
2800 Wells Fargo Place
30 East 7th Street
St. Paul, Minnesota 55101
Telephone:    (651) 312-6500
Facsimile:    (651) 312-6619

Attorneys for Plaintiff MONTE RUSSELL and Putative Collective Action Plaintiffs

---

HODEL BRIGGS WINTER, LLP

_____
Glenn L. Briggs (California State Bar No. 174497)
Theresa A. Kading (California State Bar No. 211469)
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant WELLS FARGO BANK, N.A.

LK1214997

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of San Francisco, State of California; my business address is 221 Main Street, Suite 1460, San Francisco, California 94105. I am over the age of 18 and not a party to the within action. On this date I served the following documents:

**JOINT CASE MANAGEMENT STATEMENT**

on the parties shown below:

Glenn L. Briggs
Theresa A. Kading
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033
*Attorneys for Defendant*

[X] **(BY FAX)** I am readily familiar with the firm's practice of facsimile transmission; on this date the above-referenced documents were transmitted, the transmission was reported as complete and without error and the report was properly issued.

[X] **(BY ELECTRONIC FILING)** On this date I provided the documents(s) listed above electronically through the Court's electronic filing service provider pursuant to the instructions on that website.

[ ] **(BY E-MAIL)** On this date, the above-referenced documents were converted to electronic files and e-mailed to the addresses shown.

[ ] **(BY PERSONAL SERVICE)** I caused the above documents to be delivered by hand pursuant to CCP § 1011.

[X] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X] State: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 30th day of October, 2007 at San Francisco, California.

Hannah Weinberg