William M. Audet (California State Bar No. 117456)
Adel A. Nadji (California State Bar No. 232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
anadji@audetlaw.com
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

T. Joseph Snodgrass (*Pro Hac Vice*)
jsnodgrass@larsonking.com
Kelly A. Swanson (*Pro Hac Vice*)
kswanson@larsonking.com
LARSON KING, LLP
2800 Wells Fargo Place
30 East 7th Street
St. Paul, Minnesota 55101
Telephone: (651) 312-6500
Facsimile: (651) 312-6619

Attorneys for Plaintiff
MONTE RUSSELL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY,<br><br>Defendant. | CASE NO. C 07-03993 CW<br><br>**STIPULATION AS TO FORM AND DISSEMINATION OF COLLECTIVE ACTION NOTICE AND CONTINUATION OF CASE MANAGEMENT CONFERENCE, AND [PROPOSED] ORDER** |

THIS STIPULATION AND AGREEMENT is made and entered into by and between Plaintiff Monte Russell ("Plaintiff") and Defendant Wells Fargo Bank, N.A. (erroneously sued herein as "Wells Fargo & Company") ("Defendant") and applies to the lawsuit captioned *Russell v. Wells Fargo & Company*, No. C-07-3993 CW (N.D. Cal.).

1. Plaintiff filed this action on August 2, 2007, asserting claims pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").

2. The parties have an agreement to mediate this action and have agreed to a course of action to prepare for mediation.

3. The parties have discussed, agreed to, and commenced an informal exchange of documents and information prior to mediation. The parties agree that this informal exchange of information is more productive and efficient for purposes of mediation than formal discovery.

4. In addition, the parties have agreed to toll the statute of limitations for claims raised in the Complaint for the putative collective action members until the completion of the opt-in notice period to ensure that no putative collective action members will be prejudiced by this agreement of the parties to mediate. Furthermore, the parties have also agreed to toll the statute of limitations for claims raised in the Complaint on behalf of individuals falling within the following definition until 30 days after the mediation process is completed:

> All present or former Technology Information Group employees of Wells Fargo Bank, N.A., who held the position of PC/LAN Engineer 3, PC/LAN Engineer 4, or PC/LAN Engineer 5, who were paid a salary and were treated as exempt from the laws requiring payment of overtime at any time from November 1, 2004, to the present, who have received a payment of back pay from Wells Fargo Bank, N.A.

5. On November 1, 2007, the parties filed a Stipulation for Continuation of Case Management Conference (ECF No. 19), wherein the parties agreed that within 30 days of the parties' mediation they would either: (a) inform the Court that the matter had been resolved and propose a timeline for approval of the settlement and dismissal of the action; or (b) inform the Court that the case had not resolved and propose an appropriate scheduling order.

6. Pursuant to the parties' Stipulation, Your Honor issued an Order on

November 5, 2007 (ECF No. 20), continuing the Case Management Conference in this action, which was previously scheduled to be held at 2:00 p.m., on November 6, 2007 in Courtroom 2, Oakland, California, to April 8, 2008 at 2:00 p.m. in the above-entitled Court.

7. Subsequent to Your Honor's November 5, 2007 Order, the parties conferred regarding an appropriate date for mediation of this action such that the parties have sufficient time to prepare for mediation and have agreed that the mediation will take place June 18, 2008 with mediator Gig Kyriacou.

8. The parties agree that notice of this putative collective action should issue to individuals who meet the following definition:

> Current and former Technology Information Group employees of Wells Fargo & Company and Wells Fargo Bank, N.A., who held the position of PC/LAN Engineer 3 or PC/LAN Engineer 4, who were paid a salary and treated as exempt from the laws requiring overtime for some period of time after November 1, 2004, and who have not received any payment of back pay from Wells Fargo Bank, N.A.

9. The parties agree as to the content and form of the Notice of Collective Action Claims under the Fair Labor Standards Act, attached hereto as Exhibit A.

10. The parties agree that Rust Consulting, Inc. ("Rust") shall be responsible for the dissemination of the agreed-upon Notice, subject to the Court's approval.

11. The parties agree that within five (5) days after entry of the Court's order approving the content, form and dissemination of notice, Defendant shall search its records and provide directly to Rust a complete list containing the names and current or last known addresses of all persons believed to be putative collective action members (the "Class List").

12. The parties further agree that Notice should be mailed to all current and former employees meeting the definition referenced above in Paragraph 8 by first class mail within five (5) days after receipt by Rust of certification from Defendant that

Defendant has provided Rust with an entire and complete Class List, unless otherwise ordered by the Court. Notice shall be mailed to putative collective action members using the most current mailing address information from Defendant's records as of the time of mailing.

13. The parties agree that Rust shall use reasonable means to locate addresses for putative collective action members in the event any of the mailed notices are returned to sender. The parties further agree that Defendant shall cooperate with Rust in all aspects of locating putative collective action members, including providing social security numbers for those putative collective action members whose mailed notices are returned to sender.

14. The parties agree that putative collective action members shall have a period of 45 days from the date on which Notice is disseminated, within which they may opt-in to the collective action.

