1  Kelly M. Dermody (Cal. Bar No. 171716)
   Jahan C. Sagafi (Cal. Bar No. 224887)
2  LIEFF, CABRASER, HEIMANN &
      BERNSTEIN, LLP
3  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:   (415) 956-1008
5  E-Mail: kdermody@lchb.com
   E-Mail: jsagafi@lchb.com
6
   Richard C. Haber (Ohio Bar No. 0046788)
7  Laura L. Volpini (Ohio Bar No. 0075505)
   HABER POLK LLP
8  Eaton Center, Suite 620
   1111 Superior Avenue
9  Cleveland, Ohio 44114
   Telephone:  (216) 241-0700
10 Facsimile:   (216) 241-0739
   E-Mail: rhaber@haberpolk.com
11 E-Mail: lvolpini@haberpolk.com

12 *Attorneys for Movants Martin Lewis and Aaron Cooper*

13                UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
14             SAN FRANCISCO / OAKLAND DIVISION

15 MONTE RUSSELL, on behalf of himself        Case No. 07-3993 CW
   and others similarly situated,
16
                                             **ADMINISTRATIVE MOTION TO**
17          Plaintiff,                        **CONSIDER WHETHER CASES SHOULD**
                                             **BE RELATED PURSUANT TO LOCAL**
18     v.                                     **RULE 3-12**

19 WELLS FARGO & CO.,                         The Honorable Claudia Wilken

20          Defendant.

21 MARTIN LEWIS and AARON COOPER,            Case No. 08-2670 JCS
   on behalf of themselves and a class of
22 those similarly situated,

23          Plaintiffs,

24     v.

25 WELLS FARGO & CO.,

26          Defendant.

27

28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE**, pursuant to Local Rules 7-11 and 3-12, Movants Martin Lewis and Aaron Cooper, who are plaintiffs in *Lewis v. Wells Fargo & Co.*, Case No. 08-2670 JCS (N.D. Cal.) ("*Lewis*") respectfully request that *Lewis* (a) be deemed related to *Russell v. Wells Fargo & Co.*, Case No. 07-3993 CW (N.D. Cal.) ("*Russell*"), (b) be reassigned to Judge Wilken, who presides over *Russell*, which is the earlier-filed case, and (c) be coordinated with *Russell*.  *Lewis* and *Russell* are related because "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  N.D. Cal. Civil L. R. 3-12(a).  This Administrative Motion is supported by the Declaration of Jahan C. Sagafi and a Proposed Order, filed herewith.

In addition to this Administrative Motion, Movants are simultaneously filing a Notice Of Pendency Of Other Action Or Proceeding in the *Lewis* Case, pursuant to Local Rule 3-13.  Chambers copies of that Notice as well as this Administrative Motion and supporting documents are being provided to the Courts in both *Lewis* and *Russell*.

I.    **ARGUMENT**

    A.    ***Russell* And *Lewis* Involve Substantially The Same Transactions, Events, And Parties.**

First, both *Russell* and *Lewis* involve substantially the same transactions or events. Specifically, both cases involve allegations by classes of technical support workers employed by Wells Fargo & Company ("Wells Fargo") that Wells Fargo misclassified those classes of employees as exempt from the overtime pay requirements of the Fair Labor Standards Act, and that those classes of employees worked overtime hours for which they were not compensated. Wells Fargo's policies and procedures regarding exemption classification decisions, the organization of its Information Technology department (called Technology Infrastructure Group, or "TIG"), the nature of the work performed by TIG employees, and the overtime hours worked by TIG employees are among the issues central to the subject matter of both *Russell* and *Lewis*.

Second, both cases involve identical defendants (Wells Fargo).

Third, the two cases involve potentially overlapping plaintiff class populations, because some individuals may fit within the class definitions of both cases. Specifically, the *Russell* class is defined in relevant part as Wells Fargo employees nationwide who worked in the Technology Information Group "with the primary job duties of providing computer support, including persons with the job title 'PC/LAN Engineers,'" and the *Lewis* class is defined in relevant part as Wells Fargo employees nationwide who work or worked as "technical support workers with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware, including but not limited to Network Engineers, but excluding PC/LAN Engineers." Movants believe that the classes include at least several hundred class members each. Although the class definitions are non-overlapping, individuals who satisfy both class definitions (i.e., they worked in both a PC/LAN Engineer position and a non-PC/LAN Engineer technical support position during the appropriate class periods) would be class members in both cases.

**B.    Referral of *Lewis* To Judge Wilken Will Avoid Unduly Burdensome Duplication Of Labor And Expense As Well As Conflicting Results.**

*Russell* and *Lewis* will involve significant labor and expense for the parties and the Court, the duplication of which can be minimized by consolidation before Judge Wilken. For example, discovery will likely involve overlapping issues, testimony, documents, and data based on the overlapping factual issues and related plaintiff class populations involved, as outlined above. Furthermore, communication between class counsel and the class members will be more readily coordinated (and therefore more consistent and clearer for the class members) if the two cases are proceeding in the same Court. Likewise, legal issues presented – such as the propriety of class certification under the rubric set forth by the Fair Labor Standards Act ("FLSA") and/or Fed. R. Civ. P. 23, the determination of the appropriate FLSA statute of limitations, and the ultimate liability question of the appropriateness of the classification of the *Russell* and *Lewis* class members as exempt from the overtime pay requirements of the FLSA – will overlap significantly. Resolution of these overlapping factual and legal questions by a single Court will

1    reduce the possibility of unduly burdensome duplication of labor and expense for the parties and

2    the Court.  Thus, coordination will promote efficiency.

3            In addition, both cases will likely present substantially similar issues requiring

4    rulings that, if made independently, could result in conflicting determinations.  Reassignment of

5    *Lewis* to Judge Wilken, who has already presided over *Russell* for close to ten months, will

6    facilitate the consistent determination of the legal questions raised in these related cases.

7    Conflicting rulings by two different Courts could result in confusion for class members

8    administrative difficulties for Wells Fargo, and delays in the adjudication of both cases.  Thus,

9    coordination will promote consistency.

10   **II.    <u>CONCLUSION</u>**

11           In sum, the parties and the Court would benefit from assignment of *Lewis* to Judge

12   Wilken, who presides over *Russell*, and coordination of the two cases.  This will allow the parties

13   to conduct discovery expeditiously and efficiently, enable the Court to decide similar issues that

14   arise in both cases with consistency and efficiency, and facilitate the communication of case

15   status updates to class members.

16           For the reasons set forth above, Movants respectfully request that *Lewis* be

17   assigned to Judge Claudia Wilken and coordinated with *Russell*.

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  May 29, 2008

By:   */s/ Jahan C. Sagafi*
          Jahan C. Sagafi

Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

Richard C. Haber (Ohio Bar No. 0046788)
Laura L. Volpini (Ohio Bar No. 0075505)
HABER POLK LLP
Eaton Center, Suite 620
1111 Superior Avenue
Cleveland, Ohio 44114
Telephone:  (216) 241-0700
Facsimile:   (216) 241-0739
E-Mail: rhaber@haberpolk.com
E-Mail: lvolpini@haberpolk.com

*Attorneys for Movants Martin Lewis and Aaron Cooper*