GLENN L. BRIGGS (SB# 174497)
THERESA A. KADING (SB# 211469)
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile:  (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued herein as
WELLS FARGO & COMPANY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WELLS FARGO & COMPANY,<br><br>　　　　　Defendants. | CASE NO. C 07-03993 CW<br><br>JUDGE CLAUDIA WILKEN<br>COURTROOM 2<br><br>**OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12**<br><br>Complaint filed:  August 2, 2007<br><br>Trial Date:  None set |
| MARTIN LEWIS and AARON COOPER, on behalf of themselves and a class of those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>WELLS FARGO & CO.,<br><br>　　　　　Defendants. | CASE NO. 08-2670 JCS<br><br>JUDGE JOSEPH C. SPERO<br>COURTROOM A<br><br>**OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12**<br><br>Complaint filed:  May 28, 2008<br><br>Trial Date:  None set |

30990

## I. INTRODUCTION

Plaintiffs in the Lewis case have filed an Administrative Motion to Consider Whether Cases Should be Related seeking that the above-captioned actions be deemed related and assigned to the same department. As a threshold matter, the Lewis plaintiffs admit that they failed to comply with the applicable rule of the Northern District by failing to seek a stipulation before filing their Administrative Motion. Their proffered explanation (not having served their complaint) does not excuse their disregard of the rules, and they have indeed served the Complaint on May 29, 2008, with no attempt to seek a stipulation.[1]

On the merits, while these cases involve the same defendant and they both allege an FLSA claim, that is where the similarities end. First, and most significantly, the Lewis plaintiffs admit that "the class definitions are non-overlapping." Just because both alleged classes involve technical, computer-related positions does not mean that the parties are the same. In fact, the alleged classes in the two lawsuits involve very different employees. Second, while Russell alleges one claim for violation of the FLSA, Lewis alleges no fewer than nine claims, including a claim for violation of the FLSA but also eight other claims alleging violations of California laws, violations of ERISA, and breach of contract, clearly involving a host of issues that do not arise in Russell. Third, the cases are in entirely different procedural postures. The Lewis case was filed one week ago while the Russell case has been pending for nearly a year and is set to be mediated in less than two weeks on June 18, 2008.

---

[1] The undersigned counsel represents Wells Fargo in only the Russell lawsuit and has not been retained to represent Wells Fargo in the Lewis class action. This Opposition is filed with respect to only the Russell lawsuit and it is not an appearance in the Lewis class action.

31001                                                          - 1 -

## II. PLAINTIFFS' MOTION IS PROCEDURALLY DEFECTIVE

Northern District of California, Local Rule 7-11 requires that an administrative motion "must be accompanied by …either a stipulation …or by a declaration that explains why a stipulation could not be obtained." The Lewis declaration states that Wells Fargo has not been served with the Lewis complaint and that is why a stipulation could not be obtained. See Declaration of Jahan C. Sagafi, ¶ 5. This statement is misleading, as the complaint was served the day the declaration was signed. In addition, the declaration contains no explanation of why the complaint had not been served as of the date of the motion (a fact entirely within their control), or why a stipulation could not be obtained (or at least requested) from the undersigned, counsel for Wells Fargo in the Russell matter, a fact which is a matter of public record. Yet no one representing the Lewis plaintiffs ever contacted the undersigned.

It is also worth noting that there is no urgency to the filing of this Administrative Motion before both service on Wells Fargo and Wells Fargo making its first appearance. Wells Fargo certainly was not going to take discovery or engage in other litigation activity before being served and no prejudice to the Lewis plaintiffs or undue consumption of the Court's resources would result. The Lewis plaintiffs simply should have served their complaint, waited for Wells Fargo to file its response, contacted Wells Fargo's counsel to request a stipulation, and then filed an administrative motion only if necessary. The Lewis plaintiffs' instant motion squanders precious judicial resources and is an attempt to obtain a decision on an important procedural matter against a party who does not have counsel yet and who has not even appeared in the case. This type of "litigation by surprise" should not be rewarded.

## III. THE *RUSSELL* AND *LEWIS* CASES ARE NOT RELATED

In relevant part, Northern District of California Local Rule 3-12 provides that an action "is related to another when:

(1) The actions concern substantially the same parties, property, transaction or event; <u>and</u>

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." (emphasis added)

None of these requirements are met. First, and most importantly, by the <u>Lewis</u> plaintiffs' own admission, these cases do not involve the same plaintiffs and, therefore, do not involve the same parties. In the Administrative Motion, the <u>Lewis</u> plaintiffs admit that "the class definitions are non-overlapping." Adm. Motion, p. 3. The fact that these cases involve the same defendant – Wells Fargo – cannot possibly be sufficient to deem them to be related. The <u>Lewis</u> plaintiffs also allege that the fact that certain people may be in both classes somehow makes the cases related. However, that is pure conjecture at this time. To wit, if the named plaintiffs in both cases are representative of the putative classes, then there appears to be no overlap. Plaintiff Lewis held the position of Network Engineer 4 throughout his entire eight year tenure at Wells Fargo, and was not a PC/LAN Engineer (the classification at issue in <u>Russell</u>). Plaintiff Cooper (in the <u>Lewis</u> case) held the position of Network Engineer 4 for the last three years of his employment and was never a PC/LAN Engineer. Plaintiff Russell was never a Network Engineer.

