Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

Richard C. Haber (Ohio Bar No. 0046788)
Laura L. Volpini (Ohio Bar No. 0075505)
HABER POLK LLP
Eaton Center, Suite 620
1111 Superior Avenue
Cleveland, Ohio 44114
Telephone:  (216) 241-0700
Facsimile:   (216) 241-0739
E-Mail: rhaber@haberpolk.com
E-Mail: lvolpini@haberpolk.com

*Attorneys for Movants Martin Lewis and Aaron Cooper*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & CO.,<br><br>Defendant. | Case No. 07-3993 CW<br><br>**REPLY IN SUPPORT OF *LEWIS* PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12**<br><br>The Honorable Claudia Wilken |
| MARTIN LEWIS and AARON COOPER, on behalf of themselves and a class of those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & CO.,<br><br>Defendant. | Case No. 08-2670 JCS |

Movants Martin Lewis and Aaron Cooper ("Movants"), who are plaintiffs in *Lewis v. Wells Fargo & Co.*, Case No. 08-2670 JCS (N.D. Cal.) ("*Lewis*") submit this reply brief in support of their Administrative Motion To Consider Whether Cases Should Be Related Pursuant To Local Rule 3-12, seeking to be deemed related to *Russell v. Wells Fargo & Co.*, Case No. 07-3993 CW (N.D. Cal.) ("*Russell*") and accordingly reassigned to this Court so that both cases can proceed most efficiently.[1] Movants note that the *Russell* Plaintiffs have no objection to this Administrative Motion. Supplemental Declaration of Jahan C. Sagafi In Support Of Administrative Motion To Consider Whether Cases Should Be Related, ¶ 3.

## I. INTRODUCTION

These two cases are related because they satisfy the standard of Local Rule 3-12, in that "[t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. L.R. 3-12(a).

In its Opposition, Wells Fargo makes no legitimate argument against reassignment, pointing to distinctions that can exist in even the most closely related cases, and pointing to factors that are not relevant to the Rule 3-12 analysis. Movants address each argument briefly in turn.[2]

## II. ARGUMENT

### A. The Parties – Likely Including Many Plaintiff Class Members – Overlap

In addition to the fact that Wells Fargo is the defendant in both cases, the Plaintiff class populations – while non-overlapping in definition – likely overlap in membership. Importantly, Wells Fargo does not dispute this. Rather, Wells Fargo simply argues that the three

---

[1] Movants agree with Wells Fargo's counsel that its Opposition should be considered even though it was filed late, taking at face value its explanation for its delay. Movants note, however, that although Wells Fargo's counsel in *Russell* claims not to have learned of the pendency of this Administrative Motion until June 4, Movants did properly e-file it in both *Russell* and *Lewis* on May 28 and 29, respectively, and personally served it on Wells Fargo's agent for service (since no counsel had yet appeared for Wells Fargo in *Lewis*) on May 30. Supp. Sagafi Dec., Ex. A.

[2] Wells Fargo complains that Movants did not seek a stipulation. As explained in the Administrative Motion, Wells Fargo has still not appeared in *Lewis* (a fact Wells Fargo takes pains to make explicit in its Opposition). Similarly, Wells Fargo complains that Movants do not explain why the complaint was served on May 29, the day after the complaint was filed. Movants are unaware of a requirement that the complaint be served on the day it is filed. *Cf.* Fed. R. Civ. P. 4(m) (allowing dismissal if no service after 120 days).

1  named Plaintiffs are not class members in each other's cases.  This is irrelevant.  Given the
2  hundreds or thousands of technical support worker class members in each case, it is highly likely
3  that many class members are class members in both cases by virtue of job changes.  These class
4  members have a strong interest in the "efficient and consistent management of these litigations."
5  *Cf. Financial Fusion, Inc. v. Ablaise Ltd.*, Case No. C-06-2451 PVT, 2006 WL 3734292, at *4
6  (N.D. Cal. Dec. 18, 2006) (discussing relevance of "customer and indemnitee['s]" interest in
7  relation; finding cases brought by different plaintiffs against same defendant to be related).
8  Regardless, differences in parties does not preclude a finding that cases are related.  *Ervin v.*
9  *Judicial Council of California*, Case No. C 06-7479 CW, 2007 WL 1489165, at *2 (N.D. Cal.
10 May 18, 2007) (finding cases related).

