William M. Audet (waudet@audetlaw.com)
Michael McShane (mmcshane@audetlaw.com)
Adel A. Nadji (anadji@audetlaw.com)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: 415.982.1776
Facsimile: 415.568.2556

T. Joseph Snodgrass (*Pro Hac Vice*)
jsnodgrass@larsonking.com
Kelly A. Swanson (*Pro Hac Vice*)
kswanson@larsonking.com
LARSON · KING, LLP
2800 Wells Fargo Place
30 East 7th Street
St. Paul, MN 55101
Telephone: 651.312.6500
Facsimile: 651.312.6618

*Attorneys for Plaintiff Monte Russell*

# UNITED STATES DISTRICT COURT FOR

# THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>WELLS FARGO AND COMPANY,<br><br>  Defendant. | Case No. C–07-3993-CW<br><br><br><br><br><br>**Date: September 4, 2008**<br>**Time: 2:00 p.m.**<br>**Courtroom: 2, 4th Floor**<br>**Hon. Claudia Wilken** |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE
TO AMEND COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

---

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

1

## **TABLE OF CONTENTS**

2

3  TABLE OF AUTHORITIES ................................................................................................ ii
4  NOTICE OF MOTION AND MOTION ............................................................................... 1
5  MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 3
   I.   INTRODUCTION ....................................................................................................... 3
6  II.  FACTUAL AND PROCEDURAL BACKGROUND ................................................ 3
7       A.   Procedural Posture ............................................................................................3
   III. THE MOTION TO AMEND SHOULD BE GRANTED .......................................... 4
8  IV.  CONCLUSION ........................................................................................................ 10

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

## **TABLE OF AUTHORITIES**

**Cases**

*California ex rel. Mueller v. Walgreen Corp.*,
    175 F.R.D. 631, 637 (N.D. Cal. 1997) .................................................................................... 9

*Eminence Capital, LLC. v. Aspeon, Inc.*,
    316 F.3d 1048, 1051 (9th Cir. 2003) ................................................................................. 4, 5

*FilmTec Corp. v. Hydranautics*,
    67 F.3d 931, 935 (Fed. Cir. 1995) ........................................................................................ 7

*Foman v. Davis*,
    371 U.S. 178, 182 (1962) ..................................................................................................... 7

*Griggs v. Pace American Group, Inc.*,
    170 F.3d 877, 880-81 (9th Cir. 1999) .................................................................................. 5

*In re EZPawn Fair Labor Standards Act Litig.*,
    2008 WL 2513682, at *7 (W.D. Tex. June 18, 2008) .......................................................... 7

*In re Wells Fargo Loan Processor Overtime Pay Litig.*,
    No. C 07-01841 MHP, 2008 WL 2397424, at *5 (N.D. Cal. June 10, 2008) ...................... 5

*Morgan v. Laborers Pension Trust Fund for Northern California*,
    81 F.R.D. 669, 675 (D.C.Cal. 1979) .................................................................................... 6

**Statutes**

29 U.S.C. § 778.114 ...................................................................................................................... 7

Cal. Labor Code § 515(a), (d) ....................................................................................................... 7

Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194 ........................................ 3

California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. .......................... 3

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) ........................................................ 3, 8

**Rules**

Fed. R. Civ. P. 15(a)(2) ................................................................................................................. 4

Fed. R. Civ. P. 23 .......................................................................................................................... 3

ii
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on September 4, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Claudia Wilken of the above-entitled Court, Plaintiff Monte Russell will move, and hereby does move, the Court for an order pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend Plaintiff's Complaint in this action.

Plaintiff seeks leave to amend the following components of his Complaint:

(1) Adding Wells Fargo Bank N.A. as a Defendant, and adding allegations concerning the corporate relationship between Defendant Wells Fargo & Company and Wells Fargo Bank, N.A.;

(2) Adding Daniel J. Friedman as a proposed collective and class action representative;

(3) Adding factual allegations concerning the procedural posture of this action to date, and limiting the proposed collective action class definition;

(4) Adding six state law causes of action pursuant to California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, and Cal. Wage Order No. 4-2001;

(5) Adding California class action allegations and adding prayers for relief on behalf of the putative California Class, including certification of the California Class pursuant to Fed. R. Civ. P. 23; and

(6) Adding a seventh cause of action for declaratory judgment on behalf of all Plaintiffs.

