GLENN L. BRIGGS (SB# 174497)
E-mail: gbriggs@hbwllp.com
THERESA A. KADING (SB# 211469)
E-mail: tkading@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA  92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued herein as
WELLS FARGO & COMPANY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY,<br><br>Defendants. | CASE NO. C 07-03993 CW<br><br>JUDGE CLAUDIA WILKEN<br>COURTROOM 2<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT; DECLARATION OF GLENN L. BRIGGS; DECLARATION OF THERESA A. KADING** |

32358_1

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), does not oppose Plaintiff's Motion for Leave to Amend. Rather Wells Fargo will address the deficiencies in Plaintiff's allegations and/or proof at an appropriate subsequent stage, whether at the pleading stage, summary judgment and/or opposition to a motion for certification. However, Wells Fargo submits this memorandum to correct the misleading information provided in the Declaration of Plaintiff's counsel.

Paragraph 2 of the Snodgrass Declaration states that his co-counsel, Ms. Swanson, called both attorneys representing Wells Fargo (attorneys Briggs and Kading) to request a stipulation for leave of court for Plaintiff to file an amended complaint and that "as of the time of this filing, neither [attorney for Wells Fargo] had returned Ms. Swanson's telephone call." By omitting the date and time of Ms. Swanson's call in relation to the filing of Plaintiff's Motion, Plaintiff creates the false impression that they made a good faith effort to meet and confer before filing their motion and/or that Wells Fargo's counsel was unprofessional in not returning a call timely. The true facts demonstrate otherwise on both points.

**10:10 a.m. PDT on July 24, 2008**: Ms. Swanson's call to Wells Fargo's counsel was made at 10:10 a.m. PDT on July 24, 2008 (the same day Plaintiff filed his Motion). Wells Fargo's counsel's office uses a computer based telephone system that tracks all inbound and outbound telephone calls and it provides a readily accessible history of the most recent 1,000 calls. This log confirms the time of the call. (Briggs Decl. ¶ 2; Ex. "A".) At the time of the call both of Wells Fargo's attorneys were occupied with other matters. (Briggs Decl. ¶ 3; Kading Decl. ¶ 2.) Ms. Swanson's message indicated only generally that Plaintiff intended to amend the complaint to add an additional plaintiff and to add state law claims. No further specifics were provided, including the important

information of who the proposed additional plaintiff was and what state law claims were proposed to be added. A transcript of the voicemail message is attached to the Kading Declaration as Exhibit "A."

**3:22 p.m. PDT on July 24, 2008**: Without knowing the foregoing information about the proposed amendment, Wells Fargo could not meaningfully consider Plaintiff's request. Therefore, at 3:22 p.m. that same day (July 24, 2008), Wells Fargo's counsel sent a letter via facsimile to Plaintiff's counsel requesting a copy of the proposed amended complaint.

**3:27 p.m. PDT on July 24, 2008**: The Court's records indicate that Plaintiff filed his Motion for Leave to Amend, just five hours after first calling Wells Fargo's counsel on the subject.

Therefore, Plaintiff's counsel's Declaration is intentionally vague and it is misleading as to the sequence of events. Moreover, the implication that they acted in good faith in an effort to secure a stipulation and avoid a motion is incorrect. Clearly the Motion was substantially (if not completely) prepared, as well as the proposed amended complaint, at the time of the call. The purpose of the perfunctory telephone message with no specifics as to the new named plaintiff and new claims remains unknown. Indeed, it is remarkably unusual to request a stipulation for the filing of an amended complaint without providing a copy of it. (Briggs Decl. ¶ 4.)

Finally, as evidenced by Wells Fargo's non-opposition to Plaintiff's Motion, had Wells Fargo simply been given the opportunity to review the proposed amended pleading, a stipulation would have been forthcoming. It is further unclear as to the urgency in filing the Motion the same day Plaintiff's counsel first called about the subject.

In any event, Wells Fargo simply does not want the Court operating under the false perception that it or its counsel ignored Plaintiff's counsel's telephone call and otherwise forced Plaintiff to file his Motion, only then to file a non-opposition, or engaged in any other gamesmanship.

DATED:  August 14, 2008          HODEL BRIGGS WINTER LLP
                                 GLENN L. BRIGGS
                                 THERESA A. KADING


                                 By:   /s/ GLENN L. BRIGGS
                                       GLENN L. BRIGGS
                                 Attorneys for Defendant,
                                 WELLS FARGO BANK, N.A. (erroneously sued
                                 herein as WELLS FARGO & COMPANY)

# **DECLARATION OF GLENN L. BRIGGS**

I, Glenn L. Briggs, declare as follows:

1.  I am an attorney-at-law duly licensed to practice in this Court and before all Courts in the State of California. I am a partner with the law firm of Hodel Briggs Winter LLP, and am one of the attorneys responsible for defending this action on behalf of defendants Wells Fargo Bank, N.A. I have personal knowledge of the facts stated in this Declaration and, if called upon as a witness, could and would testify competently as to those facts.

2.  Attached hereto as Exhibit "A" is a copy of the relevant portion of the call history maintained by my law firm's computer based telephone system for July 24, 2008. At my desktop I have ready access to a history file listing the prior 1,000 inbound and outbound telephone calls to/from my line. (651) 312-6500 is the main telephone line for Larson King LLP, counsel for Plaintiff.

