GLENN L. BRIGGS (SB# 174497)
E-mail: gbriggs@hbwllp.com
THERESA A. KADING (SB# 211469)
E-mail: tkading@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued herein as
WELLS FARGO & COMPANY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY,<br><br>        Defendants. | CASE NO. C 07-03993 CW<br><br>JUDGE CLAUDIA WILKEN<br>COURTROOM 2<br><br>**DECLARATION OF GLENN L. BRIGGS IN SUPPORT OF DEFENDANT WELLS FARGO BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION UNDER FLSA, 29 U.S.C. § 216(b), AND FOR COURT-APPROVED NOTICE OF FLSA CLAIMS**<br><br>Hearing Date: September 4, 2008<br>Time: 2:00 p.m.<br>Location: Courtroom 2<br><br>Complaint filed: August 2, 2007 |

32381_1

I, Glenn L. Briggs, declare as follows:

1.      I am an attorney-at-law duly licensed to practice in this Court and before all Courts in the State of California.  I am a partner with the law firm of Hodel Briggs Winter LLP, and am one of the attorneys responsible for defending this action on behalf of defendants Wells Fargo Bank, N.A.  I have personal knowledge of the facts stated in this Declaration and, if called upon as a witness, could and would testify competently as to those facts.

2.      Neither I nor any other attorney in my office was contacted prior to receipt at 6:00 p.m. on Friday, July 25, 2008, of electronic notice of Plaintiff filing his Motion for Conditional Collective Action Certification under FLSA, 29 USC § 216(b), and for Court-Approved Notice of FLSA Claims ("Motion") and requested to stipulate to any of the relief sought by Plaintiff's Motion.

3.      Following my receipt of Plaintiff's Motion, and on Tuesday, July 29, 2008, I sent Plaintiff's counsel the letter attached hereto as Exhibit "A" in which I outlined a proposed compromise to eliminate the necessity of the parties proceeding to take Plaintiff's Motion to hearing.

4.      On Tuesday, July 29, 2008, Plaintiff's counsel and I exchanged messages, and spoke on Wednesday, July 30, 2008.  In that telephone call, Plaintiff's counsel and I were unable to resolve the issues raised by Plaintiff's Motion.  Plaintiff's counsel did not communicate a compromise on one of the items of relief sought by his Motion.

5.      On Friday, August 1, 2008, I sent Plaintiff's counsel the letter attached hereto as Exhibit "B" in which I outlined a second proposed compromise to eliminate the necessity of the parties proceeding to take Plaintiff's Motion to hearing.  This second

1

1    proposed compromise included additional concessions by Wells Fargo beyond those in its

2    first proposed compromise.  That afternoon I received a telephone call from Plaintiff's

3    counsel.  During the call that lasted less than one minute, Plaintiff's counsel expressed his

4    position that the parties would not be able to reach agreement.  He did not explain the

5    reasons or make a counter-proposal.

6

7         6.    Attached hereto as Exhibit "C" is a copy of the notice that Wells Fargo

8    proposes be sent in the event the Court grants Plaintiff's Motion.  Exhibit "C" is the same

9    notice that the parties agreed upon previously and which the Court approved, but which

10   reflects some minor revisions largely on account of the changed procedural posture of the

11   lawsuit.  The changes are indicated on Exhibit "C" in "redlined" format.

12

13        7.    Prior to the parties' mediation on July 18, 2008, Plaintiff's counsel (Mr.

14   Snodgrass and/or Ms. Swanson), my partner Theresa Kading and I spoke on a number of

15   occasions.  During the course of these discussions, I made clear that Wells Fargo's

16   position was that it viewed PC/LAN Engineer 5's as not similarly situated to PC/LAN

17   Engineer 3's and 4's.

18

19        8.    In those same discussions, I made clear that Wells Fargo's position was that

20   a third-party would handle the distribution of notice.  That is what the parties eventually

21   agreed upon for the first notice in this case.  I also made clear that Wells Fargo was not

22   going to provide Plaintiff's counsel with the contact information for all PC/LAN Engineer

23   3's and 4's in connection with the notice process.

