1   GLENN L. BRIGGS (SB# 174497)
    E-mail: gbriggs@hbwllp.com
2   THERESA A. KADING (SB# 211469)
    E-mail: tkading@hbwllp.com
3   8105 Irvine Center Drive, Suite 1400
    Irvine, CA  92618
4   Telephone: (949) 450-8040
    Facsimile: (949) 450-8033
5
    Attorneys for Defendant
6   WELLS FARGO BANK, N.A. (erroneously sued herein as
    WELLS FARGO & COMPANY)
7

8              UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA -- OAKLAND DIVISION

10

11  MONTE RUSSELL, on behalf of          CASE NO.   C 07-03993 CW
    himself and others similarly situated,
12                                        JUDGE CLAUDIA WILKEN
                  Plaintiff,              COURTROOM 2
13
          v.                              **DEFENDANT WELLS FARGO BANK,
14                                        N.A.'S OBJECTIONS TO EVIDENCE
    WELLS FARGO & COMPANY,                RELIED UPON BY PLAINTIFF IN
15                                        MOTION FOR CONDITIONAL
                  Defendants.             COLLECTIVE ACTION
16                                        CERTIFICATION UNDER FLSA, 29
                                          U.S.C. § 216(b), AND FOR COURT-
17                                        APPROVED NOTICE OF FLSA
                                          CLAIMS**
18
                                          Hearing Date:  September 4, 2008
19                                        Time:  2:00 p.m.
                                          Location:  Courtroom 2
20

21

22

23

24

25

26

27

28

32374

---

1  I.    **PRELIMINARY STATEMENT**

2          Defendant Wells Fargo Bank, N.A. (hereinafter, "Wells Fargo") hereby

3  respectfully submits its objections to the evidence submitted by Plaintiff Monte Russell

4  (hereinafter, "Plaintiff") in support of Plaintiff's Motion for Conditional Collective Action

5  Certification.  The evidence offered by Plaintiff in support of his Motion that is the subject

6  of these objections is the six declarations of Monte Russell, Greg Weir, Richard Chow,

7  Peter Kennedy, Daniel Friedman, and Greg Diersing.  The six declarations are

8  substantially similar to each other and largely contain conclusory statements based on

9  hearsay and speculation.

10          For the reasons set forth below, Wells Fargo's objections should be sustained.

11

12  II.   **SPECIFIC EVIDENTIARY OBJECTIONS**

13

14          A.    **Declaration of Monte Russell**

15

16  **Objection No. 1:**  Paragraph 5, p. 1-2, which states:  "During my tenure as a PC/LAN

17  Engineer 3 in Wells Fargo's Technology Information Group, I learned that Wells Fargo

18  had classified my position and other similar Technology Information Group positions as

19  'exempt' from entitlement to overtime compensation.  I knew many other employees who

20  held the position title PC/LAN Engineer 3 during my employment with Wells Fargo and

21  none of them were paid overtime during the time I was employed by Wells Fargo."

22  **Grounds for Objection No. 1:**  This statement lacks foundation and is impermissibly

23  conclusory.  The declaration does not state how he "learned" that other positions were

24  classified as "exempt" or how he knew that other employees were not paid overtime,

25  which is information entirely within his personal knowledge.  See Fed. R. Evid. 602.  The

26  statements also are inadmissible hearsay.  See Fed. R. Evid. 802.  These are out of court

27  statements purportedly made by other PC/LAN Engineer 3's offered to prove the truth of

28  the matter asserted, i.e., that other employees were classified as exempt and that they were

32374                                   1

1    not paid overtime.

2    **Ruling on Objection No. 1:**   Sustained _____ Overruled _____

3

4    **Objection No. 2:**   Paragraph 6, p. 2, which states: "I knew of and had discussions with

5    other PC/LAN Engineers 3 at Wells Fargo's other locations, including Minnesota,

6    California, and Texas.  Based upon my training, experience, and discussions with other

7    employees, I can attest that the work of PC/LAN Engineers 3 was functionally the same

8    and did not vary significantly from location to location."

9    **Grounds for Objection No. 2:**   This statement lacks foundation and is impermissibly

10   conclusory.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay.

11   See Fed. R. Evid. 802.  These are out of court statements purportedly made by other

12   PC/LAN Engineer 3's offered to prove the truth of the matter asserted, i.e., that other

13   employees performed the same duties as he performed.

14   **Ruling on Objection No. 2:**   Sustained _____ Overruled _____

15

16   **Objection No. 3:**   Paragraph 7, p. 2, which states:  "As a PC/LAN Engineer 3, the

17   primary work I performed was highly structured and constrained by Wells Fargo's

18   predetermined instructions, specifications, policies, and procedures, and did not normally

19   require the consistent exercise of discretion and independent judgment."

