William M. Audet (CA 117456)
Adel A. Nadji (CA 232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

T. Joseph Snodgrass (Pro Hac Vice)
Kelly A. Swanson (Pro Hac Vice)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East 7th Street
St. Paul, Minnesota 55101
Telephone: 651.312.6500
Facsimile: 651.312.6619

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>WELLS FARGO AND COMPANY,<br><br>            Defendant. | Case No. C–07-3993-CW<br><br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION UNDER FLSA, 29 U.S.C. §216(b), AND FOR COURT-APPROVED NOTICE OF FLSA CLAIMS**<br><br><br>**Date:  September 4, 2008**<br>**Time:  2:00 p.m.**<br>**Courtroom: 2, 4th Floor**<br>**Hon. Claudia Wilken** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... iii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 2

I.    RUSSELL HAS MET HIS LOW BURDEN OF DEMONSTRATING THAT PC/LAN ENGINEERS 5 ARE SIMILARLY SITUATED TO PC/LAN ENGINEERS 3 AND 4. ...................................................................................... 2

    A.    The Court Should Decline to Consider Wells Fargo's Challenges to the Merits of Russell's Claims at This Stage of the Litigation. ................................... 2

    B.    The Farrington Declaration Does Not Defeat Russell's Showing of Similarity. ................................................................................................ 3

    C.    The Fact That Wells Fargo Decided to Only Re-Classify *Some, But Not All* PC/LAN Engineers 5 As Non-Exempt Has No Bearing on Whether This Court Can Conditionally Certify the Proposed FLSA Class. ........................... 5

    D.    The Potential Applicability of an Exemption Cannot Defeat An Otherwise Adequate Threshold Showing of Similarity Amongst Class Members Made by Russell. ................................................................................ 6

    E.    Alleged Disparate Factual and Employment Settings of Various Members of the Proposed FLSA Class Are Not Properly Considered at the Conditional Certification Stage. .................................................................... 7

II.    THE COURT SHOULD ORDER WELLS FARGO TO PRODUCE THE CONTACT INFORMATION FOR MEMBERS OF THE PROPOSED FLSA CLASS TO PLAINTIFF'S COUNSEL. ............................................................... 8

    A.    The U.S. Supreme Court Has Expressly Authorized Production of Names And Addresses of Potential Opt-In Plaintiffs for Notice Purposes. ................... 8

    B.    Discovery of the Contact Information of Putative Opt-in Plaintiffs Is Relevant to the Claims and Defenses Asserted in This Matter. .......................... 9

III.    THIS COURT SHOULD AUTHORIZE BOTH THE MAILING AND POSTING OF COLLECTIVE ACTION NOTICE .............................................................. 10

IV.    CORRECTIVE LANGUAGE CONCERNING WELLS FARGO'S BACK PAY PAYMENTS TO CERTAIN PC/LAN ENGINEERS IS WARRANTED. ................. 10

V.    PC/LAN ENGINEERS 3 AND 4 ARE ENTITLED TO RECEIVE A SECOND NOTICE SO AS TO ALLOW THEM TO MAKE A FULLY INFORMED DECISION REGARDING WHETHER TO PARTICIPATE IN THIS ACTION. .......... 11

VI.    ADDITIONAL ISSUES ADDRESSED BY WELLS FARGO'S OPPOSITION TO PLAINTIFF RUSSELL'S MOTION FOR CONDITIONAL CERTIFICATION. ........................................................................................... 13

    A.    Russell Will Agree to a 75-Day Opt-In Period. ................................................. 13

B.     The Parties Do Not Dispute That Releases Signed by Individual Employees Without the Supervision of the U.S. Department of Labor or a Court Cannot Release FLSA Claims. .................................................................... 13

CONCLUSION ........................................................................................................ 13

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

1

## <u>TABLE OF AUTHORITIES</u>

2

3 **Cases**

4 *Adams v. Inter-Con Security Sys., Inc.*,
   242 F.R.D. 530, 539 (N.D. Cal. 2007) ...............................................................2, 4, 9, 10

5

6 *Ballaris v. Wacker Siltronic Corp.*,
   No. 00-1627, 2001 WL 1335809, at *3 (D. Or. Aug. 24, 2001) ......................................3

7 *Beauperthuy v. 24 Hour Fitness USA, Inc.*,
   No. 06-0715, 2007 WL 707475, at *6-7 (N.D. Cal. Mar. 6, 2007)...................................5

8

9 *Burnham v. City of Rohnert Park*,
   No. 92-1439, 1992 WL 672965, at *1 n.2 (N.D. Cal. May 18, 1992) .............................2

10 *Castillo v. P & R Enter., Inc.*,
    517 F.Supp.2d 440, 446 (D.D.C. 2007) .....................................................................7, 9, 10

11

12 *Centurioni v. City and County of San Francisco*,
    No. 07-1016, 2008 WL 295096, at *2 (N.D. Cal. Feb. 1, 2008).......................................2

13 *Cranney v. Carriage Servs., Inc.*,
    No. 2:07-cv-1587, 2008 WL 608639, at *5 (D. Nev. Feb. 29, 2008) ..........................3, 10

14

15 *Deirmeniian v. Deutsche Bank. A.G.*.
    No. 06-00774, 2006 WL 4749756, at *6 n.52 (C.D. Cal. Sept. 25, 2006)........................2

