William M. Audet (CA 117456)
Adel A. Nadji (CA 232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

T. Joseph Snodgrass, Pro Hac Vice
Shawn M. Raiter, Pro Hac Vice
Kelly A. Swanson, Pro Hac Vice
LARSON KING, LLP
30 E. 7th Street, Suite 2800
Saint Paul, MN 55101
Telephone: 651-312-6500
Facsimile: 651-312-6618

*Attorneys for Plaintiffs and
The Class Members*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO AND COMPANY,<br><br>Defendant. | Case No. C–07-3993-CW<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT WELLS FARGO BANK, N.A.'S OBJECTIONS TO EVIDENCE RELIED UPON BY PLAINTIFF IN MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION UNDER FLSA, 29U.S.C. §216(b), AND FOR COURT-APPROVED NOTICE OF FLSA CLAIMS** |

## I. PRELIMINARY STATEMENT

Plaintiff Monte Russell, on behalf of himself and all others similarly situated, respectfully submits his Responses to Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") "Objections to Evidence Relied Upon by Plaintiff in his Motion for Conditional Collective Action Certification." Wells Fargo's "Objections" should be disregarded for three reasons. First, Wells Fargo twenty pages of "Objections" are not permitted by the Local Rules for the Northern District of California governing page limitations for civil motion practice. Through the filing of "Objections," Wells Fargo grossly exceeded the proper page limitations through the creative pleadings. For this reason, the District Court should disregard Defendant's Objections in their entirety.

Second, evidentiary objections for this type of motion are impermissible. Because a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, Plaintiff bears a very light burden in substantiating his allegations at this stage. Summary judgment or trial evidentiary standards are not required. *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715, 2007 WL 707475 at *7 (N.D. Cal. Mar. 6, 2007).

Finally, in the event the Court considers Wells Fargo's objections to the declarations of Monte Russell, Greg Weir, Richard Chow, Peter Kennedy, Daniel Friedman, and Greg Diersing, Wells Fargo's specific objections should be overruled for the following reasons.

## II. RESPONSES TO WELLS FARGO'S SPECIFIC EVIDENTIARY OBJECTIONS

### A. *DECLARATION STATEMENTS CONCERNING EXEMPT STATUS*

**Declaration Language That Is The Subject Of Wells Fargo's Objection Nos. 1 (Monte Russell), 6 (Greg Weir), 11 (Richard Chow), 16 (Peter Kennedy), and 21 (Daniel Friedman) and No. 29 (Greg Diersing):**

> "During my tenure as a PC/LAN Engineer [3 or 4] in Wells Fargo's Technology Information Group, I learned that Wells Fargo had classified my position and other similar Technology Information Group positions as 'exempt' from entitlement to overtime compensation. I knew many other employees who held the position title PC/LAN Engineer [3 or 4] during my employment with Wells Fargo and none of them were paid overtime during the time I was employed by Wells Fargo."

**Wells Fargo's Boilerplate Objections To Paragraphs 1, 6, 11, 16, 21 and 29:**

> "This statement lacks foundation and is impermissibly conclusory. The declaration does not state how he "learned" that other positions were classified as "exempt" or how he knew that other employees were not paid overtime, which is information entirely within his personal knowledge. See Fed. R. Evid. 602, The statements also are inadmissible hearsay. See Fed. R. Evid. 802. These are out of court statements purportedly made by other PC/LAN Engineer [3's or 4's] offered to prove the truth of the matter asserted, i.e., that other employees were classified as exempt and that they were not paid overtime."

**Plaintiff's Response to Wells Fargo's Objections No. 1, 6, 11, 16, 21, and 29:**

**WELLS FARGO HAS ADMITTED THE FACTS AT ISSUE:**

This objection is specious. In its response brief and attached declarations, Wells Fargo admits that PC/LAN Engineers were exempt and not paid overtime during the relevant time periods.

**EXEMPT STATUS IS NOT "CONCLUSORY":**

The fact that someone is not paid overtime is not a conclusory statement of law, it is simple fact readily amenable to an attestation.

