IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>WELLS FARGO & COMPANY,<br><br>    Defendant.<br>_____/ | No. C 07-3993 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND THE COMPLAINT AND FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION |

Plaintiff Monte Russell moves for an order conditionally certifying this action as a representative collective action under the Fair Labor Standards Act (FLSA) and directing that notice be distributed to prospective class members. He also moves for leave to file an amended complaint. Defendant Wells Fargo & Co. does not oppose the motion for leave to amend, and that motion is therefore granted. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Defendant opposes conditional certification with respect to some, but not all, prospective class members. Defendant also objects to several aspects of the notice plan proposed by Plaintiff. The matter was taken under submission on the papers. Having considered all of the

papers submitted by the parties, the Court grants Plaintiff's motion for conditional certification but modifies Plaintiff's proposal for the form of notice and the method of its distribution.

BACKGROUND

Plaintiff was formerly employed by Defendant in the position of PC/LAN Engineer 3 (PLE-3). He claims that Defendant unlawfully classified his position, as well as the positions of PC/LAN Engineer 4 and 5 (PLE-4 and PLE-5), as exempt from the FLSA's requirements concerning overtime compensation. He sues on behalf of himself and all individuals who served as a PLE-3, 4 or 5 and were treated as exempt at any time since November 1, 2004.

Prior to the commencement of this lawsuit in August, 2007, Defendant decided to reclassify all of its PLE-3 and PLE-4 employees as non-exempt. Plaintiff alleges that Defendant's decision was made in response to contact by Plaintiff's counsel in April, 2007 informing Defendant of Plaintiff's claim and attempting to determine whether Defendant would be willing to resolve the matter without litigation. Defendant disputes this and states that its review of the classification of the PLE-3 and PLE-4 positions began prior to contact by Plaintiff's counsel.

In any event, on July 11, 2007, Defendant sent all of its then-current employees who were working or had worked in these positions an email informing them of its decision to reclassify the positions as non-exempt. It asked these employees to complete a survey about their work hours to determine whether they were owed back pay for overtime. The employees were given two days to complete the survey. See 7/25/08 Snodgrass Dec. Ex. J. Defendant

2

compensated those who responded for hours worked in excess of forty per week during the preceding two year period.  Plaintiff claims that Defendant underpaid these employees because it used the "fluctuating work week" formula to calculate back wages in many instances, failed to pay liquidated damages and failed to pay a full three years' worth of back wages.  Defendant disputes that its employees are entitled to liquidated damages or three years' worth of back wages, and contends that its use of the fluctuating work week formula was appropriate.

Defendant distributed a form entitled, "Release of All Claims for Wages," along with the payments for back wages.  A representative release form submitted to the Court states that, in consideration for the payment of back wages, the recipient "hereby releases and forever discharges Wells Fargo . . . from any and all claims, demands, damages, actions and causes of action arising out of or in any way connected with payment of [redacted] compensation, salary, wages, incentive or bonus pay by Wells Fargo as a PC/LAN Engineer 4 up to the date of the signature below."  7/25/08 Snodgrass Dec. Ex. O.  In addition, employees receiving payment were asked to sign a form entitled, "Payment Advice and Resolution."  A representative form states, "Your signature below acknowledges the receipt of this payment [for all overtime hours reported] in the amount of [redacted] . . . and your release of any and all claims related to unpaid wages or other compensation that you now have against Wells Fargo Bank NA up through the date of your signature below."  Id.

3

LEGAL STANDARD

The FLSA provides for a collective action where the complaining employees are "similarly situated." 29 U.S.C. § 216(b). In contrast to class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure, potential members of a collective action under the FLSA must "opt in" to the suit by filing a written consent with the court in order to benefit from and be bound by a judgment. Centurioni v. City and County of San Francisco, 2008 WL 295096, at *1 (N.D. Cal.). Employees who do not opt in may subsequently bring their own action. Id.

The FLSA does not define the term, "similarly situated," nor has the Ninth Circuit defined it. As noted by the Tenth Circuit, there is little circuit law defining "similarly situated." Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001). Although various approaches have been taken to determine whether plaintiffs are "similarly situated," courts in this circuit have used an ad hoc, two-step approach. See Wynn v. Nat'l Broad. Co., Inc., 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002) (noting that the majority of courts prefer this approach); Thiessen, 267 F.3d at 1102-03 (discussing three different approaches district courts have used to determine whether potential plaintiffs are "similarly situated" and finding that the ad hoc approach is arguably the best of the three approaches); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001) (finding the two-step approach to certification of § 216(b) opt-in classes to be an effective tool for district courts to use). Under this approach, the district court makes two determinations on an ad

4

hoc, case-by-case basis.  The court first makes an initial "notice stage" determination of whether potential opt-in plaintiffs are similarly situated to the representative plaintiffs, determining whether a collective action should be certified for the purpose of sending notice of the action to potential class members.  See, e.g., Thiessen, 267 F.3d at 1102.  For conditional certification at this notice stage, the court requires little more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan."  Id.  The standard for certification at this stage is a lenient one that typically results in certification.  Wynn, 234 F. Supp. 2d at 1082.

