William M. Audet (California State Bar No. 117456)
Adel Nadji (California State Bar No.232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California  94105
ANadji@audetlaw.com
Telephone:    (415) 568-2555
Facsimile:     (415) 568-2556

T. Joseph Snodgrass (*Pro Hac Vice*)
jsnodgrass@larsonking.com
Kelly A. Swanson (*Pro Hac Vice*)
kswanson@larsonking.com
LARSON KING, LLP
2800 Wells Fargo Place
30 East 7th Street
St. Paul, Minnesota 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6619

Attorneys for Plaintiffs,
MONTE RUSSEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL and DANIEL FRIEDMAN, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>WELLS FARGO AND COMPANY and WELLS FARGO BANK, N.A.,<br><br>        Defendants. | Case No.: CASE NO: C 07 3993 CW<br><br>**FIRST AMENDED COMPLAINT**<br><br>and<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs Monte Russell and Daniel Friedman (collectively referred to herein as the "Named Plaintiffs"), by and through their attorneys, state and allege as follows:

**THE PLAINTIFFS**

1.  Individual and representative Named Plaintiff Monte Russell resides in Glendale, Arizona.  Plaintiff Russell is a former employee of Defendant Wells Fargo & Company and

Defendant Wells Fargo Bank, N.A (collectively referred to herein as "Defendants" or "Wells Fargo"). He was employed by Defendants from 1998 until September 2006.

2. Individual and representative Named Plaintiff Dan Friedman resides in Solana Beach, California. Plaintiff Friedman is a former employee of Wells Fargo. He was employed by Defendants from June 2001 to January 2007.

3. Each Named Plaintiff has provided his written consent to participate in this litigation as required by 29 U.S.C. § 216(b). A copy of Named Plaintiff Monte Russell's consent to join this action was filed with the Court on August 6, 2007 in accordance with 29 U.S.C. § 216(b). A copy of Named Plaintiff Friedman's consent to join this action was filed with the Court on July 24, 2008 in accordance with 29 U.S.C. § 216(b).

5. In addition to the Named Plaintiffs, twenty-three (23) current or former employees (collectively referred to herein as "Opt-In Plaintiffs") agreed to join this action as party plaintiffs under the FLSA. The Opt-In Plaintiffs' consents to join this action were filed with the Court on July 24, 2008 in accordance with 29 U.S.C. § 216(b).

## THE DEFENDANTS

6. Defendant Wells Fargo & Company is a Delaware corporation with its headquarters in San Francisco, California. On its website, Wells Fargo & Company describes itself as "a diversified financial services company providing banking, insurance, investments, mortgage and consumer finance through more than 6,000 stores, the Internet and other distribution channels across North America and internationally."

7. Defendant Wells Fargo Bank, N.A. is a National Association incorporated under the laws of the United States. Defendant Wells Fargo Bank, N.A. provides financial services throughout the United States and the world, and maintains its headquarters in San Francisco, California.

8. Upon information and belief, Defendant Wells Fargo Bank, N.A. is a subsidiary or affiliated entity of Defendant Wells Fargo & Company.

9. Upon information and belief, Defendant Wells Fargo Bank, N.A. is so organized and controlled and its business conducted in such a manner as to make it merely an agency,

instrumentality, adjunct, or alter ego of Defendant Wells Fargo & Company.  In the alternative, and to the extent necessary, the Named Plaintiffs should be allowed to pierce the corporate veil of Defendant Wells Fargo & Company.

10. Upon information and belief, and at all times relevant hereto, both Defendant Wells Fargo & Company and Defendant Wells Fargo Bank, N.A. were "employers" of the Named Plaintiffs, as that term is defined by the federal and state laws pled herein.  29 U.S.C. § 203(d), California Labor Code § 18 and California Wage Order No. 4(H).

