1   William M. Audet (CA 117456)
2   Adel A. Nadji (CA 232599)
    AUDET & PARTNERS, LLP
3   221 Main Street, Suite 1460
    San Francisco, CA 94105
    Telephone: 415.568.2555
4   Facsimile: 415.568.2556

5   T. Joseph Snodgrass, Pro Hac Vice
    Shawn M. Raiter, Pro Hac Vice
6   Kelly A. Swanson, Pro Hac Vice
7   LARSON KING, LLP
    30 E. 7th Street, Suite 2800
8   Saint Paul, MN 55101
    Telephone: 651-312-6500
9   Facsimile: 651-312-6618

10  *Attorneys for Plaintiffs and*
11  *The Class Members*

12

13                    **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF CALIFORNIA**

15                         **OAKLAND DIVISION**

16

17  MONTE RUSSELL and DANIEL FRIEDMAN,    Case No. C–07-3993-CW
    on behalf of themselves and others similarly
18  situated,

19              Plaintiffs,                      **JOINT CASE MANAGEMENT**
                                                 **STATEMENT**
20         v.

21

22  WELLS FARGO AND COMPANY and WELLS
    FARGO BANK, N.A.
23
                Defendants.
24

25         Plaintiffs, Monte Russell and Daniel Friedman, and Defendants, Wells Fargo &

26  Co. and Wells Fargo Bank, N.A., hereby submit this Joint Case Management Statement.

27  **1.      Jurisdiction And Service**
            Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.
28

Section 216.  This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28

U.S.C. Section 1331.  Plaintiffs contend that the Court also has original jurisdiction under the

Class Action Fairness Act, 28 U.S.C. Section 1332, because this is a class action in which (1)

there are 100 or more members in the proposed Class; (2) at least some members of the proposed

Class have a different citizenship from Defendant; and (3) the claims of the proposed Class

Members exceed $5,000,000 in the aggregate.  Plaintiffs contend that the Court also has

supplemental jurisdiction under 28 U.S.C. Section 1367 over Plaintiffs' state law claims, because

those claims derive from a common nucleus of operative fact.  Defendants disagree with

Plaintiffs' contentions.

All parties have been served.  No questions exist regarding personal jurisdiction.

No questions exist regarding venue.

**2.    Facts**

Plaintiffs allege that Monte Russell and Daniel Friedman were employed by

Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A. ("Wells Fargo") as Technology

Information Group ("TIG") employees with the job title "PC/LAN Engineer."  Defendants

contend that only Wells Fargo Bank, N.A., was the employer of Plaintiffs.  Plaintiffs allege that

their primary duties were to provide computer support to Wells Fargo.  Plaintiffs allege that Wells

Fargo misclassified Plaintiffs' job positions as exempt from the overtime requirements of the

FLSA.  Defendants contend that Plaintiffs were properly classified as exempt from the overtime

requirements of the FLSA.

Plaintiffs brought this action on behalf of themselves and all persons (hereinafter

"FLSA Employees") who were employed by Wells Fargo as TIG employees, who held the

position of PC/LAN Engineer 3, PC/LAN Engineer 4, or PC/LAN Engineer 5, and who were paid

a salary and treated as exempt from the laws requiring overtime for some period of time after

November 1, 2004 through the date of the final disposition of this action (the "FLSA Period").

To date, twenty-three (23) current and former employees (collectively referred to as "Opt-In Plaintiffs") have agreed to join this action as party plaintiffs under the FLSA.

Plaintiff Friedman also brings this action on behalf of himself and all persons (hereinafter the "California Class") who were employed by Wells Fargo in California as PC/LAN Engineers 3, 4, or 5, and who were paid a salary and treated as exempt from California laws requiring overtime at any time within the four years prior to the filing of the Amended Complaint through the date of the final disposition of this action (the "California Class Period").

Plaintiffs allege that Wells Fargo unlawfully classified them, the FLSA Employees, and the California Class members as exempt from overtime pay provisions under the FLSA and California wage and hour laws. Plaintiffs further allege that Plaintiffs, the FLSA Employees, and members of the California Class worked overtime or on-call hours and are and have been entitled to premium compensation of one and one-half times the regular hourly rate ("overtime compensation") for those hours. Further, Plaintiff Friedman alleges that he and members of the California Class are and have been entitled to overtime compensation at one and one-half times the hourly rate for hours worked between eight and twelve in a day, and at twice the regular rate for overtime hours over twelve in a day. Finally, Plaintiffs allege that the foregoing violations were willful and that Wells Fargo failed to keep time records as required by federal and state laws.

