William M. Audet (CA 117456)
Adel A. Nadji (CA 232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

T. Joseph Snodgrass (Pro Hac Vice)
Kelly A. Swanson (Pro Hac Vice)
LARSON • KING, LLP
2800 Wells Fargo Place
30 East 7th Street
St. Paul, Minnesota 55101
Telephone: 651.312.6500
Facsimile: 651.312.6619

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MONTE RUSSELL and DANIEL FRIEDMAN, on behalf of themselves and others similarly situated, | Case No. C–07-3993-CW |
| Plaintiffs, | **PLAINTIFFS' MOTION TO STRIKE OR OTHERWISE INVALIDATE DEFENDANT WELLS FARGO BANK N.A.'S RULE 68 OFFERS OF JUDGMENT** |
| v. | |
| WELLS FARGO AND COMPANY and WELLS FARGO BANK, N.A., | |
| Defendants. | **Date: October 16, 2008**<br>**Time: 2:00 p.m.**<br>**Courtroom: 2, 4th Floor**<br>**Hon. Claudia Wilken** |

Audet & Partners,
LLP
www.audetlaw.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................................................ii

NOTICE OF MOTION AND MOTION......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES................................................. 3

I.  INTRODUCTION................................................................................................ 3

II.  FACTUAL AND PROCEDURAL BACKGROUND ........................................ 4

    A.  Procedural Status:  Plaintiffs' Inability to Evaluate Offers of Judgment. ............... 4

    B.  Wells Fargo's Refusal to Meet and Confer Regarding Propriety of Rule 68 Offers................................................................................................................... 5

    C.  Service of First Offer of Judgment for Susette Walsh. ........................................... 5

    D.  Service of Second Offer of Judgment for Susette Walsh. ....................................... 5

    E.  Service of Additional Offers of Judgment............................................................... 6

III.  ARGUMENT ....................................................................................................... 6

    A.  The Court Can and Should Strike or Otherwise Invalidate Wells Fargo's Rule 68 Offers. ............................................................................................. 6

    B.  Required Court Approval of FLSA Collective Action Claims Renders Wells Fargo's Rule 68 Offers Invalid. .................................................... 9

        1.  FLSA Claims May Only Be Settled Under the Supervision of the Secretary of Labor or a District Court. ........................................ 9

        2.  The Offerees Cannot Effectively Accept Wells Fargo's Rule 68 Offer Without This Court's Approval. .................................... 9

        3.  Wells Fargo's Failure to Produce All the Documentation Supporting Its Damages Calculations Prevents the Offerees, Plaintiffs' Counsel, and the Court from Analyzing the Sufficiency of Wells Fargo's Rule 68 Offers. ..........................................................11

    C.  Wells Fargo's Rule 68 Offers Are an Impermissible Attempt to Undermine the Efficient Collective Litigation of This Action............................... 13

        1.  Wells Fargo's Rule 68 Offers Are Inappropriate in the Context of This Developing, Pre-Merits Discovery Collective Action. ..................... 13

        2.  Problems Associated With Apportioning Costs and Attorneys' Fees in Connection With Wells Fargo's Rule 68 Offers Render the Offers Inappropriate in the Context of This Conditionally Certified Collective Action............................................................................ 16

    D.  Wells Fargo's Rule 68 Offers Are Procedurally Defective and Invalid............... 16

IV.  CONCLUSION ................................................................................................. 18

# TABLE OF AUTHORITIES

**Cases**

*Boorstein v. City of New York,*
107 F.R.D. 31, 34 (S.D.N.Y. 1985)...........................................................................7

*Bretana v. International Collection Corp.,*
No. 07-5934, 2008 WL 2264555, at *3 (N.D. Cal. June 2, 2008) ...............................8

*Brinkerhoff v. Swearingen Aviation Corp.,*
663 P.2d 937, 943 (Ala. 1983) ................................................................................16

*Christian v. R. Wood Motors, Inc.,*
No. 91-CV-1348, 1995 WL 238981, at *3 (N.D.N.Y. Apr. 21, 1995) .......................7

*Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30,*
86 F.R.D. 500, 501-02 (N.D. Cal. 1980)..............................................................7, 11

*Geer v. Challenge Fin. Investors Corp.,*
No. 05-1109, 2006 WL 704933, at *3 (D. Kan. Mar. 14, 2006)...............................14

*Gibson v. Aman Collection Serv.,*
No. 00-1798, 2001 WL 849525, at *2 (S.D. Ind. July 23, 2001)..............................14

*Guerra v. Big Johnson Concrete Pumping Inc.,*
No. 05-14237, 2006 WL 2290517, at *3 (S.D. Fla. June 28, 2008) ..........................14

*Gulf Oil Co. v. Bernard,*
452 U.S. 89, 100 (1981) ............................................................................................8

*Hoffmann-LaRoche. Inc. v. Sperling,*
493 U.S. 165, 170-74 (1989).....................................................................................15

*Jenkins v. General Collection Co.,*
246 F.R.D. 600, 601-02 (D. Neb. 2007)....................................................................9

*Ladegaard v. Hard Rock Concrete Cutters, Inc.,*
No. 00-5755, 2001 WL 1403007, at *4-7 (N.D. Ill. Nov. 9, 2001) ...........................9

*Lee v. The Timberland Co.,*
No. 07-2367, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008) ........................1, 9

*Luna v. Del Monte Fresh Produce (Southeast), Inc.,*
2008 WL 754452 (N.D. Ga. Mar. 19, 2008).....................................................passim

*Lynn's Food Stores, Inc. v. U.S.,*
679 F.2d 1350, 1355 (11th Cir. 1982)..................................................................1, 9

*Mares v. Caesars Entertainment, Inc.,*
No. 4:06-cv-0060, 2007 WL 118877, at *2 (S.D. Ind. Jan. 10, 2007)......................15

*Martin v. Mabus,*
734 F.Supp. 1216, 1222 (S.D. Miss. 1990)...............................................................10

*McDowall v. Cogan.*
   216 F.R.D. 46, 52 (E.D.N.Y.2003) .................................................................... 8

*N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., LLC,*
   278 F.Supp.2d 654, 668-69 (E.D.N.C. 2003)................................................... 8

*O'Connor v. U.S.,*
   308 F.3d 1233, 1242 (Fed. Cir. 2002) ............................................................. 9

*Parker v. Risk Mgmt. Alternatives, Inc.,*
   204 F.R.D. 113, 116 (N.D. Ill. 2001) ............................................................ 10

*Randles v. Lowry,*
   84 Cal.Rptr. 321, 324-25 (Cal. Ct. App. 1970) ............................................ 16

*Reed v. TJX Companies, Inc.,*
   No. 04 C 1247, 2004 WL 2415055, at *1-3 (N.D. Ill. Oct. 27, 2007) ........... 13, 14

*Reyes v. Carnival Corp.,*
   No. 04-21861, 2005 WL 4891058, at *3-4 (S.D. Fla. May 25, 2005) ........... 13, 14, 15

