# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

MONTE RUSSELL, on behalf of himself and others similarly situated,

        Plaintiff,

    v.

WELLS FARGO AND COMPANY,

        Defendant.

Case No. C–07-3993-CW

**DECLARATION OF T. JOSEPH SNODGRASS IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN SUPPORT TO STRIKE AND INVALIDATE DEFENDANT'S RULE 68 OFFERS**

# EXHIBIT C

# LARSON ® KING, LLP

**T. JOSEPH SNODGRASS**
Attorney at Law
Direct Dial: (651) 312-6510
E-Mail: jsnodgrass@larsonking.com

October 18, 2007

*VIA FACSIMILE AND U.S. MAIL*
*RULE 408 SETTLEMENT COMMUNICATION*

Glenn L. Briggs, Esq.
Theresa A. Kading, Esq.
Hodel Briggs Winter LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618

> Re: *Monte Russell v. Wells Fargo & Company*
> Court File No. C 07-0993 CW
> Our File No. 1-542-0001

Dear Counsel:

As we discussed, if mediation is to go forward, we will need a frank disclosure of information necessary to resolve the case. This letter is intended to outline the information we need.

In evaluating these requests, we are certainly amenable to tailoring our requests if certain requests are deemed overly broad. By the same token, Wells Fargo must openly and honestly disclose information. If there are less onerous means to get the Plaintiffs the information we need, but still provide complete information, we are happy to discuss.

## 1. *Identification of Potential Collective Action Members*

For purposes of pursuing informal resolution of this matter, we have proposed the following class definition:

> All present or former Technology Information Group employees of Wells Fargo & Company and Wells Fargo Bank, N.A., including persons with the job title "PC/LAN Engineer," with the primary job duties of: (i) conducting problem analysis; (ii) troubleshooting; (iii) installing, repairing and upgrading computers and servers; and (iv) resolving problems with business applications, networking,

Page 2
Glenn L. Briggs, Esq.
Theresa A. Kading, Esq.
October 18, 2007

and hardware, pursuant to company guidelines and specifications; and/or those persons performing the same or substantially similar job functions as Plaintiff Monte Russell.

We suspect that identifying potential collective action members may be the most controversial item in the settlement process -- with the Plaintiff's seeking a broad group and Wells Fargo seeking a narrow group. We welcome your thoughts on how to proceed in this area.

From our perspective, it probably makes the most sense for your client to identify the job categories or classifications that it contends fall within the "similarly situated" definition. In connection with our evaluation of Wells Fargo's identification of potential collective action members, we would also like to receive some documentation and information concerning how Technology Information Group employees are categorized, where they are located, and the categories and locations of employees that were excluded from preliminary identification and a brief explanation why.

We would also like documents describing the job titles and written job descriptions. We would also like documents that relate to, describe, or discuss the procedures and protocol those employees in the job categories at issue were required to follow in performance of their job duties.

Job titles and written job descriptions will be helpful to some extent. However, as you are aware, job titles or written job descriptions standing alone are not dispositive of this issue. Rather, it is the actual job duties performed on a regular basis which will dictate whom should be included in the settlement discussions.

## 2.    *Changes in Overtime Classification*

We understand that sometime in 2007, the classifications for certain of the job categories at issue were changed from exempt status to non-exempt status. We would like documents relating to the re-classification of any of the job categories at issue from exempt to non-exempt status. We would also like documents or information relating to the exempt/non-exempt status of the job categories at issue and the time period(s) in any change in status. Finally, we would like some statement as to the current policy of Wells Fargo regarding the payment of overtime wages to employees in the job categories at issue.

## 3.    *Information Concerning Plaintiff Monte Russell*

We would like all documents and files related to our client, Monte Russell, including but not limited to, all performance reviews, records of wages paid, records of hours worked, and records of assignments including job descriptions.

Page 3
Glenn L. Briggs, Esq.
Theresa A. Kading, Esq.
October 18, 2007

### 4. *Damages Calculations*

As you know, the plaintiffs need pay rates, work timesheets and payroll data to formally calculate damages at issue. However, we do not wish to be inundated with raw data if the calculation of damages can be accomplished with data summaries. It may make sense for your client to initially provide an Excel spreadsheet or other data summary with its calculation of back wages owed (under Rule 408/assuming plaintiff's allegations are true) and the documents or data upon which the calculation is based.

### 5. *Written Overtime Policies for Job Classifications at Issue*

We would like to receive documents that have been provided to employees in the job classifications at issue relating in any way to the hours worked and overtime compensation, including but not limited to any documents that relate to Wells Fargo's policy on overtime pay for those job classifications.

### 6. *Lawsuits and Administrative Complaints and Inquiries*

We would like to receive any state of federal DOL inquiries or complaints about the failure to pay overtime for the job classifications at issue, as well as management response and investigation into the same. If any lawsuits or administrative actions concerning the job classifications at issue have been filed other than the instant action, we would need these to be identified along with the current or final status of these lawsuits or administrative actions.

### 7. *Employee Complaints and Inquiries*

We would like to receive any employee inquiries or employee complaints concerning the belief that the job categories at issue were improperly misclassified as exempt for the job classifications at issue, as well as management response and investigation into the same.

### 8. *Good-Faith*

Finally, assuming plaintiff's allegations concerning misclassification to be true, please describe the evidence that Wells Fargo would offer in this case to prove the misclassification(s) at issue was made in good-faith. As part of this description, please state the job title of the person(s) that made the classifications at issue and the information upon which they relied.

Page 4
Glenn L. Briggs, Esq.
Theresa A. Kading, Esq.
October 18, 2007

Please contact me should you have any questions or concerns regarding any of the foregoing.

Very truly yours,

LARSON • KING, LLP

T. Joseph Snodgrass

TJS/rm

1214172v1