UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO AND COMPANY,<br><br>Defendant. | Case No. C–07-3993-CW<br><br>**DECLARATION OF T. JOSEPH SNODGRASS IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN SUPPORT TO STRIKE AND INVALIDATE DEFENDANT'S RULE 68 OFFERS** |

# EXHIBIT D

# LARSON • KING, LLP

**T. JOSEPH SNODGRASS**
Attorney at Law
Direct Dial: (651) 312-6510
E-Mail: jsnodgrass@larsonking.com

January 3, 2008

***VIA FACSIMILE ONLY***
Theresa A. Kading, Esq.
Hodel Briggs Winter LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618

    Re:    *Monte Russell v. Wells Fargo & Company*
            Court File No. C 07-0993 CW
            Our File No. 1-542-0001

Dear Ms. Kading:

    I received Wells Fargo document production numbered WF R 0001 to 0113. The documents that will be most helpful to the Plaintiffs for purposes of mediating this dispute are documents 0112 and 0113. In addition to our prior request for documents and information, we have the following questions, comments and requests concerning these pay records.

**1.    Confirmation That the "NBILL Category" Reflects Time in Excess of 40 Hours per Week**

    First, in these types of cases, we typically receive weekly pay records so that we can calculate overtime in excess of over 40 hours. Here, Wells Fargo has provided monthly pay periods. However, we understand that the "NBILL" categories may reflect time worked in excess of 40 hours per week. We would ask for confirmation that the NBILL category is in fact time worked in excess of 40 hours per week. If that is not your understanding of this category, we will need to discuss getting weekly detail for the employees at issue.

**2.    Time Records For Three Years**

    As you are aware, the parties have many disagreements including whether the statute of limitations should be two or three years. For Mr. Russell, we would request pay records going back three years from the date of filing and three years from the date of the tolling agreement for the other putative collective action members.

Theresa A. Kading, Esq.
January 3, 2008
Page 2

3. **Production of Remaining Items**

Ultimately, in order for us to participate in the mediation, we are going to need to get the remaining documents/information previously requested including the detail on the hours at issue for other putative collective action members. For obvious reasons, we need to get these documents well in advance of the date our mediation statement is due (February 8, 2008).

Thank you in advance for your attention to these items.

Very truly yours,

LARSON • KING, LLP

T. Joseph Snodgrass

TJS/rm