# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

MONTE RUSSELL, on behalf of himself and others similarly situated,

      Plaintiff,

    v.

WELLS FARGO AND COMPANY,

      Defendant.

Case No. C–07-3993-CW

**DECLARATION OF T. JOSEPH SNODGRASS IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN SUPPORT TO STRIKE AND INVALIDATE DEFENDANT'S RULE 68 OFFERS**

# EXHIBIT L

# HODEL BRIGGS WINTER LLP

tkading@hbwllp.com
Direct Dial: (949) 450-4434

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
www.hbwllp.com

September 2, 2008

**VIA U.S. MAIL**

Joseph T. Snodgrass, Esq.
Kelly Swanson, Esq.
LARSON KING, LLP
30 East 7th Street, Suite 2800
St. Paul, Minnesota 55101

William M. Audet, Esq.
Adel A. Nadji, Esq.
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California 94105

## PRIVILEGED SETTLEMENT COMMUNICATION UNDER FEDERAL RULE OF EVIDENCE 408

Re:    Monte Russell, et al. v. Wells Fargo Bank, N.A.,
       U.S. District Court, Northern District of California, Case C 07-03993 CW

Dear Counsel:

We enclose with this letter Wells Fargo's Rule 68 Offer to Compromise to opt-in Plaintiff Kevin Casner ("Plaintiff"). This Rule 68 Offer is sent as a good-faith effort to put this litigation to rest before either side incurs significant costs and fees.

In determining the amount of this Rule 68 Offer, Wells Fargo has made nearly every assumption, both legal and factual, in Plaintiff's favor. We describe below the assumptions made, the method for calculating this Rule 68 Offer, and reasons why Plaintiff should accept it. Should you or Plaintiff have any questions about this letter after both of you have reviewed it, please call me to discuss those matters.

### A.    Law regarding Rule 68 Offers

***Timing of a Rule 68 Offer.*** A Rule 68 offer is proper at this stage of the litigation. You cite Luna v. Del Monte Fresh Produce (Southeast), Inc., 2008 WL 754452 (N.D. Ga. Mar. 19, 2008) and Wang v. Chinese Daily News, Inc., 2006 WL 1635423 (C.D. Cal. May 6, 2006) to support your contention that it is too early in the case for Rule 68 offers to be made. Neither case supports your argument. In Luna, the court struck the Rule 68 offers made to plaintiffs not because discovery had not yet closed, but because "[t]he amount specified in the offers appear[ed] to have been randomly selected." Luna, 2008 WL 754452 *12. Here, Wells Fargo collected factual data, made nearly all legal assumptions in Plaintiff's favor, and created a generous offer based thereon.

T. Joseph Snodgrass, Esq.
William M. Audet
September 2, 2008
Page 2

In <u>Wang</u>, the court's two-paragraph order rejects Rule 68 offers because they were made to *absent* class members, and because they conflicted with requirements under Rule 23. <u>Wang</u>, 2006 WL 1635423 *1. Neither scenario is present here. Plaintiff has already opted in to the collective action, and Rule 23 is not relevant in this case.

As a result, you have no viable argument that a Rule 68 offer is not appropriate at this time and, indeed, Ninth Circuit case law makes clear that Rule 68 offers made at the beginning of litigation, prior to incurring significant fees, is preferable. <u>See</u> <u>Haworth v.</u> <u>State of Nevada</u>, 56 F.3d 1048, 1052-53 (9th Cir. 1995).

***Purpose and Effect of a Rule 68 Offer.*** The purpose of Rule 68 is to "encourage settlement of cases without the resort to the expense of prolonged litigation and acceptance of offers of judgment that are reasonable." <u>Solomon v Onyx Acceptance</u> <u>Corp.</u>, 222 F.R.D. 418, 423 (C.D. Cal, 2004).

