UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONTE RUSSELL, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO AND COMPANY,<br><br>Defendant. | Case No. C–07-3993-CW<br><br>**DECLARATION OF T. JOSEPH SNODGRASS IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN SUPPORT TO STRIKE AND INVALIDATE DEFENDANT'S RULE 68 OFFERS** |

# EXHIBIT N


HODEL BRIGGS WINTER LLP

gbriggs@hbwllp.com
Direct Dial: (949) 450-4422

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
www.hbwllp.com

September 5, 2008

**VIA FACSIMILE AND U.S. MAIL**

T. Joseph Snodgrass, Esq.
Kelly A. Swanson, Esq.
Larson King, LLP
30 East 7th Street, Suite 2800
St. Paul, Minnesota 55101

Adel A. Nadji, Esq.
Audet & Partners LLP
221 Main Street, Suite 1460
San Francisco, California 94105

Re:  <u>Monte Russell, et al. v. Wells Fargo Bank, N.A.</u>
     U.S. District Court, Northern District of California, Case C 07-03993 CW

Dear Counsel:

During our telephone conference to discuss discovery on September 3, 2008, we agreed to provide you with our client's position with respect to certain information and/or issues. This letter is to provide that information to you.

- A summary of the detail available in Plaintiff's payroll file maintained by Wells Fargo. While we do not believe this is required by any of Plaintiff's discovery requests, in the spirit of cooperation and to facilitate focusing discovery on proper subjects, we will provide you with a list and expect that it will require two to three weeks to get the information to you. Therefore, we will plan to get it to you no later than Friday, September 26, 2008, and to the extent it is available sooner, we will provide it to you.

- A further response to Interrogatory No. 2 identifying all positions held by opt-in plaintiffs, dates and "locations" (which we understand to mean in which state the employee worked), whether or not it was a PC/LAN Engineer 3 or 4 position, during the relevant time period. We will provide this.

- A further response to Interrogatories Nos. 3 and 4 and a verification of the initial and further responses. Our client will provide this information within the same timeframe, i.e., on or before September 26, 2008.

- A list of "files" concerning Named Plaintiff Monte Russell in connection with Request for Production No. 5. We will provide you with this list within the foregoing timeframe. Upon your receipt of this list, you will advise us of which files you would like to have produced. Our agreement to provide the

32837-1

T. Joseph Snodgrass, Esq.
Kelly A. Swanson, Esq.
September 5, 2008
Page 2

list is not an acknowledgement that this discovery is appropriate for Named Plaintiff Monte Russell or any opt-in plaintiff.

- Rates of pay and "benefits" for opt-in plaintiffs during the relevant time period. We will provide this information within the same timeframe based on our understanding of the term "benefits," which we will define for you. We pointed out to you that you already have average rate of pay information for the opt-in plaintiffs for the relevant time period as that was provided to you in connection with the mediation. We will produce again this information to you without the confidential limitation.

- The Excel hours worked summaries opt-in plaintiff Walsh allegedly provided to her supervisor. We will inquire specifically for these records and produce them if they exist and are located. As requested during our telephone conference, please provide the name of the supervisor(s). We also agreed to make a further inquiry as to whether any other opt-in plaintiff submitted similar records of hours worked to his/her supervisor.

- Offer letters and other documents in connection with Request for Production No. 7. We will inquire as to the existence of offer letters and/or other documents that support Wells Fargo's position that its agreement with PC/LAN Engineer 3s and 4s during the relevant time period was to pay a fixed salary for all hours, whether many or few.

- Finally, you explained that the desired information sought by Interrogatory No. 1 was whether Wells Fargo will assert the defense of "advice of counsel" to any of Plaintiff's claims. We disagree and do not believe that is the question asked. Nevertheless, Wells Fargo will provide Plaintiff with a statement as to its position on this issue. However, Wells Fargo will require several weeks to weigh the issue. I am sure you can appreciate the significance of a decision that potentially will result in the waiver of the attorney-client privilege (albeit likely only limited) and that an organization such as Wells Fargo will carefully weigh all the factors it desires before making its decision. Therefore, while you will receive a written statement of Wells Fargo's position, you will not receive it today and it will require a few weeks. If Plaintiff prefers to serve an additional interrogatory that asks the question you explained was intended, then Wells Fargo will respond at that time instead of within the referenced estimated timeline.

Sincerely,

*[signature]*

Glenn L. Briggs
of Hodel Briggs Winter LLP

32837-1



# HODEL BRIGGS WINTER LLP

8105 Irvine Center Drive
Suite 1400
Irvine, CA 92618
Phone (949) 450-8040
Fax (949) 450-8033
info@hbwllp.com

| **From:** | **Telephone Number:** | **Facsimile Number:** | **Date:** |
|---|---|---|---|
| Glenn L. Briggs, Esq. | (949) 450 8040 | (949) 450 8033 | September 5, 2008 |
| **Recipient:** | **Company:** | **Fax:** | **Phone:** |
| T. Joseph Snodgrass, Esq. | Larson King, LLP; | 651-312-6618 | 651-312-6500 |
| Adel A. Nadji, Esq. | Audet & Partners, LLP | 415-568-2556 | 415-568-2555 |

Total Number of Pages: 3 (including Fax Cover Sheet)

Re:   <u>Monte Russell, et al. v. Wells Fargo Bank, N.A.</u>

*This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postage Service. Thank you.*