IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL and DANIEL FREEDMAN, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO AND COMPANY and WELLS FARGO BANK, N.A.,<br><br>    Defendants.                        / | No. C 07-3993 CW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFFS' CROSS-MOTION |

    Plaintiffs Monte Russell and Daniel Freedman and Defendants Wells Fargo and Company and Wells Fargo Bank, N.A. dispute how to calculate overtime pay when an employer violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, by improperly classifying employees as exempt and failing to pay overtime compensation. The parties stipulated to raise three legal issues in their cross-motions for partial summary judgment. The National Employment Lawyers Association (NELA), National Employment Law Project (NELP) and the American Federation of Labor and Congress of Industrial Organizations (AFL-CIO) filed a brief as amici curiae in opposition to Defendants' motion. Oral argument on the motions was

heard on October 8, 2009. Having considered oral argument and all the papers submitted by the parties, the Court DENIES Defendants' motion for partial summary judgment and GRANTS IN PART and DENIES IN PART Plaintiffs' cross-motion for partial summary judgment.

## BACKGROUND

Plaintiffs are former employees of Defendants. Defendants employed Plaintiff Russell as a "PC/LAN Engineer 3" and Plaintiff Friedman as a "PC/LAN Engineer 4." During the relevant period, both were treated as exempt from overtime pay requirements and were therefore not paid for overtime. After Plaintiffs left their jobs, Defendants reclassified the PC/LAN Engineer 3 and PC/LAN Engineer 4 positions as non-exempt so that employees in those positions would be entitled to overtime pay.

On August 2, 2007, Plaintiffs filed this action alleging various violations of the FLSA and similar California law. Plaintiffs seek, among other remedies, liquidated damages under the FLSA for Defendants' failure to pay overtime during the relevant period. The three legal issues raised in these cross-motions for partial summary judgment are

1. Whether it is possible to have the required "clear mutual understanding" necessary to compute damages by the fluctuating workweek method (FWW method) in an exempt/non-exempt misclassification case;
2. Whether the concurrent payment of overtime pay is a required element to compute unpaid overtime by the FWW method, such that the FWW method of overtime calculation cannot be used in an exempt/non-exempt misclassification case; and
3. Whether damages (if any) on the FLSA overtime claim of an opt-in plaintiff who resides in California or Connecticut can be computed by the FWW method.

LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987). The parties agree that there is no factual dispute material to the Court's decision on the stipulated legal questions.

DISCUSSION

I.  Statutory and Legal Background

   A.  Overtime Requirements under the Fair Labor Standards Act

   Passed in 1938, the FLSA was intended to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. In a message to Congress concerning the legislation, President Franklin Roosevelt stated,

> Our nation so richly endowed with natural resources and with a capable and industrious population should be able to devise ways and means of insuring to all our able-bodied working men and women a fair day's pay for a fair day's work. A self-supporting and self-respecting democracy can plead no justification for the existence of child labor, no economic reason for chiseling workers' wages or stretching workers' hours.

H.R. Rep. 101-260, at 9 (1989), reprinted in 1989 U.S.C.C.A.N. 696, 696-97. The Act was intended to tackle the twin evils of "overwork" and "underpay." Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 578 (1942).

   In pursuit of these ends, the FLSA, among other things, set a

3

maximum number of hours employees may work per week. See 29 U.S.C. § 207. There are exceptions to this general rule. First, an employee may be classified as exempt under 29 U.S.C. § 213; section 213 provides that certain classes of employees may work more than forty hours per week without receiving overtime pay. For non-exempt employees, the second exception requires overtime pay: a non-exempt employee may work more than forty hours per week if, for every hour worked over the maximum, the employer compensates the employee "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a). This higher rate for overtime is intended to apply "financial pressure" on employers to spread employment and to compensate employees "for the burden of a workweek" exceeding forty hours. Overnight Motor, 316 U.S. at 578; see also Brennan v. Elmer's Disposal Svc., 510 F.2d 84, 87 (9th Cir. 1975). "[T]he economy inherent in avoiding extra pay was expected to have an appreciable effect in the distribution of available work." Overnight Motor, 316 U.S. at 578.