15. The parties agree that Rust shall immediately provide copies of any opt-in consent forms to Plaintiffs' counsel upon its receipt of the same and that Plaintiffs' counsel shall then promptly file opt-in consent forms with the Court.

16. In light of the foregoing, the parties further agree that it would be most effective to continue the scheduled Case Management Conference in this matter to a date subsequent to July 15, 2008.

17. Based on the foregoing, Plaintiff, by and through his attorneys of record, and Defendant Wells Fargo Bank, N.A., by and through its attorneys, hereby stipulate to:

    A. Dissemination of the Notice of Collective Action Claims under the Fair Labor Standards Act, attached hereto as Exhibit A or as otherwise approved by the Court, to individuals falling within the definition set forth in Paragraph 8 above and in the manner agreed to by the parties elsewhere herein; and

B. Continue the Case Management Conference.

DATED: March 27, 2008         AUDET & PARTNERS, LLP

By: _____
         ADEL A. NADJI

William M. Audet
Adel A. Nadji
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California 94105
anadji@audetlaw.com
Telephone:   (415) 568-2555
Facsimile:   (415) 568-2556

*Attorneys for Plaintiff*

DATED: March 26, 2008         HODEL BRIGGS WINTER LLP

By: *Glenn Briggs/TK*
         GLENN L. BRIGGS

Glenn L. Briggs
Theresa A. Kading
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618
Telephone:   (949) 450-8040
Facsimile:   (949) 450-8033

*Attorneys for Defendant*

lk: 1226029

5

[Proposed] ORDER

PURSUANT TO THE STIPULATION, IT IS SO ORDERED:

1. The Notice attached as Exhibit A shall be mailed to all current and former employees of Defendant meeting the following definition:

   > Current and former Technology Group employees of Wells Fargo & Company and Wells Fargo Bank, N.A., who held the position of PC/LAN Engineer 3 or PC/LAN Engineer 4, who were paid a salary and treated as exempt from the laws requiring overtime for some period of time after November 1, 2004, and who have not received any payment of back pay from Wells Fargo Bank, N.A.

2. Rust Consulting, Inc. ("Rust") shall be responsible for the dissemination of notice to putative collective action members.

3. Within five (5) days after entry of this Order, Defendant shall search its records and provide directly to Rust a complete list containing the names and current or last known addresses of all persons believed to be putative collective action members (the "Class List").

4. The Notice shall be mailed by Rust to all current and former employees meeting the definition in Paragraph 1 by first class mail within five (5) days after receipt by Rust of certification from Defendant that Defendant has provided Rust with an entire and complete Class List. Notice shall be mailed to putative collective action members using the most current mailing address information from Defendant's records as of the time of mailing.

5. Rust will use reasonable means to locate addresses for putative collective action members in the event any of the mailed notices are returned to sender. Defendant shall cooperate with Rust in all aspects of locating putative collective action members, including providing social security

numbers for those putative collective action members whose mailed notices are returned to sender.

6. All putative collection action members must opt in by filing their consent forms with this Court no later than forty-five (45) days from the date that Notice is first mailed, or thirty (30) days from the date that Notice is re-mailed a second time due to a prior bad address, to putative collective action members.

7. Rust shall immediately provide copies of any opt-in consent forms to Plaintiffs' counsel upon its receipt of the same. Plaintiffs' counsel shall then promptly file opt-in consent forms with the Court.

8. The Case Management Conference, which was previously scheduled to be held at 2:00 p.m., on April 8, 2008 in Courtroom 2, Oakland, California has been continued and will be held at 2:00 p.m. on July 22, 2008 in the above entitled Court.

Date: _____, 2008    _____

The Honorable Claudia Wilken

2

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of San Francisco, State of California; my business address is 221 Main Street, Suite 1460, San Francisco, California 94105. I am over the age of 18 and not a party to the within action. On this date I served the following documents:

**STIPULATION AS TO FORM AND DISSEMINATION OF COLLECTIVE ACTION NOTICE AND CONTINUATION OF CASE MANAGEMENT CONFERENCE, AND [PROPOSED] ORDER**

**EXHIBIT A: NOTICE OF COLLECTIVE ACTION CLAIMS UNDER THE FAIR LABOR STANDARDS ACT**

## PROOF OF SERVICE

on the parties shown below:

| |
|---|
| Glenn L. Briggs |
| Theresa A. Kading |
| HODEL BRIGGS WINTER LLP |
| 8105 Irvine Center Drive, Suite 1400 |
| Irvine, California 92618 |
| Telephone: (949) 450-8040 |
| Facsimile: (949) 450-8033 |
| *Attorneys for Defendant* |

[X] (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the above-referenced documents were transmitted, the transmission was reported as complete and without error and the report was properly issued.

[X] (BY ELECTRONIC FILING) On this date I provided the documents(s) listed above electronically through the Court's electronic filing service provider pursuant to the instructions on that website.

[X] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

[X] State: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on this 27 day of March, 2008 at San Francisco, California.

_____
Adrienne C. Brennan