Second, these cases do not involve the same transaction or event. The <u>Lewis</u> case alleges a class of Network Engineers while the <u>Russell</u> case alleges a class of PC/LAN Engineers. These are different positions with different job duties, reporting to entirely different supervisors, and the decisions regarding the exempt status of these employees were made on an individual basis and at entirely different times. In fact, even among Network Engineers and PC/LAN Engineers, there are multiple positions in each category, and individuals in each position, that were

3

evaluated regarding their exempt status at different points in time with different results for different positions and different individuals. The differences are highlighted clearly by the following fact: **individuals holding the position held by the named plaintiffs in <u>Lewis</u> continue to be treated as exempt from the overtime laws by Wells Fargo while individuals holding the position held by the named plaintiff in <u>Russell</u> are now treated as non-exempt.**

Therefore, although both cases allege that the individuals within the class definition were improperly classified as exempt, the issues are entirely different. In addition, the plaintiffs in <u>Lewis</u> have alleged a multitude of issues not raised in <u>Russell</u> -- nine causes of action, involving issues of California law, ERISA law, and contract law.

Third, the <u>Lewis</u> plaintiffs provide no evidence that there is a risk of "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges" beyond conclusory statements to that effect. As above, discovery does not involve overlapping issues because these cases involve different populations, different "chains of command," and entirely different decisions regarding exempt status. In addition, the legal issues are no more overlapping than they are in any two cases alleging an FLSA claim for unpaid overtime due to misclassification. Decisions regarding issues such as which statute of limitations should apply and whether employees were properly classified as exempt are entirely fact specific. Plaintiffs' reasoning would require all cases involving the FLSA to be heard by the same judge and that is clearly not the law.

Finally, as above, the <u>Russell</u> case is set to be mediated in less than two weeks on June 18, 2008. If a settlement is reached at mediation, there will be no issues left to resolve in the <u>Russell</u> case other than court approval of the settlement. Therefore, at a minimum, Wells Fargo requests that any decision regarding whether these cases are related be delayed until a date following June 18, 2008, as well as after it is served with the <u>Lewis</u> complaint and makes its appearance in that action.

4

In sum, the elements necessary to establish that cases are related are not met and there is also no reason that these cases are likely to require substantial duplication of labor if heard by different judges.

## IV. THIS OPPOSITION SHOULD BE CONSIDERED EVEN THOUGH IT IS FILED BEYOND THE TIME SPECIFIED IN RULE 7-11

Wells Fargo's counsel was served via electronic filing and service with the Lewis plaintiffs' Administrative Motion on May 28, 2008, and inadvertently did not see the electronic notice of filing due to being out of the office for part of the day to participate in a class action mediation in Los Angeles from which counsel returned home after 11:30 p.m., and the receipt of a substantial volume of emails.[2] Therefore, Wells Fargo's counsel did not learn of the Administrative Motion until Plaintiff's counsel in the Russell matter informed them of it on June 4, 2008. This opposition is being filed and served on June 5, 2008, the next business day after Wells Fargo's counsel became aware of the Administrative Motion. Wells Fargo should not be prejudiced by Wells Fargo's counsel's inadvertence and Wells Fargo respectfully requests that the Court consider its belatedly filed opposition. It also should be noted that, if the Lewis plaintiffs had sought a stipulation as required by Rule 7-11, this opposition would have been timely filed. If they knew of the Russell action (which they must have to have filed this Motion), they easily could have contacted the undersigned who is listed in public records as counsel of record.

## V. CONCLUSION

For the foregoing reasons, the cases should not be deemed related.

Dated: June 5, 2008        HODEL BRIGGS WINTER LLP
                           By:_____
                              THERESA A. KADING

                           Attorneys for Defendant

---

[2] In addition, counsel's administrative assistant (who also receives the electronic notices) has been on a leave of absence.

5

**PROOF OF SERVICE**

UNITED STATES DISTRICT COUR   )
                              ) ss:
COUNTY OF ORANGE              )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Hodel Briggs Winter LLP, 8105 Irvine Center Drive, Suite 1400, Irvine, CA 92618.

On **June 5, 2008**, I served the foregoing document(s) described as: **OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12** on the interested parties by placing a true copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Kelly M. Dermody<br>Jahan Sagafi<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 | Richard C. Haber<br>Laura Volpini<br>HABER POLK LLP<br>Eaton Center, Suite 620<br>1111 Superior Avenue<br>Cleveland, Ohio 44114<br>Telephone: (216) 241-0700<br>Facsimile: (216) 241-0739 |

☒ **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on June 5, 2008 with postage thereon fully prepaid, at Irvine, California.

☐ **VIA OVERNIGHT MAIL:**

VIA UPS: By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA FACSIMILE:**

I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated. Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s). I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error. A copy of said electronic confirmation is maintained in this office.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 5, 2008, at Irvine, California.

**Roxann Flynn**