**B.      The Actions Involve Substantial Similar Legal Claims**

12              The two cases assert substantially similar legal claims.  Wells Fargo concedes that
13 both cases involve class allegations that it improperly classified many technical support workers
14 as exempt from the overtime pay requirements of the FLSA.  Wells Fargo's argument that
15 *Lewis*'s additional claims somehow undermines relation is meritless.  In fact, *Lewis* merely
16 involves additional class claims based on California law and ERISA that rest on the same core
17 allegations – the misclassification of the plaintiff class members – as well as an individual breach
18 of contract claim.  Such claims are factually and legally intertwined with FLSA claims.  For
19 example, the analysis of misclassification claims under California law allows for reliance on
20 FLSA authority.  *Bell v. Farmers Ins. Exch.*, 87 Cal. App. 4th 805, 819 (2001); California I.W.C.
21 Wage Order 4-2001(1)(A)(2) (expressly adopting FLSA regulations in exemption analysis).  In
22 any case, the inclusion of additional causes of action by one case relative to the other does not
23 preclude a finding of relation.  *Ervin*, 2007 WL 1489165, at *2.
24              More relevant to the relation inquiry is the fact that these overtime
25 misclassification claims, which, taken together, are brought by the entire technical support worker
26 population of Wells Fargo's Technology Infrastructure Group (TIG), will involve overlapping
27 evidence and witnesses.  Below are a few examples.  For instance, the same documents and
28 testimony regarding Wells Fargo's exemption decisionmaking process will be central in both

766372.1                                    - 2 -                     REPLY ISO ADMIN. MOT. TO CONSIDER WHETHER
                                                                      CASES SHOULD BE RELATED PER L.R. 3-12
                                                                      CASE NO. 07-3993 CW

1  cases. Integral to that evidence is the very issue Wells Fargo highlights – the question why Wells
2  Fargo has reclassified the *Russell* class members and not the *Lewis* class members. In addition,
3  evidence regarding the organization of TIG and its role in supporting the Wells Fargo business
4  units will be critical in both cases. Furthermore, job descriptions, protocols, guidelines,
5  procedures, employee manuals, handbooks, solution databases, and similar documents governing
6  how class members perform their work will be relevant in both cases. Likewise, evidence
7  regarding Wells Fargo's timekeeping software and systems will be relevant in both cases. The
8  ways in which the two class populations, their supervisors, and the business units they serve
9  interact on a day-to-day basis will also be relevant in both cases. Furthermore, the manner in
10 which technical support issues are sent to TIG, processed, addressed, resolved, checked, and
11 reported will be relevant in both cases. In light of the fact that the two cases collectively cover
12 the entirety of the lower-level technical support worker population at Wells Fargo, the overlap in
13 factual issues – as with legal issues – is substantial.

### C.  **The Lack Of Simultaneity Is Irrelevant**

15         Wells Fargo's concern that *Russell* was filed ten months ago and is scheduled for
16 mediation soon is immaterial. "Relation is not consolidation.[3] Two related cases may still
17 proceed on different schedules. Thus, if the [second] action lags significantly behind this [first]
18 action, this action can proceed on its own timetable." *Financial Fusion, Inc. v. Ablaise Ltd.*, Case
19 No. C-06-2451 PVT, 2006 WL 3734292, at *4 (N.D. Cal. Dec. 18, 2006). In fact, Movants
20 understand that there has been negligible discovery or motion practice in *Russell* to date. And
21 there is no guarantee that a given mediation session will result in immediate settlement. (Even if
22 it did, the parties in *Lewis* would continue to have an interest in the efficient management of the
23 two cases.) In short, relation does not require simultaneity. The slightly different postures of the
24 cases does not undermine the strong showing of relation.

---

[3] In their opening Motion, Movants referred to their request as one, in part, for "coordination." To clarify, Movants simply request the cases to be deemed related.

766372.1                                    - 3 -                    REPLY ISO ADMIN. MOT. TO CONSIDER WHETHER
                                                                     CASES SHOULD BE RELATED PER L.R. 3-12
                                                                     CASE NO. 07-3993 CW

### III.     CONCLUSION

These two cases are related because (1) they concern substantially the same parties or subject matter and (2) proceeding before different judges will result in unduly burdensome duplication of effort and conflicting results.

For the reasons set forth above, Movants respectfully request that *Lewis* be deemed related to *Russell* and therefore assigned to Judge Claudia Wilken.

Respectfully submitted,

Dated: June 6, 2008                    By:   */s/ Jahan C. Sagafi*
                                                    Jahan C. Sagafi

Kelly M. Dermody (Cal. Bar No. 171716)
Jahan C. Sagafi (Cal. Bar No. 224887)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008
E-Mail: kdermody@lchb.com
E-Mail: jsagafi@lchb.com

Richard C. Haber (Ohio Bar No. 0046788)
Laura L. Volpini (Ohio Bar No. 0075505)
HABER POLK LLP
Eaton Center, Suite 620
1111 Superior Avenue
Cleveland, Ohio 44114
Telephone:  (216) 241-0700
Facsimile:   (216) 241-0739
E-Mail: rhaber@haberpolk.com
E-Mail: lvolpini@haberpolk.com

*Attorneys for Movants Martin Lewis and Aaron Cooper*