Plaintiff seeks leave to amend the Complaint as a result of failed attempts to reach an amicable resolution of this litigation through private mediation with Defendant Wells Fargo and Company and proposed Defendant Wells Fargo Bank, N.A.

This Motion is based upon the Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of T. Joseph Snodgrass in support thereof, all pleadings, papers and records on file herein, any matter of which the Court may take judicial notice, and such oral argument as may be presented at the hearing on these Motions.

1

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

1  //
2  //
3  Dated:  July 24, 2008                    Respectfully submitted,
                                             AUDET & PARTNERS, LLP
4
                                       By:  */s/ William M. Audet*
5                                            William M. Audet

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Monte Russell ("Plaintiff") seeks to amend his Complaint to (1) add Wells Fargo Bank, N.A. as a defendant; (2) add allegations concerning the corporate relationship between Defendant Wells Fargo and Company and proposed Defendant Wells Fargo Bank, N.A. to provide more clarity with respect to the allegations concerning their collective misconduct; (3) add Daniel J. Friedman as a proposed collective and class action representative; (4) add factual allegations concerning the procedural posture of this action to date and limiting the proposed collective action class definition; (5) add six state law causes of action pursuant to California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, and Cal. Wage Order No. 4-2001; (6) add California class action allegations and prayers for relief on behalf of a putative California Class, including certification of the California Class pursuant to Fed. R. Civ. P. 23; and (7) add a seventh cause of action for declaratory judgment on behalf of all Plaintiffs. There is no prejudice to Defendant Wells Fargo and Company or the proposed Defendant Wells Fargo Bank, N.A. (collectively referred to herein as "Wells Fargo"); the case remains in its preliminary stages and, as a result, the amendments should be permitted.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

**A.   Procedural Posture**

Plaintiff, on behalf of himself and all other similarly situated, commenced this proposed collective action against Defendant Wells Fargo and Company on August 2, 2007, asserting claims pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). (*See generally* Compl. (ECF No. 1)). Specifically, Plaintiff alleged that Defendant incorrectly and willfully classified employees holding the positions of PC/LAN Engineer 3, PC/LAN Engineer 4, and PC/LAN Engineer 5 as "exempt" from federal overtime laws, and that it failed to make, report, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA. (*Id.*)

On September 17, 2007, and in answer to Plaintiff's Complaint, Wells Fargo Bank, N.A.

3

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

asserted that it was erroneously sued in this matter as Wells Fargo and Company, generally denied all of Plaintiff's claims, and asserted twenty-four affirmative defenses. (*See generally* Def.'s Answer (ECF No. 12)).

On October 30, 2007, the parties filed their Joint Rule 26(f) Report, advising the Court that the parties had agreed to privately mediate the claims in this lawsuit before a neutral mediator in an attempt to settle the dispute. (Joint Rule 26(f) Rep. at 2 (ECF No. 17)). The parties then requested that the Court continue all Scheduling Conferences until a date following the parties' mediation. (*Id.* at 3-4).

As a proposed alternative to their plan to privately mediate Plaintiff's claims on a collective basis, the parties concurrently filed their Joint Case Management Statement pursuant to Civil Local Rule 16-9, wherein the parties advised the Court that: "Plaintiff may seek to add additional collective action opt-ins. Plaintiff also plans on amending the pleadings to properly name Defendant if, as Defendant contends, the wrong Wells Fargo affiliate is named in the Complaint." (Joint Case Management Stmt. at 3, ¶ 5 (ECF No. 18)). The parties further proposed that any motions to amend the Complaint be completed by April 1, 2008. (*Id.*)

In light of the parties' agreement to mediate, the Court continued the Case Management Conference both on November 5, 2008 and, again, on April 7, 2008, so as to allow the parties ample time to conduct informal discovery and mediate Plaintiff's claims. (ECF Nos. 19 and 22). The parties' Case Management Conference is currently scheduled for September 16, 2008. (Clerk's Notice Continuing Case Management Conf. (ECF No. 29)). No scheduling order has issued to date.

A copy of the proposed First Amended Complaint is attached as Exhibit A to the Declaration of T. Joseph Snodgrass in Support of Plaintiffs' Motion for Leave to Amend Complaint, which has been filed concurrently herewith.