3.  On Monday, July 24, 2008, when Ms. Swanson called I was otherwise engaged in other work and not available to take her telephone call, but my secretary emailed me a message at 10:14 a.m. PDT indicating only that Ms. Swanson had called. My partner Theresa Kading advised me that Ms. Swanson had left her a voicemail message, described the substance of it, and pointed out that no information was provided as to the proposed additional plaintiff or state law claims. I recommended that Ms. Kading send a written request for a copy of the proposed amended complaint so our office and our client could evaluate the request.

///

32370_1

4

DECLARATION OF GLENN L. BRIGGS

4. I would never agree to a stipulation for a plaintiff to amend his/her complaint before seeing the proposed new pleading.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed this 14th day of August, 2008, at Irvine, California.

                                                  /s/ GLENN L. BRIGGS
                                                    GLENN L. BRIGGS

# EXHIBIT "A"

ShoreTel History

| From/To | Name | Number | Start Time | Duration | Note | Trunk |
|---|---|---|---|---|---|---|
| From: | | (651) 312-6500 | 7/24/2008 10:10:56 AM PDT | 0:14 | | PRI - Line (1) |
| From: | | (651) 312-6500 | 7/24/2008 10:11:25 AM PDT | 0:21 | | PRI - Line (1) |
| From: | | (651) 312-6500 | 7/24/2008 10:11:59 AM PDT | 0:06 | | PRI - Line (1) |

## DECLARATION OF THERESA A. KADING

I, Theresa A. Kading, declare as follows:

1. I am an attorney-at-law duly licensed to practice in this Court and before all Courts in the State of California. I am a partner with the law firm of Hodel Briggs Winter LLP, and am one of the attorneys responsible for defending this action on behalf of defendants Wells Fargo Bank, N.A. I have personal knowledge of the facts stated in this Declaration and, if called upon as a witness, could and would testify competently as to those facts.

2. On July 24, 2008, I received a voicemail message from Ms. Swanson, a true and correct transcription of which is attached hereto as Exhibit "A." At the time of this call I was engaged in other business and not available to take her call.

3. That same day I sent Ms. Swanson a written request to provide a copy of the proposed amended complaint. A copy of my letter and the facsimile transmission report is attached hereto as Exhibit "B." This letter was transmitted via facsimile at 3:22 p.m. PDT.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed this 14th day of August, 2008, at Irvine, California.

*Theresa Kading*
THERESA A. KADING

6

DECLARATION OF THERESA A. KADING

EXHIBIT "A"

**Transcription of Voicemail Message of July 24, 2008, at 10:10 a.m. PDT**

"Hi Terrie, this is Kelly Swanson at Larson King. I'm calling in regards to the Russell vs. Wells Fargo matter. I am calling to discuss a possibility of you agreeing to a stipulation to allow plaintiff to amend his complaint. We want to add another named representative; some California state law claims and add Wells Fargo Bank, N.A. as a defendant.

"If you could give me a call back today, I would appreciate it. 651-312-6565."

EXHIBIT "B"

# HODEL BRIGGS WINTER LLP

tkading@hbwllp.com
Direct Dial: (949) 450-4434

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
www.hbwllp.com

July 24, 2008

**VIA FACSIMILE AND U.S. MAIL**

T. Joseph Snodgrass, Esq.
Kelly A. Swanson, Esq.
Larson King, LLP
30 East 7th Street, Suite 2800
St. Paul, Minnesota 55101

Adel A. Nadji, Esq.
Audet & Partners LLP
221 Main Street, Suite 1460
San Francisco, California 94105

Re:  <u>Monte Russell, et al. v. Wells Fargo Bank, N.A.</u>
     U.S. District Court, Northern District of California, Case C 07-03993 CW

Dear Counsel:

I received Ms. Swanson's voice mail message earlier today in which she indicated that you wanted to discuss the possibility of a stipulation to allow Plaintiff to file an amended complaint to add a named plaintiff (name not provided), to add unidentified state law claims, and to add Wells Fargo Bank, N.A., as a defendant (even though it has appeared in this action as the proper defendant).[1] In order to meaningfully consider your request, our client would like a copy of the proposed amended complaint.

Sincerely,

*Theresa Kading*

Theresa A. Kading
of Hodel Briggs Winter LLP

31989-1

---

[1] As we have informed you previously, Wells Fargo & Company does not employ and has never employed any of the employees that would be included in Plaintiff's proposed putative collective action.

```
* * * COMMUNICATION RESULT REPORT ( JUL. 24. 20   3:22PM ) * * *
                                                    FAX HEADER: 9494508033

TRANSMITTED/STORED : JUL. 24. 2008  3:19PM
FILE MODE          OPTION              ADDRESS                RESULT    PAGE
-----------------------------------------------------------------------------
911  MEMORY TX                         916513126618           OK        2/2
                                       914155682556           OK        2/2

-----------------------------------------------------------------------------
REASON FOR ERROR
E-1) HANG UP OR LINE FAIL              E-2) BUSY
E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```



HODEL BRIGGS WINTER LLP

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
info@hbwllp.com

| From: | Telephone Number: | Facsimile Number: | Date: |
|---|---|---|---|
| Theresa A. Kading, Esq. | (949) 450 4422 | (949) 450 8033 | July 24, 2008 |
| **Recipient:** | **Company:** | **Fax:** | **Phone:** |
| T. Joseph Snodgrass, Esq. | Larson King, LLP; | 651-312-6618 | 651-312-6500 |
| Adel A. Nadji, Esq. | Audet & Partners, LLP | 415-568-2556 | 415-568-2555 |

Total Number of Pages: ____ (including Fax Cover Sheet)

Re: <u>Monte Russell, et al. v. Wells Fargo Bank, N.A.</u>

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postage Service. Thank you.*