24

25        9.    I have represented employers in wage and hour class actions for

26   approximately the past 10 years of my practice, including actions involving state law

27   claims, and claims under federal law, as well as lawsuits filed in California, Nevada and

28   Florida.  When I read Plaintiff's Motion and saw that Plaintiff sought to send notice again

1   to those persons who already received notice, I was surprised.  Based on my experience

2   that is a highly unusual request in a case such as this.

3

4        I declare under penalty of perjury of the laws of the State of California that the

5   foregoing is true and correct.  Executed this 14th day of August, 2008, at Irvine,

6   California.

7

8                                    /s/ GLENN L. BRIGGS

9                                    GLENN L. BRIGGS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"



HODEL BRIGGS WINTER LLP

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
www.hbwllp.com

gbriggs@hbwllp.com
Direct Dial: (949) 450-4422

July 29, 2008

**VIA FACSIMILE AND U.S. MAIL**

Joseph T. Snodgrass, Esq.                    William M. Audet, Esq.
Kelly Swanson, Esq.                          Adel A. Nadji, Esq.
LARSON KING, LLP                             AUDET & PARTNERS, LLP
30 East 7th Street, Suite 2800               221 Main Street, Suite 1460
St. Paul, Minnesota 55101                    San Francisco, California  94105

Re:    Monte Russell, et al. v. Wells Fargo & Company
       U.S. District Court, Northern District of California, Case C 07-03993 CW

Dear Counsel:

We were somewhat surprised to receive Plaintiff's Motion for Leave to Amend and Motion for
Conditional Collective Action Certification Thursday and Friday, July 24-25, 2008. While we
appreciate the fact that the Northern District (unlike many other Districts) does not have a formal
"meet and confer" requirement, given our past discussions in the case about several significant
matters which resulted in compromise and agreement, including the parties' prior stipulation to
court-approved notice, our surprise was largely on account of the fact we did not hear from you
to discuss either motion before filing.

While you may point to Ms. Swanson's telephone message about only the amendment issue on
Thursday, July 24, as an effort to confer on this matter, it clearly was not the intent of the call.
As a threshold matter, we received Ms. Swanson's telephone message as to the Motion for Leave
to Amend at 12:15 p.m. CST on Thursday, July 24, which was at most a couple of hours before
Plaintiff filed his Motion. Therefore, the papers were already prepared and ready for filing.
Additionally, Ms. Swanson's message was vague and provided insufficient specificity as to the
substance of the proposed amendments. She referenced "state law claims" without specifying
the state and she referenced an additional named plaintiff without a name, job classification, state
of residency, etc. Shortly after Ms. Swanson's call -- and before we were e-served with
Plaintiff's Motion -- we requested a copy of the proposed amended complaint in order to
evaluate Plaintiff's request for a stipulation. We did not receive a copy of the proposed amended

32066-1

Joseph T. Snodgrass, Esq.
William M. Audet, Esq.
July 29, 2008
Page 2

complaint until receiving Plaintiff's Motion, which interestingly is accompanied by a declaration asserting that your office "did not hear from" Ms. Kading or me as of the time of filing.[1]

In any event, while it appears that Plaintiff may not be willing to compromise in any regard given his decision to file two motions without your office attempting to reach an informal resolution with us first, Wells Fargo makes the following proposal to resolve all issues raised by Plaintiff's two motions:

A. *Conditional Certification:* Wells Fargo will stipulate to mutually agreed upon notice (along the lines of the previously agreed upon notice) being sent to those individuals who held the position of PC LAN Engineer 3 and/or 4 and who received a backpay payment. While the notice will not be "corrective," it may advise the individuals that they may join the lawsuit even if they previously received a backpay payment from Wells Fargo and/or signed a release document. The notice will be sent by the same third-party administrator used for the first notice in this lawsuit and individuals will have 60 days to opt-in.

B. *Motion to Amend:* Wells Fargo will stipulate to leave of court for Plaintiff to file his amended complaint, subject to approval by the court, all parties reserving all rights and the stipulation not constituting a waiver of any kind. Both Wells Fargo entities will stipulate to respond to the amended complaint within 30 days.