20   **Grounds for Objection No. 3:**   This statement lacks foundation and is impermissibly

21   conclusory.  The declaration provides legal conclusions without any specificity, which is

22   information entirely within his personal knowledge.  See Fed. R. Evid. 602, 701.

23   **Ruling on Objection No. 3:**   Sustained _____ Overruled _____

24

25   **Objection No. 4:**   Paragraph 8, p. 2-3, which states:  "During my employment with Wells

26   Fargo, I came to know other employees with position titles PC/LAN Engineer 3, 4, and 5

27   located at Wells Fargo's various locations in the United States.  Based upon my training,

28   experience, and discussions with other employees, I can attest that the work of PC/LAN

32374                                        -2-

1    Engineers 3, 4, and 5 was functionally the same and did not vary significantly from

2    location to location.  PC/LAN Engineers 4 and 5 had primary duties similar to the duties

3    of a PC/LAN Engineer 3, as set forth above.  The primary work of PC/LAN Engineers 4

4    and 5 was also highly structured and constrained by Wells Fargo's predetermined

5    instructions, specifications, policies, and procedures, and did not normally require

6    consistent exercise of discretion and independent judgment."

7    **Grounds for Objection No. 4:**  This statement lacks foundation and is impermissibly

8    conclusory.  The declaration does not state how he learned that individuals in other

9    positions performed the same work as he performed, information entirely within his

10   personal knowledge.  Furthermore, the statement contains legal conclusions, without any

11   specificity.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay.

12   See Fed. R. Evid. 802.  These are out of court statements purportedly made by PC/LAN

13   Engineer 4's and 5's offered to prove the truth of the matter asserted, i.e., that other

14   employees performed the same work as he did in the same manner.

15   **Ruling on Objection No. 4:**  Sustained _____ Overruled _____

16

17   **Objection No. 5:**  Paragraph 9, p. 3, which states:  "At no point in time during my

18   employment with Wells Fargo did I have a clear understanding that I would be paid based

19   on a so-called 'fluctuating workweek' method of calculating overtime compensation."

20   **Grounds for Objection No. 5:**  This statement is irrelevant and therefore inadmissible.

21   See Fed. R. Evid. 402.  It is irrelevant to the inquiry of whether the "fluctuating

22   workweek" method is the proper calculation of back pay to an allegedly misclassified

23   employee whether the employee had an understanding that he would be compensated

24   based on a "fluctuating workweek" calculation.  See, e.g., Tumulty v. Fedex Ground

25   Package Sys., Inc., 2005 WL 1979104, *4 (W.D. Wash. Aug. 16, 2005) ("[t]he First and

26   Fifth Circuits have both held that employers who inappropriately misclassified an

27   employee as exempt from the FLSA may rely on § 778.114 [which allows the fluctuating

28   workweek calculation] to determine overtime due because the employees understood that

they would be paid a fixed weekly salary regardless of the hours worked") (citing <u>Valerio v. Putnam Assoc. Inc.</u>, 173 F.3d 35, 39-40 (1st. Cir. 1999) and <u>Blackmon v. Brookshire Grocery Co.</u>, 835 F.2d 1135, 1138 (5th Cir. 1988)).

**Ruling on Objection No. 5:**  Sustained _____ Overruled _____


### B.      Declaration of Greg Weir


**Objection No. 6:**  Paragraph 5, p. 1-2, which states:  "During my tenure as a PC/LAN Engineer 4 in Wells Fargo's Technology Information Group, I learned that Wells Fargo had classified my position and other similar Technology Information Group positions as 'exempt' from entitlement to overtime compensation.  I knew many other employees who held the position title PC/LAN Engineer 4 during my employment with Wells Fargo and none of them were paid overtime during the time I was employed by Wells Fargo."

**Grounds for Objection No. 6:**  This statement lacks foundation and is impermissibly conclusory.  The declaration does not state how he "learned" that other positions were classified as "exempt" or how he knew that other employees were not paid overtime, which is information entirely within his personal knowledge.  <u>See</u> Fed. R. Evid. 602.  The statements also are inadmissible hearsay.  <u>See</u> Fed. R. Evid. 802.  These are out of court statements purportedly made by other PC/LAN Engineer 4's offered to prove the truth of the matter asserted, i.e., that other employees were classified as exempt and that they were not paid overtime.

**Ruling on Objection No. 6:**  Sustained _____ Overruled _____


**Objection No. 7:**  Paragraph 6, p. 2, which states: "I knew of and had discussions with other PC/LAN Engineers 4 at Wells Fargo's other locations, including Minnesota, California, and Arizona.  Based upon my training, experience, and discussions with other employees, I can attest that the primary work of PC/LAN Engineers 4 was functionally the same and did not vary significantly from location to location."

**Grounds for Objection No. 7:**  This statement lacks foundation and is impermissibly conclusory.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay. See Fed. R. Evid. 802.  These are out of court statements purportedly made by other PC/LAN Engineer 4's offered to prove the truth of the matter asserted, i.e., that other employees performed the same duties as he performed.