16 *Delgado v. Ortho-McNeil, Inc.*,
    No. 07-263, 2007 WL 2847238, at *3 (C.D. Cal. Aug. 7, 2007) ......................................9

17

18 *Gambra v. Int'l Lease Financial Corp.*.
    377 F.Supp.2d 810, 827 n. 18 (C.D. Cal. 2005)...............................................................2

19 *Gerlach v. Wells Fargo & Co.*,
    No. C 05-0585, 2006 WL 824652, at *2-3 (N.D. Cal. Mar. 28, 2006), at *2-3...............5, 9

20

21 *Goldman v. RadioShack Corp.*,
    No. 2:03-cv-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ..........................3

22 *Hoffman-La Roche v. Sperling*,
    493 U.S. 165, 170 (1989)..............................................................................................8, 9

23

24 *Jirak v. Abbott Labs., Inc.*,
    --- F.Supp.2d ---, No. 07 C 3626, 2008 WL 2812553, at *3 (N.D. Ill. July 22, 2008) ..............7

25 *Johnson v. Am. Airlines, Inc.*,
    531 F.Supp. 957, 961 (D.C. Tex. 1982) .........................................................................10

26

27 *Leuthold v. Destination Am., Inc.*,
    224 F.R.D. 462, 468 (N.D. Cal. 2004) ........................................................................3, 8

28 *Levy v. Verizon Information Systems*,
    No. 06 CV 1583, 06 CV 5036, 2007 WL 1747104, at *3 (E.D.N.Y. June 11, 2007)...........6, 7

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

*Neary v. Metropolitan Prop. & Cas. Ins. Co.*,
    517 F.Supp.2d 606, 622 (D.Conn. 2007) ......................................................................8

*Perry v. Nat'l City Mortgage, Inc.*,
    No. 05-cv-891, 2007 WL 1810472, at *2-4 (S.D. Ill. June 21, 2007)..........................7

*Renfro v. Spartan Computer Servs., Inc.*,
    243 F.R.D. 431, 434 (D. Kan. 2007) ............................................................................2

*Romero v. Producers Dairy Foods, Inc.*,
    235 F.R.D. 474, 493 (E.D. Cal. 2006) ........................................................................10

*Shoen v. Shoen*.
    5 F.3d 1289, 1292 (9th Cir. 1993) ................................................................................9

*Stanfield v. First NLC Fin. Servs., LLC*,
    No. C 06-392, 2006 WL 3190527, at *4 (N.D. Cal. Nov. 1, 2006) ....................5, 6, 9

*White v. MPW Industrial Services, Inc.*,
    236 F.R.D. 363, 373 (E.D. Tenn. 2006) ......................................................................6

*Wiegele v. FedEx Ground Package Sys.*,
    No. 06-01330, 2007 WL 628041, at *2-4 (S.D. Cal. Feb. 8, 2008) ............................9

*Williams v. Le Chaperon Rouge*,
    No. 1:07-cv-829, 2007 WL 2344738, at *4 (N.D. Ohio Aug. 14, 2007) .....................3

**Statutes**

29 U.S.C. § 216(b)..........................................................................................................passim

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

### **INTRODUCTION**

Wells Fargo concedes that conditional certification of this proposed collective action is appropriate at this stage of the litigation. Wells Fargo further agrees with Plaintiff Monte Russell that at this stage of the litigation some type of notice of collective action claims should be issued to members of the proposed FLSA Class. However, the parties continue to dispute exactly who should properly receive notice, the form of said notice, and how notice should be distributed to members of the conditionally certified class.

*First*, Wells Fargo asks the Court to discount the substantial allegations contained in the declarations of Russell and the five Opt-in Declarants, demonstrating that PC/LAN Engineers 5 are similarly situated to their PC/LAN Engineers 3 and 4-counterparts, in favor of the assertions of a single interested management employee. Wells Fargo's evidence is insufficient to defeat Russell's evidentiary showing of similarity. All PC/LAN Engineers are entitled to and should receive notice of this proposed collective action.[1]

*Second*, upon conditionally certifying the FLSA Class, the Court should reject Wells Fargo's request that a third-party administer notice to the class and, instead, order Wells Fargo to produce the contact information for class members to Plaintiff's counsel in accordance with this Court's prior decisions and the weight of authority.

*Third*, keeping in line with the litany of prior decisions governing notice from both this and other jurisdictions, the Court should authorize both the direct mailing *and* posting of collective action notice.

*Fourth*, contrary to Wells Fargo's assertions, corrective language concerning Wells Fargo's back pay payments to certain members of the putative FLSA Class is necessary to fully apprise members of facts relevant to their decision about whether to participate in the pending litigation.

---

[1] Prior to filing Wells Fargo's opposition papers with the Court, Wells Fargo's counsel agreed that PC/LAN Engineers 5 should receive notice of this proposed collective action. In so agreeing, Wells Fargo's counsel recognized that the allegations contained in Plaintiff Monte Russell's Complaint and the six declarations he submitted in support of this motion clearly meet the lenient standard for conditional certification utilized in this District.

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

**Fifth**, Wells Fargo does not assert that it will suffer any prejudice should this Court permit collective action notice to be re-sent to those PC/LAN Engineers 3 and 4 who may have already received notice as part of the parties' early resolution efforts.