**FOUNDATION IS SATISFIED DUE TO LENGTH OF EMPLOYMENT:**

Each of the six Declarants was/has been an employee of Wells Fargo for a period of one to over 10 years. Monte Russell worked at the Phoenix, Arizona location from 1998 through 2006 (Russell Dec. at ¶ 2); Greg Weir worked at the Roseville, California location from 2002 to 2004 and the Tempe, Arizona location from 2004 to 2006 (Weir Dec. at ¶ 2); Richard Chow worked at the San Francisco location from 2005 to 2006 (Chow Dec. at ¶ 2); Peter Kennedy worked at the Clayton, Missouri location from the time Norwest merged with Wells Fargo in the 1990's until 2005 ("Kennedy Dec. at ¶ 2); Daniel Friedman worked at the Carlsbad, California location from 2001 to 2007 (Friedman Dec. at ¶ 2); and Greg Diersing worked at the Indianapolis location from 2004 to 2006 and 2007 to present. (Diersing Dec. at ¶ 2). Each of the declarants' work experience at the above-referenced locations, as well as the conversations in which each engaged with fellow employees during his tenure, provided each declarant with a sufficient foundation upon which to make the attestation set forth in their respective

1  declarations. The declarations need not identify the specific basis for the pertinent knowledge
2  each declarant possesses, because it is reasonable that each would have observed and spoken
3  with his other co-workers over the course of several years, and intimately learned the
4  responsibilities and compensation associated with similar or related jobs within Wells Fargo's
5  Technology Information Group. *See Aguayo v. Oldenkamp Trucking*, No. 04-6279, 2005 WL
6  2436477 at *4 (E.D. Cal. Oct. 3, 2005) (finding that an employee with four months of experience
7  possessed adequate personal knowledge to make a declaration in support of Plaintiff's motion for
8  class certification because he spoke to his co-workers and learned the other employees' job
9  responsibilities during that time). Additionally, "for conditional certification, Plaintiffs are not
10 required to provide evidence of the alleged violation for every particular rank and department."
11 *Centurioni v. City and County of San Francisco*, No. C 07-01016, 2008 WL 295096 (N.D. Cal.
12 Feb.1, 2008) (granting Plaintiffs' motion for conditional certification of a class including, but not
13 limited to, members of the ranks and departments from which Plaintiffs' submitted affidavits in
14 support of their allegations). As this Court previously held, "whatever shortcomings Plaintiffs'
15 declarations have in the way of hearsay and foundation, if any, are not relevant to the Court's
16 determination at [the conditional certification] stage." *Beauperthuy v. 24 Hour Fitness USA,*
17 *Inc.*, No. 06-0715, 2007 WL 707475 at *7 (N.D. Cal. Mar. 6, 2007).

**HEARSAY OBJECTIONS SHOULD BE OVERRULED:**

19  Hearsay objections should be overruled for several reasons. First, hearsay is not a
20 sufficient basis upon which to reject a procedural motion for FLSA notice. Especially where, as
21 here, the employer refuses to even provide a list of putative class of employees at issue,
22 Plaintiffs' burden at this stage is quite minimal; evidence which may not be sufficient for
23 trial can be sufficient to carry the burden on a motion for conditional certification. *See Aguayo v.*
24 *Oldenkamp Trucking*, No. 04-6279, 2005 WL 2436477 at *4 (E.D. Cal. Oct. 3, 2005). It has
25 been repeatedly held that a federal district court may disregard trial-based hearsay and
26 foundational objections to the declarations submitted in support of a motion for conditional
27 certification. *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715, 2007 WL 707475 at *7
28 (N.D. Cal. Mar. 6, 2007) (overruling over three hundred objections raised by Defendants to the

Audet & Partners, LLP
www.audetlaw.com

3
PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE

1  declarations submitted by Plaintiffs in support of their motion for conditional certification under
2  the FLSA, which generally alleged hearsay and foundational defects); *see also Beauperthuy v. 24*
3  *Hour Fitness USA, Inc.*, No. 06-0715, 2008 WL 793838 (N.D. Cal. Mar. 24, 2008) (finding that
4  the collection of declarations submitted by the Trainers to be more than sufficient to satisfy the
5  minimal requirements for conditional certification under the FLSA);  *White v. MPW Industrial*
6  *Services, Inc.*, 236 F.R.D. 363 (E.D. Tenn. Mar 21, 2006) (declining to strike any portions of the
7  affidavits used in support of Plaintiffs' motion for conditional certification on the grounds that
8  they contain hearsay); *Coan v. Nightingale Home Healthcare, Inc.*, No. 1:05-CV-0101, 2005 WL
9  1799454 at *1 (S.D. Ind. June 29, 2005) (finding that Plaintiffs affidavits are sufficient to
10 support of their motion for conditional certification, despite containing hearsay, because
11 plaintiffs need not present evidence in a form admissible at trial during this preliminary stage of
12 the case).  Second, as set forth in Paragraphs 2, 4, and 6, the declarant worked for several years at
13 different Wells Fargo locations with other PC / LAN engineers.  Even if the Court strictly applies
14 hearsay rules at this stage of the proceedings, the declarants each expressly state that his
15 information is based upon his personal work experiences in addition to oral information received
16 in the course of employment.  (*E.g*., Dec. of Greg Diersing, Para. 6) ("Based upon my training,
17 experience, and discussions with other employees, I can attest that the work of PC/LAN
18 Engineers 3 is, has been, and continues to be, functionally the same and does not vary
19 significantly from location to location.")  District courts have expressly recognized that personal
20 work experience is not hearsay.  *See U.S. Information Systems, Inc. v. Int'l Broth. of Elec.*
21 *Workers*, 2006 WL 2136249 (S.D.N.Y. 2006) ("The defendants argue that Mr. Ramillini's
22 testimony is based on hearsay. However, all of his testimony rests on knowledge of the
23 marketplace gained through years of experience and his personal knowledge of particular jobs.
24 Mr. Ramillini's testimony is admitted.").