The second determination is made at the conclusion of discovery, usually on a motion for decertification by the defendant, utilizing a stricter standard for "similarly situated." Thiessen, 267 F.3d at 1102.  During this second stage analysis, the court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs; the various defenses available to the defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether the plaintiffs made any required filings before instituting suit.  Id. at 1103.

Notably, collective actions under the FLSA are not subject to the requirements of Rule 23 of the Federal Rules of Civil Procedure for certification of a class action.  Id. at 1105.  "The requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal

5

Rules of Civil Procedure.  All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." <u>Wertheim v. Arizona</u>, 1993 WL 603552, *1 (D. Ariz.) (citations omitted).

## DISCUSSION

Defendant does not oppose sending notice of this action to PLE-3 and PLE-4 employees generally.  However, it objects to sending notice to PLE-5 employees and to PLE-3 and PLE-4 employees who received notice of this lawsuit previously.  It also objects to the method by which Plaintiff requests notice be distributed and disputes the need for "corrective" notice.

I.   Notice to PLE-5 Employees

Defendant argues that PLE-5 employees are not similarly situated to Plaintiff because the responsibilities of PLE-5s differ significantly from those of PLE-3s and 4s.  According to Defendant, PLE-5s are required regularly to exercise discretion and independent judgment.  In support of its position, Defendant points to its decision to reclassify all PLE-3 and PLE-4 employees as non-exempt while leaving the exempt status of PLE-5 employees unchanged.

Defendant's assertions contradict the allegations in the complaint.  In addition, Plaintiff has submitted five declarations from individuals who have worked as either PLE-3s or PLE-4s.  The declarants state that, through their employment with Defendant, they came to know PLE-5s.  One declarant who worked as a PLE-3

6

states that, based upon his "training, experience and discussions with other employees,"

> the work of PC/LAN Engineers 3, 4, and 5 was functionally the same and did not vary significantly from location to location.  PC/LAN Engineers 4 and 5 had primary duties similar to the duties of a PC/LAN Engineer 3 . . . .  The primary work of PC/LAN Engineers 4 and 5 was [] highly structured and constrained by Wells Fargo's predetermined instructions, specifications, policies, and procedures, and did not normally require consistent exercise of discretion and independent judgment.

7/25/08 Snodgrass Dec. Ex. A ¶ 8.[1]

The Court cannot resolve at this time the issue of whether the duties of PLE-5s are sufficiently individualized or distinct from those of PLE-3s and 4s so as to render them not similarly situated. Doing so would require the Court to evaluate the relative strength of the parties' evidence, which would not be appropriate at the first stage of collective action certification.  This matter can be resolved after discovery on a motion for decertification.  In addition, Defendant's argument against conditional certification is premised on its assertion that Plaintiff's FLSA claim on behalf of PLE-5s is meritless.  This goes to the heart of the claim and is not appropriate for adjudication at this early stage.

Plaintiff has made a sufficient showing that an "identifiable factual or legal nexus binds together the various claims of the class members," Wertheim, 1993 WL 603552 at *1, including PLE-5s. Accordingly, the Court will conditionally certify a class that includes PLE-3s, 4s and 5s.

---

[1] Defendant objects to the relevant portion of the declarations as hearsay.  However, it is not apparent that the declarants' knowledge of the duties of PLE-5s is based exclusively on their co-workers' out-of-court statements.

7

II. Need for Corrective Notice

Plaintiff asserts that the class notice should include "strongly worded corrective language" informing potential opt-in plaintiffs that they may join the action despite Defendant's "improper attempts to privately settle FLSA claims, offer partial payments of back wages, and obtain releases of FLSA claims." Pl.'s Mot. at 16. It is not clear that Defendant's offer to compensate its employees for back wages was necessarily improper or that the amount of the compensation Defendant offered was unreasonably low. However, to the extent Defendant attempted to secure a release of the FLSA claims against it, its actions were was improper. The parties agree that releases prohibiting suit under the FLSA are not valid. See O'Brien v. Encotech Const. Servs., Inc., 203 F.R.D. 346, 349 (N.D. Ill.). A plain reading of the release provided to Defendant's employees reveals that it is not limited to non-FLSA claims.[2] Accordingly, the notice should inform potential collective action members that they may opt in to this action even if they have signed a release.