11. Upon further information and belief, and at all times relevant hereto, the Named Plaintiffs were "employees" of both Defendant Wells Fargo & Company and Defendant Wells Fargo Bank, N.A., as that term is defined by the federal and state laws pled herein.  29 U.S.C. § 203(e), California Wage Order No. 4(F).

12. Upon information and belief, Defendant Wells Fargo & Company and Defendant Wells Fargo Bank, N.A. are "joint employers" of the Named Plaintiffs.  Defendants are not "completely disassociated with respect to the employment" of the Named Plaintiffs.  29 C.F.R. § 791.2(b)(3).

13. Upon information and belief, and at all times relevant hereto, Defendant Wells Fargo & Company was aware of the applicable federal and state laws and regulations governing employee exemptions from entitlement to overtime compensation as they relate to the employees in its Technology Information Group.

14. Upon further information and belief, Defendant Wells Fargo & Company has previously been involved in litigation involving employee wage and hour claims related to the misclassification of its or its affiliated entities' computer technology employees as "exempt" from entitlement to overtime compensation under federal and state wage and hour laws.  *See, e.g., Gerlach, et al.  v. Wells Fargo & Co., et al.*, No. CV 05-0585 CW (N.D. Cal.).

15. Defendant Wells Fargo & Company's knowledge concerning the propriety of classifying computer technology employees whose primary work duties are similar to or identical to the Named Plaintiffs and the federal and state classes they seek to represent, as "exempt" from federal and state overtime requirements, renders Defendant Wells Fargo & Company responsible

and liable in whole or in part for the wage and hour violations alleged herein.

16. Upon information and belief, Defendant Wells Fargo & Company and Defendant Wells Fargo Bank, N.A. are an "enterprise" engaged in commerce within the meaning of 29 U.S.C. § 203(r). The Named Plaintiffs were employed in Defendants' enterprise. Defendants, at present, and at all times relevant to this lawsuit, are engaged in the performance of related activities through unified operation or common control for a common business purpose.

**JURISDICTION AND VENUE**

17. Jurisdiction over the Named Plaintiffs' federal claim are based upon: (a) Section 16(b) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §216(b), which authorizes employees to bring civil actions in state or federal court to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

18. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

19. In addition, jurisdiction over Plaintiff Daniel Friedman's claims under California law is based upon this Court's power to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367.

20. Personal Jurisdiction over Defendants is proper because Defendants are licensed to do business in this state and is headquartered and doing business in San Francisco, California.

21. Venue is proper because this is a venue in which a substantial part of the events or omissions giving rise to the claims occurred.

**FACTUAL ALLEGATIONS**

22. The Named Plaintiffs bring this action against Wells Fargo. The Named Plaintiffs are former Wells Fargo Technology Information Group (upon information and belief, formerly known as Wells Fargo Service Company) employees, with the job title "PC/LAN Engineer," whose primary duties were to provide computer support to Wells Fargo. The Named Plaintiffs did not supervise any employees. Wells Fargo misclassified the Named Plaintiffs' positions as exempt from the overtime provisions of FLSA, as described below. The Named Plaintiffs'

primary duties, however, made them nonexempt employees.

23. The Named Plaintiffs bring this action on behalf of themselves and all persons (hereinafter "FLSA Employees") who were employed by Wells Fargo nationwide as Technology Information Group employees, who held the position of PC/LAN Engineer 3, PC/LAN Engineer 4, or PC/LAN Engineer 5, and who were paid a salary and treated as exempt from the laws requiring overtime for some period of time after November 1, 2004 through the date of the final disposition of this action (the "FLSA Period"). Plaintiffs reserve the right to include other job titles for positions undertaking similar tasks but bearing different job titles.

24. Plaintiff Daniel Friedman also brings this action on behalf of himself and all persons (hereinafter the "California Class") who were employed by Wells Fargo in California as Technology Information Group employees, who were paid a salary and treated as exempt from California laws requiring overtime at any time within the four years prior to this Amended Complaint's filing date through the date of the final disposition of this action (the "California Class Period"). Plaintiffs reserve the right to include other job titles for positions undertaking similar tasks but bearing different job titles.