Defendant Wells Fargo generally denies Plaintiffs' allegations.

**3.      Legal Issues**

This case will include numerous disputed points of law, including the following legal issues:

1       •       Whether Plaintiffs and other Wells Fargo employees who held the position

2   of PC/LAN Engineer 3, PC/LAN Engineer 4, or PC/LAN Engineer 5, are exempt from the

3   FLSA's overtime requirements;

4       •       Whether Defendants have failed to make, keep, and preserve records with

5   respect to each of its employees sufficient to determine their wages, hours, and other conditions

6   and practice of employment, in violation of 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. §

7   211(c) and § 216(b);

8       •       Whether there is a private right of action for violation of the recordkeeping

9   provisions of the FLSA;

10      •       Whether Defendants' failure to pay overtime was "willful" within the

11  meaning of Section 6(a) of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 255(a), because

12  Defendants did not act in good faith in failing to pay proper overtime pay, and had no reason to

13  believe that its failure to do so was not a violation of the FLSA, within the meaning of Section 11

14  of the Portal-to-Portal Pay Act, as amended, 29 U.S.C. § 260;

15      •       Whether Plaintiffs and the FLSA Employees are entitled to liquidated

16  damages pursuant to Section 16(b) of the FLSA;

17      •       Whether reasonable attorneys' fees and costs, pursuant to Section 16(b) of

18  the FLSA, 29 U.S.C. § 216(b), should be awarded to Plaintiffs;

19      •       Whether Plaintiff Friedman and other Wells Fargo employees who held the

20  position of PC/LAN Engineer 3, PC/LAN Engineer 4, or PC/LAN Engineer 5, are exempt from

21  the overtime requirements of California state law;

22      •       Whether reasonable attorneys' fees and costs, pursuant to Cal. Labor Code

23  § 1194(a), should be awarded to Plaintiffs;

24      •       Whether Defendants failed to maintain records of hours worked by

25  Plaintiff Friedman and members of the California Class as required by Cal. Labor Code §

26  1174(d);

27      •       Whether Defendants knowingly and intentionally failed to provide timely,

28  accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff Friedman and

members of the California Class in accordance with Cal. Labor Code § 226(a) and applicable IWC Wage Orders;

• Whether Plaintiff Friedman and members of the California Class are entitled to injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and 1174(d);

• Whether Plaintiffs can maintain a Labor Code Section 226 claim and whether Plaintiffs have experienced actual injury as a result of the alleged violation of Labor Code Section 226;

• Whether Plaintiff Friedman and members of the California Class are entitled to penalties under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) per employee for the initial pay period in which the violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period;

• Whether Defendants violated California meal and rest period provisions, Cal. Wage Order No. 4-2001, Cal. Labor Code §§ 218.5, 226.7, and 512;

• Whether Defendants violated California's unfair competition law, Cal. Bus. & Prof. Code §§ 17200 et seq.;

• Whether Defendants established a fluctuating workweek-agreement with each Plaintiff and others similarly situated during the relevant time periods at issue;

• Whether the applicable statute of limitations, including 29 U.S.C. § 255, bars Plaintiffs' claims in whole or in part;

• Whether Plaintiffs' claims are barred in whole or in part by the *de minimis* doctrine;

• Whether Plaintiffs may properly pursue an FLSA opt-in collective action together with a Rule 23 opt-out class action;

• Whether the Court has jurisdiction under the Class Action Fairness Act;

• Whether the Court should exercise supplemental jurisdiction under 28 USC Section 1367;

1      • Whether Plaintiffs' claims are proper for treatment as a class and/or

2   collective action.

3

4   **4.      Motions**

5                Prior and Pending Motions, Current Status:

6      • Plaintiffs' Motions for Leave to Appear in Pro Hac Vice (Docket ## 6-8).

7   Motions granted (Doc. ## 9-11).

8      • Administrative Motion to Consider Whether Cases Should Be Related

9   Pursuant to Local Rule 3-12 (Doc. # 23).  Motion granted (Doc. # 28).

10      • Plaintiffs' Motion to Amend Complaint (Doc. # 31).  Motion granted (Doc.

11  # 54).

12      • Plaintiffs' Motion for Conditional Collective Action Certification Under

13  FLSA , 29 U.S.C. 216(b), and for Court-approved Notice of FLSA Claims (Doc. #35).  Motion

14  granted (Doc. # 54).