*Rubery v. Buth-Na-Bodhaige, Inc.,*
   494 F.Supp.2d 178, 180-81 (W.D.N.Y. 2007) ............................................... 14

*Schaake v. Risk Mgmt. Alternatives, Inc.,*
   203 F.R.D. 108, 112 (S.D.N.Y. 2001).......................................................... 14

*Sjoblom v. Charter Communications, LLC,*
   3:07-cv-0451, 2007 WL 5314916, at *3 (W.D. Wis. Dec. 26, 2007) ............. 8

*Strausser v. ACB Receivables Mgmt.*
   No. A 06 5109, 2007 WL 512789, at *2 (E.D. Pa. Feb. 12, 2007) ................. 8

*Taylor v. CompUSA, Inc.,*
   No. 04-718, 2004 WL 1660939, at *___ (N.D. Ga. June 29, 2004) .............. 13

*Walton v. United Consumer Club, Inc.,*
   786 F.2d 303, 306 (7th Cir. 1986).................................................................. 9

*Wang v. Chinese Dailey News, Inc.,*
   2006 WL 1635423 (C.D. Cal. May 6, 2006).......................................... passim

*Yates v. Applied Performance Tech., Inc.,*
   205 F.R.D. 497, 502-03 (S.D. Ohio 2002) ................................................ 13, 14

*Yue Zhou v. Wang's Restaurant,*
   No. 05-0279, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007)............... 1, 9

**Statutes**

All Writs Act, 28 U.S.C. § 1651..................................................................... 1, 8

Fair Labor Standards Act ("FLSA")........................................................... passim

**Rules**

Fed. R. Civ. P. 12(f) ....................................................................................................... 1

Fed. R. Civ. P. 23(e) ...................................................................................................... 10

Fed. R. Civ. P. 26(a) ................................................................................................. 4, 13

Fed. R. Civ. P. 6 .............................................................................................................. 5

Fed. R. Civ. P. 6(a) .................................................................................................. 17, 18

Fed. R. Civ. P. 6(d) .................................................................................................. 17, 18

Fed. R. Civ. P. 68 ...................................................................................................passim

Fed. R. Civ. P. 83(b).................................................................................................... 1, 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on October 16, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Claudia Wilken of the above-entitled Court, Plaintiffs Monte Russell and Daniel Friedman ("Plaintiffs") will move, and hereby do move, the Court for an order striking or otherwise invalidating Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Offers of Judgment tendered pursuant to Fed. R. Civ. P. 68.[1] Plaintiffs' motion is brought pursuant to Fed. R. Civ. P. 12(f), or in the alternative, pursuant to Fed. R. Civ. P. 83(b) or the All Writs Act, 28 U.S.C. § 1651. In support of the Motion, Plaintiffs state as follows:

1.     Wells Fargo's Rule 68 Offers contravene well established precedent prohibiting private settlement of Fair Labor Standards Act ("FLSA") claims. *See Lee v. The Timberland Co.*, No. 07-2367, 2008 WL 2492295, at \*2 (N.D. Cal. June 19, 2008); *Yue Zhou v. Wang's Restaurant,* No. 05-0279, 2007 WL 2298046, at \*1 (N.D. Cal. Aug. 8, 2007); *see also Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982);

2.     Wells Fargo has failed to provide Plaintiffs' counsel with all the supporting documentation concerning the calculations which form the bases for its Rule 68 offers. Without such documentation, Plaintiffs' counsel is unable to evaluate the sufficiency of the offers;

3.     Wells Fargo's Rule 68 Offers are also an improper and premature attempt to circumvent and undermine the orderly, efficient, and fair adjudication of Plaintiffs' claims; and

4.     Wells Fargo incorrectly calculated the deadlines by which the Offerees must accept or decline Wells Fargo's Rule 68 offers of judgment rendering Wells Fargo's Rule 68 Offers procedurally defective.

//

---

[1] Plaintiffs' motion is brought on behalf of all Opt-in Plaintiffs, including Susette Walsh, Randal Scott, Patrick Moschelle, and Kevin Casner.

1   WHEREFORE, Plaintiffs respectfully request that this Court:

2       (a)    Strike and/or declare invalid Wells Fargo's Rule 68 Offers of Judgment issued on

3              August 29, 2008 and September 2, 2008;

4       (b)    Order that Wells Fargo refrain from issuing any further Rule 68 offers as to

5              Plaintiffs' and the Opt-in Plaintiffs' FLSA claims as such offers contravene clear

6              and well established precedent prohibiting private settlement of FLSA claims;

7       (c)    Order that Wells Fargo refrain from issuing any further Rule 68 offers unless and

8              until it seeks and obtains leave of Court to do so;

9       (d)    In the alternative, if the Court determines Wells Fargo's Rule 68 offers are valid,

10             clarify the manner in which fees and costs are to be allocated amongst and

11             between the collective action class members, and ensure that there will be no

12             prejudice to other collective action members in their ability to collect full awards,

13             including all fees and costs expended on their behalf in the event one or more

14             offers of judgment are accepted or rejected; and

15      (e)    Order any such other relief as this Court deems just and proper.

16      This Motion is based upon the Notice of Motion, the accompanying Memorandum of

17  Points and Authorities, the Declaration of T. Joseph Snodgrass in support thereof, all pleadings,

18  papers and records on file herein, any matter of which the Court may take judicial notice, and

19  such oral argument as may be presented at the hearing on these Motions.

20

21  Dated: September __, 2008              Respectfully submitted,

22                                         AUDET & PARTNERS, LLP

23

24                                         /s/ William M. Audet
                                           William M. Audet (California State Bar No. 117456)
25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       Plaintiffs Monte Russell and Daniel Friedman move to strike or otherwise invalidate

4    Wells Fargo's offers of judgment to Opt-in Plaintiffs Susette Walsh ("Walsh"), dated August 29,

5    2008, and to Randal Scott ("Scott"), Patrick Moschelle ("Moschelle"), and Kevin Casner

6    ("Casner") (collectively referred to herein as "Offerees"), dated September 2, 2008.[2]  The

7    August 29 and September 2 offers are not only procedurally defective but are also improper in

8    the context of this Fair Labor Standards Act ("FLSA") collective and proposed class action.

9    Because FLSA claims may not be settled or compromised absent supervision and approval of

10   either the Secretary of Labor or a district court, the Offerees simply do not have the independent

11   volition to make an effective acceptance of their respective offers from Wells Fargo without the

12   approval of this Court upon a finding that the proposed settlements are fair and reasonable.

13      Even if Wells Fargo's Rule 68 offers were proper in the context of this litigation —

14   which they are not — Wells Fargo has failed to provide all the supporting documentation and

15   information upon which the Offerees and their counsel may properly evaluate the sufficiency of

16   Wells Fargo's Rule 68 offers to ensure that the offers are fair, reasonable and complete.  The

17   proffered Rule 68 stipulated judgments essentially require the Offerees to accept on blind faith

18   that the assumptions made by Wells Fargo in calculating the amounts of back wages owed to

19   each of them are accurate, otherwise each Offeree risks having to pay Wells Fargo's costs at the

20   end of trial should the outcome of the case be less favorable than the original offer.  Such an

21   ultimatum is fundamentally unfair where Wells Fargo is purposely withholding documents vital

22   to the evaluation of its Rule 68 offers.