If Plaintiff refuses this Rule 68 Offer and later is unable to recover a larger amount through settlement or trial, he loses all claims to costs, and is required to pay the costs of Wells Fargo incurred thereafter. Fed. R. Civ. Proc. 68(d) ("if the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made"). As discussed below, the chance of Plaintiff doing so at trial is very low. Indeed, the only way to obtain a judgment more favorable than this offer is for Plaintiff to win on every single legal issue and/or provide evidence that convinces a jury that he worked more overtime than assumed for purposes of making this Rule 68 Offer.

Moreover, given the assumptions Wells Fargo has made in Plaintiff's favor, there is very little upside to proceeding with litigation. Indeed there is only one issue not assumed in Plaintiff's favor -- the fluctuating workweek issue. We believe it makes little sense for Plaintiff to proceed with litigation, and potentially risk a net judgment against him, for the limited upside presented by this one issue. Moreover, even if Plaintiff prevails on the fluctuating workweek issue, it is possible he will lose on another issue assumed to be in his favor for making this Rule 68 Offer, thus offsetting any increase in Plaintiff's recovery by winning the fluctuating workweek issue.

In sum, given the liberal assumptions made in Plaintiff's favor (discussed below), and the state of the law in Wells Fargo's favor on the fluctuating workweek issue, it is highly unlikely that Plaintiff will recover more than the amount of this offer.

    **B.**    <u>**Legal Assumptions in Plaintiff's Favor underlying Wells Fargo's Rule**</u> <u>**68 Offer**</u>

This Rule 68 Offer is made with nearly all legal assumptions in favor of your client. This offer assumes that:

T. Joseph Snodgrass, Esq.
William M. Audet
September 2, 2008
Page 3

- Plaintiff prevails on the exempt/non-exempt issue.[1]

- Plaintiff prevails on the willfulness issue and a three-year statute of limitations applies instead of a two-year statute of limitations.

- Plaintiff prevails on the lack of good faith issue and recovers liquidated damages under the FLSA.

The only legal issue not assumed in Plaintiff's favor is the fluctuating workweek issue. As discussed at length in our separate letter to you on this topic, the majority of courts hold that, in misclassification cases brought under the FLSA (just like this one), the fluctuating workweek is the proper method for calculating backpay. See, e.g., Valiero v. Putman Assoc. Inc., 173 F.3d 35 (1st Cir. 1999).

Recently, the opinion in Clements v. Serco, Inc., 530 F.3d 1224 (10th Cir. 2008), came to your attention. It bears repeating here for Plaintiff's benefit that the Tenth Circuit in Clements held that the fluctuating workweek method of computing overtime applies in exempt misclassification cases such as this one.

The same week in which we brought Clements to your attention, you directed us to the EZPawn decision. A few points bear repeating here:

- EZPawn is the order of a Magistrate Judge in Texas. It is not authored by a District Court or Circuit Court of Appeals. Clements is a Circuit Court opinion.

- EZPawn is not published. Clements is published.

- EZPawn is contrary to the authority within its own Circuit and, therefore, is a rogue decision that will be reversed.

- No Circuit agrees with EZPawn.

Moreover, even if Plaintiff prevails on that issue in the District Court, an appeal is guaranteed. That will delay Plaintiff's actual receipt of any monetary award for years. Given the minimal upside to be gained, and the potential for reversal on appeal even if victorious in the trial court, this extended delay is not justified by the minimal potential upside. According to recent statistics, an appeal to the Ninth Circuit will result in a 20+/- month delay.

---

[1] It is not a foregone conclusion that Plaintiff will prevail on the exemption issue. We believe a jury when presented with evidence of the sophisticated, technical and complex work of PC/LAN Engineers and their substantial compensation could easily conclude that all requirements for exempt treatment are satisfied. Therefore, in evaluating Wells Fargo's Rule 68 Offer, liability on the exempt issue should not be considered a foregone conclusion.

32615_1

T. Joseph Snodgrass, Esq.
William M. Audet
September 2, 2008
Page 4

### C.    Factual Basis for Wells Fargo's Rule 68 Offer

The factual assumptions used to calculate this Rule 68 Offer are also in Plaintiff's favor.