B. The Supreme Court's Decision in Overnight Motor

Four years after the FLSA was passed, the Supreme Court decided Overnight Motor Transport Company v. Missel. There, an employee brought an action under section 207 against an employer to recover unpaid overtime compensation. 316 U.S. at 574. The employer paid the employee a flat weekly rate, irrespective of how many hours the employee worked; no separate payment was made for overtime hours. Id. The employer took the position that its flat weekly wages were legal because the FLSA only required that its wages comply with section 206's minimum wage requirement, "with overtime pay at time and a half that minimum." Id. at 575.

4

1     The Court first discussed whether the employee's flat weekly
2 wage could be used as the basis to calculate overtime pay.  As
3 noted, section 207 requires overtime pay based upon the employee's
4 "regular rate;" the statute does not state whether this rate must
5 be calculated on an hourly basis, or whether other bases may be
6 used.  The Court held that using a fixed weekly rate for
7 fluctuating hours to calculate overtime pay did not violate the
8 FLSA.  See Overnight Motor, 316 U.S. at 580 ("No problem is
9 presented in assimilating the computation of overtime for employees
10 under contract for a fixed weekly wage for regular contract hours
11 which are the actual hours worked, to similar computations for
12 employees on hourly rates.").  In other words, the employee's fixed
13 weekly wage could be divided by the number of hours actually worked
14 in a week to provide a regular hourly rate that would be the basis
15 for overtime pay.  The Court observed that, under this method, "the
16 longer the hours the less the rate and the pay per hour."  Id.
17 However, this did not violate the FLSA.  Id.

18     The Court also agreed that the plaintiff's flat weekly wage
19 "was sufficiently large to cover both base pay and fifty per cent
20 additional for the hours actually worked over the statutory maximum
21 without violating [29 U.S.C. § 206, the minimum wage requirement]."
22 Id. at 581.  Nevertheless, the Court found the compensation
23 arrangement illegal because "there was no contractual limit upon
24 the hours which petitioner could have required respondent to work
25 for the agreed wage, had he seen fit to do so, and no provision for
26 additional pay in the event the hours worked required minimum
27 compensation greater than the fixed wage."  Id.  Stated another
28 way, although the plaintiff's wage was sufficient to satisfy the

5

minimum wage and compensate him for overtime at time and a half the minimum wage, the defendant could not be heard to argue, after the fact, that it had intended to satisfy section 207 in any event. See id. ("Implication cannot mend a contract so deficient in complying with the law."). Section 207 required a prospective agreement on overtime pay.

Overnight Motor stated that an employer and employee could legally agree, in certain circumstances, to a compensation arrangement where the employee would be paid a flat weekly rate for fluctuating hours. However, to satisfy section 207, the agreement must contain a provision for overtime pay and the wage must be sufficient to satisfy minimum wage requirements and offer a premium of at least "fifty per cent for the hours actually worked over the statutory maximum." Id. at 581.

C. Department of Labor's Interpretive Rules Clarifying Overnight Motor

In 1968, the Department of Labor (DOL) promulgated 29 C.F.R. § 778.114, an interpretive rule intended to codify the Supreme Court's decision in Overnight Motor.[1] See O'Brien v. Town of Agawam, 350 F.3d 279, 287 n.15 (1st Cir. 2003). The rule offers a more detailed explanation of the fluctuating work week (FWW) method

---

[1] Plaintiffs note that these interpretive rules do not have the force of law. See 33 Fed. Reg. 986 (Jan. 26, 1968) (explaining that these rules were adopted without notice-and-comment rulemaking under the Administrative Procedure Act). Defendants go further and state, "29 C.F.R. § 778.114 sheds no light on the issue before this court." Defs.' Reply at 4 n.2. Because these rules are the DOL's long-standing interpretation of the FLSA, the Court accords them respect, as required by Skidmore v. Swift & Co., 323 U.S. 134 (1994). See also Christensen v. Harris County, 529 U.S. 576, 587 (2000). Further, Ninth Circuit precedent has also relied upon these interpretive rules. See, e.g., Oliver v. Mercy Med. Ctr., 695 F.2d 379 (9th Cir. 1982) (applying 29 C.F.R. pt. 778 when determining the propriety of overtime award under the FLSA).