**III.   THE MOTION TO AMEND SHOULD BE GRANTED**

As this Court is well aware, leave to amend a complaint should be "freely" granted under Federal Rule of Civil Procedure 15(a)(2), and this policy is to be applied with "extreme liberality." *Eminence Capital, LLC. v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). The

Ninth Circuit weighs four factors when considering a Rule 15(a) motion to amend: (1) bad faith in bringing the motion; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Griggs v. Pace American Group, Inc.,* 170 F.3d 877, 880-81 (9th Cir. 1999). The Ninth Circuit has further held that it is the consideration of prejudice to the opposing party that carries the greatest weight in determining whether leave to amend should be granted. *Eminence Capital*, 316 F.3d at 1052. Absent prejudice, or a strong showing by the party opposing the amendment of any of the remaining factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

In the present case, the addition in the First Amended Complaint of Daniel Friedman as a named plaintiff and proposed collective and class action representative, of Wells Fargo Bank, N.A. as a Defendant, and of allegations concerning the corporate relationship between the Wells Fargo entities will not prejudice Wells Fargo. Nor are the foregoing amendments futile or made in bad faith.

Since at least October 2007, counsel for Wells Fargo have been advised of Plaintiff's intention to add additional collective action representatives and to name Wells Fargo Bank, N.A. as a Defendant. *See* Joint Case Management Statement at 3 (ECF No. 18). In fact, Defendant has consistently maintained, but has not verified for Plaintiff's counsel, that Wells Fargo and Company was erroneously sued herein, and that Wells Fargo Bank, N.A. is the proper Wells Fargo affiliate-defendant in this matter. *See* Def.'s Answer at 2 (ECF No. 12). Wells Fargo Bank, N.A. entered an appearance in this action and answered Plaintiff's Complaint on September 17, 2007. *See generally id.* Since that time, Wells Fargo Bank, N.A. has been the entity defending and mediating this action. The formal addition of Wells Fargo Bank N.A. at this time will allow for finality and expedite discovery in this case. In light of the foregoing, and in an abundance of caution, Plaintiff properly seeks to add Wells Fargo Bank N.A. as a defendant in this matter. *See In re Wells Fargo Loan Processor Overtime Pay Litig.*, No. C 07-01841 MHP, 2008 WL 2397424, at *5 (N.D. Cal. June 10, 2008)[1] (granting plaintiffs'

---

[1] Copies of all unpublished opinions cited herein are attached as Exhibit B to the Affidavit of T. Joseph Snodgrass, filed concurrently herewith.

1  amendment to add Wells Fargo & Co. as a defendant in action where amendment was not futile
2  or made in bad faith, and would not prejudice defendant).

3       Similarly, the addition of a proposed collective and class action representative will not
4  prejudice Defendant. Formal merits discovery was stayed pending the outcome of the parties'
5  private mediation efforts. As such, Defendant has taken no depositions to date, and can certainly
6  depose the proposed representatives and gather discovery well in advance of trial. *See Morgan*
7  *v. Laborers Pension Trust Fund for Northern California*, 81 F.R.D. 669, 675 (D.C. Cal. 1979)
8  (granting proposed amendment to add additional named plaintiffs over defendants' objection that
9  they needed to take discovery of the additional plaintiffs in order to adequately prepare defense;
10 "the proper response is to extend defendants' discovery time rather than to deny plaintiffs'
11 motion to amend").

12      Wells Fargo will suffer no prejudice by the addition of allegations concerning the
13 corporate relationship between the Wells Fargo entities or the current procedural posture of this
14 action. The former allegations are necessary because Plaintiff seeks to add Wells Fargo Bank,
15 N.A. as a defendant in light of Wells Fargo's assertions that Wells Fargo Bank, N.A. is the
16 properly named Wells Fargo-affiliate defendant in this matter. Despite requests by Plaintiff's
17 counsel, counsel for Wells Fargo has failed to verify its assertion that Defendant did not employ
18 Plaintiff or members of the putative collective action class, and that Defendant was erroneously
19 sued herein. Plaintiff's amendment is both timely and necessary under the circumstances.
20 Likewise, Plaintiff's proposed amendment to add factual allegations concerning the procedural
21 posture of this case is not prejudicial and provides greater detail concerning the events that have
22 transpired between the parties since Plaintiff filed his initial Complaint.