For purposes of clarity with respect to Plaintiff's Motion for Conditional Collective Action Certification, please note the following:

1. Individuals who already received notice will not receive a second notice and second opportunity to join the lawsuit. There is no reason for doing so and that is contrary to the intent of the prior stipulation to send notice to certain individuals.

2. PC LAN Engineer 5s will not receive notice. Plaintiff clearly is not similarly situated to PC LAN Engineer 5s. Not only did Plaintiff not hold this position, but when Wells Fargo decided to convert the PC LAN Engineer 3s and 4s to nonexempt, it decided *not* to convert the PC LAN Engineer 5s based on differences in the job. Moreover, since that time, Wells Fargo has reviewed the job performance of PC LAN Engineer 5s individually and converted some of them to nonexempt, while most of them

---

[1] We also note that the wording of the declaration was carefully selected to misleadingly create the appearance that your office made a good faith effort to meet and confer and avoid the necessity of motion practice but that we were "nonresponsive." The declaration basically says "we called opposing counsel, and they never got back to us as of the time of filing so we have to file this motion." Given that Ms. Swanson's telephone call was at 12:15 p.m. CST just a few hours earlier on the same day Plaintiff filed his Motion, the declaration is rather misleading. We also are certain that Plaintiff's Motion was substantially finished before Ms. Swanson's telephone call to our office. We also requested from your office a copy of the proposed amended complaint well before we received Plaintiff's Motion by e-service. In any event, we are uncertain of the advantage or benefit Plaintiff seeks to secure by providing this misleading information to the Court, but we will correct the record if an opposition to the Motion is required.

Joseph T. Snodgrass, Esq.
William M. Audet, Esq.
July 29, 2008
Page 3

remain exempt based on these reviews. In other words, Plaintiff held a different position, and did not go through the same individualized analysis as the PC LAN Engineer 5s.

3. As to other matters in Plaintiff's Motion for Conditional Collective Action Certification, there will not be an internal notice, via a posting, payroll stuffer or otherwise, and there will not be public notice (such as a newspaper advertisement).

4. Wells Fargo will provide contact information to the third-party administrator within 10 business days of the stipulation so the mailing is ready upon court approval of the stipulation. This will enable individuals to join the lawsuit much sooner than they otherwise could following a September 4 hearing date and avoid the further running of the statute of limitations on their claim (identified as important in Plaintiff's Motion).

5. Wells Fargo proposes the same administrator as the parties agreed to for the first notice in this lawsuit, and we are unaware of any problems or issues with that notice process that justify a change. This method is especially appropriate given the communication that notifies class members of the lawsuit will be previously approved by the Court and insures that it is the communication delivered. Wells Fargo does not object to the notice identifying your office as counsel for Plaintiff for purposes of answering questions.

6. The response period will be 60 days and not 120 days. Since Plaintiff argues that time is of the essence because of the running of the statute of limitations, we assume a shorter response period will be acceptable.

Please advise us whether Plaintiff is interested in reaching a stipulation as outlined above. If an informal resolution cannot be worked out, we must turn immediately to responding to Plaintiff's two Motions. Since Plaintiff's Motions were served without clearing the dates with our office in advance and during the last month of the summer vacation when plans for family time off are in the works, we are working under tight time constraints. Therefore, we appreciate an immediate response.

Very truly yours,

Glenn L. Briggs, Esq.
of Hodel Briggs Winter LLP

GLB:vab

32066-1



**HODEL BRIGGS WINTER** LLP

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
info@hbwllp.com

| **From:** | **Telephone Number:** | **Facsimile Number:** | **Date:** |
|---|---|---|---|
| Glenn L. Briggs, Esq. | (949) 450 4422 | (949) 450 8033 | July 29, 2008 |

| **Recipient:** | **Company:** | **Fax:** | **Phone:** |
|---|---|---|---|
| T. Joseph Snodgrass, Esq. | Larson King, LLP; | 651-312-6618 | 651-312-6500 |
| Adel A. Nadji, Esq. | Audet & Partners, LLP | 415-568-2556 | 415-568-2555 |

Total Number of Pages: 4 (including Fax Cover Sheet)

Re:    Monte Russell, et al. v. Wells Fargo Bank, N.A.