**Ruling on Objection No. 7:**  Sustained _____ Overruled _____

**Objection No. 8:**  Paragraph 7, p. 2, which states:  "As a PC/LAN Engineer 4, the primary work I performed was highly structured and constrained by Wells Fargo's predetermined instructions, specifications, policies, and procedures, and did not normally require the consistent exercise of discretion and independent judgment."

**Grounds for Objection No. 8:**  This statement lacks foundation and is impermissibly conclusory.  The declaration provides legal conclusions without any specificity, which is information entirely within his personal knowledge.  See Fed. R. Evid. 602, 701.

**Ruling on Objection No. 8:**  Sustained _____ Overruled _____

**Objection No. 9:**  Paragraph 8, p. 2-3, which states:  "During my time working for Wells Fargo, I came to know other employees with position titles PC/LAN Engineer 3, 4, and 5 located at Wells Fargo's various locations in the United States.  Based upon my training, experience, and discussions with other employees, I can attest that the work of PC/LAN Engineers 3, 4, and 5 was functionally the same and did not vary significantly from location to location.  PC/LAN Engineers 3 and 5 had primary duties similar to the duties of a PC/LAN Engineer 4, as set forth above.  The primary work of PC/LAN Engineers 3 and 5 was also highly structured and constrained by Wells Fargo's predetermined instructions, specifications, policies, and procedures, and did not normally require consistent exercise of discretion and independent judgment."

**Grounds for Objection No. 9:**  This statement lacks foundation and is impermissibly conclusory.  The declaration does not state how he learned that individuals in other

1 positions performed the same work as he performed, information entirely within his

2 personal knowledge. Furthermore, the statement contains legal conclusions, without any

3 specificity. See Fed. R. Evid. 602, 701. The statements also are inadmissible hearsay.

4 See Fed. R. Evid. 802. These are out of court statements purportedly made by PC/LAN

5 Engineer 3's and 5's offered to prove the truth of the matter asserted, i.e., that other

6 employees performed the same work as he did in the same manner.

7 **Ruling on Objection No. 9:**  Sustained _____ Overruled _____

8

9 **Objection No. 10:**  Paragraph 9, p. 3, which states:  "At no point in time during my

10 employment with Wells Fargo did I have a clear understanding that I would be paid based

11 on a so-called 'fluctuating workweek' method of calculating overtime compensation."

12 **Grounds for Objection No. 10:**  This statement is irrelevant and therefore inadmissible.

13 See Fed. R. Evid. 402. It is irrelevant to the inquiry of whether the "fluctuating

14 workweek" method is the proper calculation of back pay to an allegedly misclassified

15 employee whether the employee had an understanding that he would be compensated

16 based on a "fluctuating workweek" calculation.  See, e.g., Tumulty v. Fedex Ground

17 Package Sys., Inc., 2005 WL 1979104, *4 (W.D. Wash. Aug. 16, 2005) ("[t]he First and

18 Fifth Circuits have both held that employers who inappropriately misclassified an

19 employee as exempt from the FLSA may rely on § 778.114 [which allows the fluctuating

20 workweek calculation] to determine overtime due because the employees understood that

21 they would be paid a fixed weekly salary regardless of the hours worked") (citing Valerio

22 v. Putnam Assoc. Inc., 173 F.3d 35, 39-40 (1st. Cir. 1999) and Blackmon v. Brookshire

23 Grocery Co., 835 F.2d 1135, 1138 (5th Cir. 1988)).

24 **Ruling on Objection No. 10:**  Sustained _____        Overruled _____

25

26

27

28

1

2

### C.   **Declaration of Richard Chow**

3   **Objection No. 11:**  Paragraph 5, p. 1-2, which states:  "During my tenure as a PC/LAN

4   Engineer 3 in Wells Fargo's Technology Information Group, I learned that Wells Fargo

5   had classified my position and other similar Technology Information Group positions as

6   'exempt' from entitlement to overtime compensation.  I knew many other employees who

7   held the position title PC/LAN Engineer 3 during my employment with Wells Fargo and

8   none of them were paid overtime during the time I was employed by Wells Fargo."

9   **Grounds for Objection No. 11:**  This statement lacks foundation and is impermissibly

10   conclusory.  The declaration does not state how he "learned" that other positions were

11   classified as "exempt" or how he knew that other employees were not paid overtime,

12   which is information entirely within his personal knowledge.  See Fed. R. Evid. 602.  The

13   statements also are inadmissible hearsay.  See Fed. R. Evid. 802.  These are out of court

14   statements purportedly made by other PC/LAN Engineer 3's offered to prove the truth of

15   the matter asserted, i.e., that other employees were classified as exempt and that they were

16   not paid overtime.