## ARGUMENT[2]

**I.    RUSSELL HAS MET HIS LOW BURDEN OF DEMONSTRATING THAT PC/LAN ENGINEERS 5 ARE SIMILARLY SITUATED TO PC/LAN ENGINEERS 3 AND 4.**

### A.    The Court Should Decline to Consider Wells Fargo's Challenges to the Merits of Russell's Claims at This Stage of the Litigation.

As an initial matter, the Court should not accept Wells Fargo's invitation to consider evidence beyond the allegations and declarations submitted by Russell in support of his motion because, at the conditional certification stage, the Court need not engage in a battle of evidence on the similarly situated issue. *Centurioni v. City and County of San Francisco*, No. 07-1016, 2008 WL 295096, at *2 (N.D. Cal. Feb. 1, 2008) (declining to consider defendant's challenges to the merits of plaintiff's claims at conditional certification stage) (citing cases); *Adams v. Inter-Con Security Sys., Inc.*, 242 F.R.D. 530, 539 (N.D. Cal. 2007); *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 434 (D. Kan. 2007) ("the Court will only consider the pleadings and affidavits filed by Plaintiff because, at this point, the Court is not prepared to weigh the evidence").[3]    Wells Fargo has submitted two separate briefs attacking Russell's motion for conditional certification and the evidence he has submitted in its support, as well as competing declarations that purportedly create disputed issues of law and fact.  However, attacks on

---

[2]  In moving for conditional certification, Russell could not and certainly need not anticipate every discrete issue that Wells Fargo might raise or how it might be raised in opposition to his initial moving papers.  Indeed, it is well established that reply briefs are limited in scope to matters either *raised by the opposition* or unforeseen at the time of the original motion.  *Burnham v. City of Rohnert Park*, No. 92-1439, 1992 WL 672965, at *1 n.2 (N.D. Cal. May 18, 1992); *Deirmenjian v. Deutsche Bank, A.G.*, No. 06-00774, 2006 WL 4749756, at *6 n.52 (C.D. Cal. Sept. 25, 2006); *Gambra v. Int'l Lease Financial Corp.*, 377 F.Supp.2d 810, 827 n. 18 (C.D. Cal. 2005).  Russell's opening memorandum addressed the issues necessary for this Court to grant conditional certification of and facilitate notice to the proposed FLSA Class, and this reply memorandum properly addresses the issues raised by Wells Fargo in opposition.  Accordingly, any objection by Wells Fargo to the arguments addressed herein should be rejected.  *Cf.* Def.'s Brief at 24-25.

[3]  Copies of all unpublished opinions cited herein are attached as Exhibit A to the Declaration of T. Joseph Snodgrass ("08/21/08 Snodgrass Decl."), filed concurrently herewith.

1    Russell's proffered evidence must be left for a later stage of the litigation, after discovery, when

2    both parties have more information about the validity of the class that is conditionally certified in

3    this initial phase.  *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 468 (N.D. Cal. 2004)

4    (noting that defendants' arguments in opposition to conditional certification raise issues that are

5    more appropriately addressed on a motion for decertification after notice is given to the proposed

6    class); *Cranney v. Carriage Servs., Inc.*, No. 2:07-cv-1587, 2008 WL 608639, at *5 (D. Nev.

7    Feb. 29, 2008) (refusing to evaluate defendants' competing declarations; "the Court believes that

8    by permitting collective action notification and discovery, it will be better able to evaluate the

9    Parties' contradictory claims").[4]

10       **B.      The Farrington Declaration Does Not Defeat Russell's
                 Showing of Similarity.**

11

12       Even if the Court were to consider the competing declarations proffered by Wells Fargo

13    on the issue of whether Russell and members of the proposed FLSA are similarly situated,

14    conditional certification of the proposed FLSA Class would still be warranted.  Significantly,

15    Wells Fargo has not submitted a single declaration from a current or former PC/LAN Engineer 3,

16    4 or 5, contesting any of the statements made by Russell and the Opt-in Declarants in their

17    respective declarations.  Instead, Wells Fargo finds its only support for the proposition that

18    PC/LAN Engineers 5 are dissimilar to PC/LAN Engineers 3 and 4 – so as to render the former

19    employee group inappropriate for purposes of conditional certification – in the solitary

20    declaration of an interested Wells Fargo Technology Manager, Thomas Farrington.  *See*

21    *generally* Farrington Decl. (ECF No. 42).  Although Mr. Farrington has only worked at one

22    Wells Fargo office location in the past seven years, he is apparently the sole supervisor of a team

23    comprised of approximately 150 PC/LAN Analysts 3's, 4's, and 5's located in nine (9) different

24    _____

25    [4]   See also *Williams v. Le Chaperon Rouge*, No. 1:07-cv-829, 2007 WL 2344738, at *4 (N.D. Ohio Aug. 14, 2007) (rejecting employer's attacks on plaintiff's evidence as inappropriate at conditional certification stage); *Goldman v. RadioShack Corp.*, No. 2:03-cv-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry

26    is conducted only after discovery and a formal motion to decertify the class is brought by the defendant"); *Ballaris v. Wacker Siltronic Corp.*, No. 00-1627, 2001 WL 1335809, at *3 (D. Or. Aug. 24, 2001) (granting motion for

27    conditional certification on basis of two affidavits submitted by plaintiff while explicitly refusing to consider other documentary evidence).