25     **B.**    ***DECLARATION STATEMENTS CONCERNING JOB DUTIES OF CO-WORKERS***
26
27 **Declaration Language That Is The Subject Of Wells Fargo's Objection Nos. 2 (Monte Russell, 7 (Greg Weir), 12 (Richard Chow), 17 (Peter Kennedy), 22 (Daniel Friedman) and No. 30 (Greg Diersing)**:
28

Audet & Partners, LLP
www.audetlaw.com

> "I knew of and had discussions with other PC/LAN Engineers [3 or 4] at Wells Fargo's other locations, including [list of states]. Based upon my training, experience, and discussions with other employees, I can attest that the work of PC/LAN Engineers [3 or 4] was functionally the same and did not vary significantly from location to location."

**Wells Fargo's Boilerplate Objections Nos. 2, 7, 12, 17, 22, and 30**:

> "This statement lacks foundation and is impermissibly conclusory. See Fed. R. Evid. 602, 701. The statements also are inadmissible hearsay. See Fed. R. Evid, 802. These are out of court statements purportedly made by other PC/LAN Engineer [3 or 4]'s offered to prove the truth of the matter asserted, i.e., that other employees performed the same duties as he performed."

**Plaintiff's Response to Objection No. 2, 7, 12, 17, 22, and 30:**

See the Plaintiff's discussion in § IIA, *supra*, concerning foundation and hearsay, incorporated herein by reference. In addition, a simple statement that co-workers job duties are the same as the witnesses is not a conclusion. It is a simple fact capable of simple attestation. Moreover, Wells Fargo has admitted that most PC/LAN Engineers were functionally the same, as most were simultaneously reclassified.

### C. *DECLARATION STATEMENTS CONCERNING DISCRETION AND INDEPENDENT JUDGMENT*

**Declaration Language That Is The Subject Of Objection Nos. 3 (Monte Russell), 8 (Greg Weir), 13 (Richard Chow), 18 (Peter Kennedy), 23 (Daniel Friedman) and 31 (Greg Diersing):**

> "As a PC/LAN Engineer [3 or 4], the primary work I performed was highly structured and constrained by Wells Fargo's predetermined instructions, specifications, policies, and procedures, and did not normally require the consistent exercise of discretion and independent judgment."

**Wells Fargo's Boilerplate Objections Nos. 3, 8, 13, 18, 23, 31**:

> "This statement lacks foundation and is impermissibly conclusory. The declaration provides legal conclusions without any specificity, which is information entirely within his personal knowledge. See Fed. R. Evid. 602, 701."

**Plaintiff's Response to Objection No. 3, 8, 13, 18, 23, and 31:**

See the Plaintiff's discussion in § IIA, *supra*, concerning foundation and hearsay, incorporated herein by reference. In addition, the witnesses' years of on the job experience provide sufficient foundation as a matter of law. Whether someone had significant discretion

or independent judgment, or was subject to predetermined instructions, specifications, polices or procedures, is a simple fact capable of simple attestation, and is therefore not conclusory.

### D. DECLARATION STATEMENTS CONCERNING PC/LAN ENGINEERS 5

**Declaration Language That Is The Subject Of Wells Fargo's Objections Nos. 4 (Monte Russell), 9 (Greg Weir), 14 (Richard Chow), 19 (Peter Kennedy), 24 (Daniel Friedman):**

> "During my employment with Wells Fargo, I came to know other employees with position titles PC/LAN Engineer 3, 4, and located at Wells Fargo's various locations in the United States, Based upon my training, experience, and discussions with other employees, I can attest that the work of PC/LAN Engineers 3, 4, and 5 was functionally the same and did not vary significantly from location to location. PC/LAN Engineers [3 or 4] and 5 had primary duties similar to the duties of a PC/LAN Engineer [3 or 4], as set forth above. The primary work of PC/LAN Engineers [3 or 4] and 5 was also highly structured and constrained by Wells Fargo's predetermined instructions, specifications, policies, and procedures, and did not normally require consistent exercise of discretion and independent judgment."