III. Additional Notice to PLE-3s and PLE-4s Who Have Already Received Notice

Earlier in these proceedings, the parties agreed to send a notice of the action to PLE-3s and PLE-4s who had not already received payment of back wages from Defendant. This group includes potential collective action members who did not receive an hours

---

[2]The parties dispute whether potential collective action members who signed the release should be precluded from pursuing their claims under California law. This issue is not appropriate for resolution on the present motion.

8

survey because they were no longer employed by Defendant at the time the survey was distributed. The notice gave recipients forty-five days to opt in to this action. Twenty-four individuals chose to opt in.

Plaintiff now asserts that the class members who were previously sent notice of the action should be provided with a second notice and given another opportunity to opt in. He claims that this second notice is necessary because, due to the limited availability of information at the time the initial notice was sent, that notice did not contain information about how Defendant's payments to certain members of the class had been calculated.

Plaintiff has not shown that the rights of the class members who received notice but did not opt in will be prejudiced if they are not given a second opportunity to do so. The new information concerning Defendant's payment of back wages is not directly relevant to these class members' claims because they did not receive any such payment. The information in the previous notice was sufficient to inform these class members of the subject of the lawsuit and enable them to make an informed decision about whether it was in their interest to join it. Therefore, notice may not be re-sent class members who received notice previously.

IV. Form of Notice

The Court has reviewed the proposed notices submitted by the parties. A revised version of the notice, incorporating aspects of each party's proposal, is attached to this order as Exhibit 1. The Court approves this version for distribution to members of the conditional class. A redlined version identifying the differences

9

between the approved version of the notice and Plaintiff's version is attached as Exhibit 2. A seventy-five day opt-in period will apply, as agreed to by Plaintiff in his reply.

V.  Method of Notice

Plaintiff asks the Court to order Defendant to provide his counsel with contact information for all putative class members so that he can provide them with the Court-approved notice. He also requests that Defendant be ordered to post the notice in work locations and distribute it through the payroll system.

The Court finds that it would be more appropriate to have a third-party claims administrator distribute the collective action notice, as was done with the first notice that was sent to some members of the putative class. Although Plaintiff correctly notes that the Court is authorized to order the production of potential class members' contact information to Plaintiff's counsel, he has not explained why it would be preferable for his counsel to oversee distribution of the notice.[3] Contact information for Plaintiff's counsel will be contained in the notice, and potential class members may contact counsel if they wish. In addition, Defendant has agreed to pay for the costs of a third-party administrator, and thus having notice provided through such an administrator will not entail additional cost to Plaintiff.

The Court also finds that providing notice by first class mail

---

[3] The Court expresses no opinion as to whether this contact information may be independently subject to production during discovery. Plaintiff's argument that such information is relevant to developing his claims is more appropriately addressed in the context of a discovery motion; it is not relevant to the issue of notice.

10

will be sufficient to assure that potential collective action members receive actual notice of this case. See Adams v. Inter-Con Sec. Systems, Inc., 242 F.R.D. 530, 541 (N.D. Cal. 2007) ("First class mail is ordinarily sufficient to notify class members who have been identified."). Plaintiff's only argument to the contrary is based on his conjecture that Defendant's database may not have the most up-to-date contact information for class members. Defendant, however, is unlikely to have obsolete contact information for its current employees, and posting notice in the workplace or distributing it via the payroll system will do nothing to notify those class members who are no longer employed by Defendant. Therefore, Plaintiff's request for an order requiring Defendant to post the notice in work locations and to distribute the notice through the payroll system is denied.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for leave to amend the complaint and GRANTS his motion for conditional certification of a collective action on behalf of all current or former employees of Defendant's who held the position of PC/LAN Engineer 3, PC/LAN Engineer 4 or PC/LAN Engineer 5, who were paid a salary, and who were treated as exempt from the laws requiring overtime for some period of time after November 1, 2004 through the date of final disposition of this action.[4] Defendant shall, within ten days of the date of this order, produce to a

---

[4] To the extent the Court relied upon evidence to which Defendant objected, the objections are overruled. To the extent the Court did not rely on such evidence, Defendant's objections are overruled as moot.

11

mutually agreed-upon third-party administrator the names, addresses, alternate addresses, social security numbers and telephone numbers of all prospective members of the class. Notice will proceed as detailed in this order.

IT IS SO ORDERED.

Dated: 9/3/2008

CLAUDIA WILKEN
United States District Judge