25. The Named Plaintiffs allege that Wells Fargo unlawfully classified the Named Plaintiffs, the FLSA Employees, and the California Class members as exempt from overtime pay provisions under FLSA and California wage and hour laws. The Named Plaintiffs, the FLSA Employees, and members of the California Class worked overtime or on-call hours, as defined by FLSA and applicable California wage and hour laws, and are and have been entitled to premium compensation at one and one-half times the regular hourly rate ("overtime compensation") for those hours. Further, Plaintiff Daniel Friedman and members of the California class are and have been entitled to overtime compensation at a rate of one and one-half for hours worked between eight and twelve in a day, and at twice the regular hourly rate for overtime hours over twelve in a day.

26. Wells Fargo has willfully refused to pay the Named Plaintiffs, the FLSA Employees and California Class members the required overtime compensation for overtime hours worked, and has failed to keep time records as required by applicable federal and

California laws.

27. The primary duties of the Named Plaintiffs, the FLSA Employees and California Class members were or are to provide computer support services to Wells Fargo by following and implementing well-established company instructions and procedures. A PC/LAN Engineer's primary duties include fixing or troubleshooting computer hardware and installing software according to instructions or specifications established by others in the Technology Information Group, or implementing changes to computer hardware according to instructions or specifications established by others in the Technology Information Group. Although the job titles given to the Named Plaintiffs, the FLSA Employees and California Class members suggest that their jobs require exceptional expertise, they are really technicians, not "engineers" or "analysts."

28. On April 7, 2008, this Court authorized the form and dissemination of Notice of Collective Action Claims under the Fair Labor Standards Act ("Notice") to certain putative collective action members in an effort to facilitate a private mediation between Plaintiff Monte Russell, on behalf of himself and others similarly situated, and Wells Fargo. *See* April 7, 2008 Order (ECF No. 22). Notice was not disseminated to the entirety of the putative collective action class, but rather Notice was issued to 111 current and former PC/LAN Engineers 3 and 4 who had not received any payment of back pay from Wells Fargo to date.

29. Per the Court's request, and in lieu of filing putative collective action members' opt-in forms with the Court, Plaintiff Monte Russell and Wells Fargo agreed to treat the receipt date stamp placed on each individual's consent to join or "opt-in" form as received by the Notice Administrator, Rust Consulting, Inc., as the date of filing in this action. However, the parties further agreed that nothing in their letter agreement was intended to modify any of the previous tolling agreements entered into between the parties.

30. Plaintiff Monte Russell and Wells Fargo entered into an agreement tolling the statute of limitations for claims raised in Plaintiff Monte Russell's initial Complaint on behalf of the Opt-in Plaintiffs from November 1, 2007 until the completion of the opt-in notice period, June 7, 2008. *See* Stipulation as to Form and Dissemination of Collective Action Notice and

Continuation of Case Management Conference at ¶ 4 (ECF No. 21).  In addition, Plaintiff Monte Russell and Wells Fargo agreed to toll the statute of limitations for claims raised in the initial Complaint on behalf of the FLSA Employees who had received a payment of back pay from Wells Fargo until 30 days after the conclusion of the parties' private mediation efforts.  *Id.*

## COLLECTIVE ACTION ALLEGATIONS

31. The Named Plaintiffs bring the First Cause of Action for violation of FLSA as a collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b), on behalf of all FLSA Employees, as defined in paragraph 23 and 24.

32. The Named Plaintiffs and the FLSA Employees are similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendant Wells Fargo's common practice, policy, or plan of refusing to pay overtime in violation of FLSA and unlawfully characterizing FLSA Employees as exempt employees.

33. The First Cause of Action may be brought and maintained as an "opt-in" collective action under Section 16(b) of FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Named Plaintiffs under FLSA, since the Named Plaintiffs' claims are similar to the claims of the FLSA Employees.