15      • Plaintiffs' Motion to Strike Docket/Document #30, Part 2 (Doc. # 46).

16  Motion granted (Doc. # 52).

17

18                Anticipated Motions:

19

20      • Potential motion pursuant to FRCP Rule 12;

21      • Discovery Motions/Motions to Compel;

22      • Defendants' Motion(s) for Decertification;

23      • Plaintiffs' Motion(s) to Certify the proposed California Class pursuant to

24  Fed. R. Civ. P. 23;

25      • Motions for Summary Judgment or Partial Summary Judgment; and

26      • Pre-Trial Motion Practice.

27  **5.      Amendment of Pleadings**
                Plaintiffs expect that additional individuals will join the FLSA collective action by

28

filing Consent to Join forms.  Additionally, Plaintiffs may seek leave to further amend the

Complaint, if necessary.  Plaintiffs propose January 1, 2009 as the deadline for joining other

parties and amending the pleadings.  Plaintiffs clarify herein that the January 1, 2009 deadline

shall not relate to or prevent putative collective action class members or "opt-in" plaintiffs from

opting in to this litigation prior to the issuance of Court-authorized notice of collective action to

putative members and the expiration of a Court-prescribed deadline for acceptance of opt-in

members of a putative collective action against Defendants.  Defendants propose October 16,

2008, as the deadline for joining other parties and amending the pleadings.

**6.    Evidence Preservation**
    Plaintiffs understand their duty to preserve records, including paper and electronic

copies, and have taken steps to preserve all documents potentially relevant to this action in their

possession.

    Defendants have communicated to certain of their employees to preserve evidence

relating to Plaintiffs' employment with Wells Fargo Bank, N.A.

**7.    Disclosures**
    The parties have not exchanged initial disclosures.   Plaintiffs request that the

Court order the exchange of Rule 26(a) reports in September 2008.  Defendants request that the

Court order the exchange of Rule 26(a) reports by October 16, 2008, 30 days from the date of the

Case Management Conference.

**8.    Discovery**
    The parties have served the following discovery to date:

    •    Plaintiffs' First Set of Requests for Production of Documents was served

on September 27, 2007;

    •    Plaintiffs' First Set of Interrogatories was served on September 27, 2007;

1    •    Plaintiffs' Notice of Videotaped Corporate Deposition pursuant to Fed. R.

2    Civ. P. 30(b)(6) was served on Defendants on August 29, 2008.  The Corporate Deposition is

3    currently scheduled for September 17, 2008;

4    •    Defendants' Responses to Plaintiffs' First Set of Requests for Production

5    of Documents was served on August 19, 2008;

6    •    Defendants' Responses to Plaintiffs' First Set of Interrogatories was served

7    on August 19, 2008;

8    •    Defendants' Special Interrogatories to Opt-In Plaintiff Susette Walsh were

9    served on August 22, 2008;

10    •    Defendants' Request for Production of Documents to Opt-In Plaintiff

11    Susette Walsh were served on August 22, 2008;

12    •    Plaintiffs' Responses to Defendants' Special Interrogatories and Request

13    for Production of Documents are not due yet;

14    •    Defendants' Special Interrogatories to Opt-In Plaintiff Randal Scott were

15    served on September 2, 2008;

16    •    Defendants' Request for Production of Documents to Opt-In Plaintiff

17    Randal Scott were served on September 2, 2008;

18    •    Plaintiffs' Responses to Defendants' Special Interrogatories and Request

19    for Production of Documents are not due yet;

20    •    Defendants' Special Interrogatories to Opt-In Plaintiff Kevin Casner were

21    served on September 2, 2008;

22    •    Defendants' Request for Production of Documents to Opt-In Plaintiff

23    Kevin Casner were served on September 2, 2008;

24    •    Plaintiffs' Responses to Defendants' Special Interrogatories and Request

25    for Production of Documents are not due yet;

26    •    Defendants' Special Interrogatories  to Opt-In Plaintiff Patrick Mochelle

27    were served on September 2, 2008;

28

1  •  Defendants' Request for Production of Documents to Opt-In Plaintiff

2  Patrick Mochelle were served on September 2, 2008;

3  •  Plaintiffs' Responses to Defendants' Special Interrogatories and Request

4  for Production of Documents are not due yet.