23      Finally, Wells Fargo's Rule 68 offers leave unclear the consequences of accepting or

24   rejecting the stipulated judgment to the individual Offerees and to the remainder of the collective

25   action class.  In particular, the offers served by Wells Fargo fail to address critical apportionment

26   issues concerning how attorneys' fees and costs will be apportioned or taxed amongst and

27   between the Offerees and collective action members.

28

---

[2]  Plaintiffs' motion is brought on behalf of all Opt-in Plaintiffs, including all four Offerees.

1   In light of the foregoing deficiencies and problems inherent with the Rule 68 offers of

2   judgment proffered by Wells Fargo, Plaintiffs respectfully request that this Court grant Plaintiffs'

3   motion to strike or otherwise invalidate Defendants' offers of judgment and order that Wells

4   Fargo refrain from issuing any further Rule 68 offers without leave of Court.

5   **II.    FACTUAL AND PROCEDURAL BACKGROUND**

6       **A.    Procedural Status: Plaintiffs' Inability to Evaluate Offers of Judgment.**

7       This action was commenced on August 2, 2007. (Compl. (ECF No. 1)). To date, Wells

8   Fargo has not produced its Rule 26(a) disclosure. On September 27, 2007, Plaintiffs served their

9   first set of requests for production of documents. (Ex. A).[3] While Plaintiffs have repeatedly

10  demanded production and threatened motions to compel, Wells Fargo has not produced a single

11  document in response to Plaintiffs' document requests to date.

12      On November 5, 2007, the parties agreed to toll certain statute of limitations and engage

13  in mediation sessions regarding the unpaid wages at issue. (Stip. and Order for Continuation of

14  Case Management Conference (ECF No. 19)). The parties exchanged limited information

15  regarding the individual claims. However, with respect to many of the individual claims, Wells

16  Fargo claimed that it had no means upon which to even calculate the amount of overtime at

17  issue.

18      During the mediation process, Plaintiffs' counsel specifically requested all business

19  records that may shed light on the number of hours at issue, including documents denoted as

20  "STAMP records" for all the opt-ins, including Susette Walsh. (*See, e.g.,* Ex. C; Ex. D).

21  Plaintiffs believe, but have not confirmed through discovery, that STAMP records are used for

22  internal billing purposes, and do not necessarily reflect the total amount of hours at issue in a

23  given week. Nevertheless, STAMP records are but one source of potential information regarding

24  hours worked.[4] On June 11, 2008, Wells Fargo's attorney, Theresa Kading, claimed that Wells

25  Fargo did not maintain STAMP records for approximately half of the current opt-ins, including

26

27  [3] Pending the parties' efforts to amicably resolve Plaintiffs' claims, Plaintiffs agreed to withdraw their first set of
    discovery requests. Subsequent to the parties' mediation session, Plaintiffs re-served their first set of requests for
28  production on July 17, 2008. (*See* Ex. B).
    [4] In addition, during the mediation session, Plaintiffs requested other categories of documents and information
    without meaningful response.

4

PLAINTIFFS' MOTION TO STRIKE OR
OTHERWISE INVALIDATE DEFENDANTS' OFFERS OF JUDGMENT

1  Susette Walsh.  (Ex. E; Ex. F).

2      **B.    Wells Fargo's Refusal to Meet and Confer Regarding Propriety of Rule 68 Offers.**

3      On June 18, 2008, during the parties' mediation session, Wells Fargo indicated that it

4  may attempt to issue Rule 68 offers of judgment to the Plaintiffs.  On June 27, 2008, Plaintiffs

5  sent Wells Fargo a letter stating:

6      Dear Mr. Briggs:

7      During the parties' mediation session with Gig Kyriacou on June 18, 2008, you
       indicated that Wells Fargo may attempt to issue Rule 68 offers of judgment to
8      Plaintiff Monte Russell and others to avoid involvement/notice going out to all of
       the PC/LAN Engineers.  As you are aware, certain federal district courts have
9      held that this tactic is improper as illustrated by *Luna v. Del Monte Fresh Produce
       (Southeast), Inc.*, 2008 WL 754452 (N.D. Ga. Mar. 19, 2008) and *Wang v.
10     Chinese Dailey News, Inc.*, 2006 WL 1635423 (C.D. Cal. May 6, 2006).

11     As you are also aware, Plaintiff has not yet filed his motions for certification and
       notice to the remaining putative opt-in members, and the opt-in period for this
12     group of employees has not yet expired let alone been set by the Court.  In
       addition, merits discovery has not yet been conducted. Accordingly, any Rule 68
13     offers would be premature at this point in time and would necessarily hinder
       judicial economy.
14
       **Should you decide to go forward with offers of judgment, please contact me
15     as soon as possible so that the Plaintiffs have the opportunity to alert the
       Court and challenge the propriety of making such offers at this premature
16     stage of the collective action litigation.**  Thank you.

17  (Ex. G) (emphasis added).

18      **C.    Service of First Offer of Judgment for Susette Walsh.**

19      On August 22, 2008, without any advance warning to Plaintiffs, Wells Fargo served by

20  U.S. mail an offer of judgment for Susette Walsh.  (Ex. H).  The Plaintiffs received the offer on

21  August 26, 2008.  (*Id.*)

22      The August 22 Rule 68 offer purported to offer Ms. Walsh $14,580 to remain open for 10

23  calendar days.[5]  On August 26, the day the offer was received by Plaintiffs' Minnesota counsel,

24  Wells Fargo withdrew the Rule 68 offer.  (Ex. I).

25      **D.    Service of Second Offer of Judgment for Susette Walsh.**

26      On August 29, 2008, Wells Fargo served a second Rule 68 offer of judgment for Ms.

27  Walsh.  (Ex. J).  This time, the amount of the offer of judgment was reduced to $5,131.  Wells

28

---

[5]  Rule 68 and Rule 6 require that an offer remain open for 10 business days, not calendar days, exclusive of three
additional days for service by U.S. mail.

1    Fargo claimed that the amount was based upon Ms. Walsh's STAMP records – records which

2    counsel for Wells Fargo claimed did not exist during the parties' mediation (Ex. E; Ex. F) and

3    which Wells Fargo has never produced in this case.

4        In both of the stipulated judgments, Wells Fargo agreed to pay for attorneys' fees only

5    through the date of the offer.  The stipulated judgment does not discuss what fees and costs

6    would be included in the offer, how fees and costs should be apportioned amongst the collective

7    action members, and how Plaintiffs would receive fees for the time and costs associated with a

8    contested fee and cost petition.  The stipulated judgment further threatens that fees and costs will

9    likely be "cut off" in the case if the offer was not accepted, and that costs would be taxed back,

10   not just costs associated with the claim at issue.