***Weeks in which overtime was worked.*** The number of weeks assumed in the overtime calculation (i.e., 71 weeks) is likely far more than the actual number of weeks in which Plaintiff worked overtime between July 1, 2005, and January 13, 2007 (80 weeks). In order to get a realistic estimate of the number of weeks in which Plaintiff worked overtime, Wells Fargo made the following assumptions and calculation:

| | |
|---|---:|
| • Wells Fargo started with the total number of weeks Plaintiff was employed in a relevant position during the relevant period. | 80 weeks |
| • Wells Fargo subtracted out the number of weeks in which Plaintiff worked less than five days, and was therefore unlikely to have worked more than 40 hours, including: | |
|    o The six weeks per year reduced by one or more days due to recognized holidays.[2] [his work period included 2 Thanksgiving, 2 Christmas Day, 2 New Year's Day, 2 July Fourth, 2 Labor Day, and 1 Memorial Day holidays.] | - 11 weeks |
|    o The estimated five weeks per year in which Plaintiff's workweek was reduced by one or more days due to Plaintiff's use of his five weeks of paid time off ("PTO") each year. [He worked 77% of two years: 77% x 5 weeks x 2 years = 8 weeks] | - 8 weeks |
| • ***Wells Fargo added back a cushion of 10 weeks.*** | + 10 weeks |
| Total: | 71 weeks |

***Overtime hours.*** Wells Fargo assumed that Plaintiff worked 8.5 hours of overtime for each of the 71 weeks in which it assumed he worked more than 40 hours. This assumption is also clearly in Plaintiff's favor because Plaintiff's stamp records show 40.0 hours per week.

---

[2] Wells Fargo provides for six "universal" holidays per year. Even if Plaintiff were to have worked on some of the universal holidays, it is highly likely that Plaintiff worked five days in several weeks per year without working overtime, or that at least some of Plaintiff's PTO time was used in one or two day increments, both of which would have the same effect of reducing Plaintiff's overtime weeks.

32615_1

T. Joseph Snodgrass, Esq.
William M. Audet
September 2, 2008
Page 5

***Overtime Rate***. This offer is based on the following calculation of Plaintiff's overtime rate:

- Dividing Plaintiff's average annual salary ($59,548) by 52 weeks, then dividing the number of assumed weekly hours Plaintiff worked (40 regular + 8.5 overtime = 48.5), and

- Dividing the resulting amount by two (pursuant to the FLSA's fluctuating workweek method).

This calculation was: $59,548 / 52 / 48.5 = $23.61; $23.61 / 2 = $11.81 per overtime hour.

***Final Calculation***. Wells Fargo's Rule 68 Offer to Plaintiff was, therefore, calculated as follows:

|   |   |   |   |
|---|---|---|---|
|   | Overtime weeks under 3 year SOL: |   | 71 |
| x | Overtime hours per week: | x | 8.5 |
| x | Overtime rate: | x | $11.81 |
| x | 2, for liquidated damages | x | 2 |
|   | **Amount of Rule 68 Offer:** | = | **$14,255.00** |

### D.    Additional Considerations that Favor Accepting the Rule 68 Offer

Additional considerations militate in favor of Plaintiff accepting this Rule 68 Offer.

***Any recovery Plaintiff may realize will be reduced by Wells Fargo's costs.*** If Plaintiff fails to recover more than this offer, he must bear the costs Wells Fargo will incur after this date. For example, Plaintiff is located in Arizona. The cost of flying to take Plaintiff's deposition is likely to be several thousand dollars. As a result, even if Plaintiff recovers *something* at trial, the costs he will owe Wells Fargo will easily exceed all or substantially all of any recovery.

***The Ninth Circuit will rule on the legal issues prior to Plaintiff receiving a dime.*** Even if Plaintiff succeeds in recovering more at trial than stated in this offer, he will not have any recovery in hand for a long time thereafter. Wells Fargo will appeal the fluctuating workweek issue and possibly other issues to the Ninth Circuit. The Ninth Circuit will need to rule on this issue before any award is paid. Given the time it takes to appeal a judgment, Plaintiff's recovery is likely to be delayed by several years, assuming such a ruling is even upheld.