6

of calculating overtime pay and explains when it may be used.  The rule states that overtime hours under the method may be compensated at a premium of one-half the employee's "regular" rate, which in turn may fluctuate on a weekly basis.[2]

An employer who does not satisfy the "legal prerequisites" cannot use the FWW method and compensate employees for overtime at a premium of one-half their fluctuating regular rate.  29 C.F.R. § 778.114(c).  One requirement is a "clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period."  29 C.F.R. § 778.114(a).  Another is the contemporaneous provision of overtime pay.  29 C.F.R. § 778.114(c)

---

[2] The section provides, in pertinent part,

> An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many.  Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

29 C.F.R. § 778.114(a).

7

("Where all the facts indicate that an employee is being paid for his overtime hours at a rate no greater than that which he receives for nonovertime hours, compliance with the Act cannot be rested on any application of the fluctuating workweek overtime formula."); see also Overnight Motor, 316 U.S. at 581. The DOL echoed Overnight Motor, stating that, although the FWW method is lawful under the FLSA, it affords the employee less pay the more the employee works. Id. at 580.

As Defendants note, the difference between the FWW method and the traditional time-and-a-half method can result in an employee being paid seventy-one percent less for overtime over a given year. See Defs.' Mem. of P. & A. at 3-4. Amici note that, under the FWW method, the effective overtime hourly rate of an employee working sixty-one hours or more is less than the non-overtime hourly rate of an employee who worked no more than forty hours per week.[3]

No regulation directly addresses whether the FWW method can be used in misclassification cases such as this one. However, on July 28, 2008,ced the DOL issued a notice of proposed rulemaking (NPRM) to

---

[3] Amici explain,

> [A]n employee who earns $500 per week and works 61 hours effectively makes $12.30 per overtime hour ($500 divided by 61 hours for a regular rate of $8.20, yielding an overtime rate of $4.10). If the employer were to hire an additional employee who worked 40 hours per week, that employee's effective hourly rate would be $12.50 ($500 divided by 40 hours). Thus, if the economically rational employer is able to make use of the fluctuating workweek, it should push its employees to work more than 60 hours a week (at a marginal rate of $12.30/hr and lower as the hours climb) rather than hire new employees (at a marginal rate of $12.50/hr regardless of the number of hours worked).

Br. of Amici Curiae at 9.

revise section 778.114. Updating Regulations Issued Under the Fair Labor Standards Act, 73 Fed. Reg. 43,654 (proposed Jul. 28, 2008). The NPRM explained that section 778.114 currently

> provides that an employer may use the fluctuating workweek method for computing half-time overtime compensation if an employee works fluctuating hours from week to week and receives, pursuant to an understanding with the employer, a fixed salary as straight-time compensation "(apart from overtime premiums)" for whatever hours the employee is called upon to work in a workweek, whether few or many.

Id. The NPRM acknowledged that "the fluctuating workweek method has presented challenges to both employers and the courts in applying the current regulations." Id. at 43,662. The proposed rule, in relevant part, omitted the phrase "apart from overtime premiums" in the sentence regarding the "clear mutual understanding" of fixed compensation for fluctuating hours. Id. at 43,669. The NPRM was not pursued and the regulation was not changed.

Although the regulation was not changed as proposed, the DOL stated in a January 14, 2009 opinion letter that the FWW method could be used to compute overtime compensation retroactively in a misclassification scenario. Wage & Hour Div., U.S. Dep't of Labor, Retroactive Payment of Overtime and the Fluctuating Workweek Method of Payment, Opinion Letter (FLSA2009-3) (2009). In support of its decision, the letter cited Clements v. Serco, Inc, 530 F.3d 1224 (10th Cir. 2008), and Valerio v. Putnam Associates, Inc., 173 F.3d 35 (1st Cir. 1999), which, as discussed below, offer no analysis.