23      Plaintiff's proposed changes to the proposed collective action class definition will
24 benefit, not prejudice, Wells Fargo. Specifically, Plaintiff's proposed First Amended Complaint
25 is used to narrow, not expand, the proposed collective action class definition to only those
26 persons who were employed by Wells Fargo nationwide as Technology Information Group
27 employees, who held the position of PC/LAN Engineer 3, PC/LAN Engineer 4, or PC/LAN
28 Engineer 5, and who were paid a salary and treated exempt from the laws requiring overtime for

some period of time after November 1, 2004 through the date of the final disposition of this action. *See* Ex. A at ¶ 23. As in Plaintiff's initial Complaint, Plaintiffs expressly reserve the right to include other job titles for positions undertaking similar tasks but bearing different job titles. *Id.* Because the First Amended Complaint restricts the requested collective action class definition, the amendment should be permitted.

The addition of six new causes of action and class allegations will not prejudice Defendant in any manner — the proposed claims arise out of the same set of facts outlined in the initial Complaint and simply ensure that the proposed California Class members' claims are fully adjudicated and protected in the amended Complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995). Indeed, the basic premise of Plaintiff's case – that Wells Fargo unlawfully and willfully misclassified PC/LAN Engineers' positions as exempt from entitlement to overtime premium compensation – remains unchanged. Because formal discovery has not yet commenced, Defendant will not need to conduct additional, extensive discovery if Plaintiff is granted leave to amend. Rather, the same discovery necessary for resolving Plaintiff's and the FLSA Employees' FLSA claims will be required to resolve the proposed California state law claims.

Further, Defendant's repeated assertions that the fluctuating workweek method is the proper method of calculating potential unpaid overtime in this case requires Plaintiff to amend his Complaint to add additional state law claims in order to protect employees located in the State of California — where the use of the fluctuating workweek is all but prohibited. *Compare* 29 U.S.C. § 778.114, *with* Cal. Labor Code § 515(a), (d). Plaintiff maintains that the fluctuating workweek method of computing overtime is inapplicable to the wage claims in this case.[2] However, in an effort to fully protect the rights and potential back pay recoveries of those opt-ins and putative opt-ins who worked as PC/LAN Engineers 3, 4, or 5 in the State of California, Plaintiff seeks to amend his Complaint to add California state wage and hour law claims on

---

[2] The difference between the fluctuating workweek method and the traditional time-and-a-half method of calculating overtime pursuant to 29 U.S.C. § 207(a) is not insignificant. *See In re EZPawn Fair Labor Standards Act Litig.*, 2008 WL 2513682, at *7 (W.D. Tex. June 18, 2008) (recognizing that the flexible workweek method results in overtime compensation 375% lower than the traditional method).

7

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

behalf of proposed class representative, Daniel Friedman, and the proposed putative California Class. These amendments can hardly be deemed prejudicial at this stage of the litigation since, and are necessary to ensure that members of the proposed California Class recover the full amounts of back pay properly owed them by Wells Fargo.

Finally, Plaintiff seeks to assert a cause of action for a declaratory judgment on behalf of all Plaintiffs. Specifically, Plaintiff seeks a declaratory judgment as follows:

a. That, at no time relevant hereto did a universal, nationwide agreement exist between Wells Fargo and Plaintiffs to compensate any and all overtime hours worked by PC/LAN Engineers 3, PC/LAN Engineers 4, and PC/LAN Engineers 5 employees, utilizing a half-time premium rate pursuant to the fluctuating workweek method of calculating overtime compensation under the FLSA, 29 C.F.R. § 778.114;

b. That, in the event Wells Fargo is found liable to Plaintiffs on the federal wage and hour claims asserted herein, the fluctuating workweek method of computing unpaid overtime at half the employee's regular hourly rate of pay for all hours worked over forty (40) is in applicable due to state law considerations;

c. That the back wages owed to Plaintiffs as a result of Wells Fargo's misclassification of PC/LAN Engineers 3, PC/LAN Engineers 4, and PC/LAN Engineers 5 as "exempt" from overtime pay requirements must be computed at the FLSA's traditional time-and-a-half rate; and

d. That the requirements for establishing a fluctuating workweek agreement do not otherwise exist under the facts of this case.