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postage Service. Thank you.*

```
  ☓  ☓  ☓  COMM.  .CATION RESULT REPORT ( JUL. 29. 20、  11:29AM )  ☓  ☓  ☓

                                                     FAX HEADER:   9494508033

TRANSMITTED/STORED : JUL. 29. 2008 11:26AM
FILE MODE        OPTION              ADDRESS                    RESULT      PAGE
-----------------------------------------------------------------------------
914  MEMORY TX                       916513126618              OK          4/4
                                     914155682556              OK          4/4




-----------------------------------------------------------------------------
   REASON FOR ERROR
      E-1) HANG UP OR LINE FAIL            E-2) BUSY
      E-3) NO ANSWER                       E-2) NO FACSIMILE CONNECTION
```



**HODEL BRIGGS WINTER** LLP

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
info@hbwllp.com

| From: | Telephone Number: | Facsimile Number: | Date: |
|---|---|---|---|
| Glenn L. Briggs, Esq. | (949) 450 4422 | (949) 450 8033 | July 29, 2008 |
| **Recipient:** | **Company:** | **Fax:** | **Phone:** |
| T. Joseph Snodgrass, Esq. | Larson King, LLP; | 651-312-6618 | 651-312-6500 |
| Adel A. Nadji, Esq. | Audet & Partners, LLP | 415-568-2556 | 415-568-2555 |

Total Number of Pages:  _4_  (including Fax Cover Sheet)

Re:   Monte Russell, et al. v. Wells Fargo Bank, N.A.

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postage Service. Thank you.*

EXHIBIT "B"



HODEL BRIGGS WINTER LLP

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
www.hbwllp.com

gbriggs@hbwllp.com
Direct Dial: (949) 450-4422

August 1, 2008

**VIA FACSIMILE AND U.S. MAIL**

Joseph T. Snodgrass, Esq.                     William M. Audet, Esq.
Kelly Swanson, Esq.                           Adel A. Nadji, Esq.
LARSON KING, LLP                              AUDET & PARTNERS, LLP
30 East 7th Street, Suite 2800                221 Main Street, Suite 1460
St. Paul, Minnesota 55101                     San Francisco, California 94105

Re:  <u>Monte Russell, et al. v. Wells Fargo & Company</u>
      U.S. District Court, Northern District of California, Case C 07-03993 CW

Dear Counsel:

To follow up on my telephone discussion with Mr. Snodgrass on Tuesday, July 29, 2008, I wanted to convey to both of your offices Wells Fargo's final offer to compromise on Plaintiff's two pending motions. This proposal is made in a good faith effort to resolve the matters raised by Plaintiff's Motions and does not reflect any concession by Wells Fargo as to the merits of Plaintiff's Motions. Rather it reflects a compromise of Wells Fargo's position(s) for purposes of avoiding motion practice and, if motion practice is not avoided, Wells Fargo will argue against all or substantially all of the relief sought by Plaintiff. The proposed compromise is as follows:

   A. *Conditional Certification:* Wells Fargo will stipulate to mutually agreed upon notice (along the lines of the previously agreed upon notice) being sent to those individuals who held the position of PC LAN Engineer 3 and/or 4 and who received a backpay payment and all PC LAN Engineer 5s (unless they already received notice by virtue of holding a 3 or 4 position). While the notice will not be "corrective," it may advise the individuals that they may join the lawsuit even if they previously received a backpay payment from Wells Fargo and/or signed a release document. The notice will be sent by the same third-party administrator used for the first notice in this lawsuit and individuals will have 75 days to opt-in.[1]

---

[1] We previously proposed 60 days and have increased this to 75 days to provide the exact same opt-in period as provided by the authority on which Plaintiff relies.

Joseph T. Snodgrass, Esq.
William M. Audet, Esq.
August 1, 2008
Page 2

B. *Motion to Amend:*  Wells Fargo will stipulate to leave of court for Plaintiff to file his amended complaint, subject to approval by the court, all parties reserving all rights and the stipulation not constituting a waiver of any kind.  Both Wells Fargo entities will stipulate to respond to the amended complaint within 30 days.