17   **Ruling on Objection No. 11:**  Sustained _____        Overruled _____

18

19   **Objection No. 12:**  Paragraph 6, p. 2, which states: "I knew of and had discussions with

20   other PC/LAN Engineers 3 at Wells Fargo's other locations, including Minnesota and

21   Wisconsin.  Based upon my training, experience, and discussions with other employees, I

22   can attest that the work of PC/LAN Engineers 3 was functionally the same and did not

23   vary significantly from location to location."

24   **Grounds for Objection No. 12:**  This statement lacks foundation and is impermissibly

25   conclusory.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay.

26   See Fed. R. Evid. 802.  These are out of court statements purportedly made by other

27   PC/LAN Engineer 3's offered to prove the truth of the matter asserted, i.e., that other

28   employees performed the same duties as he performed.

32374                                                    -7-

1    **Ruling on Objection No. 12:**  Sustained _____        Overruled _____

2

3    **Objection No. 13:**  Paragraph 7, p. 2, which states:  "As a PC/LAN Engineer 3, the

4    primary work I performed was highly structured and constrained by Wells Fargo's

5    predetermined instructions, specifications, policies, and procedures, and did not normally

6    require the consistent exercise of discretion and independent judgment."

7    **Grounds for Objection No. 13:**  This statement lacks foundation and is impermissibly

8    conclusory.  The declaration provides legal conclusions without any specificity, which is

9    information entirely within his personal knowledge.  See Fed. R. Evid. 602, 701.

10   **Ruling on Objection No. 13:**  Sustained _____        Overruled _____

11

12   **Objection No. 14:**  Paragraph 8, p. 2-3, which states:  "During my employment with

13   Wells Fargo, I came to know other employees with position titles PC/LAN Engineer 3, 4,

14   and 5 located at Wells Fargo's various locations in the United States.  Based upon my

15   training, experience, and discussions with other employees, I can attest that the work of

16   PC/LAN Engineers 3, 4, and 5 was functionally the same and did not vary significantly

17   from location to location.  PC/LAN Engineers 4 and 5 had primary duties similar to the

18   duties of a PC/LAN Engineer 3, as set forth above.  The primary work of PC/LAN

19   Engineers 4 and 5 was also highly structured and constrained by Wells Fargo's

20   predetermined instructions, specifications, policies, and procedures, and did not normally

21   require consistent exercise of discretion and independent judgment."

22   **Grounds for Objection No. 14:**  This statement lacks foundation and is impermissibly

23   conclusory.  The declaration does not state how he learned that individuals in other

24   positions performed the same work as he performed, information entirely within his

25   personal knowledge.  Furthermore, the statement contains legal conclusions, without any

26   specificity.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay.

27   See Fed. R. Evid. 802.  These are out of court statements purportedly made by PC/LAN

28   Engineer 4's and 5's offered to prove the truth of the matter asserted, i.e., that other

1  employees performed the same work as he did in the same manner.

2  **Ruling on Objection No. 14:**  Sustained _____          Overruled _____

3

4  **Objection No. 15:**  Paragraph 9, p. 3, which states:  "At no point in time during my

5  employment with Wells Fargo did I have a clear understanding that I would be paid based

6  on a so-called 'fluctuating workweek' method of calculating overtime compensation."

7  **Grounds for Objection No. 15:**  This statement is irrelevant and therefore inadmissible.

8  See Fed. R. Evid. 402.  It is irrelevant to the inquiry of whether the "fluctuating

9  workweek" method is the proper calculation of back pay to an allegedly misclassified

10  employee whether the employee had an understanding that he would be compensated

11  based on a "fluctuating workweek" calculation.  See, e.g., Tumulty v. Fedex Ground

12  Package Sys., Inc., 2005 WL 1979104, *4 (W.D. Wash. Aug. 16, 2005) ("[t]he First and

13  Fifth Circuits have both held that employers who inappropriately misclassified an

14  employee as exempt from the FLSA may rely on § 778.114 [which allows the fluctuating

15  workweek calculation] to determine overtime due because the employees understood that

16  they would be paid a fixed weekly salary regardless of the hours worked") (citing Valerio

17  v. Putnam Assoc. Inc., 173 F.3d 35, 39-40 (1st. Cir. 1999) and Blackmon v. Brookshire

18  Grocery Co., 835 F.2d 1135, 1138 (5th Cir. 1988)).

19  **Ruling on Objection No. 15:**  Sustained _____          Overruled _____

20

21          **D.    Declaration of Peter Kennedy**

22

23  **Objection No. 16:**  Paragraph 5, p. 1-2, which states:  "During my tenure as a PC/LAN

24  Engineer 3 in Wells Fargo's Technology Information Group, I learned that Wells Fargo

25  had classified my position and other similar Technology Information Group positions as

26  'exempt' from entitlement to overtime compensation.  I knew many other employees who

27  held the position title PC/LAN Engineer 3 and none of them were paid overtime during

28  the time I was employed by Wells Fargo."