28

1  states.  *Id.* at ¶¶ 2-3.[5]  Mr. Farrington generally claims that the daily duties of a PC/LAN Analyst

2  5 differ from the duties of individuals holding a PC/LAN Analyst 3 or 4 position and that unlike

3  the latter two positions, PC/LAN Analyst 5's "are not constrained by predetermined instructions,

4  specifications and procedures."  *Id.* at ¶¶ 4-6.

5        Notably, nowhere in Mr. Farrington's declaration does he state that he has actually ever

6  held the position of PC/LAN Engineer 3, 4, or 5.  As such, Mr. Farrington's lone declaration

7  stands in stark contrast to the six declarations submitted by Russell and the Opt-in Declarants, all

8  of whom have held the position of either PC/LAN Engineer 3 or PC/LAN Engineer 4, and have

9  actually worked on-site with and alongside PC/LAN Engineers 5 in multiple Wells Fargo office

10  locations in four (4) separate states.  *See* Exs. A-F to 07/25/08 Snodgrass Decl. at ¶ 2. [6]

11        Further, nothing in Mr. Farrington's declaration contradicts the following undisputed

12  facts: (1) that during the relevant time period, all PC/LAN Engineers 3, PC/LAN Engineers 4,

13  *and* PC/LAN Engineers 5 were computer support employees of Wells Fargo; (2) employees in

14  all three categories were uniformly misclassified as "exempt" from overtime pay by Wells

15  Fargo;[7] (3) all three employee categories performed certain non-exempt job duties;[8] (4)

---

[5]  PC/LAN Analysts were formerly known as PC/LAN Engineers – the category of employees at issue here.
Farrington Decl. at ¶ 3.

[6]  Wells Fargo makes much of the fact the declarations Russell submitted in support of this motion only come from
PC/LAN Engineers 3 and 4, highlighting that the declarations only cover the first-hand experiences of some
members of the putative FLSA Class.  *See* Def.'s Brief at 15-16.  Wells Fargo contends that because Plaintiff
Russell has failed to submit a declaration of an individual who held a PC/LAN Engineer 5 position that the proffered
declarations must be discredited.  However, the Farrington Declaration suffers from the same purported defect.
Moreover, Wells Fargo has refused to provide contact information for the proposed FLSA Class, including PC/LAN
Engineers 5.  See id. at 2 (arguing against production of contact information to Plaintiff's counsel).  "The evidence
that defendant argues is lacking is the very evidence which defendant has refused to produce; therefore, defendant's
proposed inferences are unjustified."  *Adams*, 242 F.R.D. at 530, 538 (ordering defendant to provide plaintiff's
counsel contact information of potential plaintiffs within thirty (30) days of order).

[7]  It is undisputed that Wells Fargo misclassified many individuals holding the position of PC/LAN Engineer 5 as
exempt, and that as a result, several PC/LAN Engineer 5's were subsequently re-classified to non-exempt status at or
around the same time the company re-classified its PC/LAN Engineers 3 and 4.  *See* Dougherty Decl. at ¶ 6 (ECF
No. 41).  Wells Fargo's admission in this regard is telling – *i.e.*, regardless of job title, at least certain of its PC/LAN
Engineers 5 were performing non-exempt job duties just like PC/LAN Engineers 3 and 4, and were not receiving
properly owed overtime compensation.  Further, there is nothing in the record before this Court evidencing that any
PC/LAN Engineer 5 ever received any back pay for unpaid overtime from Wells Fargo as did certain current
PC/LAN Engineers 3 and 4.  *See generally id.*

[8]  *See* Dougherty Decl. at ¶¶ 5-6 (confirming that certain PC/LAN Engineers 5 were reclassified as non-exempt
based upon Wells Fargo's individualized review of their job duties).

1   employees in all three categories regularly worked over forty (40) hours in a given workweek;

2   and (5) employees in all three categories were subject to Wells Fargo's failure to make, keep, or

3   preserve accurate records of hours worked. *Compare* Farrington Decl., *with* Exs. A-F to

4   07/25/08 Snodgrass Decl.  As such, these particular allegations remain unchallenged and are

5   sufficient to meet Russell's burden of proving similarity amongst the members of the putative

6   FLSA Class. *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715, 2007 WL 707475, at

7   *6-7 (N.D. Cal. Mar. 6, 2007); *Gerlach v. Wells Fargo & Co.*, No. C 05-0585, 2006 WL 824652,

8   at *2-3 (N.D. Cal. Mar. 28, 2006), at *2-3; *Stanfield v. First NLC Fin. Servs., LLC*, No. C 06-

9   392, 2006 WL 3190527, at *4 (N.D. Cal. Nov. 1, 2006).  Russell has sufficiently shown that an

10  identifiable factual or legal nexus binds together the various claims of the members of the

11  putative FLSA Class in such a way that hearing the claims together promotes judicial efficiency

12  and comports with the broad remedial policies underlying the FLSA. *Stanfield*, 2006 WL

13  3190527, at *2.