**Wells Fargo's Boilerplate Objections Nos. 4, 9, 14, 19, and 24**:

*See* the Plaintiff's discussion in § IIA, *supra*, concerning foundation and hearsay, incorporated herein by reference. For the reasons set forth above, the Plaintiffs have sufficient foundation as a matter of law, based upon their years of on the job experience, to attest whether co-workers jobs were similar or not. In fact, it would be highly remarkable if a witness did not know whether co-workers were performing similar job duties at their same location. Such a statement of fact is not a legal conclusion, but a simple statement of fact based upon years of experience.

### E. DECLARATION STATEMENTS CONCERNING FLUCTUATING WORKWEEK

**Declaration Language That Is The Subject Of Objection Nos. 5 (Monte Russell), 10 (Greg Weir), 15 (Richard Chow), 20 (Peter Kennedy), 25 (Daniel Friedman), and 32 (Greg Diersing):**

> "At no point in time during my employment with Wells Fargo did I have a clear understanding that I would be paid based on a so-called 'fluctuating workweek' method of calculating overtime compensation."

//

**Wells Fargo's Grounds for Objection Nos. 5, 10, 15, 20, 25 and 32:**

> "This statement is irrelevant and therefore inadmissible. See Fed. R. Evid. 402. It is irrelevant to the inquiry of whether the "fluctuating workweek" method is the proper calculation of back pay to an allegedly misclassified employee whether the employee had an understanding that he would be compensated based on a "fluctuating workweek" calculation. See, e.g., Tumulty v. Fedex Ground Package Sys., Inc., 2005 WL 1979104, h4 (W.D. Wash. Aug. 16, 2005) ("[t]he First and Fifth Circuits have both held that employers who inappropriately misclassified an employee as exempt from the FLSA may rely on § 778.114 [which allows the fluctuating workweek calculation] to determine overtime due because the employees understood that they would be paid a fixed weekly salary regardless of the hours worked") (citing Valerio v. Putnam Assoc. Inc., 173 F.3d 35, 39-40 (1st. Cir. 1999) and Blackmon v. Brookshire Grocery Co., 835 F.2d 1135, 1138 (5th Cir. 1988))."

**Plaintiff's Response to Objection Nos. 5, 10, 15, 20, 25, and 32:**

The statements are relevant. First, Wells Fargo conveniently fails to cite conflicting case law on the subject, e.g., *In re Texas EZPawn Fair Labor Standards Act Litig.*, 2008 WL 2513862 (W.D. Tex. June 18, 2008) (Austin, Mag. J.) (thoroughly outlining conflicting federal cases concerning fluctuating workweek). Moreover, all of the cases cited by Wells Fargo do not address whether Wells Fargo can adopt a fluctuating workweek method of calculating wages on a nationwide basis even where, as here, that methodology is not permitted by state law.

### F. *DECLARATION STATEMENTS CONCERNING PAYMENT OF BACK WAGES*

**Declaration Language That Is The Subject Of Objection No. 26 (Daniel Friedman):**

> "In approximately August 2007, after I had already left Wells Fargo, I learned from a former co-worker that Wells Fargo had paid back wages to certain PC/LAN Engineers."

**Wells Fargo's Grounds for Objection No. 26:**

> "This statement lacks foundation and is impermissibly conclusory. The declaration does not state how he "learned" that Wells Fargo had paid back wages to certain employees, which is information entirely within his personal knowledge. See Fed. R. Evid, 602. The statements also are inadmissible hearsay. See Fed. R. Evid. 802. These are out of court statements offered to prove the truth of the matter asserted, i.e., that Wells Fargo paid back wages to certain PC/LAN Engineers."

//

Audet & Partners, LLP
www.audetlaw.com

3
PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO EVIDENCE

**Plaintiff's Response to Objection No. 26:**

*See* the Plaintiff's discussion in § IIA, *supra*, concerning foundation and hearsay, incorporated herein by reference. In addition, this objection is specious. Wells Fargo admits the very facts it objects to in its response to the motion and in the attached declarations.

### G. *DECLARATION STATEMENTS CONCERNING RECEIPT OF MATERIALS*

**Declaration Language That Is The Subject Of Objection Nos. 27 (Friedman)**:

> "Towards the end of August 2007, Ms. Antes Sivertson sent me materials relating to my inquiry about back wages/payments. The materials included a survey and a purported calculation of the back wages owed to me by Wells Fargo resulting from its misclassification of the PC/LAN Engineer position as `exempt' from overtime pay requirements."