34. The names and addresses of the FLSA Employees are available from Wells Fargo. Notice will be provided to the FLSA Employees via first class mail to the last known address of their employer, and will be published in national publications.

## CALIFORNIA CLASS ACTION ALLEGATIONS

35. Plaintiff Daniel Friedman brings the Second, Third, Fourth, Fifth, and Sixth Causes of Action for violation of California's wage and hour and unfair competition laws as a class action, pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

36. The California Class is so numerous that joinder of all members is impracticable. The exact size of the putative class is unknown, but may be determined from records maintained by Wells Fargo.  Upon information and belief, Plaintiff Daniel Friedman alleges that during the California Class Period Wells Fargo has employed at least 100 persons who satisfy the definition of the California Class.

1    37.    Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a.    Whether Defendants unlawfully failed to pay overtime compensation to Plaintiff Daniel Friedman and to California Class members in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001.

b.    Whether Plaintiff Friedman and the California Class members are non-exempt from entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c.    Whether Defendants' policy and practice of classifying Plaintiff Daniel Friedman and the California Class members as exempt from overtime entitlement under California law and Defendants' policy and practice of failing to pay overtime to the California Class members violates applicable provisions of California law, including applicable statutory and regulatory authority;

d.    Whether Defendants unlawfully failed to keep and furnish employees with records of hours worked, in violation of Labor Code §§ 226 and 1174;

e.    Whether Defendants' policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

f.    The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

38.    Plaintiff Daniel Friedman's claims are typical of those of the California Class members' claims.  Plaintiff Daniel Friedman, like other California Class members, was subjected to Defendant's common practice, policy or plan of refusing to pay overtime in violation of California law.  Plaintiff Daniel Friedman's job duties and claims were and are typical of those of other California Class members.

39.    Plaintiff Daniel Friedman will fairly and adequately represent and protect the

interest of the California Class.  Plaintiff Daniel Friedman has no conflicts with the members of the California Class.  Counsel for Plaintiff Daniel Friedman possess the requisite resources and are experienced in complex class actions, the FLSA, and state wage and hour litigation.

40.    Defendants have acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to Plaintiff Daniel Friedman and the California Class as a whole.  Plaintiff Daniel Friedman and the California Class are entitled to injunctive relief to end Defendants' common and uniform practice of failing to properly compensate California Class members for all overtime work performed for the benefit of Defendants.  Fed. R. Civ. P. 23(b)(2).

41.    The questions of law and fact common to the putative class members predominate over any questions affecting only individual California Class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Fed. R. Civ. P. 23(b)(3).  More specifically, members of the proposed California Class have little or no interest in individually controlling the prosecution of separate actions.  Plaintiff Daniel Friedman is not aware of any other litigation concerning the controversy already commenced by the proposed California Class.  In addition, it is desirable to concentrate the litigation of the claims in this Court because Defendants are headquartered in this District; do a substantial amount of business in this District; and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.  *Id.*

42.    This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. Defendants' common and uniform policies and practices unlawfully treated members of the California Class as exempt from overtime pay requirements.  The damages suffered by individual California Class members are small compared to the expense and burden associated with individual prosecution of this litigation.  Moreover, class certification is superior to other available methods of resolving this controversy because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' pay practices.

43.     Plaintiffs intend to send notice to all members of the California Class consistent with the requirements of Fed. R. Civ. P. 23.

**FIRST CAUSE OF ACTION**

**(VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 BROUGHT BY NAMED PLAINTIFFS MONTE RUSSELL AND DANIEL FRIEDMAN ON BEHALF OF THEMSELVES AND THE FLSA EMPLOYEES)**

44.     The Named Plaintiffs, on behalf of themselves and all FLSA Employees, re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

45.     The FLSA regulates, among other things, the payment of all hours worked, including overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).  At all relevant times, Defendants have been, and continue to be, "employers" engaging in interstate commerce or in the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. § 203.  Defendants have employed and continue to employ employees, including certain Opt-in Plaintiffs and members of the putative collective action class.