5  The scope of discovery and discovery plan:

6  Plaintiffs do not believe that discovery should be significantly limited at this stage

7  of the proceedings.  Plaintiffs request the following:

8
    1.  _100_____ Interrogatories
9
    2.  _No Limits_____ Document requests
    3.  _No Limits_____ Factual depositions (Plaintiff anticipates 20-30)
10
    4.  _No Limits_____ Requests for admissions
    5.  _Not anticipated_____ Rule 35 medical examinations
11
    6.  _____ other.

12
Defendants request the following:
13
    1.  _Per Rule 33_____ Interrogatories
14
    2.  _No Limits_____ Document requests
    3.  _No Limits_____ Factual depositions (Plaintiff anticipates 20-30)
15
    4.  _No Limits_____ Requests for admissions
    5.  _Not anticipated_____ Rule 35 medical examinations
16
    6.  _____ other.

17
The parties recommend that the Court establish the following discovery deadlines:
18

19  1.  August 3, 2009  Deadline for completion of non-expert discovery, including
    service and response to interrogatories, document requests, requests for admission
20  and scheduling of factual depositions;
    2.  N/A___  Deadline for completion of all Rule 35 medical examinations.
21

22  The parties anticipate that they will require expert witnesses at time of trial and recommend the

23  following:

24  1.  Plaintiffs anticipate calling _2-3_ experts: to testify concerning damages, FLSA
    compliance, and California wage and hour law compliance.
25  2.  Defendants anticipate calling _2_____ experts.
    3.  As to exemption claims, because Defendants bear the burden of proof on liability,
26  Defendants' expert reports should be submitted on July 30, 2009, Plaintiffs' expert
    reports should be submitted on September 1, 2009 and rebuttal expert reports
27  should be submitted on September 21, 2009.  Plaintiffs further agree that
    Defendants will present evidence first at trial regarding liability with respect to the
28

exemption issue.  As to the claims on which Plaintiffs has the burden of proof, Plaintiffs' expert reports should be submitted on July 30, 2009, Defendants' expert reports should be submitted on September 1, 2009, and rebuttal expert reports should be submitted in September 21, 2009.

4.  Expert depositions should be completed between September 21, 2009 and October 21, 2009.

Plaintiffs recommend that the motions be filed and served on or before the following date:

1.  Non-dispositive motions: Heard on or before September 1, 2009.
2.  Dispositive motions: Heard on or before September 1, 2009.

Defendants recommend that all motions be heard on or before November 2, 2009.

The parties agree that the case will be ready for trial on or after December 1, 2009.

Plaintiffs anticipate that the trial may be 5-7 days.  Defendants estimate that the trial will be 20-30 days.  A final pretrial conference should be held on or before November 2, 2009.

**9.      Class Actions**

Plaintiffs allege a nationwide collective action ("opt-in") under the FLSA, and a California state law class ("opt out") under Federal Rule Civil Procedure 23.  Plaintiffs have already filed their motion for conditional certification of a collective action which the Court granted.  The parties' suggestion for the deadline by which Plaintiffs must file a class certification motion is May 1, 2009.  Defendants request that the Court set a briefing schedule wherein Defendants will have 45 days to file their opposition to Plaintiffs' Motion.  Plaintiffs oppose Defendants' request at this time.

**10.     Related Cases**

On June 11, 2008, the Court issued an Order finding that *Lewis et al v. Wells Fargo & Co.*, 08-cv-02670 JCS, is related (Doc # 28).  The parties are unaware of any other related cases.  Defendants contend that the *Lewis* case is not related to this case.

**11.     Relief**

Plaintiffs seek, on behalf of themselves and all members of the FLSA Employee Class, (1) designation of this action as a collective action on behalf of the proposed FLSA

1  Employee Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b); (2) designation of

2  the Named Plaintiffs as representatives of the FLSA Employees; (3) declarations of the rights and

3  obligations of the parties as prayed for in the Amended Complaint; (4) an award of damages,

4  including liquidated damages, to be paid by Defendants; (5) costs of the action incurred herein,

5  including expert fees; (6) attorneys' fees, including fees pursuant to 29 U.S.C. § 216; (7) pre- and

6  post-judgment interest, as provided by law; and (8) such injunctive relief and equitable relief as

7  the Court may deem just and proper.