11       Plaintiffs' counsel has consulted with Susette Walsh.  While such communications are

12   confidential, Plaintiffs' counsel has a good faith reason to believe Wells Fargo is purposely

13   withholding documents vital to the evaluation of any settlement offer.

14       **E.    Service of Additional Offers of Judgment.**

15       On September 2, 2008, Wells Fargo served additional offers of judgment for Opt-in

16   Plaintiffs Randal Scott, Kevin Casner and Patrick Moschelle.  (Ex. K; Ex. L; Ex. M).  Similar to

17   Opt-in Plaintiff Walsh, the proposed stipulated judgment left unclear the consequences of

18   accepting or rejecting the stipulated judgment to the individual claimant and to the collective

19   action class.  Plaintiffs' counsel has consulted with Opt-in Plaintiffs Scott, Casner and

20   Moschelle.  While such communications are confidential, Plaintiffs' counsel has a good faith

21   reason to believe Wells Fargo is purposely withholding documents vital to the evaluation of

22   settlement offers to these plaintiffs.[6]

23   **III.   ARGUMENT**

24       **A.    The Court Can and Should Strike or Otherwise Invalidate
             Wells Fargo's Rule 68 Offers.**

25

26       Pursuant to Federal Rule of Civil Procedure 68, a defending party may offer judgment to

27   an adverse party for the amount specified in the offer, at any time more than ten days before the

28   _____

[6] In fact, it would appear that Wells Fargo does not intend to produce much, if any, discovery before September 26, 2008 — well after Walsh, Scott, Moschelle, and Casner must either accept or decline Wells Fargo's offers.  (Ex. N).

1    trial begins. Fed. R. Civ. P. 68. Such an offer imposes on the offeree the choice of accepting the

2    offer within ten days of service or assuming the risk of having to pay the costs subsequently

3    incurred by the offeror should the outcome of the case be less favorable than the original offer.

4    *Id.*; *Gay v. Waiters' and Dairy Lunchmen's Union, Local No. 30*, 86 F.R.D. 500, 501-02 (N.D.

5    Cal. 1980).

6        Plaintiffs Russell and Friedman move to strike or otherwise invalidate Wells Fargo's

7    offers of judgment to Walsh, Scott, Moschelle, and Casner because: (1) the offers as served are

8    procedurally defective; (2) such offers are improper in the context of this FLSA § 216(b)

9    collective action; (3) Wells Fargo has failed to provide Plaintiffs' counsel with all the supporting

10   documentation and information upon which Plaintiffs' Counsel may properly evaluate the

11   sufficiency of Wells Fargo's offers to Walsh, Scott, Moschelle, and Casner; and (4) the offers are

12   an improper and premature attempt to circumvent and undermine the orderly, efficient, and fair

13   adjudication of Plaintiffs' claims.

14       Russell and Friedman move to strike Wells Fargo's offers of judgment because they are

15   invalid and improper. Judicial clarification of this issue is necessary because simply rejecting

16   the offer may prejudice Walsh, Scott, Moschelle, and Casner in the eventual assessment of costs.

17   *See Luna v. Del Monte Fresh Produce (Southeast), Inc.*, No. 1:06-cv-2000, 2008 WL 754452, at

18   *12-13 (N.D. Ga. Mar. 19, 2008) (granting plaintiffs' motion to strike defendant's Rule 68 offers

19   and holding that plaintiffs were not subject to the adverse consequences of refusing offers under

20   Rule 68's penalty provision); *Christian v. R. Wood Motors, Inc.*, No. 91-CV-1348, 1995 WL

21   238981, at *3 (N.D.N.Y. Apr. 21, 1995) (recognizing that the "grave consequences which result

22   from rejection of a Rule 68 offer … augurs in favor of consideration of plaintiff's motion [to

23   strike a Rule 68 offer]" even where the motion is not timely); *Boorstein v. City of New York*, 107

24   F.R.D. 31, 34 (S.D.N.Y. 1985) (noting that "a Rule 68 offer has a binding effect when refused as

25   well as when accepted," concluding that "ambiguous offers should be clarified or stricken").[7]

26       If the Court determines that a motion to strike is procedurally improper at this stage of the

27

28

___

[7] Copies of all unpublished opinions cited herein are attached as Exhibit O to the Declaration of T. Joseph
Snodgrass, filed concurrently herewith.

1    proceedings,[8] Russell and Friedman alternatively move the Court for a declaration that Wells

2    Fargo's Rule 68 offers of judgment to Walsh, Scott, Moschelle, and Casner are null and void as

3    contrary to federal law. *Luna*, 2008 WL 754452, at *12-13 (holding that defendant's Rule 68

4    offers were invalid under federal law because FLSA claims may only be settled after a court

5    reviews the proposed settlement to ensure that it is fair and reasonable); *N.C. Shellfish Growers*

6    *Ass'n v. Holly Ridge Assocs., LLC*, 278 F.Supp.2d 654, 668-69 (E.D.N.C. 2003) (granting

7    plaintiffs' motion for declaration that defendants' offer of judgment was null and void as

8    contrary to federal law).

9          The Court has the power to strike or otherwise invalidate Wells Fargo's Rule 68 offers

10   pursuant to Rule 83(b) of the Federal Rules of Civil Procedure, and/or pursuant to the All Writs

11   Act, 28 U.S.C. § 1651 (2008). In addition, because collective actions sometimes present

12   opportunities for abuse, the Supreme Court has recognized the duty and broad authority that a

13   district court has to exercise control over a collective or class action and to enter appropriate

14   orders governing the conduct of counsel and parties. *See Sjoblom v. Charter Communications,*

15   *LLC*, 3:07-cv-0451, 2007 WL 5314916, at *3 (W.D. Wis. Dec. 26, 2007) (citing *Gulf Oil Co. v.*

16   *Bernard*, 452 U.S. 89, 100 (1981)). Accordingly, it is within the Court's inherent authority to

17   regulate the conduct or progress of this litigation and strike or otherwise invalidate Wells Fargo's

18   Rule 68 offers to Walsh, Scott, Moschelle, and Casner. *See Wang*, 2006 WL 1635423, at *1

19   (granting plaintiffs' motion to strike defendant's Rule 68 offers and declaring the offers to be

20   void and unenforceable).

21

22

23

24   ----

[8] A Rule 68 offer of judgment is filed with the Court upon entry of judgment. Fed. R. Civ. P. 68 ("If …the offer is accepted, either party may then file the offer…and thereupon the clerk shall enter judgment"). Some courts have declined to strike a Rule 68 offer until it has been filed with the court upon entry of judgment. *McDowall v. Cogan*, 216 F.R.D. 46, 52 (E.D.N.Y.2003). In contrast, this Court and numerous other jurisdictions have suggested that the proper procedure for addressing an invalid Rule 68 offer of judgment is a motion to strike. *See Bretana v. Int'l Collection Corp.*, No. 07-5934, 2008 WL 2264555, at *3 (N.D. Cal. June 2, 2008) (striking Rule 68 offer of judgment); *see also Luna*, 2008 WL 754452, at *12-13 (striking multiple Rule 68 offers); *Strausser v. ACB Receivables Mgmt.*, No. A 06 5109, 2007 WL 512789, at *2 (E.D. Pa. Feb. 12, 2007) (granting plaintiffs' motion to strike Rule 68 offers and rejecting defendant's argument that such an order would constitute an advisory opinion because defendant had not yet attempted to recover costs on said offers); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. (continued...)