T. Joseph Snodgrass, Esq.
William M. Audet
September 2, 2008
Page 6

***Plaintiff likely will not recover attorneys' fees incurred after rejection of this offer.***
Lastly, Plaintiff's refusal of this Rule 68 Offer would weigh against an award of
attorneys' fees incurred after this date. A Rule 68 Offer, including its amount, time of
offer, services rendered and judgment obtained after the offer, as well as the overall
reasonableness of continuing litigation after the offer is made, are all relevant factors in
determining whether and what amount of attorneys' fees under the FLSA are
"reasonable." Haworth v. State of Nevada, 56 F.3d 1048, 1052-53 (9th Cir. 1995).

In setting out these factors, the Ninth Circuit was particularly critical of the Haworth
plaintiffs because it appeared to the court that "the only one who benefitted by pursuing
the litigation after the Rule 68 Offer was made was the plaintiffs' attorney." Id. at 1052.
The court declared that "[j]ust because a plaintiff has an FLSA violation in her pocket
does not give her a license to go to trial, run up the attorney fees and then recover them
from the defendant." Id.; see also Solomon, 222 F.R.D. at 423 (reducing attorneys' fees
to zero under Haworth); Wales v. Jack M. Berry, Inc., 192 F. Supp. 2d 1313, 1328 (M.D.
Fla. 2001) (applying Haworth factors in reducing fee award by 67%).

In the matter at hand, all of the Haworth factors weigh in favor of reducing or eliminating
any attorneys' fees incurred after the date of this Rule 68 Offer. The amount of the offer
is generous, the offer is being made early in the litigation before a large amount of fees
and costs are expended, the services rendered after this time are likely to be unnecessary
because this offer is based on Plaintiff winning all but one legal issue and generous
factual assumptions in his favor, and Plaintiff will not be able to recover more at trial.
Indeed the offer is double Plaintiff's actual "harm" (assuming he wins on the exemption
issue) because Wells Fargo has included liquidated damages in its Rule 68 Offer. We
believe most judges, when this fact is brought to their attention, will not be pleased with
any litigant and attorney who chose to continue down the litigation path, even if they
eventually recover slightly more, when they had been offered double the actual "harm"
suffered.

***There is substantial risk to Plaintiff on the fluctuating workweek issue.*** As explained
above, the only way for Plaintiff to recover more than this Rule 68 Offer is to prevail
before both the District Court and Ninth Circuit on the fluctuating workweek issue. The
latest Circuit Court decision on the issue is against Plaintiff and no Circuit Court has ever
ruled favorably to Plaintiff on this issue in an exemption case.

***The Rule 68 Offer allows Plaintiff to keep the entire amount and not pay fees from it.***
As presently presented, the Rule 68 Offer allows Plaintiff to keep the entire amount
offered and for the Court to determine an additional award of attorneys' fees and costs for
Plaintiff's counsel. Therefore, Plaintiff's recovery is not reduced by any payment to
Plaintiff's counsel. However, any future settlement will be reduced to provide a portion
of it to the attorneys. The only way hereafter for Plaintiff to recover an amount for
himself plus attorneys' fees on top of it is to recover more at trial than offered through
this Rule 68 Offer and prevail on appeal.

32615_1

T. Joseph Snodgrass, Esq.
William M. Audet
September 2, 2008
Page 7

***Plaintiff's are actually "losing" money as they wait for a payment.*** The present interest rate applicable to any recovery by Plaintiff is approximately 2%. At that low rate, the value of Plaintiff's recovery will diminish with time. Currently, inflation is reported to be at 5.60% (www.inflationdata.com). Therefore, a payment now has much more value to Plaintiff than does a payment later.

        E.     **<u>Conclusion</u>**

As required by Rule 68, this offer will remain open for 10 days, until Monday, September 15, 2008, unless withdrawn in writing by Wells Fargo beforehand. Please call us if you have any questions not answered by the foregoing.

Sincerely,

Theresa A. Kading
of Hodel Briggs Winter LLP

TAK:tmb
Enclosures