//
//
//

9

## II. Use of the FWW Method to Calculate Overtime Pay Retroactively

Defendants argue that the FWW method can be used to calculate overtime pay retroactively for the purposes of determining damages in an exempt misclassification case. They assert that the FWW method is available when the employer and employee have a clear mutual understanding that a fixed salary will compensate the employee for all hours worked in a week, including those in excess of the FLSA's forty-hour maximum, even if the "understanding" is based on the employer's erroneous premise that the employee is exempt and thus not entitled to overtime pay. Defendants' argument is untenable. The FWW method cannot be used to calculate overtime pay retroactively in a misclassification case.

As noted above, section 778.114 contains legal prerequisites, which employers must first satisfy to use the discounted overtime rate available through the FWW method. These prerequisites include (1) a clear mutual understanding that a fixed salary will be paid for fluctuating hours, <u>apart from overtime premiums</u>; and (2) the contemporaneous payment of overtime premiums.

When an employee is not exempt and is paid a fixed salary for fluctuating hours, the employer can satisfy these prerequisites. The employer and employee must have a clear mutual understanding of the fixed salary which, by law, must include an understanding that an overtime premium will be paid for any hours worked over the forty-hour-per-week maximum. Because both parties understand that overtime hours will be compensated, overtime pay would be provided contemporaneously.

When an employee is treated as exempt from being paid for overtime work, there is neither a clear mutual understanding that

10

overtime will be paid nor a contemporaneous payment of overtime. Thus, when an employee is erroneously classified as exempt and illegally not being paid overtime, neither of these legal prerequisites for use of the FWW method is satisfied.

First, an effective clear mutual understanding is absent in misclassification cases. Defendants assert that an employer could have a clear mutual understanding with its employees that the employees would be paid a flat weekly rate for fluctuating hours, including those hours worked in excess of forty, and would not receive overtime pay. Defendants essentially argue that misclassified employees have implicitly agreed not to receive their FLSA entitlement to overtime pay. This would be illegal. Employees cannot agree to waive their right to overtime pay. See Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739-40 (1981).

Second, because the employees were erroneously classified as exempt, overtime compensation was not provided contemporaneously. Employers cannot satisfy this requirement, after having been found to violate section 207, by claiming that they had intended to pay overtime; such an after-the-fact provision of overtime compensation was rejected by the Supreme Court in Overnight Motor. See 316 U.S. at 581 (rejecting the employer's attempt to use FWW method where there was "no provision for additional pay in the event the hours worked required minimum compensation greater than the fixed wage"). As stated above, 29 C.F.R. § 778.114(c) requires contemporaneous overtime pay: the FWW method cannot be used "where all the facts indicate that an employee is being paid for his overtime hours at a rate no greater than that which he receives for nonovertime hours."

29 C.F.R. § 778.114(c). In a misclassification case, because employees have not been paid overtime premiums, they are compensated for those hours worked more than forty at a rate not greater than the regular rate.

If Defendants' position were adopted, an employer, after being held liable for FLSA violations, would be able unilaterally to choose to pay employees their unpaid overtime premium under the more employer-friendly of the two calculation methods. Given the remedial purpose of the FLSA, it would be incongruous to allow employees, who have been illegally deprived of overtime pay, to be shortchanged further by an employer who opts for the discount accommodation intended for a different situation.

In making its decision here, the Court is "mindful of the directive that the [FLSA] is to be liberally construed to apply to the furthest reaches consistent with Congressional direction." Klem v. County of Santa Clara, 208 F.3d 1085, 1089 (9th Cir. 2000) (quoting Biggs v. Wilson, 1 F.3d 1537, 1539 (9th Cir. 1993)) (quotation marks and alterations omitted).