The proposed amendment to add a claim for declaratory judgment is necessary at this time because Wells Fargo claims to have established a fluctuating workweek-agreement with each Plaintiff during the relevant time periods at issue, regardless of where he or she may reside, such that to the extent Wells Fargo is liable to Plaintiffs for the claims set forth in Plaintiff's First Amended Complaint, each Plaintiff is entitled only to additional half-time pay for hours they worked over forty (40) in a workweek in which previously unpaid overtime is owed. Wells

8

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

1  Fargo maintains this position despite the fact that the majority the party plaintiffs who have
2  joined this action to-date reside in jurisdictions where the application of the fluctuating
3  workweek is neither recognized nor applied under state wage and hour law.  In contrast to Wells
4  Fargo's position, Plaintiff maintains that any purported universal nationwide agreement between
5  Wells Fargo and Plaintiffs is invalid because it is impossible for an employer to maintain a
6  fluctuating workweek employment agreement under federal law where it is expressly prohibited
7  under state law.  Given the present stage of the litigation in this case, both parties will have
8  ample opportunity to conduct discovery relating to the fluctuating workweek and both will
9  benefit from the Court's resolution of the issue.  Accordingly, the proposed amendment to add a
10 seventh cause of action for declaratory judgment should be permitted.

11      In view of the early stages of the case (as formal discovery has not yet commenced), no
12 suggestion can be made that Plaintiff has delayed proposing the amendment of the Complaint to
13 Wells Fargo.  Indeed, Wells Fargo cannot seriously claim that Plaintiff delayed the filing of the
14 amended Complaint or engaged in bad faith as formal litigation has been stayed pending the
15 outcome of the parties' stipulated mediation efforts.  In fact, during the parties' mediation
16 session, Plaintiff's counsel advised Defendant that Plaintiff planned to add additional named
17 plaintiffs and state law claims should the mediation conclude without the parties having reached
18 an accord.  Moreover, the new proposed causes of action directly relate to the same conduct and
19 occurrence at issue in the initial Complaint, further supporting the need to amend the Complaint.

20      Having provided Defendant with sufficient notice of Plaintiff's intentions, Plaintiff now
21 appropriately seeks to amend his Complaint to avoid multiple individual, later-filed Complaints
22 and to protect PC/LAN Engineers' rights by appropriately adding greater detail to the allegations
23 of the Complaint, a proposed collective and class action representative, naming Wells Fargo
24 Bank, N.A. as a defendant, asserting class action allegations, and adding seven new, albeit
25 necessary, claims to the case.  Under this District's liberal policy in favor of granting parties
26 leave to amend their pleadings, Plaintiff's proposed amendments should be permitted.  Indeed,
27 the burden is on Defendants to convince the Court that "justice" requires the "denial" of granting
28 Plaintiffs' motion for leave to amend the Complaint.  *California ex rel. Mueller v. Walgreen*

*Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997).

## IV.   CONCLUSION

Defense counsel initially suggested that Wells Fargo and Company was erroneously named as a defendant in this action and that Wells Fargo Bank, N.A. was the proper Wells Fargo-affiliate to be named and sued herein. Accordingly, Wells Fargo cannot now be heard to argue that it will somehow be prejudiced by Wells Fargo Bank, N.A.'s addition to the Amended Complaint along with allegations in support of the same. The addition of Wells Fargo Bank, N.A. as a defendant is necessary to fully protect Plaintiff's and putative collective and class action members' rights. In addition, in order to avoid multiple later-filed Complaints, Plaintiff appropriately and timely added a proposed collective and California class action representative, and seven new causes of action to the Complaint – all of which are premised on the same conduct alleged in Plaintiff's initial Complaint. The proposed amendments to the factual allegations contained in Plaintiff's Complaint provide greater detail concerning the claims Plaintiff is making in this case, while the proposed limitation of the collective action class definition narrows the class on whose behalf such claims are being asserted by Plaintiff. Both of these amendments can only aide Wells Fargo as this case moves forward. At this early stage of the litigation, Defendant cannot raise any legitimate grounds upon which the Court should not grant Plaintiff's Motion for leave to amend the Complaint. Accordingly, Plaintiff requests that the Court issue an Order allowing the Plaintiff to file the proposed First Amended Complaint.

Dated: July 24, 2008                                         AUDET & PARTNERS, LLP

                                                                              */s/ William M. Audet*

                                                                              William M. Audet
                                                                              Adel A. Nadji
                                                                              221 Main Street, Suite 1460
                                                                              San Francisco CA 94105
                                                                              Telephone: 415.568.2555

                                                                              *On Behalf of Plaintiffs and the Class*

1234220