For purposes of clarity with respect to Plaintiff's Motion for Conditional Collective Action Certification, please note the following:

1. Individuals who already received notice will not receive a second notice and second opportunity to join the lawsuit.  There is no reason for doing so and that is contrary to the intent of the prior stipulation to send notice to certain individuals.

2. There will not be an internal notice, via a posting, payroll stuffer or otherwise, and there will not be public notice (such as a newspaper advertisement).

3. Wells Fargo will provide contact information to the third-party administrator within 10 business days of the stipulation so the mailing is ready upon court approval of the stipulation.  This will enable individuals to join the lawsuit much sooner than they otherwise could following a September 4 hearing date and avoid the further running of the statute of limitations on their claim (identified as important in Plaintiff's Motion).

4. Wells Fargo proposes the same administrator as the parties agreed to for the first notice in this lawsuit, and we are unaware of any problems or issues with that notice process that justify a change.  This method is especially appropriate given the communication that notifies class members of the lawsuit will be previously approved by the Court and insures that it is the communication delivered.  Wells Fargo does not object to the notice identifying your office as counsel for Plaintiff for purposes of answering questions.[2]

5. The response period will be 75 days (the same amount of notice provided by the decision relied on in Plaintiff's Motion), and not 120 days.  Since Plaintiff argues that time is of the essence because of the running of the statute of limitations, we assume a shorter response period will be acceptable.

---

[2] We disagree that Plaintiff has a First Amendment right to compel production of contact information to his counsel. We do not assert, however, that Plaintiff does not have a First Amendment right to speak to others and we have never expressed an intent to request an order prohibiting such communication. The foregoing are two very distinct issues. Moreover, any argument as to discovery is premature and should be raised in the context of a discovery motion. Finally, as you are well aware, Wells Fargo has the same First Amendment right. However, to provide Plaintiff with the same assurance that the primary substance of information communicated to potential collective action members is that contained in the court-approved notice, Wells Fargo will agree to not initiate any contact with individuals receiving notice about the opt-in process during the 75 day period.

Joseph T. Snodgrass, Esq.
William M. Audet, Esq.
August 1, 2008
Page 3

*In sum, Wells Fargo's proposal reflects substantial compromise on all but the two following issues: (i) whether a second notice will be sent to certain individuals who already received notice and many of whom opted in; and (ii) production to Plaintiff of contact information. This included the important concessions of notice altogether being appropriate and inclusion of PC LAN Engineer 5s when there is a substantial likelihood that they will be excluded. In contrast, Plaintiff has not compromised on one single aspect of his Motions.*

Please advise us whether Plaintiff is interested in reaching a stipulation as outlined above. We would appreciate an immediate response.

Sincerely,

Glenn L. Briggs, Esq.
of Hodel Briggs Winter LLP

GLB:vab

32155-1

 **HODEL BRIGGS WINTER**LLP

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
info@hbwllp.com

| **From:** | **Telephone Number:** | **Facsimile Number:** | **Date:** |
|---|---|---|---|
| Glenn L. Briggs, Esq. | (949) 450 4422 | (949) 450 8033 | August 1, 2008 |
| **Recipient:** | **Company:** | **Fax:** | **Phone:** |
| T. Joseph Snodgrass, Esq. | Larson King, LLP; | 651-312-6618 | 651-312-6500 |
| Adel A. Nadji, Esq. | Audet & Partners, LLP | 415-568-2556 | 415-568-2555 |

Total Number of Pages: _4_ (including Fax Cover Sheet)

Re:   <u>Monte Russell, et al. v. Wells Fargo Bank, N.A.</u>

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postage Service. Thank you.*

✻ ✻ ✻ COMM⌐ICATION RESULT REPORT ( AUG. 1. 20   11:25AM ) ✻ ✻ ✻

FAX HEADER:    9494508033

TRANSMITTED/STORED : AUG. 1. 2008 11:22AM

| FILE | MODE | OPTION | ADDRESS | RESULT | PAGE |
|------|------|--------|---------|--------|------|
| 919  | MEMORY TX |    | 916513126618 | OK | 4/4 |
|      |      |        | 914155682556 | OK | 4/4 |