1  **Grounds for Objection No. 16:**  This statement lacks foundation and is impermissibly

2  conclusory.  The declaration does not state how he "learned" that other positions were

3  classified as "exempt" or how he knew that other employees were not paid overtime,

4  which is information entirely within his personal knowledge.  See Fed. R. Evid. 602.  The

5  statements also are inadmissible hearsay.  See Fed. R. Evid. 802.  These are out of court

6  statements purportedly made by other PC/LAN Engineer 3's offered to prove the truth of

7  the matter asserted, i.e., that other employees were classified as exempt and that they were

8  not paid overtime.

9  **Ruling on Objection No. 16:**   Sustained  _____          Overruled _____

10

11  **Objection No. 17:**  Paragraph 6, p. 2, which states: "I knew of and had discussions with

12  other PC/LAN Engineers 3 at Wells Fargo's other locations, including Iowa, Maryland,

13  and South Carolina.  Based upon my training, experience, and discussions with other

14  employees, I can attest that the work of PC/LAN Engineers 3 was functionally the same

15  and did not vary significantly from location to location."

16  **Grounds for Objection No. 17:**  This statement lacks foundation and is impermissibly

17  conclusory.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay.

18  See Fed. R. Evid. 802.  These are out of court statements purportedly made by other

19  PC/LAN Engineer 3's offered to prove the truth of the matter asserted, i.e., that other

20  employees performed the same duties as he performed.

21  **Ruling on Objection No. 17:**   Sustained  _____          Overruled _____

22

23  **Objection No. 18:**  Paragraph 7, p. 2, which states:  "As a PC/LAN Engineer 3, the

24  primary work I performed was highly structured and constrained by Wells Fargo's

25  predetermined instructions, specifications, policies, and procedures, and did not normally

26  require the consistent exercise of discretion and independent judgment."

27  **Grounds for Objection No. 18:**  This statement lacks foundation and is impermissibly

28  conclusory.  The declaration provides legal conclusions without any specificity, which is

1    information entirely within his personal knowledge.  See Fed. R. Evid. 602, 701.

2    **Ruling on Objection No. 18:**  Sustained _____        Overruled _____

3

4    **Objection No. 19:**  Paragraph 8, p. 2-3, which states:  "During my time working for Wells

5    Fargo, I came to know of other employees with position titles PC/LAN Engineer 3, 4, and

6    5 located at Wells Fargo's various locations in the United States.  Based upon my training,

7    experience, and discussions with other employees, I can attest that the work of PC/LAN

8    Engineers 3, 4, and 5 was functionally the same and did not vary significantly from

9    location to location.  PC/LAN Engineers 4 and 5 had primary duties similar to the duties

10   of a PC/LAN Engineer 3, as set forth above.  The primary work of PC/LAN Engineers 4

11   and 5 was also highly structured and constrained by Wells Fargo's predetermined

12   instructions, specifications, policies, and procedures, and did not normally require

13   consistent exercise of discretion and independent judgment."

14   **Grounds for Objection No. 19:**  This statement lacks foundation and is impermissibly

15   conclusory.  The declaration does not state how he learned that individuals in other

16   positions performed the same work as he performed, information entirely within his

17   personal knowledge.  Furthermore, the statement contains legal conclusions, without any

18   specificity.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay.

19   See Fed. R. Evid. 802.  These are out of court statements purportedly made by PC/LAN

20   Engineer 4's and 5's offered to prove the truth of the matter asserted, i.e., that other

21   employees performed the same work as he did in the same manner.

22   **Ruling on Objection No. 19:**  Sustained _____        Overruled _____

23

24   **Objection No. 20:**  Paragraph 9, p. 3, which states:  "At no point in time during my

25   employment with Wells Fargo did I have a clear understanding that I would be paid based

26   on a so-called 'fluctuating workweek' method of calculating overtime compensation."

27   **Grounds for Objection No. 20:**  This statement is irrelevant and therefore inadmissible.

28   See Fed. R. Evid. 402.  It is irrelevant to the inquiry of whether the "fluctuating

32374                                    -11-

1  workweek" method is the proper calculation of back pay to an allegedly misclassified

2  employee whether the employee had an understanding that he would be compensated

3  based on a "fluctuating workweek" calculation.  See, e.g., Tumulty v. Fedex Ground

4  Package Sys., Inc., 2005 WL 1979104, *4 (W.D. Wash. Aug. 16, 2005) ("[t]he First and

5  Fifth Circuits have both held that employers who inappropriately misclassified an

6  employee as exempt from the FLSA may rely on § 778.114 [which allows the fluctuating

7  workweek calculation] to determine overtime due because the employees understood that

8  they would be paid a fixed weekly salary regardless of the hours worked") (citing Valerio

9  v. Putnam Assoc. Inc., 173 F.3d 35, 39-40 (1st. Cir. 1999) and Blackmon v. Brookshire