14      **C.   The Fact That Wells Fargo Decided to Only Re-Classify *Some, But Not All***
15      ***PC/LAN Engineers 5 As Non-Exempt Has No Bearing on Whether This***
        **Court Can Conditionally Certify the Proposed FLSA Class.**

16          Wells Fargo's argument that "PC/LAN Engineer 3's and 4's were the subjects of a

17  different 'decision' and 'plan' than were PC/LAN Engineer 5's – in fact, entirely opposite

18  decisions," is a red-herring, and seeks only to misdirect the Court's focus to the wrong decision,

19  policy or plan.  Def.'s Brief at 2, 13-14.  The Court need not take Wells Fargo's bait.  For

20  purposes of the instant motion, it is of no consequence that Wells Fargo failed to re-classify *all*

21  PC/LAN Engineers 5 when it made the decision to re-classify PC/LAN Engineer 3's, 4's and

22  certain 5's to non-exempt status – this fact does not mean that PC/LAN Engineers 3, 4, and 5 are

23  not similarly situated.[9]  To the contrary, and despite Wells Fargo's attempts to divert this Court's

24  attention, the instant motion remains properly focused on Wells Fargo's uniform decision to

25  misclassify all PC/LAN Engineers 3, 4, and 5 as exempt from the FLSA's overtime pay

26

27  _____
    [9]   *See* Dougherty Decl. at ¶ 6 (confirming that 25-38% of the employees holding the position of PC/LAN Engineer 5
        had been reclassified to non-exempt status along with all PC/LAN Engineers 3 and 4).

28

1    requirements in the first instance, rather than Wells Fargo's subsequent decision to re-classify

2    certain PC/LAN Engineer employees as non-exempt.

### D. The Potential Applicability of an Exemption Cannot Defeat An Otherwise Adequate Threshold Showing of Similarity Amongst Class Members Made by Russell.

5    Turning to the misclassification – as opposed to reclassification – issue itself, it remains

6    clear that Wells Fargo will ultimately assert that the exact same exemption(s) applies equally to

7    all members of the putative FLSA Class regardless of their respective job titles.  In contrast, in

8    response to this motion, Wells Fargo asserts that an exemption *may* only apply to PC/LAN

9    Engineers 5 and that such applicability would result in the members of the proposed FLSA Class

10    not being similarly situated.  However, Wells Fargo cannot overcome Russell's substantial

11    allegations of similarity amongst and between members of the putative FLSA Class with an

12    assertion of the *possibility* of an exemption.  *See White v. MPW Industrial Services, Inc.*, 236

13    F.R.D. 363, 373 (E.D. Tenn. 2006).

14    Indeed, "even if it turns out that Plaintiffs cannot prevail on their FLSA claim because

15    they are subject to exemptions, a collective action should still be certified if they are similarly

16    situated" as they are here.  *Stanfield*, 2006 WL 3190527, at *4; *accord White*, 236 F.R.D. at 373

17    ("at this stage, a defendant's assertion of the potential applicability of an exemption should not be

18    permitted to overcome an otherwise adequate threshold showing by the plaintiff.... Several courts

19    have stated ... that disparate factual and employment settings of the individual plaintiffs should

20    be considered at the second stage of analysis.") (internal citations omitted).  This is true because,

21    "[a]t this conditional certification stage, the focus of the inquiry is not on whether there has been

22    an actual violation of law but rather on whether the proposed plaintiffs are similarly situated

23    under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." *Levy*

24    *v. Verizon Information Systems*, No. 06 CV 1583, 06 CV 5036, 2007 WL 1747104, at *3

25    (E.D.N.Y. June 11, 2007) (internal quotes omitted).  Here, Russell and the Opt-in Declarants

26    uniformly assert that PC/LAN Engineers 5 performed the same or similar non-exempt job duties

27    as did PC/LAN Engineers 3 and 4, and that Wells Fargo categorically misclassified all three job

28    positions as exempt.  As such, members of the proposed FLSA Class, including PC/LAN

1    Engineers 5, are similarly situated with respect to their allegations that the FLSA has been

2    violated.  *See Levy*, 2007 WL 1747104, at *3.

3         **E.     Alleged Disparate Factual and Employment Settings of Various**
              **Members of the Proposed FLSA Class Are Not Properly**
4              **Considered at the Conditional Certification Stage.**

5              Were the Court to rely solely on the six declarations submitted by Russell in support of

6    this motion, it would find that the only difference amongst members of the proposed FLSA Class

7    was job title and job title alone.  However, the job titles themselves are irrelevant for purposes of

8    determining whether Plaintiff and members of the proposed FLSA Class are similarly situated.

9    *See Jirak v. Abbott Labs., Inc.*, --- F.Supp.2d ---, No. 07 C 3626, 2008 WL 2812553, at *3 (N.D.

10   Ill. July 22, 2008) (recognizing that plaintiffs can be similarly situated for purposes of the FLSA

11   despite distinctions in their job titles, functions or pay); *Castillo v. P & R Enter., Inc.*, 517

12   F.Supp.2d 440, 446 (D.D.C. 2007) (finding the fact that putative class members had different job

13   titles irrelevant for purposes of determining whether putative class members were similarly

14   situated).  Furthermore, Wells Fargo's reliance on the fact that different level PC/LAN Engineers

15   may have performed different job duties on a daily basis is also misplaced.  *Compare* Def.'s

16   Brief at 14-15 and Farrington Decl. at ¶ 4, *with Perry v. Nat'l City Mortgage, Inc.*, No. 05-cv-

17   891, 2007 WL 1810472, at *2-4 (S.D. Ill. June 21, 2007) (rejecting employer's argument that

18   fact that different grades of loan originators had different experience levels, customer sources,

19   and levels of authority to analyze information was sufficient to defeat plaintiff's showing of

20   similarity amongst putative class members).