**Wells Fargo's Grounds for Objection No. 27**:

> "The statements are inadmissible hearsay. See Fed. R. Evid. 802. These are out of court statements offered to prove the truth of the matter asserted. Furthermore, "(t)o prove the content of a writing,…the original writing...is required. "See Fed. R. Evid. 1002."

**Plaintiffs' Response to Objection No. 27:**

*See* the Plaintiff's discussion in § IIA, *supra*, concerning foundation and hearsay, incorporated herein by reference. In addition, this objection is specious. In its response brief and declarations, Wells Fargo admits that it engaged in the very payment scheme referenced in the declaration to avoid liabilities for back wages. Moreover, whether the declarant received materials sent to him by Wells Fargo is a fact, not an out of court statement.

### H. *DECLARATION STATEMENTS CONCERNING SOMEONE'S JOB CLASSIFICATION*

**Declaration Language That Is The Subject Of Wells Fargo's Objections No. 28 (Friedman):**

> "When I returned to work for Wells Fargo in November 2007 as a PC/LAN Engineer 3, I learned that Wells Fargo had reclassified the PC/LAN Engineer 3 position as `nonexempt,' and paid PC/LAN Engineers an hourly wage and overtime at a rate of 1.5 times the hourly wage."

**Wells Fargo's Grounds For Objection No. 28:**

> "This statement lacks foundation and is impermissibly conclusory. The declaration does not state how he "learned" that

> Wells Fargo had reclassified the PC/LAN Engineer 3 position as non-exempt or how he knew how PC/LAN Engineers were paid, which is information entirely within his personal knowledge. See Fed. R. Evid. 602. The statements also are inadmissible hearsay. See Fed. R. Evid. 802. These are out of court statements offered to prove the truth of the matter asserted, i.e., that Wells Fargo reclassified the position of PC/LAN Engineer 3 to non-exempt and paid them hourly and overtime at a rate of 1.5 times the hourly rate."

**Plaintiff's Response to Objection No. 28:**

*See* the Plaintiff's discussion in § IIA, *supra*, concerning foundation and hearsay, incorporated herein by reference. Again, this objection is specious. In its response brief and declarations, Wells Fargo admits that it reclassified PC LAN Engineer 3's. Also, the manner in which a witness and his co-workers are paid can obviously be gained from work experience, and as such is not a hearsay fact.

### I.   *DECLARATION STATEMENTS CONCERNING WELLS FARGO'S BACK PAY SCHEME*

**Declaration Language At Issue In Objection No. 33 (Friedman):**

> "Since my second period of employment as a PC/LAN Engineer 3, I have learned from discussions with other PC/LAN Engineers and Technology Information Group employees that certain PC/LAN Engineers received from Wells Fargo some sort of backpay payment for unpaid overtime."

**Wells Fargo's Grounds for Objection No. 33:**

> "The statements are inadmissible hearsay. See Fed. R. Evid. 802. These are out of court statements purportedly made by other employees offered to prove the truth of the matter asserted, i.e., that Wells Fargo paid back pay to other employees."

**Plaintiff's Response to Objection No. 33:**

*See* the Plaintiff's discussion in § IIA, *supra*, concerning foundation and hearsay, incorporated herein by reference. Again, this objection is specious. In its response brief and declarations, Wells Fargo admits that it made back-pay payments for unpaid overtime. Also, the manner in which a witness and his co-workers are paid can obviously be gained from work experience, and as such is not a hearsay fact.

//

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court overrule Defendant's objections at the hearing on the Motion.

Dated: August 21, 2008                Respectfully submitted,

                                      AUDET & PARTNERS, LLP


                                      */s/ William M. Audet*
                                      William M. Audet (California State Bar No. 117456)
                                      Adel Nadji (California State Bar No. 232599)
                                      221 Main Street, Suite 1460
                                      San Francisco, California 94105
                                      ANadji@audetlaw.com
                                      Telephone:   (415) 568-2555
                                      Facsimile:   (415) 568-2556

                                      LARSON • KING, LLP
                                      T. Joseph Snodgrass (*Pro Hac Vice*)
                                      Kelly A. Swanson (*Pro Hac Vice*)
                                      2800 Wells Fargo Place
                                      30 East 7th Street
                                      St. Paul, Minnesota 55101
                                      Telephone:   (651) 312-6500
                                      Facsimile:   (651) 312-6619

                                      *Attorneys for Plaintiff MONTE RUSSELL and Putative Collective Action Plaintiffs*