46.     The FLSA requires each covered employer, such as Defendant Wells Fargo and Company and Defendant Wells Fargo Bank, N.A., to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a week.

47.     The Named Plaintiffs and the FLSA Employees are entitled to be paid overtime compensation for all overtime hours worked.

48.     At all relevant times, Wells Fargo had a policy and practice of failing and refusing to pay overtime pay to the Named Plaintiffs and the FLSA Employees for their hours worked in excess of forty (40) hours per week.

49.     By failing to compensate the Named Plaintiffs and the FLSA Employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Wells Fargo has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

50. By failing to record, report, or compensate the Named Plaintiffs and the FLSA Employees, Wells Fargo has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 216(b).

51. The Named Plaintiffs and the FLSA Employees are entitled to damages equal to the amount of all uncompensated time, including overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. Wells Fargo's failure to pay overtime to the Named Plaintiffs and the FLSA Employees was "willful" within the meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because Wells Fargo did not act in good faith in failing to pay proper overtime pay, and had no reason to believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11 of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260. Accordingly, the Named Plaintiffs and the FLSA Employees are entitled to an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Alternatively, should the Court find that Wells Fargo did not act willfully in failing to pay overtime pay, the Named Plaintiffs and the FLSA employees are entitled to an award of prejudgment interest at the applicable legal rate. Reasonable attorneys' fees and costs, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), should also be awarded.

## SECOND CAUSE OF ACTION

**(CAL. WAGE ORDER NO. 4-2001; CAL. LABOR CODE §§ 510, 1194 BROUGHT BY NAMED PLAINTIFF DANIEL FRIEDMAN ON BEHALF OF HIMSELF AND THE CALIFORNIA CLASS)**

52. Named Plaintiff Daniel Friedman, on behalf of himself and the California Class, re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53. California law requires an employer, such as Wells Fargo, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day. Cal. Labor Code § 510(a).

54. Throughout the California Class Period, Named Plaintiff Daniel Friedman and the

California Class members were non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

55. Throughout the California Class Period, Named Plaintiff Daniel Friedman and the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek. Named Plaintiff Daniel Friedman and certain California Class members also worked in excess of twelve hours in a workday.

56. Named Plaintiff Daniel Friedman and members of the California Class did not qualify under any exemption from the requirement that Defendant pay overtime compensation under California law. Therefore, Named Plaintiff Daniel Friedman and members of the California Class are entitled to be paid overtime compensation for all overtime hours worked.

57. During the California Class Period, Wells Fargo misclassified Named Plaintiff Daniel Friedman and members of the California Class as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

58. As a direct and proximate result of Wells Fargo's unlawful conduct, as set forth herein, Named Plaintiff Daniel Friedman and members of the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Wells Fargo in an amount to be determined at trial, prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to statute. Cal. Labor. Code § 1194(a).

### THIRD CAUSE OF ACTION

**(CALIFORNIA WAGE PAYMENT PROVISIONS, CAL. LABOR CODE §§ 201, 202, & 203, BROUGHT BY PLAINTIFF FRIEDMAN ON BEHALF OF HIMSELF AND THE CALIFORNIA CLASS)**

59. Named Plaintiff Daniel Friedman, on behalf of himself and the California Class, re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

60. California Labor Code §§ 201 and 202 require Wells Fargo to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a

maximum of thirty days of wages.

61. Named Plaintiff Daniel Friedman and members of the California Class whose employment with Wells Fargo have ceased are entitled to unpaid compensation, but to date have not received such compensation.

62. More than thirty days have passed since Named Plaintiff Daniel Friedman and certain California Class members left Wells Fargo's employ.