8

9          Plaintiff Friedman seeks, on behalf of himself and members of the California

10  Class, (1) designation of this action as a class action on behalf of the California Class; (2)

11  designation of Plaintiff Friedman as a representative of the California Class; (3) a declaratory

12  judgment that the practices complained of in the Amended Complaint are unlawful under

13  California law; (4) appropriate equitable and injunctive relief to remedy Defendants' violations of

14  California law, including but not necessarily limited to an order enjoining Defendants from

15  continuing its unlawful practices; (5) appropriate statutory penalties; (6) damages and restitution,

16  including waiting time penalties, meal and rest break violation payments, record-keeping

17  penalties, and overtime wages to be paid by Defendants according to proof; (7) costs of the action

18  incurred herein, including expert fees; (8) attorneys' fees and costs of suit, including expert fees;

19  (9) pre- and post-judgment interest, as provided by law; and (10) any other and further relief the

20  Court may deem just or equitable.

21

22          Plaintiff has no documents to support a monetary calculation at this time.

23  Damages calculations will be based upon employment records and expert testimony.  Upon

24  information and belief, employment records and other documents necessary to formulate a

25  damages calculation are in Defendants' possession.  Defendants have not yet produced all the

26  discovery necessary to formulate a damages calculation.  Discovery continues.

27

28

- 10 -

**12.    Settlement and ADR**

The parties have attempted to privately mediate the case.  On June 18, 2008, the parties participated in a full-day mediation session in Toluca Lake, California.  The session was mediated by Gig Kyriacou and included counsel for Plaintiffs and Defendants, as well as Wells Fargo representatives.

**13.    Consent To Magistrate Judge For All Purposes**

The parties have not agreed to consent to jurisdiction by a Magistrate Judge pursuant to Title 28, USC § 636(c) at this time.

**14.    Other References**

The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties anticipate that there may be issues that can be narrowed by agreement or by motion as the case progresses.  There are none at this time.  The parties do not wish to bifurcate issues, claims, or defenses at this time.

**16.    Expedited Schedule**

The parties do not request an expedited schedule at this time.

**17.    Scheduling**

See number 8 above.

**18.    Trial**

Plaintiffs have demanded a jury trial.  Until the Court rules on Plaintiffs' anticipated motion for Class Certification and any motions for summary judgment or partial summary judgment, the scope of the trial cannot be determined.  Accordingly, it is premature to discuss the expected length of the trial at present.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs assert that, other than Plaintiffs' attorneys and their respective law firms, no persons, firms, partnerships, corporations, or other entities known by him have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendant submitted a "Certification of Interested Parties" pursuant to Civil L.R. 3-16 with its Answer (Doc. # 12).  Therein, Defendant asserts that the following list of persons, associations of persons, firms, partnerships, corporations or other entities have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding:

(1) Monte Russell, Plaintiff,
(2) Wells Fargo Bank, N.A., Defendant, and
(3) Wells Fargo & Company, Defendant and parent of Defendant Wells Fargo Bank, N.A.

**20.    Other Matters**

The parties have no other matters to bring before the Court at this time.

1

2   Dated:  September 9, 2008                Respectfully submitted,

3                                           AUDET & PARTNERS, LLP

4

5
                                            /s/ William M. Audet
6                                           William M. Audet (California State Bar No. 117456)
                                            Adel Nadji (California State Bar No. 232599)
7                                           221 Main Street, Suite 1460
                                            San Francisco, California  94105
8                                           ANadji@audetlaw.com
                                            Telephone:    (415) 568-2555
9                                           Facsimile:    (415) 568-2556

10
                                            LARSON ● KING, LLP
11                                          T. Joseph Snodgrass (*Pro Hac Vice*)
                                            Kelly A. Swanson (*Pro Hac Vice*)
12                                          2800 Wells Fargo Place
                                            30 East 7th Street
13                                          St. Paul, Minnesota 55101
                                            Telephone:    (651) 312-6500
14                                          Facsimile:    (651) 312-6619

15
                                            Attorneys for Plaintiffs MONTE RUSSELL and
16                                          DANIEL FRIEDMAN and Putative Collective and Class
                                            Action Plaintiffs
17

18                                                              ---

19                                          HODEL BRIGGS WINTER, LLP

20

21
                                            /s/ Glenn L. Briggs
22
                                            Glenn L. Briggs (California State Bar No. 174497)
23                                          Theresa A. Kading (California State Bar No. 211469)
                                            8105 Irvine Center Drive, Suite 1400
24                                          Irvine, CA 92618
                                            Telephone: (949) 450-8040
25                                          Facsimile: (949) 450-8033

26                                          Attorneys for Defendant WELLS FARGO BANK, N.A.

27

28   LK#1238733