**B. Required Court Approval of FLSA Collective Action Claims Renders Wells Fargo's Rule 68 Offers Invalid.**

**1. *FLSA Claims May Only Be Settled Under the Supervision of the Secretary of Labor or a District Court.***

Wells Fargo's Rule 68 offers to Walsh, Scott, Moschelle, and Casner stand in complete contravention of blackletter law prohibiting private settlement of FLSA claims. It is beyond dispute that FLSA claims may not be settled or compromised absent supervision and approval of either the Secretary of Labor or a district court. *See Lee v. The Timberland Co.*, No. 07-2367, 2008 WL 2492295, at *2 (N.D. Cal. June 19, 2008); *Yue Zhou v. Wang's Restaurant,* No. 05-0279, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007); *see also Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982) (recognizing that FLSA claims may only be settled by a section 216(c) payment supervised by the Department of Labor or "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution").

Courts have invalidated attempts by parties to privately settle FLSA claims because "to approve an 'agreement' between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (refusing to enforce wholly private settlement of FLSA claims).[9] "The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Yue Zhou*, 2007 WL 2298046, at *1 (citations omitted).

**2. *The Offerees Cannot Effectively Accept Wells Fargo's Rule 68 Offer Without This Court's Approval.***

Wells Fargo's Rule 68 offers to satisfy Walsh's, Scott's, Moschelle's, and Casner's

---

600, 601-02 (D. Neb. 2007) (same); *Wang v. Chinese Daily News, Inc.*, No. 04-1498, 2006 WL 1635423, at *1 (C.D. Cal. May 9, 2006) (striking multiple Rule 68 offers).
[9] *See also O'Connor v. U.S.*, 308 F.3d 1233, 1242 (Fed. Cir. 2002) (finding that, in the private employment context, a purely private settlement of FLSA claims is prohibited); *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts ... have refused to enforce private settlements" of FLSA claims); *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00-5755, 2001 WL 1403007, at *4-7 (N.D. Ill. Nov. 9, 2001) (noting with approval the long line of cases prohibiting wholly private settlement of FLSA claims, and holding that releases under FLSA and (continued...)

Audet & Partners,
LLP
www.audetlaw.com

9

1  respective FLSA claims are invalid because each Offeree cannot make an effective acceptance of

2  his or her respective offer without this Court's approval in a fairness hearing. *See Luna*, 2008

3  WL 754452, at *12-13. In *Luna v. Del Monte Fresh Produce, Inc.*, plaintiffs challenged the

4  propriety of Rule 68 offers issued by defendants to 42 of 47 opt-in plaintiffs, arguing that

5  defendants' offers were inappropriate in the context of an FLSA collective action. *Id.* at *12.

6  The district court tied its resolution of the issue directly to the standards controlling FLSA

7  settlements — *i.e.*, that settlement of FLSA claims must be supervised by the Department of

8  Labor or approved by a district court upon a finding that the settlement is fair and reasonable.

9  The *Luna* court reasoned:

> The Eleventh Circuit has held that FLSA claims may only be
> abridged or settled after a court reviews the proposed settlement to
> ensure that it is fair and reasonable. ***
>
> Defendants have not presented its Rule 68 offers to the Court for
> approval, with good reason. At this stage of the litigation, there is
> absolutely no basis for determining whether the offers are fair and
> reasonable. The parties have not conducted any merits discovery
> or provided even an estimate as to the amount plaintiffs might be
> entitled to recover on their FLSA and AWPA claims. ***
>
> Defendants' settlement offers have not been, and at this stage of
> the litigation cannot be, reviewed or approved by the Court. The
> offers are thus invalid under *Lynn's Food*. . . . Pursuant to this
> ruling, plaintiffs are not subject to the consequences of refusing the
> offers under Rule 68.

18  *Id.* (internal citations omitted).

19  Numerous courts have likewise negated Rule 68 offers made in the context of class

20  actions brought pursuant to Rule 23 precisely because such offers could not be accepted by the

21  offeree without court approval. *See, e.g., Wang*, 2006 WL 1635423, at *1 (striking 41 individual

22  Rule 68 offers made by employer; "the mandatory nature of Rule 68 conflicts with Rule 23's

23  requirement that any settlement be approved by the Court after a hearing regarding the fairness

24  of any settlement"); *Parker v. Risk Mgmt. Alternatives, Inc.*, 204 F.R.D. 113, 116 (N.D. Ill.

25  2001) (invalidating offer of judgment because Rule 23(e) indicates that "defendant's Rule 68

26  offer to plaintiff individually could not have been accepted by him …without approval of this

27  court"); *Martin v. Mabus*, 734 F.Supp. 1216, 1222 (S.D. Miss. 1990) ("the procedures prescribed

28

---

Illinois state law were void as a matter of law).

1   by Rule 68 for making an offer of judgment are literally inapplicable [in Rule 23 class actions]

2   because rule 23(e) requires that court approval be obtained in order for a case to be dismissed or

3   compromised"); *see also Gay*, 86 F.R.D. at 502-04 (discussing inherent conflict between Rule 68

4   and the policies and principles underlying Rule 23 and statutes enforced by class actions).

5       Wells Fargo may not reverse the long standing prophylactic rule against wholly private

6   compromise of FLSA claims simply by tendering a Rule 68 offer of judgment. Moreover,

7   Walsh, Scott, Moschelle, and Casner may not logically be punished for failing to accept offers

8   they do not have the independent volition to accept. *See Luna*, 2008 WL 754452, at *13

9   (holding that plaintiffs were not subject to the consequences of refusing their employers' offers

10  under Rule 68). Wells Fargo's Rule 68 offers should be stricken or otherwise nullified

11  accordingly.