The Ninth Circuit has not directly addressed the question of whether the FWW method may be used retroactively to compensate employees who have been misclassified as exempt.[4] In Oliver v.

---

[4] In their response to Amici's brief, Defendants cite General Electric Company v. Porter, 208 F.2d 805 (9th Cir. 1953). This case was decided before the DOL promulgated section 778.114 and, therefore, the court had no occasion to consider the DOL's regulation. They also cite Brennan v. Valley Towing Co, Inc., which involved fixed monthly salaries for regular, forty-seven hour workweeks and a compensation plan for hours worked in excess of forty seven. 515 F.2d 100, 103 (9th Cir. 1975). Brennan did not address section 778.114, presumably because it was inapplicable; the facts did not involve a fixed salary for fluctuating hours.
(continued...)

12

1  Mercy Medical Center, the court concluded that the FWW method could
2  not be used to calculate liquidated damages pursuant to 29 U.S.C.
3  § 216, in part because the plaintiff-employee and the defendant-
4  employer did not agree to a fixed salary covering all hours worked
5  in a week. See 695 F.2d 379, 381 (9th Cir. 1982). Oliver confirms
6  that an employer and employee must, at the least, agree to a fixed
7  salary for fluctuating hours. But its holding does not address
8  whether the FWW method can be applied retrospectively to calculate
9  overtime pay in a misclassification case. To the extent the
10 holding is silent on this point, there is no binding Ninth Circuit
11 precedent.

12     In Bailey v. County of Georgetown, 94 F.3d 152 (4th Cir.
13 1996), non-exempt employees challenged their employer's use of the
14 FWW method to calculate their overtime pay. Instead of
15 compensating overtime at the time-and-a-half rate, the employer
16 opted for the FWW method and paid a one-half time premium based on
17 fluctuating hours. Id. at 153-54. The employees claimed that this
18 was improper, arguing that the FWW method could only apply if it
19 was shown that they "clearly understood the manner in which their
20 overtime pay was being calculated under the plan." Id. at 154.
21 The court disagreed. The Fourth Circuit determined that neither
22 the plain language of the FLSA nor section 778.114 required an
23 understanding on how overtime would be calculated; according to the
24 court, all that section 778.114 requires is a clear mutual
25 understanding of a fixed salary for fluctuating hours. Id. at 156-

26 _____

27     [4](...continued)
Further, the case did not involve misclassified workers. Thus,
28 these cases offer Defendants no support.

13

57. The court provided no additional analysis. And because the case involved non-exempt employees who were paid overtime, the court had no occasion to address whether contemporaneous overtime pay was a requirement.

Thus, Bailey did not address remedial payment to misclassified employees. Nonetheless, the First and Tenth Circuits applied its rule to misclassification cases. See, e.g., Clements v. Serco, Inc., 530 F.3d 1224 (10th Cir. 2008); Valerio v. Putnam Associates, 173 F.3d 35 (1st Cir. 1999). In Clements and Valerio, the courts held that the FWW method can be used to calculate overtime pay retroactively. But Clements and Valerio merely cite Bailey. Neither provides a substantive analysis or explains why Bailey should apply in the misclassification context. See Clements, 530 F.3d at 1230; Valerio, 173 F.3d at 40. The Fourth Circuit similarly applied Bailey's interpretation of section 778.114 in the misclassification context without analysis. See Roy v. County of Lexington, South Carolina, 141 F.3d 533, 547 (4th Cir. 1998). In Blackmon v. Brookshire Grocery Company, the Fifth Circuit applied the FWW method in a misclassification case. 835 F.2d 1135, 1138 (5th Cir. 1988). Blackmon, like the other cases above, offers no explanation. See 835 F.2d at 1138-39.