REASON FOR ERROR
E-1) HANG UP OR LINE FAIL                    E-2) BUSY
E-3) NO ANSWER                               E-4) NO FACSIMILE CONNECTION



HODEL BRIGGS WINTER LLP

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
info@hbwllp.com

| **From:** | **Telephone Number:** | **Facsimile Number:** | **Date:** |
|-----------|------------------------|------------------------|-----------|
| Glenn L. Briggs, Esq. | (949) 450 4422 | (949) 450 8033 | August 1, 2008 |
| **Recipient:** | **Company:** | **Fax:** | **Phone:** |
| T. Joseph Snodgrass, Esq. | Larson King, LLP; | 651-312-6618 | 651-312-6500 |
| Adel A. Nadji, Esq. | Audet & Partners, LLP | 415-568-2556 | 415-568-2555 |

Total Number of Pages: _4_ (including Fax Cover Sheet)

Re:    Monte Russell, et al. v. Wells Fargo Bank, N.A.

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postage Service. Thank you.*

EXHIBIT "C"

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**MONTE RUSSELL, on behalf of himself and**
**others similarly situated,**

**Plaintiff,**                                              **Case No.: C 07 3993 CW**

**v.**

**WELLS FARGO AND COMPANY,**

        **Defendant.**

---

**NOTICE OF COLLECTIVE ACTION CLAIMS UNDER THE**
**FAIR LABOR STANDARDS ACT**

**THIS IS NOT A LAWSUIT AGAINST YOU.**

**PLEASE READ THIS NOTICE CAREFULLY.**
**YOUR LEGAL RIGHTS MAY BE AFFECTED.**

TO:    Current and former Technology Information Group employees of Wells Fargo & Company and Wells Fargo Bank, N.A., who held the position of PC/LAN Engineer 3 or PC/LAN Engineer 4 and who were paid a salary and treated as exempt from the laws requiring overtime for some period of time after ~~November 1, 2004~~ January ___, 2005 [estimated].

**I. INTRODUCTION**

The purpose of this Notice is to inform you of the existence of a collective action lawsuit in which you are potentially "similarly situated" to the Named Plaintiff, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit if you so desire.

As described more fully below, if you are eligible and wish to participate in the collective action, you must complete and submit the Consent to Join form attached to this Notice.

**II.  DESCRIPTION OF THE LAWSUIT**

**A. THE ALLEGATIONS**

Plaintiff Monte Russell (Named Plaintiff) brought this lawsuit in the United States District Court for the Northern District of California, Oakland Division, against Wells Fargo on August 2, 2007. The Named Plaintiff contends that Wells Fargo incorrectly classified PC/LAN Engineers 3 and PC/LAN Engineers 4 as "exempt" from federal overtime laws.  The Named Plaintiff, a former employee, brings his claims under the Fair Labor Standards Act (FLSA).  The Named Plaintiff seeks overtime compensation at a rate of one and one-half (1.5) the regular rate of pay for all hours worked over 40, liquidated or "doubled" damages, attorneys' fees and costs under the FLSA.

Wells Fargo generally denies all of the Named Plaintiff's claims and does not admit any liability.  Wells Fargo generally claims that PC/LAN Engineers 3 and 4 were exempt from overtime.  Wells Fargo also contends that, to the extent there was any violation of the FLSA, it was an innocent error, that all actions were taken in good faith, and that reasonable minds could differ as to the proper classification of PC/LAN Engineers 3 and 4 as either exempt or non-exempt from the laws requiring payment of overtime such that there is no basis to award liquidated damages.

1

## B. THE CURRENT STAGE OF THE LAWSUIT

This lawsuit is currently in the early pretrial stage. On _____, 2008, the Court authorized this Notice to be sent to you.