10  Grocery Co., 835 F.2d 1135, 1138 (5th Cir. 1988)).

11  **Ruling on Objection No. 20:**  Sustained _____        Overruled _____

12

13       E.    **Declaration of Daniel Friedman**

14

15  **Objection No. 21:**  Paragraph 5, p. 1-2, which states:  "During my tenure as a PC/LAN

16  Engineer 4 in Wells Fargo's Technology Information Group, I learned that Wells Fargo

17  had classified my position and other similar Technology Information Group positions as

18  'exempt' from entitlement to overtime compensation.  I knew many other employees who

19  held the position title PC/LAN Engineer 4 during my employment with Wells Fargo and

20  none of them were paid overtime during the time I was employed by Wells Fargo."

21  **Grounds for Objection No. 21:**  This statement lacks foundation and is impermissibly

22  conclusory.  The declaration does not state how he "learned" that other positions were

23  classified as "exempt" or how he knew that other employees were not paid overtime,

24  which is information entirely within his personal knowledge.  See Fed. R. Evid. 602.  The

25  statements also are inadmissible hearsay.  See Fed. R. Evid. 802.  These are out of court

26  statements purportedly made by other PC/LAN Engineer 4's offered to prove the truth of

27  the matter asserted, i.e., that other employees were classified as exempt and that they were

28  not paid overtime.

1    **Ruling on Objection No. 21:**  Sustained _____        Overruled _____

2

3    **Objection No. 22:**  Paragraph 6, p. 2, which states: "I knew of and had discussions with

4    other PC/LAN Engineers 4 at Wells Fargo's other locations, including Colorado, Arizona,

5    and Iowa.  Based upon my training, experience, and discussions with other employees, I

6    can attest that the primary work of PC/LAN Engineers 4 was functionally the same and

7    did not vary significantly from location to location."

8    **Grounds for Objection No. 22:**  This statement lacks foundation and is impermissibly

9    conclusory.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay.

10   See Fed. R. Evid. 802.  These are out of court statements purportedly made by other

11   PC/LAN Engineer 4's offered to prove the truth of the matter asserted, i.e., that other

12   employees performed the same duties as he performed.

13   **Ruling on Objection No. 22:**  Sustained _____        Overruled _____

14

15   **Objection No. 23:**  Paragraph 7, p. 2, which states:  "As a PC/LAN Engineer 4, the

16   primary work I performed was highly structured and constrained by Wells Fargo's

17   predetermined instructions, specifications, policies, and procedures, and did not normally

18   require the consistent exercise of discretion and independent judgment."

19   **Grounds for Objection No. 23:**  This statement lacks foundation and is impermissibly

20   conclusory.  The declaration provides legal conclusions without any specificity, which is

21   information entirely within his personal knowledge.  See Fed. R. Evid. 602, 701.

22   **Ruling on Objection No. 23:**  Sustained _____        Overruled _____

23

24   **Objection No. 24:**  Paragraph 8, p. 2-3, which states:  "During my employment with

25   Wells Fargo, I came to know other employees with position titles PC/LAN Engineer 3, 4,

26   and 5 located at Wells Fargo's various locations in the United States.  Based upon my

27   training, experience, and discussions with other employees, I can attest that the work of

28   PC/LAN Engineers 3, 4, and 5 was functionally the same and did not vary significantly

32374                                    -13-

1   from location to location.  PC/LAN Engineers 3 and 5 had primary duties similar to the

2   duties of a PC/LAN Engineer 4, as set forth above.  The primary work of PC/LAN

3   Engineers 3 and 5 was also highly structured and constrained by Wells Fargo's

4   predetermined instructions, specifications, policies, and procedures, and did not normally

5   require consistent exercise of discretion and independent judgment."

6   **Grounds for Objection No. 24:**  This statement lacks foundation and is impermissibly

7   conclusory.  The declaration does not state how he learned that individuals in other

8   positions performed the same work as he performed, information entirely within his

9   personal knowledge.  Furthermore, the statement contains legal conclusions, without any

10  specificity.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay.

11  See Fed. R. Evid. 802.  These are out of court statements purportedly made by PC/LAN

12  Engineer 3's and 5's offered to prove the truth of the matter asserted, i.e., that other

13  employees performed the same work as he did in the same manner.

14  **Ruling on Objection No. 24:**  Sustained _____          Overruled _____

15

16  **Objection No. 25:**  Paragraph 9, p. 3, which states:  "At no point in time during my

17  employment with Wells Fargo did I have a clear understanding that I would be paid based

18  on a so-called 'fluctuating workweek' method of calculating overtime compensation."

19  **Grounds for Objection No. 25:**  This statement is irrelevant and therefore inadmissible.