21             The fact remains that Wells Fargo made a non-individualized, categorical and uniform

22   decision to treat all PC/LAN Engineers 3, 4, and 5 as exempt in the first instance, despite the fact

23   that their job duties did not qualify them for exempt status under the FLSA.  The purported

24   differences Wells Fargo seeks to highlight between PC/LAN Engineers 3 and 4 on the one hand,

25   and PC/LAN Engineers 5 on the other, cannot win the day at the conditional certification stage.

26   Facing similar argument from an employer, one district court explained:

27             The evidence submitted by plaintiff constitutes a preliminary
               showing that all putative class members held the same or similar
28             positions, had the same or similar duties, and were all designated,

7

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

as a class, as exempt from the overtime provisions of the FLSA. **The nature and scope of the differences listed by defendant with respect to the tasks and responsibilities of the proposed class members . . . . are as yet unknown, and these types of differences may or may not make any difference with respect to the ultimate determination of whether [an] exemption is applicable to these individuals.** Courts are not to evaluate the merits of potential plaintiffs' claims when determining whether a putative class meets the similarly situated standard. . . . Moreover, **if defendant is able to demonstrate, after conclusion of discovery on a motion for decertification, that meaningful differences preclude a finding of similarly situated, the Court can decertify the class at that stage**.

*Neary v. Metropolitan Prop. & Cas. Ins. Co.*, 517 F.Supp.2d 606, 622 (D.Conn. 2007) (emphasis added; internal citations omitted); *accord Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467-68 (N.D. Cal. 2004) (holding that factual determinations regarding disparate factual and employment settings of individual plaintiffs and various defenses available to defendant are not considerations at conditional certification stage).

In light of the foregoing, the Court should decline to limit the conditional certification in the manner proposed by Wells Fargo.  PC/LAN Engineers 5 are equally entitled to receive notice of this proposed collective action and of their right to participate in the lawsuit.

**II.    THE COURT SHOULD ORDER WELLS FARGO TO PRODUCE THE CONTACT INFORMATION FOR MEMBERS OF THE PROPOSED FLSA CLASS TO PLAINTIFF'S COUNSEL.**

**A.    The U.S. Supreme Court Has Expressly Authorized Production of Names And Addresses of Potential Opt-In Plaintiffs for Notice Purposes.**

Plaintiff Russell properly requests that the Court order Wells Fargo to produce the contact information of all potential FLSA Class members to Plaintiff's counsel so that counsel may facilitate notice to the proposed class.  Wells Fargo argues that it should not be required to produce such information, in part, due to privacy concerns.  Def.'s Brief at 17, 19.  However, the Supreme Court expressly authorized production of this type of information to plaintiffs' counsel for notice purposes.  *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 170 (1989) (The "discovery [of putative opt-ins' contact information] was relevant to the subject matter of the action and . . . there were no grounds to limit the discovery under the facts and circumstances of the case").  Similarly, in *Gerlach*, this Court ordered Wells Fargo to "produce to Plaintiffs' counsel the

1    names, addresses, alternative addresses, and all telephone numbers, in Microsoft Excel format, of

2    all [class members]." *Id.*, 2006 WL 824652, at *7.[10]

### B. Discovery of the Contact Information of Putative Opt-in Plaintiffs Is Relevant to the Claims and Defenses Asserted in This Matter.

5         The standard for discoverability is widely recognized as one that is necessarily broad in

6    its scope in order to allow the parties essentially equal and wide access to the operative facts.

7    *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993); *Wiegele v. FedEx Ground Package Sys.*, No.

8    06-01330, 2007 WL 628041, at *2-4 (S.D. Cal. Feb. 8, 2008).  In the collective action context,

9    the Supreme Court previously recognized that the discovery of names and addresses of putative

10    collective action members is relevant to the subject matter of the action.  *Hoffman-La Roche*, 493

11    U.S. at 170.  This is especially true in the present case where certain members of the proposed

12    FLSA Class may have signed documents purportedly releasing their rights under applicable

13    wage and hour laws.  *See* Def.'s Brief at 9, 22 (discussing how Wells Fargo *requested* but

14    allegedly did not *require* employees to sign releases of their wage and hour claims which were

15    distributed concurrently with back pay payments from the company).  Plaintiff's counsel should

16    be entitled to communicate with such persons in an effort to marshal evidence concerning the

17    circumstances surrounding the distribution and, in some cases, execution of the purported

18    releases.  In addition, the employees might have knowledge of other discoverable matter

19    concerning issues related to the subject matter of this lawsuit.  *See Weigele*, 2007 WL 628041, at

20    *2 (ordering production of putative class members' contact information where putative class

21    members possessed relevant discoverable information concerning issues dealing with plaintiff's

22    wage and hour claims, as well as class certification issues).[11]

---

[10]   Courts in this District and elsewhere routinely order defendants to produce to plaintiffs' counsel the same type of contact information requested here despite the plaintive cries of the defense bar concerning privacy.  *See, e.g., Adams*, 242 F.R.D. at 539-40; *Stanfield*, 2006 WL 3190527, at *5; *see also Delgado v. Ortho-McNeil, Inc.*, No. 07-263, 2007 WL 2847238, at *3 (C.D. Cal. Aug. 7, 2007); *Castillo v. P & R Enter., Inc.*, 517 F.Supp.2d 440, 448-49 (D.D.C. 2007).