63. As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, Named Plaintiff Daniel Friedman and California Class members whose employment ended during the California Class Period are entitled to thirty days' wages under Cal. Labor Code § 203, together with interest thereon and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

**(CALIFORNIA RECORD-KEEPING PROVISIONS, CAL. WAGE ORDER NO. 4-2001; CAL LABOR CODE §§ 226, 1174, & 1174.5, BROUGHT BY NAMED PLAINTIFF FRIEDMAN ON BEHALF OF HIMSELF AND THE CALIFORNIA CLASS)**

64. Named Plaintiff Daniel Friedman, on behalf of himself and the California Class, re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

65. Wells Fargo knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Named Plaintiff Daniel Friedman and to members of the California Class in accordance with § 226(a) and applicable IWC Wage Orders. Such failure caused injury to Named Plaintiff Daniel Friedman and the California Class members. At all times relevant hereto, Wells Fargo has failed to maintain records of hours worked by Named Plaintiff Daniel Friedman and California Class members as required under Labor Code § 1174(d).

66. Named Plaintiff Daniel Friedman and members of the California Class are entitled to and seek injunctive relief requiring Wells Fargo to comply with Labor Code §§ 226(a) and 1174(d), and further seek penalties under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) per employee for the initial pay period in which the violation occurred and one hundred dollars ($100) per employee for each violation in a

subsequent pay period.

## FIFTH CAUSE OF ACTION

**(CALIFORNIA MEAL AND REST PERIOD PROVISIONS, CAL. WAGE ORDER NO. 4-2001; CAL. LABOR CODE §§ 218.5, 226.7, & 512 BROUGHT BY NAMED PLAINTIFF FRIEDMAN ON BEHALF OF HIMSELF AND THE CALIFORNIA CLASS)**

67. Named Plaintiff Daniel Friedman, on behalf of himself and the California Class, re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

68. Named Plaintiff Daniel Friedman and members of the California Class regularly worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512, and Wage Order No. 4-2001, § 11(a).

69. In addition, Named Plaintiff Daniel Friedman and members of the California Class regularly worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by §§ 226.7 and Wage Order No. 4-2001, § 12.

70. As a result of Wells Fargo's failure to afford proper meal periods, it is liable to Named Plaintiff Daniel Friedman and members of the California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

71. As a result of Wells Fargo's failure to afford proper rest periods, it is liable to Named Plaintiff Daniel Friedman and members of the California Class for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 12(b).

## SIXTH CAUSE OF ACTION

**(CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200 *et seq.* BROUGHT BY PLAINTIFF FRIEDMAN ON BEHALF OF HIMSELF AND THE CALIFORNIA CLASS)**

72. Named Plaintiff Daniel Friedman, on behalf of himself and the California Class, re-alleges and incorporates by reference each and every allegation set forth in the preceding

1  paragraphs.

2  73. The foregoing conduct, as alleged, violates the California Unfair Competition Law
3  ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*  Section 17200 of the Cal. Bus. & Prof. Code
4  prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or
5  practices.

6  74. Beginning at a date unknown to Named Plaintiff Daniel Friedman, but at least
7  four years prior to the filing of this action, Wells Fargo committed acts of unfair competition, as
8  defined by the UCL, by, among other things, engaging in the acts and practices described and
9  alleged herein.  Wells Fargo's conduct as alleged herein has injured Named Plaintiff Daniel
10 Friedman and members of the California Class by wrongfully denying them earned wages, and
11 therefore was substantially injurious to Named Plaintiff Daniel Friedman and the California
12 Class.

13 75. Wells Fargo engaged in unfair competition in violation of the UCL by violating,
14 *inter alia*, each of the following laws.  Each of these violations constitutes an independent and
15 separate violation of the UCL:

16  a. The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;
17  b. California Labor Code § 1194;
18  c. California Labor Code §§ 201, 202, 203, 204, and 226;
19  d. California Labor Code § 1174; and
20  e. California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

28  76. Wells Fargo's course of conduct, acts, and practices in violation of the California
laws referenced above constitute a separate and independent violation of the UCL.  Wells

1 Fargo's conduct described herein violates the policy or spirit of such laws or otherwise
2 significantly threatens or harms competition.