12          **3.      *Wells Fargo's Failure to Produce All the Documentation
                      Supporting Its Damages Calculations Prevents the Offerees,***
13          ***Plaintiffs' Counsel, and the Court from Analyzing the
                      Sufficiency of Wells Fargo's Rule 68 Offers.***

14      At this stage of the litigation, there is absolutely no legitimate basis for determining

15  whether Wells Fargo's Rule 68 offers to Walsh, Scott, Moschelle, and Casner are fair and

16  reasonable as required by the FLSA. *See Luna*, 2008 WL 754452, at *12. The Offerees,

17  Plaintiffs' counsel, and the Court have no independent means of determining the sufficiency of

18  Wells Fargo's Rule 68 offers because Wells Fargo has failed to produce all the documentation

19  and information that purportedly supports the damages calculations that led to the Rule 68 offers

20  at issue. Instead, Wells Fargo served a cover letter on each Offeree concurrent with its formal

21  Rule 68 offers, summarizing the "factual basis for Well's Fargo's Rule 68 Offer." Exs. J, K, L,

22  M at Section C. In reality, the purported "factual basis" supporting each offer is comprised

23  entirely of "assumptions" Wells Fargo has made based on various documentation it has refused

24  to present to Plaintiffs' counsel and the individual Offerees for their independent review and

25  analysis. *See id.* (acknowledging that several "factual assumptions" were used by Wells Fargo to

26  calculate the Rule 68 offers at issue). Conclusory statements, summaries and assumptions are

27  insufficient bases upon which to conclude that a Rule 68 offer is fair and complete.

28      On several occasions — both before and after the parties' mediation — Plaintiffs

1  requested payroll, billing and time sheet records from Wells Fargo so that they could

2  independently evaluate the monetary value of their claims. While Wells Fargo's attorneys

3  produced summaries of information for some opt-ins prior to the parties' mediation, Plaintiffs

4  strongly dispute that they have been provided all of the documents in Wells Fargo's possession

5  regarding the number of hours Plaintiffs actually worked as PC/LAN Engineer 3s, 4s or 5s. In

6  fact, Wells Fargo's Rule 68 offers make it abundantly clear that Plaintiffs do not have all the

7  documents they previously requested nor all the documents purportedly relied upon by Wells

8  Fargo to support its damages calculations.

9      For example, in calculating the amount Wells Fargo claimed was owed Walsh, Wells

10  Fargo purportedly relied upon Walsh's STAMP records – records which Wells Fargo claimed

11  did not exist during the parties' mediation. Ex. J. Plaintiffs have requested STAMP records for

12  each of the Opt-in Plaintiffs, including Ms. Walsh, on numerous occasions. Nevertheless, Wells

13  Fargo has never produced Ms. Walsh's STAMP records in this case.

14      Similarly, in calculating Scott's Rule 68 offer, Wells Fargo assumed that he worked four

15  hours of overtime for each of the 125 weeks in which Wells Fargo also assumed he worked over

16  forty hours. *See* Ex. K at 5. The foregoing assumptions were based on the STAMP records

17  Wells Fargo located for Scott *and* an internal survey Scott purportedly completed and turned in

18  to Wells Fargo showing that he averaged forty hours per week. *Id.* However, in connection with

19  its offer, Wells Fargo failed to provide Scott or Plaintiffs' counsel with a copy of said survey to

20  corroborate its claims.[10]

21      In addition, Plaintiffs' counsel has consulted with the Offerees. While these

22  communications are privileged, Plaintiffs counsel has concluded that documents and data exist in

23  Wells Fargo's possession that must be reviewed prior to making any recommendations to the

24  Offerees regarding acceptance of any lump sum offer.

25      Rule 68 offers cannot be sustained in a collective action in the manner presented by

26

27  [10] On September 3, 2008, but prior to Plaintiffs' counsel's receipt of Wells Fargo's September 2, 2008 Rule 68 offers to Scott, Moschelle, and Casner, the parties met and conferred concerning Wells Fargo's written responses to Plaintiff Monte Russell's first set of discovery requests. *See* T. Joseph Snodgrass Decl. at ¶ 2. During the meet-and-confer, Plaintiffs' counsel requested that Wells Fargo produce the internal hours-survey forms that it contends

28  certain members of the opt-in class completed and returned to Wells Fargo during their employment with the company. *Id.* Wells Fargo's attorneys agreed to produce the surveys at issue but did not give Plaintiffs' counsel a (continued...)

PLAINTIFFS' MOTION TO STRIKE OR
OTHERWISE INVALIDATE DEFENDANTS' OFFERS OF JUDGMENT

1   Wells Fargo. Courts routinely reject Rule 68 offers in the context of collective actions where

2   substantial discovery may be necessary before one can properly ascertain whether the offer of

3   judgment was fair and complete. *See, e.g., Luna*, 2008 WL 754452, at *12-13 (striking and

4   invalidating employers' Rule 68 where the record before the court was devoid of any evidence

5   upon which the court could conclude that the offers were fair and reasonable); *Yates v. Applied*

6   *Performance Tech., Inc.*, 205 F.R.D. 497, 502-03 (S.D. Ohio 2002) (holding that it would be

7   inappropriate to compel plaintiffs to accept an offer of judgment where it was unclear how much

8   back pay plaintiffs were truly owed).[11] Indeed, in *Yates*, the court noted that "while Defendants

9   claim to have determined, with some degree of certainty, the amount to which each named

10  plaintiff is entitled, their refusal to provide Plaintiffs with the requested supporting

11  documentation has rendered this a matter still in dispute." *Id.* at 503. The reasoning in *Yates*

12  applies with equal force in the present case: the parties have not reached a consensus concerning

13  the total number of unpaid overtime hours each Offeree worked for Wells Fargo as a PC/LAN

14  Engineer 3 or 4, and Wells Fargo's production of material which could lend support to its

15  calculations is incomplete. *See id.* at 502-03.

16      Under such circumstances, and in light of the early stage of this litigation, Plaintiffs'

17  motion to strike or otherwise nullify Wells Fargo's Rule 68 offers should be granted. Walsh,

18  Scott, Moschelle, and Casner should not be subject to the consequences of refusing the offers

19  under Rule 68. *Luna*, 2008 WL 754452, at * 13.

20      **C.   Wells Fargo's Rule 68 Offers Are an Impermissible Attempt to
        Undermine the Efficient Collective Litigation of This Action.**

21

22          **1.   *Wells Fargo's Rule 68 Offers Are Inappropriate in the Context of
                This Developing, Pre-Merits Discovery Collective Action.***

23      For all intents and purposes, this litigation remains in its infancy. Rule 26(a) initial

24  ─────────────────────────────────────────────────────────

25  date certain by which Plaintiffs' Counsel would receive the documents. *Id.*
    [11] *See also Reed v. TJX Companies, Inc.*, No. 04 C 1247, 2004 WL 2415055, at *1-3 (N.D. Ill. Oct. 27, 2007)
26  (refusing to allow Rule 68 offer to named plaintiff to moot action where court had no intelligible means of assessing
    whether offer represented all the damages plaintiff might be entitled to and recognizing that "substantial discovery
    may be necessary before damages can be determined with any degree of certainty"); *Reyes v. Carnival Corp.*, No.
27  04-21861, 2005 WL 4891058, at *3-4 (S.D. Fla. May 25, 2005) (refusing to allow Rule 68 offer to moot collective
    action where the parties disputed whether plaintiff had been provided all the documents in defendant's possession
28  regarding the number of hours plaintiff actually worked and whether plaintiff had sufficient time to ascertain
    whether the offer was fair or complete); *Taylor v. CompUSA, Inc.*, No. 04-718, 2004 WL 1660939, at *2-3 (N.D.
    Ga. June 29, 2004) (denying defendant's motion to dismiss on grounds that its Rule 68 offer provided full relief to
    plaintiffs where the amount of back wages owed plaintiffs was not yet determined and was disputed by the parties).