District courts outside these circuits have held that the FWW method cannot be used in misclassification cases. In Rainey v. American Forest & Paper Association, the court analyzed section 778.114 and found that its requirements include a clear mutual understanding that the employee is entitled to overtime compensation and contemporaneous payment of overtime premiums. 26 F. Supp. 2d 82, 99-102 (D.D.C. 1998); see also Hunter v. Sprint

14

Corp., 453 F. Supp. 2d 44, 58-62 (D.D.C. 2006) (discussing application of the FWW method in a misclassification case). Other courts have rejected the use of the FWW method in misclassification cases because there is no contemporaneous payment of overtime compensation in such cases. See, e.g., Cowan v. Treetop Enters., 163 F. Supp. 2d 930, 941 (M.D. Tenn. 2001) (citing Rainey); Scott v. OTS Inc., 2006 WL 870369, *12 (N.D. Ga.) (citing Rainey).

Defendants reject many of the other cases cited by Plaintiffs because "they are not in the exemption misclassification context." Defs.' Reply at 12. However, Bailey, the case relied upon by most of the cases cited by Defendants, was likewise not in the exemption misclassification context. Thus, Defendants' argument undermines their reliance on Valerio, Clements and Roy. Accordingly, the Court does not follow Bailey and its progeny: Bailey is not on point, and the cases that rely on it are not persuasive.

The Court is similarly unpersuaded by the DOL's January 14 letter. Generally, courts must defer to the expertise of an agency in interpreting statutes that Congress charged to administer. See Cent. Ariz. Water Conservation Dist. v. EPA, 990 F.2d 1531, 1539-40 (9th Cir. 1993) (citing Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, 467 U.S. 837 (1984)). However, opinion letters do not warrant such deference; under Skidmore v. Swift, 323 U.S. 134, 140 (1944), they are to be accorded respect, not deference. An opinion letter is entitled to respect to the extent that it has the "power to persuade." See Christensen v. Harris County, 529 U.S. 576, 587 (2000).

The opinion letter does not explain why the FWW method should be applied retrospectively, despite the plain language of the DOL's

15

long-standing interpretation of the FLSA contained in § 778.114. The letter relies solely upon Clements and Valerio to explain the DOL's new position, and it goes no further to detail why the DOL was departing from its forty-year-old interpretation. Given the DOL's significant change in course, this explanation is insufficient. Further, the DOL's prior abandoned effort to revise § 778.114(a) through notice-and-comment rulemaking, and the timing of the opinion letter's release -- less than one week before a change in the administration -- detract from its persuasiveness. Deferring to the letter "would permit the agency, under the guise of interpreting a regulation, to create de facto a new regulation." Christensen, 529 U.S. at 588. The DOL cannot use the letter to make a substantive regulatory change that would have the force of law. See id. at 587. The letter lacks thoroughness in its explanation and consistency with the DOL's earlier FLSA interpretation. The Court is not persuaded by it. See id. (citing Skidmore, 323 U.S. at 140).

Thus, the background and policy of the FLSA, the Supreme Court's decision in Overnight Motor and the DOL's 1968 interpretive rules demonstrate that the FWW method cannot be used to calculate overtime pay retroactively for the purposes of determining damages under the FLSA in a misclassification case. Section 778.114, which the DOL promulgated in light of Overnight Motor, provides legal prerequisites that cannot be satisfied in a misclassification case.

## CONCLUSION

For the foregoing reasons, the Court interprets § 778.114 to restrict application of the FWW method to calculate overtime pay to situations where (1) there is a clear mutual understanding between

16

an employer and employee that the employee will be paid a fixed salary for fluctuating weekly hours but nonetheless receive overtime premiums and (2) overtime is compensated contemporaneously. The Court therefore DENIES Defendants' motion for partial summary judgment and GRANTS Plaintiffs' cross-motion for partial summary judgment on the first and second stipulated legal issues. Based upon these holdings, the Court need not decide the third stipulated issue. Accordingly, the Court DENIES as moot Defendants' and Plaintiffs' motions for partial summary judgment on the third stipulated legal issue.

IT IS SO ORDERED.

Dated: November 17, 2009

CLAUDIA WILKEN
United States District Judge

17