~~Before engaging in further litigation, the Named Plaintiff and Wells Fargo have agreed to privately mediate the claims in this lawsuit before a neutral mediator in an attempt to settle the dispute. This means that the parties will attempt to resolve the lawsuit out of court through alternative dispute resolution (ADR).~~

~~The Named Plaintiff and Wells Fargo believe that, in this case, mediation is the best way to resolve the overtime/FLSA claims. Litigation would increase the costs for both sides and lengthen the proceedings. Mediation allows the parties to privately address issues.~~

### III. FAIR LABOR STANDARDS ACT CLAIM

## A. COMPOSITION OF THE FLSA COLLECTIVE ACTION

The Named Plaintiff seeks to sue on behalf of himself and all other similarly situated persons who are/were employed by Wells Fargo as a PC/LAN Engineer 3 or PC/LAN Engineer 4 and who were paid a salary and treated as exempt from the laws requiring overtime at some time after ~~November 1, 2004~~January __, 2005.

If you never worked over 40 hours in any one week while you were employed by Wells Fargo as PC/LAN Engineer 3 and/or a PC/LAN Engineer 4, you are not eligible to join this lawsuit. However, if you have a good faith belief that you worked over 40 hours in any one week or are unsure whether you worked over 40 hours in any one week while you were employed by Wells Fargo as PC/LAN Engineer 3 and/or a PC/LAN Engineer 4, you are eligible to join this lawsuit.

## B. YOUR RIGHT TO PARTICIPATE IN THE FLSA COLLECTIVE ACTION

If you fit the definition in Paragraph A above, you may join in the FLSA claim raised in this lawsuit by completing and mailing a signed copy of the Consent to Join form (attached to this Notice) to the Notice Administrator for the U.S. District Court in the enclosed envelope. **Your Consent to Join form must be postmarked by no later than _____, 2008.** Mailing a Consent to Join Form does not guarantee that you will be able to participate in the mediation or trial of this lawsuit as this may depend upon a final ruling from the District Court that you and the Named Plaintiffs are "similarly situated" under federal law. Failing to have a Consent to Join form postmarked on or before the deadline means that you cannot participate in any settlement or judgment for damages under the FLSA as part of this lawsuit.

If you have received a back pay payment from Wells Fargo previously and/or if you signed a release document, you may still participate in this FLSA collective action. You may be entitled to additional compensation under the FLSA. You also may not be entitled to additional compensation. If you have received a back pay payment from Wells Fargo, Wells Fargo is entitled to a reduction in any amount awarded to you under the FLSA for the amount of back pay you have already received.

## C. EFFECT OF JOINING THE FLSA COLLECTIVE ACTION

If you file a Consent to Join form and the Court permits your claims to proceed to trial as part of the collective action, you will be bound by any judgment regarding the claim in the lawsuit, whether favorable or unfavorable to Plaintiffs and the class. By returning the Consent to Join form, you are agreeing to designate the Named Plaintiff as your agent to make decisions on your behalf concerning this lawsuit, including decisions as to the method and manner of conducting this lawsuit. While this lawsuit is pending, you may be required to provide information, appear for a deposition in your hometown, or otherwise participate in the action.

If you elect to opt into this lawsuit, you will not be required to pay attorneys' fees or expenses. If Plaintiff prevails at trial, the FLSA, the statute under which this lawsuit is brought, provides for the recovery of attorneys' fees, and attorneys' fees will be paid either by Wells Fargo or as a percentage of any monetary judgment in favor of Plaintiff as ordered by the Court. In the event there is a settlement, Plaintiff's counsel will receive attorneys' fees paid either by Wells Fargo or as a percentage of the settlement

obtained. Any settlement will be approved by the Court.

### D. NO LEGAL EFFECT UNDER THE FLSA IN NOT JOINING THE FLSA LAWSUIT

If you choose not to join in this FLSA lawsuit, you will not be affected by any judgment on the FLSA claim, whether it is favorable or unfavorable to Plaintiff and the class. If you choose not to file a Consent to Join this FLSA lawsuit, you are free to file your own lawsuit.