20  See Fed. R. Evid. 402.  It is irrelevant to the inquiry of whether the "fluctuating

21  workweek" method is the proper calculation of back pay to an allegedly misclassified

22  employee whether the employee had an understanding that he would be compensated

23  based on a "fluctuating workweek" calculation.  See, e.g., Tumulty v. Fedex Ground

24  Package Sys., Inc., 2005 WL 1979104, *4 (W.D. Wash. Aug. 16, 2005) ("[t]he First and

25  Fifth Circuits have both held that employers who inappropriately misclassified an

26  employee as exempt from the FLSA may rely on § 778.114 [which allows the fluctuating

27  workweek calculation] to determine overtime due because the employees understood that

28  they would be paid a fixed weekly salary regardless of the hours worked") (citing Valerio

32374                                -14-

1  v. Putnam Assoc. Inc., 173 F.3d 35, 39-40 (1st. Cir. 1999) and Blackmon v. Brookshire

2  Grocery Co., 835 F.2d 1135, 1138 (5th Cir. 1988)).

3  **Ruling on Objection No. 25:**  Sustained _____      Overruled _____

4

5  **Objection No. 26:**  Paragraph 11, p. 3, which states:  "In approximately August 2007,

6  after I had already left Wells Fargo, I learned from a former co-worker that Wells Fargo

7  had paid back wages to certain PC/LAN Engineers."

8  **Grounds for Objection No. 26:**  This statement lacks foundation and is impermissibly

9  conclusory.  The declaration does not state how he "learned" that Wells Fargo had paid

10  back wages to certain employees, which is information entirely within his personal

11  knowledge.  See Fed. R. Evid. 602.  The statements also are inadmissible hearsay.  See

12  Fed. R. Evid. 802.  These are out of court statements offered to prove the truth of the

13  matter asserted, i.e., that Wells Fargo paid back wages to certain PC/LAN Engineers.

14  **Ruling on Objection No. 26:**  Sustained _____      Overruled _____

15

16  **Objection No. 27:**  Paragraph 13, p. 3-4, which states:  "Towards the end of August 2007,

17  Ms. Antes Sivertson sent me materials relating to my inquiry about back wages/payments.

18  The materials included a survey and a purported calculation of the back wages owed to

19  me by Wells Fargo resulting from its misclassification of the PC/LAN Engineer position

20  as 'exempt' from overtime pay requirements."

21  **Grounds for Objection No. 27:**  The statements are inadmissible hearsay.  See Fed. R.

22  Evid. 802.  These are out of court statements offered to prove the truth of the matter

23  asserted.  Furthermore, "[t]o prove the content of a writing,…the original writing…is

24  required."  See Fed. R. Evid. 1002.

25  **Ruling on Objection No. 27:**  Sustained _____      Overruled _____

26

27

28

32374                                      -15-

1

2

F.    **Declaration of Greg Diersing**

3    **Objection No. 28:**  Paragraph 4, p. 1-2, which states:  "When I returned to work for Wells

4    Fargo in November 2007 as a PC/LAN Engineer 3, I learned that Wells Fargo had re-

5    classified the PC/LAN Engineer 3 position as 'nonexempt,' and paid PC/LAN Engineers

6    an hourly wage and overtime at a rate of 1.5 times the hourly wage."

7    **Grounds for Objection No. 28:**  This statement lacks foundation and is impermissibly

8    conclusory.  The declaration does not state how he "learned" that Wells Fargo had re-

9    classified the PC/LAN Engineer 3 position as non-exempt or how he knew how PC/LAN

10   Engineers were paid, which is information entirely within his personal knowledge.  See

11   Fed. R. Evid. 602.  The statements also are inadmissible hearsay.  See Fed. R. Evid. 802.

12   These are out of court statements offered to prove the truth of the matter asserted, i.e., that

13   Wells Fargo re-classified the position of PC/LAN Engineer 3 to non-exempt and paid

14   them hourly and overtime at a rate of 1.5 times the hourly rate.

15   **Ruling on Objection No. 28:**    Sustained _____        Overruled _____

16

17   **Objection No. 29:**  Paragraph 5, p. 2, which states:  "During my first period of

18   employment as a PC/LAN Engineer 3 in Wells Fargo's Technology Information Group, I

19   learned that Wells Fargo had classified my position and similar Technology Information

20   Group positions as 'exempt' from entitlement to overtime compensation.  During this

21   time, I came to know several other employees who held the position title PC/LAN

22   Engineer 3 and none of them were paid overtime as PC/LAN Engineers 3."

23   **Grounds for Objection No. 29:**  This statement lacks foundation and is impermissibly

24   conclusory.  The declaration does not state how he "learned" that other positions were

25   classified as "exempt" or how he knew that other employees were not paid overtime,

26   which is information entirely within his personal knowledge.  See Fed. R. Evid. 602.  The

27   statements also are inadmissible hearsay.  See Fed. R. Evid. 802.  These are out of court

28   statements purportedly made by other PC/LAN Engineer 3's offered to prove the truth of

32374                                      -16-

1   the matter asserted, i.e., that other employees were classified as exempt and that they were

2   not paid overtime.