[11]   Wells Fargo has already submitted declarations of two Wells Fargo employees in an attempt to discredit the opt-in plaintiffs' claims and support Wells Fargo's defenses in this matter.  Plaintiff Russell merely seeks to level the playing field by obtaining equal access to persons with information and evidence relevant to the claims asserted in (continued…)

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

**III.    THIS COURT SHOULD AUTHORIZE BOTH THE MAILING
AND POSTING OF COLLECTIVE ACTION NOTICE.**

Russell's request that his proposed collective action notice be communicated to members of the proposed FLSA Class via direct mailing as well as postings at Wells Fargo locations where PC/LAN Engineers are employed is both reasonable and in accordance with the prior decisions of the courts in this District. *See Adams*, 242 F.R.D. at 541-42; *accord Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2006) (citing cases).[12] Furthermore, taking into account the size of the class, the fact that members of the proposed FLSA Class are geographically dispersed throughout the nation, and because Wells Fargo's employee database may not have putative FLSA class members' most recent up-to-date contact information, Wells Fargo should be required to post notice in all its locations where PC/LAN Engineers are employed. *See Castillo*, 517 F.R.D. at 449.

Notably, in opposing Russell's proposed method of communicating notice to the putative FLSA Class, Wells Fargo does not in any way suggest that a posting requirement would be unduly burdensome or unmanageable. *Romero*, 235 F.R.D. at 493 (recognizing that posting of notice would be only a small burden on defendant). Given the lack of any showing by Wells Fargo that it would suffer prejudice or endure an undue burden as a result of Russell's proposed methods of communicating notice to the potential class, the Court should order the posting of notice in PC/LAN Engineers workplaces, combined with direct mailing, as these methods ensure that the best notice practicable reaches the potential FLSA Class members.

**IV.    CORRECTIVE LANGUAGE CONCERNING WELLS FARGO'S BACK
PAY PAYMENTS TO CERTAIN PC/LAN ENGINEERS IS WARRANTED.**

Notification of the collective action must include corrective language informing putative members of the proposed FLSA Class that: (1) Wells Fargo has paid sums of money to certain

---

this lawsuit. Indeed, the evidence that Wells Fargo argues Plaintiff Russell is lacking for purposes of this motion, is evidence possessed by persons whom Wells Fargo refuses to disclose. Wells Fargo had provided no cognizable grounds for limiting discovery in this manner.

[12]    *See also Cranney v. Carriage Servs., Inc.*, No. 2:07cv1587, 2008 WL 608639, at *5 (D. Nev. Feb. 29, 2008); *Castillo*, 517 F.R.D. at 449; *Johnson v. Am. Airlines, Inc.*, 531 F.Supp. 957, 961 (D.C. Tex. 1982).

PC/LAN Engineers who reported that they worked overtime hours during the time their positions were classified as "exempt;" (2) PC/LAN Engineers who previously accepted back pay payments may be entitled to additional sums of money under the FLSA; and (3) PC/LAN Engineers who received a back pay payment from Wells Fargo and signed a form entitled "Payment Advice and Resolution" or other similar release – as requested or required by Wells Fargo – remain entitled to participate in this action if they so desire. Absent receipt of this information in the court-approved notice, putative opt-in plaintiffs will not have all the information necessary to make fully informed decisions about whether to participate in the pending litigation.

Wells Fargo does not dispute that the information recited above should be provided to putative opt-in plaintiffs in the event this Court conditionally certifies the proposed FLSA Class. *See* Def.'s Brief at 22. However, Wells Fargo maintains that the notice should also provide that employees who have previously received a back pay payment may not be entitled to receive any additional compensation and that the company is entitled to a reduction in any amount awarded to individual employees under the FLSA for the amount of back pay previously received. The inclusion of such language in Wells Fargo's proposed notice is confusing and serves only to encourage putative class members to refrain from participating in this litigation. Accordingly, Wells Fargo's proposed language concerning previous back pay payments should be omitted from the notice issued to the proposed FLSA Class.

**V.    PC/LAN ENGINEERS 3 AND 4 ARE ENTITLED TO RECEIVE A SECOND NOTICE SO AS TO ALLOW THEM TO MAKE A FULLY INFORMED DECISION REGARDING WHETHER TO PARTICIPATE IN THIS ACTION.**

As an initial matter, the notice previously issued in this action was sent to a limited, select group of putative class members for mediation purposes only. The agreed upon notice arose in an early settlement-context and was never intended to be extrapolated for use in the context of conditional certification during contested litigation.