3      77.     The unlawful and unfair business practices and acts of Wells Fargo, described
4 above, have injured Named Plaintiff Daniel Friedman and members of the California Class in
5 that they were wrongfully denied the payment of earned overtime wages.

6      78.     Named Plaintiff Daniel Friedman, on behalf of himself and the California Class,
7 seek recovery of attorneys' fees and costs of this action to be paid by Wells Fargo, as provided
8 by the UCL and California Labor Code §§ 218, 218.5, and 1194.

9      79.     Named Plaintiff Daniel Friedman, on behalf of himself and the California Class,
10 seek restitution in the amount of the respective unpaid wages earned and due at a rate not less
11 than one and one-half times the regular rate of pay for work performed in excess of forty hours in
12 a workweek, or eight hours in a day, and double the regular rate of pay for work performed in
13 excess of twelve hours per day.

14 **SEVENTH CAUSE OF ACTION**

15 **(DECLARATORY JUDGMENT BROUGHT BY PLAINTIFFS MONTE RUSSELL AND
16 DANIEL FRIEDMAN ON BEHALF OF THEMSELVES AND ALL OTHER
PLAINTIFFS)**

17      80.     The Named Plaintiffs, on behalf of themselves and all Plaintiffs, re-allege and
18 incorporate by reference each and every allegation set forth in the preceding paragraphs.

19      81.     Upon information and belief, Wells Fargo claims to have established a fluctuating
20 workweek-agreement with each Plaintiff during the relevant time periods at issue, regardless of
21 where he or she may reside, such that to the extent Wells Fargo is liable to Plaintiffs on the
22 federal wage and hour claims asserted herein, each Plaintiff is entitled only to additional half-
23 time pay for those hours worked in excess of forty (40) hours during the particular workweeks in
24 which previously unpaid overtime is owed.

25      82.     Any purported universal nationwide agreement between Wells Fargo and
26 Plaintiffs is invalid because the majority of Opt-in Plaintiffs, as well as Named Plaintiff Daniel
27 Friedman, reside in jurisdictions where the application of the fluctuating workweek method of
28 computing overtime compensation is not permitted, recognized and/or applied under state wage

and hour laws.

83. Any purported universal nationwide agreement between Wells Fargo and Plaintiffs is therefore invalid because an employer like Wells Fargo cannot maintain a fluctuating workweek employment agreement under federal law where it is expressly prohibited in multiple states.

84. Upon information and belief, Wells Fargo has recognized that a fluctuating workweek agreement never existed between Wells Fargo and its California PC/LAN Engineers 3, PC/LAN Engineers 4, and PC/LAN Engineers 5 employees. Upon further information and belief, Wells Fargo has paid back wages to certain current and former employees who held the positions of PC/LAN Engineer 3, PC/LAN Engineer 4, or PC/LAN Engineer 5 in the state of California during the relevant time periods based on the traditional time-and-a-half rate of overtime compensation pursuant to 29 U.S.C. § 207(a), but without liquidated damages.

85. In light of the foregoing, the Named Plaintiffs and putative class members seek a declaratory judgment as follows:

    a. That, at no time relevant hereto did a universal, nationwide agreement exist between Wells Fargo and Plaintiffs to compensate any and all overtime hours worked by PC/LAN Engineers 3, PC/LAN Engineers 4, and PC/LAN Engineers 5 employees, utilizing a half-time premium rate pursuant to the fluctuating workweek method of calculating overtime compensation under the FLSA, 29 C.F.R. § 778.114; and

    b. That, in the event Wells Fargo is found liable to Plaintiffs on the federal wage and hour claims asserted herein, the fluctuating workweek method of computing unpaid overtime at half the employee's regular hourly rate of pay for all hours worked over forty (40) is inapplicable due to state law considerations.