1    disclosures have not even been exchanged by the parties. This Court granted Plaintiffs

2    conditional collective action certification less than a week ago (ECF No. 54), and permitted

3    Plaintiffs to file an amended complaint adding California class allegations (ECF No. 55). Formal

4    merits discovery was stayed pending the outcome of the parties' private mediation efforts, and

5    has just only recently commenced. In fact, it would appear that Wells Fargo does not intend to

6    produce much, if any, discovery before September 26, 2008 – well after Walsh, Scott,

7    Moschelle, and Casner must either accept or decline Wells Fargo's offers. Ex. N. In the context

8    of this developing, pre-merits discovery FLSA collective action, Wells Fargo's Rule 68 offers

9    are simply inappropriate. *See Luna*, 2008 WL 754452, at *12-13; *Rubery v. Buth-Na-Bodhaige,*

10    *Inc.*, 494 F.Supp.2d 178, 180-81 (W.D.N.Y. 2007); *Geer v. Challenge Fin. Investors Corp.*, No.

11    05-1109, 2006 WL 704933, at *3 (D. Kan. Mar. 14, 2006); *Guerra v. Big Johnson Concrete*

12    *Pumping Inc.*, No. 05-14237, 2006 WL 2290517, at *3 (S.D. Fla. June 28, 2008); *Reyes v.*

13    *Carnival Corp.*, No. 04-21861, 2005 WL 4891058, at *4 (S.D. Fla. May 25, 2005); *Yates*, 205

14    F.R.D. at 502-03.[12]

15          Indeed, courts have traditionally been wary of the abuse of Rule 68 by employers to

16    evade overtime wage liability. *Rubery*, 494 F.Supp.2d at 181. According to one district court:

17    "the issue most troubling … is the procedural loop that Rule 68 creates for FLSA plaintiffs,"

18    where "[i]t is possible for defendants to continue making offers of judgments to plaintiffs who

19    opt in," for the purpose of dismissing the action, and "[a]t the same time plaintiffs may continue

20    to introduce new plaintiffs whose presence will" keep the case alive. *Geer*, 2006 WL 704933, at

21    *3; *see also Reyes*, 2005 WL 4891058, at *4 ("[p]ermitting a defendant to evade a collective

22    action by making an offer of judgment at the earliest possible time defeats the purpose of the

23    collective action mechanism").

24          Setting aside the issue of an employer's attempts to moot a collective action by serving

25

26    _____

[12] Similarly, Wells Fargo's Rule 68 offers are improper prior to resolution of all class and collective certification
issues. *See, e.g., Reed*, 2004 WL 2415055, at *2-3 (declining to allow dismissal of FLSA plaintiff's action on the
27    basis of Rule 68 offer where court had not yet had an opportunity to rule on collective action certification); *Schaake
v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) (deeming Rule 68 offers improper prior to
determination on class certification); *Gibson v. Aman Collection Serv.*, No. 00-1798, 2001 WL 849525, at *2 (S.D.
28    Ind. July 23, 2001) (striking Rule 68 offer "where it was perfectly clear from the language of [plaintiff's] complaint
that class certification would be sought. Defendant, by submitting an offer of judgment, raced to the courthouse in
an effort to put [plaintiff] in a tactical trick bag").

14

PLAINTIFFS' MOTION TO STRIKE OR
OTHERWISE INVALIDATE DEFENDANTS' OFFERS OF JUDGMENT

1    Rule 68 offers to named plaintiffs, Rule 68 offers remain problematic where an employer

2    continues making offers of judgment to plaintiffs who opt in (as opposed to the named plaintiffs)

3    for the sole purpose of thwarting its employees' efforts to pool their resources and proceed

4    collectively under the FLSA — as Wells Fargo has done here.  A collective action serves the

5    dual function of avoiding a multiplicity of duplicate actions while promoting the FLSA's broad

6    remedial goals. *Mares v. Caesars Entertainment, Inc.*, No. 4:06-cv-0060, 2007 WL 118877, at

7    *2 (S.D. Ind. Jan. 10, 2007); *see generally Hoffmann-LaRoche, Inc. v. Sperling,* 493 U.S. 165,

8    170-74 (1989).  Collective actions under the FLSA offer important benefits not only to

9    employee-plaintiffs but also to the judicial system as a whole, including lower individual costs to

10    potential plaintiffs by permitting them to pool their resources and the efficient resolution in one

11    proceeding of common issues of law and fact. *Hoffman-LaRoche,* 493 U.S. at 170 (recognizing

12    Congress' intent to provide "plaintiffs the advantage of lower individual costs to vindicate rights

13    by the pooling of resources").

14        Wells Fargo's improperly-timed Rule 68 offers undermine the efficient and fair case

15    management principles underlying FLSA collective actions by eliminating the Offerees' ability

16    to pool their resources to prosecute their claims.  Should Wells Fargo sincerely wish to settle this

17    litigation, it retains the option of presenting a class-wide offer to Plaintiffs without resort to Rule

18    68, so as to provide Plaintiffs and the Court the opportunity to analyze whether the proposed

19    settlement is both fair and reasonable.  Wells Fargo should not be permitted to subvert the

20    collective action mechanism by picking off individual Plaintiffs — whether they be an Opt-in or

21    Named Plaintiff — and by creating potential conflict amongst and between Plaintiffs Russell and

22    Friedman, the Opt-in Plaintiffs, and Plaintiffs' counsel. *See Wang*, 2006 WL 1635423, at *1

23    (noting that Rule 68 offers made to individual absent class members in the Rule 23 context create

24    obligations that run contrary to the purpose of class actions, "namely the achievement of judicial

25    economy by allowing a class to proceed on a representative basis); *Reyes,* 2005 WL 4891058, at

26    *4 (disapproving of Rule 68 offers made at the earliest possible time in proposed collective

27    action).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 2.    *Problems Associated With Apportioning Costs and Attorneys' Fees in Connection With Wells Fargo's Rule 68 Offers Render the Offers Inappropriate in the Context of This Conditionally Certified Collective Action.*

Wells Fargo's Rule 68 offers propose a significant risk of creating unnecessary conflict amongst and between the various collective action plaintiffs and Plaintiffs' counsel because it is unclear how and to what extent the opt-in class may be prejudiced should any of the Offerees or future recipients of individualized Rule 68 offers accept the offers.  Additionally, because Rule 68 includes a penal costs provision in the event an offeree rejects an offer of judgment and the amount recovered at trial proves to be less than the amount previously offered, problems of apportioning attorneys' fees and costs between offerees and/or the collective action class may be triggered.  *See, e.g., Brinkerhoff v. Swearingen Aviation Corp.*, 663 P.2d 937, 943 (Ala. 1983) ("[a]lthough problems of apportionment may not always be present, such difficulties are prevalent enough to warrant a general exclusion of joint offers from the penal cost provisions of Rule 68"); *Randles v. Lowry*, 84 Cal.Rptr. 321, 324-25 (Cal. Ct. App. 1970) (noting the difficulties in apportionment between offerees and concluding that state's offer of judgment rule cannot be triggered by joint offer).