## IV.  NO RETALIATION PERMITTED

FEDERAL LAW PROHIBITS WELLS FARGO FROM TAKING ANY ACTION AGAINST YOU BECAUSE YOU ELECT TO JOIN THIS ACTION BY FILLING OUT AND RETURNING THE CONSENT TO JOIN FORM, OR OTHERWISE EXERCISING YOUR RIGHTS UNDER THE FLSA.

## V.  PLAINTIFF'S AND CLASS COUNSEL

T. Joseph Snodgrass
Shawn M. Raiter
Kelly A. Swanson
Larson King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
1-877-373-5501
(651) 312-6500
kswanson@larsonking.com

William M. Audet
Adel Nadji
Audet & Partners, LLP
221 Main Street, Suite 1460
San Francisco, California  94105

## VI. DEFENDANT WELLS FARGO'S LEGAL REPRESENTATION

Glenn L. Briggs
Theresa A. Kading
Hodel Briggs Winter, LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040

## VII. FURTHER INFORMATION

To obtain further information about this Notice, the deadline for filing a Consent to Join form, or other information about this lawsuit, please contact Plaintiff's attorneys at the numbers and/or addresses stated above.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION. ALTHOUGH THE COURT HAS AUTHORIZED THE SENDING OF THIS NOTICE, THIS DOES NOT MEAN THAT THE COURT WILL FIND IN FAVOR OF ANY PLAINTIFF OR GRANT ANY RELIEF.

Dated: _____, 2008

_____
The Honorable Claudia Wilken
United States District Judge

## FILING INSTRUCTIONS

### Consent to Join

If you choose to join in the FLSA claim, your Consent to Join form must be completed, signed and returned in the Business Reply Envelope included with this packet. <u>Your Consent to Join form must be postmarked by no later than _____, 2008.</u>

## 1.  CHANGE OF ADDRESS

If you move or change your address, please advise class counsel:

T. Joseph Snodgrass
Shawn M. Raiter
Attn: Kelly A. Swanson
Larson King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
1-877-373-5501
(651) 312-6500
kswanson@larsonking.com

## 2.  FURTHER INFORMATION

To obtain further information about this lawsuit including your right to "opt in," please contact class counsel:

T. Joseph Snodgrass
Shawn M. Raiter
Attn: Kelly Swanson
Larson King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, MN 55101
1-877-373-5501
(651) 312-6500
kswanson@larsonking.com

## FLSA CONSENT FORM

U.S. District Court for the Northern District of California, Oakland Division
Russell v. Wells Fargo and Company, Case No.: C 07 3993 CW

**IF YOU WISH TO JOIN THE FLSA COLLECTIVE ACTION, THIS FORM MUST BE
COMPLETED, SIGNED AND RETURNED WITH A POSTMARK ON OR BEFORE JUNE 7, 2008**

Please type or print in ink the following:

_____

**Name**

_____

**Street and Apartment Number, if any**

_____

**City**                                    **State**              **Zip Code**

_____

**Home Telephone**           **Work Telephone**         **Cell Telephone**

_____

**E-Mail**

_____

**Name and Phone Number of Alternative Contact Person**

_____

**Social Security Number**

1. I understand that this lawsuit includes a claim under the federal Fair Labor Standards Act. I have read and I understand the Notice of Collective Action that accompanied my copy of this Consent. I hereby consent to become a member of this collective action and consent to be bound by any adjudication by the Court regarding the Fair Labor Standards Act in this lawsuit.

2. By my signature below, I represent to the Court that I have been employed by Wells Fargo Bank, N.A., as a PC/LAN Engineer 3 and/or a PC/LAN Engineer 4 at some time after November 1, 2004. I further represent that I have a good faith belief that I worked over 40 hours in any one week, or that I am unsure whether I worked over 40 hours in any one week, while I was employed by Wells Fargo as PC/LAN Engineer 3 and/or a PC/LAN Engineer 4. My signature below further indicates that I want to become a member of this collective action:

_____

**Signature**                                              **Date**

**COMPLETE AND RETURN THIS FORM IN THE BUSINESS REPLY ENVELOPE INCLUDED WITH THIS PACKET TO:**

Notice Administrator for U.S. District Court
PO Box 151
Minneapolis, MN 55440-0151