3   **Ruling on Objection No. 29:**    Sustained _____        Overruled _____

4

5   **Objection No. 30:**  Paragraph 6, p. 2, which states: "During my first period of

6   employment as a PC/LAN Engineer 3, I knew of and had discussions with other PC/LAN

7   Engineers 3 at Wells Fargo's other locations, including West Virginia, Minnesota, and

8   California.  Based upon my training, experience, and discussions with other employees, I

9   can attest that the work of PC/LAN Engineers 3 is, has been, and continues to be

10  functionally the same and did not vary significantly from location to location."

11  **Grounds for Objection No. 30:**  This statement lacks foundation and is impermissibly

12  conclusory.  See Fed. R. Evid. 602, 701.  The statements also are inadmissible hearsay.

13  See Fed. R. Evid. 802.  These are out of court statements purportedly made by other

14  PC/LAN Engineer 3's offered to prove the truth of the matter asserted, i.e., that other

15  employees performed the same duties as he performed.

16  **Ruling on Objection No. 30:**    Sustained _____        Overruled _____

17

18  **Objection No. 31:**  Paragraph 7, p. 3, which states:  "As a PC/LAN Engineer 3, the

19  primary work I perform has been, and continues to be highly structured and constrained

20  by Wells Fargo's predetermined instructions, specifications, policies, and procedures, and

21  did not normally require the consistent exercise of discretion and independent judgment."

22  **Grounds for Objection No. 31:**  This statement lacks foundation and is impermissibly

23  conclusory.  The declaration provides legal conclusions without any specificity, which is

24  information entirely within his personal knowledge.  See Fed. R. Evid. 602, 701.

25  **Ruling on Objection No. 31:**    Sustained _____        Overruled _____

26

27  **Objection No. 32:**  Paragraph 8, p. 3, which states:  "At no point in time during my

28  employment with Wells Fargo did I have a clear understanding that I would be paid based

32374                                    -17-

OBJECTIONS TO EVIDENCE RELIED UPON BY PLAINTIFF

1  on a so-called 'fluctuating workweek' method of calculating overtime compensation."

2  **Grounds for Objection No. 32:**  This statement is irrelevant and therefore inadmissible.

3  See Fed. R. Evid. 402.  It is irrelevant to the inquiry of whether the "fluctuating

4  workweek" method is the proper calculation of back pay to an allegedly misclassified

5  employee whether the employee had an understanding that he would be compensated

6  based on a "fluctuating workweek" calculation.  See, e.g., Tumulty v. Fedex Ground

7  Package Sys., Inc., 2005 WL 1979104, *4 (W.D. Wash. Aug. 16, 2005) ("[t]he First and

8  Fifth Circuits have both held that employers who inappropriately misclassified an

9  employee as exempt from the FLSA may rely on § 778.114 [which allows the fluctuating

10 workweek calculation] to determine overtime due because the employees understood that

11 they would be paid a fixed weekly salary regardless of the hours worked") (citing Valerio

12 v. Putnam Assoc. Inc., 173 F.3d 35, 39-40 (1st. Cir. 1999) and Blackmon v. Brookshire

13 Grocery Co., 835 F.2d 1135, 1138 (5th Cir. 1988)).

14 **Ruling on Objection No. 32:**  Sustained _____        Overruled _____

15

16 **Objection No. 33:**  Paragraph 12, p. 3-4, which states:  "Since my second period of

17 employment as a PC/LAN Engineer 3, I have learned from discussions with other

18 PC/LAN Engineers and Technology Information Group employees that certain PC/LAN

19 Engineers received from Wells Fargo some sort of backpay payment for unpaid

20 overtime."

21 **Grounds for Objection No. 33:**  The statements are inadmissible hearsay.  See Fed. R.

22 Evid. 802.  These are out of court statements purportedly made by other employees

23 offered to prove the truth of the matter asserted, i.e., that Wells Fargo paid back pay to

24 other employees.

25 **Ruling on Objection No. 33:**  Sustained _____        Overruled _____

26

27

28

32374                                    -18-

1      Wells Fargo respectfully requests that the Court sustain the foregoing

2   objections at the hearing on the Motion and strike the evidence referred to above.

3

4

5   DATED:  August 14, 2008          HODEL BRIGGS WINTER LLP
                                     GLENN L. BRIGGS
6                                    THERESA A. KADING

7                                    By: _s/s GLENN L. BRIGGS_____
                                              GLENN L. BRIGGS
8

9                                    Attorneys for Defendant
                                     WELLS FARGO BANK, N.A. (erroneously
10                                   sued herein as WELLS FARGO & COMPANY)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

32374

OBJECTIONS TO EVIDENCE RELIED UPON BY PLAINTIFF