For purposes of the present motion, the parties agree that the goals behind notice to putative collective action members are to afford putative plaintiffs an opportunity to make informed decisions about whether to participate in the pending litigation, and to facilitate the

1   tolling of the applicable statute of limitations governing plaintiffs' FLSA claims.  *See* Def.'s

2   Brief at 16.  In April 2008 — the time period in which a preliminary notice concerning mediation

3   was sent to PC/LAN Engineers 3 and 4 who had not previously received a back pay payment

4   from Wells Fargo — Plaintiff Russell had very limited information concerning how certain

5   PC/LAN Engineers had been provided back pay payments and how others were excluded from

6   receiving such payments by Wells Fargo.  Likewise, Plaintiff Russell did not at that time have

7   any facts concerning how Wells Fargo's back pay payments to certain members of the proposed

8   FLSA Class had been calculated.  *See generally* Pl.'s Motion, Section II.E and II.F.  Such

9   information was not included in the initial Notice sent to the limited group of PC/LAN Engineers

10  3 and 4, but is incorporated into Plaintiff Russell's second proposed notification to all PC/LAN

11  Engineers 3, 4, and 5.  *Compare generally* Stip., Continuation of CMC, and Order (ECF No. 22),

12  *with* Proposed Notification of Collective Action, Section III.C. (Ex. P  to 07/25/08 Decl. of

13  J. Snodgrass (ECF No. 36)) (advising putative opt-in plaintiffs that Wells Fargo previously paid

14  sums of money to certain PC/LAN Engineers who reported that they worked overtime hours

15  during the time their positions were classified as "exempt").

16          Plaintiff Russell submits that putative opt-in plaintiffs have a right to know that Wells

17  Fargo already provided back pay payments to certain of their colleagues despite having never

18  received payment themselves, *prior* to making a determination as to whether they should

19  participate in the pending litigation.  This is the only way to ensure that PC/LAN Engineers 3

20  and 4 who did not previously receive a back pay payment will be given a fair opportunity to

21  make a fully informed decision about whether to opt in to this action.  Moreover, in opposing

22  Plaintiff Russell's motion, Wells Fargo does not allege that it will suffer any prejudice as a result

23  of PC/LAN Engineers 3 and 4 receiving notice of a new opt-in period.  Accordingly, PC/LAN

24  Engineers 3 and 4 who already received notice and an opportunity to opt in for purposes of the

25  parties' efforts to achieve early resolution of this matter, should receive Plaintiff Russell's

26  proposed notice advising them of Wells Fargo's prior back pay payments and the new opt-in

27  period.

28

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI.    ADDITIONAL ISSUES ADDRESSED BY WELLS FARGO'S OPPOSITION TO PLAINTIFF RUSSELL'S MOTION FOR CONDITIONAL CERTIFICATION.

### A.    Russell Will Agree to a 75-Day Opt-In Period.

Upon further reflection and review of this Court's Order granting conditional certification and authorizing issuance of notice in the *Gerlach* matter, and in the spirit of compromise, Russell is willing to agree to a seventy-five (75) notice and opt in period. *Gerlach*, 2006 WL 824652, at *4 (setting 75-day opt in period).[13]

### B.    The Parties Do Not Dispute That Releases Signed by Individual Employees Without the Supervision of the U.S. Department of Labor or a Court Cannot Release FLSA Claims.

The parties are in apparent agreement that any releases signed by individual putative FLSA Class members cannot purport to validly release claims under the FLSA absent U.S. Department of Labor supervision or court approval. *See* Def.'s Brief at 23-24. Plaintiff shall seek to invalidate such releases at a later stage in the proceedings to the extent such releases were signed by putative members of the proposed California Class and are invalid under California wage and hour law.

### CONCLUSION

For the foregoing reasons, Monte Russell respectfully requests that the Court conditionally certify this proposed FLSA collective action and authorize the issuance of notice as set forth in the [Proposed] Order previously submitted for this Court's consideration (ECF No. 37).

---

[13]    *Cf. Prentice v. Fund for Public Interest Research, Inc.*, No. 06-7776, 2007 WL 2729187, at *4 (N.D. Cal. Sept. 18, 2007) (setting 120-day opt in period in recognition that defendant faced no prejudice from a longer opt in period); *Adams*, 242 F.R.D. at 542-43 (setting 90-day opt in deadline in addition to ordering equitable tolling of the applicable statute of limitations).

Audet & Partners, LLP
www.audetlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: August 21, 2008                    Respectfully submitted,

                                          AUDET & PARTNERS, LLP


                                          /s/ William M. Audet
                                          William M. Audet (California State Bar No. 117456)
                                          Adel Nadji (California State Bar No. 232599)
                                          221 Main Street, Suite 1460
                                          San Francisco, California  94105
                                          ANadji@audetlaw.com
                                          Telephone:    (415) 568-2555
                                          Facsimile:    (415) 568-2556

                                          LARSON ● KING, LLP
                                          T. Joseph Snodgrass (*Pro Hac Vice*)
                                          Kelly A. Swanson (*Pro Hac Vice*)
                                          2800 Wells Fargo Place
                                          30 East 7th Street
                                          St. Paul, Minnesota 55101
                                          Telephone:    (651) 312-6500
                                          Facsimile:    (651) 312-6619

                                          *Attorneys for Plaintiff MONTE RUSSELL and Putative*
                                          *Collective Action Plaintiffs*

14

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**