    c. That the back wages owed to Plaintiffs as a result of Wells Fargo's misclassification of PC/LAN Engineers 3, PC/LAN Engineers 4, and PC/LAN Engineers 5 as "exempt" from overtime pay requirements must

1 | be computed at the traditional time-and-a-half rate pursuant to 29 U.S.C. §
2 | 207(a).
3 |    d. That the requirements for establishing a fluctuating workweek agreement
4 | do not otherwise exist under the facts of this case.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs Monte Russell and Daniel Friedman, on behalf of themselves and all members of the FLSA Employee Class, pray for judgment as follows:

1. Designation of this action as a collective action on behalf of the proposed FLSA Employee Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

2. Designation of the Named Plaintiffs Monte Russell and Daniel Friedman as Representatives of the FLSA Employees;

3. Declaring the rights and obligations of the parties as prayed for;

4. An award of damages, including liquidated damages, to be paid by Wells Fargo;

5. Costs of action incurred herein, including expert fees;

6. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

7. Pre- and post-judgment interest, as provided by law; and

8. Such injunctive and equitable relief as the Court may deem just and proper.

WHEREFORE, Plaintiff Daniel Friedman on behalf of himself and all members of the California Class, pray for judgment as follows:

9. Designation of this action as a class action on behalf of the California Class;

10. Designation of Plaintiff Daniel Friedman as a Representative of the California Class;

11. A declaratory judgment that the practices complained of herein are unlawful under California law;

12. Appropriate equitable and injunctive relief to remedy Defendant's violations of California law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

13. Appropriate statutory penalties;

1      14.   Damages and restitution, including waiting time penalties, meal and rest break violation payments; record-keeping penalties, and overtime wages to be paid by Defendant Wells Fargo according to proof;

     15.   Costs of the action incurred herein, including expert fees;

     16.   Attorneys' fees and costs of suit, including expert fees;

     17.   Pre- and post-judgment interest, as provided by law; and

     18.   For any other and further relief the Court may deem just or equitable.

Dated: September 4, 2008            Respectfully submitted,

                                      AUDET & PARTNERS, LLP

                                      /s/ William M. Audet
                                      William M. Audet (California State Bar No. 117456)
                                      Adel Nadji (California State Bar No. 232599)
                                      221 Main Street, Suite 1460
                                      San Francisco, California 94105
                                      anadji@audetlaw.com
                                      Telephone: (415) 568-2555
                                      Facsimile: (415) 568-2556

                                      T. Joseph Snodgrass (*Pro Hac Vice*)
                                      Kelly A. Swanson (*Pro Hac Vice*)
                                      LARSON • KING, LLP
                                      2800 Wells Fargo Place
                                      30 East 7th Street
                                      St. Paul, Minnesota 55101
                                      Telephone: (651) 312-6500
                                      Facsimile: (651) 312-6619

                                      Attorneys for Plaintiffs MONTE RUSSELL and
                                      DANIEL FRIEDMAN

Lk: 1233724

FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

I am employed in the County of San Francisco, State of California; my business address is 221 Main Street, Suite 1460, San Francisco, California 94105. I am over the age of 18 and not a party to the within action. On this date I served the following documents:

**FIRST AMENDED COMPLAINT**

on the parties shown below:

Glenn L. Briggs
Theresa A. Kading
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, California 92618
Telephone:   (949) 450-8040
Facsimile:   (949) 450-8033
*Attorneys for Defendant*

[X] (BY ELECTRONIC FILING) On this date I provided the documents(s) listed above electronically through the Court's electronic filing service provider pursuant to the instructions on that website.

[X] Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on this 4th day of September, 2008, at San Francisco, California.

                    */s/ Adel A. Nadji*
                    Adel A. Nadji