Wells Fargo's Rule 68 offers of judgment do nothing to address the complex apportionment issues its offers have necessarily triggered.  First, Wells Fargo's offers fail to provide any indication about how the Offerees' attorneys' fees and costs could be apportioned had they accepted the offers.  Second, Wells Fargo's offers do not designate how Wells Fargo's fees and costs would be taxed against and/or divided between the Offerees pursuant to Rule 68's penalty provision in the event the outcome of the case is less favorable than the original rejected offers.  Under such circumstances, Plaintiffs' motion to strike or otherwise nullify Wells Fargo's Rule 68 offers should be granted and Walsh, Scott, Moschelle, and Casner should not be subject to the consequences of refusing the offers under Rule 68.

### D.    **Wells Fargo's Rule 68 Offers Are Procedurally Defective and Invalid.**

Wells Fargo incorrectly calculated the deadlines by which the Offerees must accept or decline Wells Fargo's Rule 68 offers of judgment.  Rule 68 provides that an offer of judgment is to remain open for ten days and that an offer not accepted within ten days will be deemed

1   withdrawn. Fed. R. Civ. P. 68. Rule 6 of the Federal Rules of Civil Procedure applies in

2   computing the time period applicable to Rule 68 offers of judgment. Fed. R. Civ. P. 6(a) ("[t]he

3   following rules apply in computing any time period specified in these rules ..."). In particular,

4   Rule 6(a)(1)-(2) provides that in computing any time period specified in the Federal Rules, the

5   day of the act or event that begins the period must be excluded, and that if the time period at

6   issue is less than eleven days intermediate Saturdays, Sundays, and legal holidays must likewise

7   be excluded. *Id.*

8       In addition, Rule 6(d) provides that "[w]hen a party may or must act within a specified

9   time after service and service is made [by mail] under Rule 5(b)(2)(C), ...3 days are added *after*

10  the period would otherwise expire under Rule 6(a). *Id.* (emphasis added). That is, the express

11  language of Rule 6(d) requires that in instances of service by mail, an additional three days be

12  added to the computation of any time period specified by the Rules *subsequent* to the expiration

13  of the period at issue under Rule 6(a). *Id.*[13] Thus, in properly computing the time period in

14  which a Rule 68 offer served by mail must remain open, one must first compute the ten day

15  period specified by Rule 68 by excluding the date of service and all intervening weekend days

16  and holidays, and from that point, add an additional three days to arrive at the offeree's final

17  deadline for accepting said offer.

18      Wells Fargo's offers of judgment do not comply with the foregoing provisions of Rule 6

19  and in fact abbreviate the time period in which the Offerees may consider Wells Fargo's offers.

20  For example, Wells Fargo's Rule 68 offer was served on Walsh by mail and facsimile on Friday,

21  August 29, 2008 and provided that said offer would remain open for ten days as required by Rule

22  68, until Thursday, September 11, 2008. Ex. J. However, if one computes the ten-day time

23  period specified in Rule 68 by first, excluding the day of service as well as all intermediate

24  Saturdays, Sundays, and legal holidays, and then adding an additional three days pursuant to

25  Rule 6(d), Wells Fargo's Rule 68 offer should remain open until Monday, September 15, 2008.

[13] As a general matter, such a rule makes sense because a party receiving a paper should not be penalized by the serving party's decision to complete service by mail as opposed to some other more immediate form of service of process. Indeed, the express language of Rule 6(d) makes clear that its purpose is to extend a party's time to respond where service has been made by mail.

1    *See* Fed. R. Civ. P. 6(a), (d).[14]  Likewise, the offers to Scott, Moschelle, and Casner were served

2    by mail on September 2, 2008, and expressly provide that they will remain open for ten days,

3    until Monday, September 15, 2008. Exs. K, L, and M.  Again, Wells Fargo has impermissibly

4    shortened the time period in which these offers are required to remain open.  Adhering to the

5    language of Rule 6(a) and (d), Wells Fargo's offers to Scott, Moschelle and Casner should

6    remain open until Friday, September 19, 2008.

7        In light of the foregoing, Wells Fargo's Rule 68 offers to Walsh, Scott, Moschelle, and

8    Casner are procedurally defective and should be stricken or otherwise invalidated accordingly.

9    **IV.    CONCLUSION**

10       For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs'

11   motion to strike or otherwise invalidate Defendants' offers of judgment and order that Wells

12   Fargo refrain from issuing any further Rule 68 offers unless and until it seeks and obtains leave

13   of Court to do so.

14

15

16

17

18

19

20

21

22

23

24

25

26   [14]  Wells Fargo's service of process of its Rule 68 offer to Walsh by fax does not cure the procedural deficiency in
     its computation of the ten-day time period specified in Rule 68 because service by fax is an inappropriate means of
27   service under the Federal Rules. *See Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1429 (9th Cir. 1996) (striking
     defendant's Rule 68 offer for defective service; holding that defendant's service of process of Rule 68 offer by fax
28   and Federal Express did not satisfy the service requirements of Rule 5(b)); *Mushroom Assocs. v. Monterey
     Mushrooms, Inc.*, No. 91-1092, 1992 WL 442898, at *4 (N.D. Cal. Aug. 21, 1992) (recognizing that service by fax
     does not satisfy Fed. R. Civ. P. 5(b)).

1

2   Dated: September 11, 2008          Respectfully submitted,

3                                      AUDET & PARTNERS, LLP

4

5                                      /s/ William M. Audet
6                                      William M. Audet (California State Bar No. 117456)
                                       Adel Nadji (California State Bar No. 232599)
7                                      221 Main Street, Suite 1460
                                       San Francisco, California  94105
8                                      ANadji@audetlaw.com
                                       Telephone:    (415) 568-2555
9                                      Facsimile:    (415) 568-2556

10

11                                     LARSON • KING, LLP
                                       T. Joseph Snodgrass (*Pro Hac Vice*)
12                                     Kelly A. Swanson (*Pro Hac Vice*)
                                       2800 Wells Fargo Place
13                                     30 East 7th Street
                                       St. Paul, Minnesota 55101
14                                     Telephone:    (651) 312-6500
                                       Facsimile:    (651) 312-6619
15

16                                     *Attorneys for Plaintiff MONTE RUSSELL and Putative
                                       Collective Action Plaintiffs*
17   Lk 1239115

18

19

20

21

22

23

24

25

26

27

28

**Audet & Partners, LLP**
www.audetlaw.com

19

PLAINTIFFS' MOTION TO STRIKE OR
OTHERWISE INVALIDATE DEFENDANTS' OFFERS OF JUDGMENT