William M. Audet (California State Bar No. 117456)
Adel Nadji (California State Bar No.232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California  94105
ANadji@audetlaw.com
Telephone:     (415) 568-2555
Facsimile:      (415) 568-2556

T. Joseph Snodgrass (*Pro Hac Vice*)
jsnodgrass@larsonking.com
Kelly A. Swanson (*Pro Hac Vice*)
kswanson@larsonking.com
LARSON KING, LLP
2800 Wells Fargo Place
30 East 7th Street
St. Paul, Minnesota 55101
Telephone:  (651) 312-6500
Facsimile:   (651) 312-6619

Attorneys for Plaintiffs,
MONTE RUSSEL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL and DANIEL FRIEDMAN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO AND COMPANY and WELLS FARGO BANK, N.A.,<br><br>      Defendants. | Case No.: CASE NO: C 07 3993 CW<br><br>JUDGE CLAUDIA WILKEN<br>COURTROOM 2<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[[Proposed] Order Filed Concurrently Herewith]<br><br>Motion to be decided on the papers, per December 8, 2009 Minute Order |

**MOTION**

NOTICE IS HEREBY GIVEN that Plaintiffs Monte Russell and Daniel Friedman, hereby do move the Court as follows, pursuant to Rule 23(e) of the Civil Rules of Civil Procedure and section 216 of the Fair Labor Standards Act:

(1)     To preliminary approve the settlement of this action;

(2)     To certify Named Plaintiffs Monte Russell and Daniel Friedman as representatives of the FLSA Class;

(3)     To certify Named Plaintiff Daniel Friedman as representative of the California Rule 23 Class;

(4)     To make appropriate findings and preliminarily certify the FLSA Class and the California Rule 23 Class for purposes of settlement;

(5)     To appoint T. Joseph Snodgrass and Kelly A. Swanson of Larson · King, LLP, and William M. Audet and Adel Nadji of Audet & Partners, LLP as Class Counsel;

(6)     To approve, and direct mailing of, the proposed FLSA Class and California Rule 23 Class Notices (including notice of the right to opt-out of the California Rule 23 Class), and Rule 23 claim and opt-out forms; and

(7)     To schedule a fairness hearing.

This motion is unopposed by Defendants Wells Fargo and Company and Wells Fargo Bank, N.A. (collectively "Wells Fargo"), and is based upon Plaintiffs' memorandum of law in support thereof, the Court's file in this matter, and the parties' Settlement Agreement.

DATED: February 26, 2010

LARSON  KING, LLP
T. JOSEPH SNODGRASS
KELLY A. SWANSON

By:   _s/ Kelly A. Swanson_
        Kelly A. Swanson

Attorneys for Plaintiffs MONTE RUSSELL and DANIEL FRIEDMAN

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Named Plaintiffs Monte Russell and Daniel Friedman, on behalf of all PC/LAN Engineers (levels 3-5) employed nationwide by Defendants Wells Fargo and Company and Wells Fargo Bank, N.A. (collectively "Wells Fargo"), seek preliminary approval of a proposed settlement of this action, which asserts claims for violations of the Fair Labor Standards Act ("FLSA"), California's Unfair Competition Law, Business and Professions Code Section 17200 *et seq.* ("UCL"), the wage and hour laws of California, and a declaratory judgment.  The terms of the proposed settlement are outlined in a Settlement Agreement dated February 26, 2010 (the "Settlement Agreement" or "SA"),[1] which is being filed contemporaneously with the Court.  In accordance with the Settlement Agreement, Wells Fargo agrees to pay $1,711,222.50 for the benefit of the former and current employees in the FLSA Class and California Rule 23 Class (collectively "Plaintiff Class") defined below.

As set forth more thoroughly below, the proposed settlement is an excellent result which fully merits preliminary approval.  The proposed Rule 23 Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure; furthermore, this Court has already authorized a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The proposed settlement was only reached after Plaintiffs' counsel (hereinafter referred to as "Settlement Class Counsel") had conducted extensive investigation of the claims asserted in this action and following a year of arduous settlement negotiations between the parties, about which the Court was kept apprised.  The Notice materials provide putative class members with the best notice practicable, and allow for a full and fair opportunity to consider the settlement.  Accordingly, this Court should certify a Rule 23 settlement class, preliminarily approve the Settlement Agreement and settlement,

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the parties' Settlement Agreement.  The Settlement Agreement is attached as Exhibit 1 to the Affidavit of Kelly A. Swanson, filed concurrently herewith.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 3

1   approve the proposed notices informing the Plaintiff Class of the proposed settlement,

2   and set a Final Approval Hearing to consider final approval, consistent with the time-

3   frame set forth in this Motion and Memorandum.

4   **II.    FACTUAL AND PROCEDURAL BACKGROUND**

5          This Court is well aware of the exchange of information, motion practice, and

6   mediation and negotiation efforts the parties have undertaken in over two-and-a-half

7   years of litigation.  For purposes of this memorandum, Plaintiffs summarize the course of

8   the litigation.

9          On August 2, 2007, Named Plaintiff Monte Russell filed a complaint against

10  Wells Fargo and Company on behalf of himself and all Technology Information Group

11  employees, who held the position of PC/LAN Engineers (levels 3-5), asserting claims

12  pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").   (*See*

13  *generally* Compl. (ECF No. 1).)  In particular, Named Plaintiff Russell alleged that Wells

14  Fargo and Company had misclassified PC/LAN Engineers (levels 3-5) as "exempt" from

15  federal overtime laws, and that it failed to make, report, and preserve records with respect

16  to each of its employees sufficient to determine their wages, hours, and other conditions

17  and practice of employment in violation of the FLSA.  (*Id.*)

18         On April 7, 2008, the Court authorized the form and dissemination of Notice of

19  Collective Action Claims under the FLSA to certain putative collective action members

20  in an effort to facilitate a private mediation between Named Plaintiff Russell, on behalf of

21  himself and others similarly situated, and Wells Fargo.  (04/07/08 Order (ECF No. 22).)

22  Notice was not disseminated to the entirety of the putative collective action class, but

23  rather notice was issued to 111 current and former PC/LAN Engineers 3 and 4 who had

24  not previously received any payment of back pay from Wells Fargo.

25         The parties' initial attempt to mediate a settlement of this action was ultimately

26  unsuccessful.  Accordingly, on July 25, 2008, Plaintiffs moved for conditional collective

27  action certification and for Court-approved notice to issue to the remainder of the

28  putative collective action class (*i.e.*, to those individuals who previously received some

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 4

but not all of the back pay allegedly owed them from Wells Fargo).  (ECF No. 35).  On September 3, 2008, the Court granted Plaintiffs' motion and authorized dissemination of a second notice of collective action.   (09/03/08 Order Granting Collective Action Certification (ECF No. 54).)

On September 4, 2008, with leave of the Court, Named Plaintiff Russell amended his Complaint to: (1) name Wells Fargo Bank, N.A. as an additional defendant; (2) add Daniel Friedman as a proposed collective and class representative; (3) add certain factual allegations and limit the proposed collective action class definition; (4) add California wage, meal and rest break, and UCL claims on behalf of a class of California employees; and (5) add a cause of action for declaratory judgment concerning the fluctuating workweek method of calculating overtime ("FWW") on behalf of all Plaintiffs.  (*See generally* Am. Compl. (ECF No. 55).)

From the inception of this case, Settlement Class Counsel have conducted a thorough investigation into the facts of this action, including a review of relevant documents, and has diligently pursued an investigation of Plaintiffs' and the Class' claims against Wells Fargo.  During the course of the litigation, Settlement Class Counsel successfully litigated a Motion for Conditional Collective Action Certification (09/03/08 Order Granting Collective Action Certification (ECF No. 54)), and a Cross-Motion for Partial Summary Judgment on Stipulated Legal Issues pertaining to the FWW (11/17/09 Order Granting in part and Denying in part Pls ' Cross-Motion (ECF No. 130)).  Before reaching the proposed settlement, the parties engaged in an extensive exchange of information and wage data concerning Opt-in Plaintiffs and members of the putative California Rule 23 Class, including but not limited to information concerning salary, position(s) and hours worked, dates of hire and termination, reclassification, and prior back-pay awards.

Since as far back as the spring of 2008, the parties have participated in numerous *ex parte*, telephonic, in-person and joint mediation sessions with three separate and experienced mediators: Gig Kyriacou, Esq., the Honorable Edward R. Infante

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 5

(Magistrate, Ret.), and, most recently, Jeffrey A. Ross, Esq.  After an in-person, joint mediation session with Mr. Ross on November 18, 2009, together with continuing arm's-length discussions and negotiations thereafter, a settlement in principal was achieved by the parties on December 4, 2009.  Since that time, the parties have engaged in numerous conference calls in an effort to finalize the language and formulae contained in the parties' Settlement Agreement.

## III.    THE PLAINTIFF CLASS

The parties have reached a settlement affecting two classes: one consisting of those persons who previously opted into the FLSA collective action, and one consisting of PC/LAN Engineer 3s and 4s, who never received prior back pay awards from Wells Fargo, and who may be joined under Rule 23.  The FLSA Class includes:

> All current or former employees of Wells Fargo who held the positions of PC/LAN Engineer 3, PC/LAN Engineer 4 or PC/LAN Engineer 5, including both Named Plaintiffs, who have previously filed opt-in consents in the Action.

(SA at ¶ 2.a.)  The FLSA Class is further defined by and comprised of the following subclasses:

- FLSA Settlement Group 1.  PC/LAN Engineer 3s and PC/LAN Engineer 4s, who opted-in to this Action in response to the first notice of collective action (ECF 22), and who did not receive any overtime back pay from Wells Fargo.  Twenty-five (25) members of the FLSA Class comprise FLSA Settlement Group 1.

- FLSA Settlement Group 2.  PC/LAN Engineer 3s and PC/LAN Engineer 4s, who opted-in to this Action in response to the second notice of collective action (ECF 54), who performed work in states other then California, and who received overtime back pay from Wells Fargo pursuant to a fluctuating workweek formula.  Forty-three (43) members of the FLSA Class comprise FLSA Settlement Group 3.

- FLSA Settlement Group 3.  PC/LAN Engineer 3s and PC/LAN Engineer 4s, who opted-in to this Action in response to the second notice of collective action (ECF 54), who performed work in California, and who received overtime back pay from Wells Fargo pursuant to the time-and-a-half formula.  Fourteen (14) members of the FLSA Class comprise FLSA Settlement Group 3.

- FLSA Settlement Group 4.  PC/LAN Engineer 5s, who opted-in to this Action in response to the second notice of collective action (ECF 54).  Twelve (12) members of the FLSA Class comprise FLSA Settlement Group 4.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 6

(*Id.* at 2.a.i.-iv.)

The Rule 23 Class is defined as:

> Named Plaintiff Daniel Friedman, and all current or former employees of Wells Fargo who held the positions of PC/LAN Engineer 3 or PC/LAN Engineer 4 and performed work in those positions in California between September 4, 2004, and July 22, 2007, who did not opt-in to this Action in response to either the first or second notice of collective action (ECF 22 and 54), and who did not receive any overtime back pay from Wells Fargo. Sixteen (16) individuals comprise the Rule 23 Class.

(*Id.* at ¶ 2.b.) The Settlement Agreement makes clear that a Plaintiff Class member cannot obtain a double recovery in this case as both an FLSA Class member and Rule 23 Class member. (*Id.* at ¶3.e.) Two PC/LAN Engineer 5s are members of two FLSA Settlement Groups. (*Id.*)

## IV.    SUMMARY OF SETTLEMENT TERMS

The Settlement Agreement sets out the terms of the proposed settlement in greater detail. (*See generally* SA.) The settlement provides that Wells Fargo will pay $1,711,222.50 to settle the claims of the 94-member FLSA Class and the 16-member Rule 23 Class. The key provisions of the settlement include:

**1.    Class Member Payments.** The settlement provides that each FLSA Class member and each member of the Rule 23 Class who timely submits an approved Claim Form[2] will receive payment under the terms of the Settlement Agreement. (*See* SA at ¶ 3.a.) The settlement payments to Plaintiff Class members are inclusive of all wages, liquidated damages, and interest and penalties to which Plaintiff Class members claim entitlement in this action, as well as employer-side income, payroll, or other taxes as provided for in the Settlement Agreement. (*Id.*; *see also id.* at ¶ 3.h.) The settlement includes a proposed settlement distribution plan, based on formulae carefully designed by counsel who are experienced and accomplished in this type of nationwide, multi-state wage and hour litigation to most fairly and accurately compensate FLSA Class members and qualified Rule 23 Class members. The amount of compensation will be calculated as

---

[2]FLSA Class members will not be required to submit a claim form in order to receive payment under the settlement.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 7

follows:

- **FLSA Settlement Group 1.**  Estimated overtime hours times hourly rate times number of weeks at issue employed in job category times .85 times 1.5 times 1.15.

- **FLSA Settlement Group 2.**  For weeks in which overtime back pay was paid:  Prior back pay award times 1.12.  For weeks in which no overtime was paid November 1, 2004, to July 21, 2005: Weeks at issue times .85 times 5 times hourly rate.

- **FLSA Settlement Group 3.**  Prior back pay award times .12.

- **FLSA Settlement Group 4.**  Individual settlement awards based on individual circumstances.

- **Rule 23 Class.**  Weeks at issue times .86 times 6.5 times hourly rate times 1.15.

(*See id.* at ¶ 3.b.; *see also* Exhibits A, B, C, D, and E to the SA (to be filed under seal pursuant to L.R. 79-5).)[3]

A Plaintiff Class member cannot obtain a double recovery in this case as both an FLSA Class member and a Rule 23 Class member.  (*See* SA at ¶3.e.)  Two PC/LAN Engineer 5s are members of two FLSA Settlement Groups.  (*Id.*)

**2.**    **Settlement Administrative Costs, Litigation Costs, and Attorneys' Fees.**  Wells Fargo has agreed to pay attorneys' fees, costs and expenses in the amount approved by the Court, not to exceed $851,304.50, to Settlement Class Counsel.  (*See* SA at ¶ 7.)  Settlement Class Counsel shall file a separate memorandum in support of their fees, costs, expenses and service awards request prior to the Final Approval Hearing.

**3.**    **Class Representative Service Payments.**  Settlement Class Counsel will likewise apply to the Court for service awards of $15,000 and $10,000 to Named Plaintiffs and proposed Class Representatives Monte Russell and Daniel Friedman, respectively, for their services to the Plaintiff Class.  (*See* SA at ¶ 6.)

---

[3] Exhibits A, B, C and E to the parties' Settlement Agreement were derived in part from employment data provided by Wells Fargo to Plaintiffs.  If any of the data provided by Wells Fargo upon which the Exhibits were created proves incorrect such that the amount of monies allocated to a specific opt-in is insufficient, Wells Fargo will provide additional funds in accordance with the formulae set forth in paragraph 3.b. of the parties' Settlement Agreement.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 8

**4.**    **Distribution of Unclaimed Funds and Uncashed Checks.**  If any monies go unclaimed or any opt-in cannot be located, any such amounts owing to the class member or opt-in shall not revert to Wells Fargo.  Rather, the amounts shall be used as follows.  First, the amounts shall be used to off-set any third-party administrator costs.  Second, if amounts still remain, they will be used to address underpayments, in any, to Opt-in Plaintiffs' based on data errors as outlined in paragraph 3.b. of the Settlement Agreement.  Finally, if amounts still remain, the amounts are to be designated as *cy pres* funds to be donated by Settlement Class Counsel to the Quest Scholars Program of Stanford, California, which provides academic opportunities to low-income students throughout the United States.  (SA at ¶ 3.c.)  Settlement Class Counsel will seek a separate order from the Court regarding any *cy pres* distribution at the appropriate time but no later than 60 days from the issuance of settlement payments to Plaintiff Class members.

**5.**    **Release of Claims.**  As part of the settlement, FLSA Class members and each member of the Rule 23 Class who has not opted out shall release and discharge Wells Fargo from any claims that were averred or could have been averred upon the facts alleged in the Amended Complaint, including but not limited to matters arising out of or connected in any way with (i) any violations of the FLSA; (ii) any violations of any state wage and hour statutes; (iii) any violation of California Business and Professions Code Section 17200, et seq.; or (iv) any common law claims, in connection with the alleged misclassification of PC/LAN Engineers 3, PC/LAN Engineers 4, and PC/LAN Engineers 5 as exempt from federal and state overtime requirements by Wells Fargo.  The release is commensurate with the overtime claims and class allegations asserted in the Amended Complaint and nothing more.  (*See* SA at ¶ 9.)

## V.    STANDARD OF REVIEW OF PROPOSED SETTLEMENT

Both Rule 23(e) and the FLSA require that the Court must approve settlement of this action.  29 U.S.C. § 216(b); Fed. R. Civ. P. 23(e); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 307 (3d Cir. 1998) (cited by 2003

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 9

Amendments to Rule 23(e)) (hereinafter "*Prudential*"); *Adams v. Inter-con Sec. Sys., Inc.*, No. C-06-5428, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007) (preliminarily approving FLSA settlement); *Rosenburg v. Int'l Bus. Mach. Corp.*, No. CV-06-00430, 2007 WL 128232, at *5 (N.D. Cal. Jan. 11, 2007) (preliminarily approving FLSA and Rule 23 settlement).[4]  Under Rule 23(e), preliminary approval is the first of a two-stage process where the court considers whether the settlement appears to fall within the range of reasonableness and whether the proposed notice plan meets the requirements of due process.  Where a class has not yet been certified, a district court must first find that the settlement class meets the requirements of Rule 23, and "may take the proposed settlement into consideration when examining the question of certification." *Prudential*, 148 F.3d at 308; *accord Vasquez v. Coast Valley Roofing, Inc.*, --- F. Supp. 2d ---, 2009 WL 3857428, at * 3 (E.D. Cal. Nov. 17, 2009).  The second and last step is a final approval hearing, at which time argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented and the Court may consider Class member reaction to the settlement.  *See* David F. Herr, ANNOTATED MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.662 (2005) (hereinafter referred to as "ANN. MANUAL").

Under the FLSA, a settlement must be supervised by either the Court or the U.S. Department of Labor ("USDOL").  *Lynn's Food Stores Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Court approval of an FLSA settlement follows a similar path as under Rule 23:  the Court must "first determine whether the settlement involves the resolution of a bona fide dispute over an FLSA provision, and then decide whether the settlement is fair and reasonable."  *Camp v. Progressive Corp.*, No. Civ. 01-2680, 2004 WL 2149079, at *4 (E.D. La. Sept. 23, 2004).  As no doubt exists that this lawsuit involved a bona fide dispute over the FLSA's overtime provisions, the only consideration is whether the settlement is fair and reasonable.

[4] Cited unpublished cases are attached as Exhibit 2 to the Affidavit of Kelly A. Swanson, filed concurrently herewith.

While the decision to approve a proposed settlement is committed to the Court's sound discretion, courts attach an initial presumption of fairness to a class settlement reached in arm's-length negotiations between experienced and capable counsel after relevant discovery.  *See Linney v. Cellular Alaska P'ship,* No. C-96-3008, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998).  The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement.  *Knight v. Red Door Salons, Inc.*, No. 08-1520, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) ("[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness" (citation omitted)).  In the same vein, a court considering a motion for preliminary approval neither decides the merits of the underlying case, nor crafts a settlement for the parties.  *Officers for Justice v. Civil Justice Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *Vasquez*, 2009 WL 3857428, at *6 ("the settlement hearing is not to be turned into a trial or rehearsal for trial on the merits").

## VI.   <u>LEGAL ARGUMENT</u>

Settlement is the preferred means of resolving litigation.  *Officers for Justice*, 688 F.2d at 625.  Settlement of class actions is particularly appropriate because the costs, delays, risks, and uncertainties inherent in complex litigation might overwhelm any recovery the Class stands to obtain.  *See id.*  By supporting the settlement of complex class action disputes, the judicial system can help minimize litigation expenses on both sides, reduce the strain on scarce judicial resources, and avoid the risks of trial to both parties.  *See Van Bronkhorst v. Safeco Corp.* , 529 F.2d 943, 943, 950 (9th Cir. 1976); 4 Herbert B. Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS ("NEWBERG") § 11.41 (4th ed. 2002); ANN. MANUAL at §§ 23, 30.4.

Nevertheless, in a class action brought under Rule 23, or in a collective action brought under 29 U.S.C. § 216(b), a court must oversee the resolution because the court, like the representatives and class counsel, assumes a fiduciary duty to absent class members.  In addition, for cases where no class has yet been certified, the Court must

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 11

certify the Rule 23 Class prior to approving the settlement.  *See Vasquez*, 2009 WL 3857428, at *3 (citations omitted).

### A.    The Court Should Certify the Proposed Rule 23 Class Under Rule 23(a) and (b).

To effectuate the settlement, Wells Fargo has agreed not to oppose the certification of a class pursuant to Rule 23(b)(3) for settlement purposes only.  Pursuant to the parties' Settlement Agreement, the proposed Rule 23 Class is defined as:

> Named Plaintiff Daniel Friedman, and all current or former employees of Wells Fargo who held the positions of PC/LAN Engineer 3 or PC/LAN Engineer 4 and performed work in those positions in California between September 4, 2004, and July 22, 2007, who did not opt-in to this Action in response to either the first or second notice of collective action (ECF 22 and 54), and who did not receive any overtime back pay from Wells Fargo.

SA at ¶ 2.b.  In light of the parties' agreement, the Court's threshold task is to determine whether the proposed settlement class satisfies the requirements of Rule 23(a) and Rule 23(b)(3).  Fed. R. Civ. P. 23.

Here, the Court can find that the Rule 23 Class easily meets the numerosity, commonality, typicality and adequacy of representation requirements of Rule 23(a).  In addition, the Rule 23 Class satisfies the Rule 23(b): predominance of common issues and superiority of the class action device. Furthermore, because the proposed Settlement eliminates the need for trial, no barrier to certification exists.

#### 1.   Members of the Rule 23 Class are so numerous that Joinder of all Members is Impracticable.

Rule 23(a)(1) requires that the proposed class be so numerous that joinder of all class members is impracticable in light of the particular circumstances of the case. Plaintiffs need **not**, however, show that the number is large that it would be **impossible** to join every class member.  *Harris v. Palm Spring Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964); *Murray v. Local 2620, Dist. Council 57, AFSCME, AFL-CIO*, 192 F.R.D. 629, 631 (N.D. Cal. 2000).  Instead, an attempt to join all parties must only be difficult or inconvenient.  *Harris*, 329 F.2d at 913-14.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 12

Here, the Plaintiff Class is comprised of 110 current and former employees of Wells Fargo.  The Rule 23 subset of the Plaintiff Class is comprised of Named Plaintiff Daniel Friedman, and 15 individuals who worked for Wells Fargo as PC/LAN Engineers 3 or 4 in California but received no back pay payment to-date from Wells Fargo, and who did not opt-in to this action in response to either the first or second notice of collective action.  As such, the Rule 23 Class represents a distinct group of plaintiffs whose members can be identified with particularity from Wells Fargo's records so as to make it administratively feasible to determine individual class membership.  *See Campbell v. PricewaterhouseCoopers, LLP*, 253 F.R.D. 586, 593 (E.D. Cal. 2008).

Furthermore, and as discussed more thoroughly below, judicial economy is clearly served if the members of the Rule 23 Class can settle their claims together in this action rather than individually in separate actions.  It is unlikely that the majority of the members of the Rule 23 Class have the financial resources necessary to pursue individual claims.  Thus, the Rule 23 Class satisfies Rule 23(a)(1)'s numerosity requirement.  *See, e.g., Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996) (finding that plaintiff's proposed class of 18 satisfied the numerosity requirement); *Grant v. Sullivan*, 131 F.R.D. 436, 446 (M.D. Pa. 1990) (holding that courts can certify a class made up of as few as 14 members).

### 2.   Common Issues of Law and Fact Unite the Rule 23 Class.

The threshold for finding commonality under Rule 23(a)(2) is not high.  It requires only that there exist "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  To satisfy the commonality requirement, Named Plaintiff Friedman need only point to a single issue common to the class.  *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1225 (9th Cir. 2007).  "Commonality is generally satisfied where, as in this case, 'the lawsuit challenges a system-wide practice or policy that affects all of the putative class members.'"  *Vasquez*, 2009 WL 3857428, at *3 (citations omitted).

Here, the requirement of a common question of law or fact is easily met as to the Rule 23 Class.  The proposed Rule 23 Class members' claims all stem from the same

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 13

source: the allegation that they were misclassified as exempt and therefore not paid overtime wages.  Questions of law and fact common to the Rule 23 Class include, but are not limited to:

- Whether Wells Fargo unlawfully failed to pay overtime compensation to members of the proposed Rule 23 Class in violation of the UCL and applicable California substantive laws, wage orders and regulations;

- Whether members of the proposed Rule 23 Class are non-exempt from entitlement to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

- Whether Wells Fargo's policy and practice of classifying Rule 23 Class members as exempt from overtime entitlement and failing to pay overtime violates applicable law;

- Whether Wells Fargo unlawfully failed to keep and furnish employees with records of hours worked, in violation of applicable law;

- Whether Wells Fargo's policy and practice of failing to pay Rule 23 Class members all wages due within the time required by law after their employment ended violates applicable law; and

- The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Rule 23 Class.

*See* Am. Compl. at ¶ 37.  As Plaintiff need only establish one common question of law or fact in order to meet the low threshold set by Rule 23(a)(2), the demonstration of common issues set forth above far surpasses what is required by the Federal Rules.

### 3.   The Claims of Named Plaintiff Friedman are Typical of the Class.

Named Plaintiff Friedman's claims are also typical of the Rule 23 Class he seeks to represent.  Fed. R. Civ. P. 23(a)(3).  "Typicality … is said … to be satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001).  Here, Friedman alleges the same injury as that allegedly suffered by the other Rule 23 Class members, *i.e.*, Wells Fargo's failure to pay overtime, as a result of the same conduct by Wells Fargo, *i.e.*, misclassification. Friedman's legal claims (and corresponding statutory bases for such claims) are also the same as those of the other Rule 23 Class members.  For example, in addition to the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 14

failure to pay overtime due to misclassification, Friedman also alleges that Wells Fargo failed to provide meal periods in violation of California Labor Code § 512, and failed to provide the statutorily defined compensation for missed meal periods in violation of California Labor Code § 226.7.  *See* Am. Compl. at ¶¶ 67-71.  The typicality requirement is thus satisfied.

### 4.  Counsel and Named Plaintiff Friedman are Adequate.

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  In order to fulfill this requirement, two questions must be addressed: (1) does the proposed class representative and his counsel have any conflicts of interest with other class members; and (2) will the proposed class representative and class counsel prosecute the action vigorously on behalf of the class?  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  The adequacy of representation requirement is met here because Named Plaintiff Friedman has the same interests as the members of the Rule 23 Class, *i.e.*, obtaining payment for wages unlawfully withheld and, as such, there is no conflict between Friedman's claims and those of the other Rule 23 Class members.  Further, Friedman is represented by experienced and competent counsel who have represented employees in numerous wage and hour and other employment class actions.  Both Settlement Class Counsel and Named Plaintiff Friedman have at all times prosecuted this Action vigorously on behalf of the Rule 23 Class.  *See Vasquez*, 2009 WL 3857428, at *4 (finding adequacy requirement met under similar circumstances and preliminarily approving proposed settlement of federal and state wage and hour claims); *Campbell* 253 F.R.D. at 596 (same); *Rosenburg*, 2007 WL 128232, at *3 (same).

### 5.  The Proposed Rule 23 Class Meets the Requirements of Rule 23(b)(3).

Common issues of law or fact "predominate over any questions affecting only individual members" of the proposed Rule 23 Class.  Fed. R. Civ. P. 23(b)(3).  Wells Fargo's conduct both before and after the PC/LAN Engineer 3 and 4 positions were reclassified from exempt to non-exempt status in July 2007, is equally relevant to each proposed Rule 23 Class member's claims and damages.  *See In re Wells Fargo Home*

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 15

*Mortgage Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1067-68 (N.D. Cal. 2007) (finding that Wells Fargo's uniform policies weighed heavily in favor of a finding that common issues predominated over individual issues in misclassification case).

The proposed Rule 23 Class is sufficiently cohesive to warrant adjudication by representation. *Hanlon*, 150 F.3d at 1022 ("[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis"). Named Plaintiff Friedman and all of the proposed Rule 23 Class members seek overtime pay and related damages for work performed as PC/LAN Engineers 3 and/or 4; common questions about the exempt or non-exempt nature of the work performed by Rule 23 Class members predominate over individual questions; and the Rule 23 Class members' potential legal remedies are identical. Any variations in the damages, such as those arising from different periods of employment or salaries, are insufficient to defeat class certification. *Blackie v. Barrack*, 524 F.2d 891, 905-06 (9th Cir. 1975); *Whiteway v. FedEx Kinko's Office and Print Services, Inc.*, No. 05-2320, 2006 WL 2642528, at *4, 10 (N.D. Cal. Sept. 14, 2006). Nevertheless, these variations are addressed in the settlement formula.

The class action proposed here "is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Superiority is satisfied in the present case because: (1) members of the proposed Rule 23 Class have little or no interest in individually controlling the prosecution of separate actions;[5] (2) prosecuting or defending separate actions at this stage would be impractical and inefficient; and (3) to Plaintiffs' knowledge there is no other litigation concerning the controversy already commenced by the proposed Class. *See id.* In addition, because the action is being settled, rather than litigated, the Court need not consider manageability

---

[5] The fact that members of the proposed Rule 23 Class chose to not opt-in to the collective action-portion of this lawsuit offers evidence that Class members lack the desire to individually control the prosecution of their individual claims.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 16

issues that might be presented by the trial involving the issues in this case.

In short, resolution of the litigation by the parties' Settlement Agreement is superior because it completely avoids duplicative litigation of common issues and prevents the problem of contradictory outcomes. As such, this action allows all of the Rule 23 Class members' claims to be fairly, adequately, and efficiently resolved to a degree that no other mechanism would provide. *See Vasquez*, 2009 WL 3857428, at *5 (finding that a class action for settlement purposes was superior to other available methods for the fair adjudication of plaintiffs' wage and hour claims); *Rosenburg*, 2007 WL 128232, at *4 (finding that class action device was superior to all other available methods for fairly and efficiently settling plaintiffs' misclassification claims).

**B.      The Proposed Settlement Merits Preliminary Approval.**

In addition to certifying the Rule 23 Class, the Court is to determine on a preliminary basis whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). This Court's role "in intruding upon what is otherwise a private consensual agreement is limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or collusion between the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Vasquez*, 2009 WL 3857428, at *6 (citing *FDIC v. Alshuler*, 92 F.3d 1503, 1506 (9th Cir. 1996)). To this end, the Court may begin its analysis with a presumption that the proposed Settlement is fair and valid. "A presumption of fairness exists where: (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." 4 NEWBERG § 11.41; *accord Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) (analyzing above-cited factors); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.62, at 315 (West/Fed. Jud. Ct. 2004).

In this matter, the parties have completed extensive factual investigation to reach an intelligent settlement. Before reaching the proposed settlement, the parties engaged in

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 17

an extensive exchange of information and wage data.  The parties' respective analyses of such information and data informed the mediation of this case.

Unquestioningly, the parties negotiated the proposed settlement in good faith and at arm's length.  The parties engaged in hard-fought settlement negotiations with no less than three separate mediators throughout the course of this case, most recently before Jeffrey A. Ross, Esq., who is experienced in mediating complex wage and hour cases. Counsel for each of the parties consider the proposed settlement to be a fair resolution of the parties' respective differences.  In light of counsel's experience, the Court should accord their assessment considerable weight.  *Knight*, 2009 WL 248367, at *4; *Linney*, 1997 WL 450064, at *5.  Indeed, counsel for each of the parties—who are experienced plaintiffs' class action attorneys and defense attorneys—have fully evaluated the strengths, weaknesses, and equities of the parties' respective positions.  This factor has been noted by both courts and commentators as supporting the fairness and reasonableness of a class action settlement.  *Ellis*, 87 F.R.D. at 18 (citing cases and authorities).

Additionally, although this Court will have to weigh class reaction at the final fairness hearing, Settlement Class Counsel fully anticipate that the proposed settlement will be favorably received.  Each of the Named Plaintiffs has given his approval of the proposed settlement.

Thus, on preliminary evaluation, the settlement is presumptively fair and should be preliminarily approved.

### C.    Additional Factors Support the Conclusion that the Settlement is Fair, Reasonable, and Adequate.

In addition to being presumptively valid, the proposed settlement meets this District's additional criteria for preliminary approval.  Preliminary approval of the settlement and notice to the Plaintiff Class is appropriate because the settlement: (1) suffers from no obvious deficiencies; (2) does not improperly grant preferential treatment to class representatives or segments of the Plaintiff Class; and (3) falls well within the

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 18

range of possible approval. *Vasquez*, 2009 WL 3857428, at *7 (citing *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).

First, the settlement provides for a payment of $1,711,222.50 by Wells Fargo, a substantial recovery given the relatively small size of the Plaintiff Class (110 members) and the limited nature of the alleged hourly wage and hour violations at issue. Each Plaintiff Class member's settlement payment is determined by a proposed settlement distribution plan, based on carefully designed and agreed-upon formulae, to most fairly and accurately compensate members of the Plaintiff Class. *See*, *supra*, at Section VI (describing distribution formulae). The proposed distribution plan takes into consideration factual variances amongst and between the Plaintiff Class subclasses. Specifically, for PC/LAN Engineer 3s and 4s, the distribution plan takes into consideration: (1) different salaries of employees; (2) different periods of employment; (3) different estimated hours of overtime (for opt-in employees); (4) the amount and formulae of previous back-pay awards; and (5) different strengths and weaknesses of liquidated damages claims based upon prior payments. For PC/LAN Engineer 5s, the individual claims were not formulaic but negotiated separately with the knowledge of the opt-ins. Nevertheless, the claim values for PC/LAN Engineer 5s were the smallest in light of Wells Fargo's stronger exemption defense for these higher paid employees. The proposed distribution plan is fair, objective and will reasonably approximate the relative damages suffered by Plaintiff Class members.

The settlement provision for unclaimed funds to be redistributed to off-set any third-party administrative fees; to address underpayments, if any, to opt-in's based on data errors; and/or to be donated to a *cy pres* beneficiary is appropriate and ensures that all of the net proceeds of the settlement are directed at Plaintiff Class members to the extent administratively possible. *See Vasquez*, 2009 WL 3857428, at *7.

Significantly, the proposed settlement does not give undue preferential treatment to the proposed Class Representatives or other members of the Plaintiff Class, or permit excessive attorneys' fees, costs and expenses. Subject to Court approval, the proposed

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 19

settlement provides for service awards of $15,000 and $10,000, respectively, to proposed Class Representatives Russell and Friedman.  Such awards are routine, appropriate, and serve public policy by encouraging individuals to come forward to protect the rights of others, while at the same time compensating the Class Representatives for their time, effort, and inconvenience in representing the interests of the Plaintiff Class members. *See, e.g., Glass v. UBS Fin. Servs.*, No. 06-4068, 2007 WL 221862, at *17 (N.D. Cal. Jan. 26, 2007) (awarding four service awards of $25,000 each in FLSA overtime collective action); Order at 3, *Gerlach v. Wells Fargo and Company*, No. 4:05-cv-00585 (N.D. Cal. Jan. 7, 2007) (ECF No. 331) (approving $15,000 service award in misclassification class action); *accord Barcia v. Contain-A-Way, Inc.*, No. 07-938, 2009 WL 587844, at *7 (S.D. Cal. Mar. 6, 2009) (approving $25,000 incentive award in wage and hour class action; citing cases).[6]

Likewise, the proposed settlement provides for reasonable attorneys' fees and costs.  Settlement Class Counsel will seek attorneys' fees plus costs and expenses, including the costs associated with notice and claims administration of the settlement, not to exceed $851,304.50.  Wells Fargo will pay these fees separately; no class member's payment from the claims fund will be reduced to reflect these fees and costs.  As Settlement Class Counsel will address in a future motion for attorneys' fees, because several of the statutes at issue in this case – FLSA and the California Labor Code – provide for mandatory recovery of attorneys' fees and costs, Settlement Class Counsel may be fully compensated for their fees using a lodestar method. Given the amount of work done in this case, the amount of risk and cost associated with the litigation and the benefits provided to the Plaintiff Class, and the excellent result achieved by the settlement, the parties' agreement on fees and costs is well within the range of reasonableness.

---

[6] None of the FLSA Opt-in Plaintiffs, nor any of the absent Rule 23 Settlement Class members, were required to respond to any discovery.  Further, had Plaintiffs not been successful at summary judgment or trial, the Class Representatives bore the risk of having to pay Wells Fargo's taxable costs in this litigation—costs that represented the costs of defending a class, and not merely an individual suit.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 20

To evaluate the "range of possible approval" criterion, which focuses on substantive fairness and adequacy, district courts primarily balance plaintiffs' expected recovery against the value of the proposed settlement. *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1080; *Vasquez*, 2009 WL 3857428, at *8. Here, the settlement confers a substantial benefit on Plaintiff Class members, while proceeding with litigation imposes considerable risks. *Vasquez*, 2009 WL 3857428, at *8.

While Settlement Class Counsel believe that the Plaintiff Class' claims are strong and supported by federal and state precedent, Settlement Class Counsel are also experienced and realistic enough to know that the guaranteed recovery and certainty achieved through settlement—as opposed to the uncertainty inherent in the jury trial and appellate process—weighs heavily in favor of the settlement result here. *See id.* Indeed, Wells Fargo denies both that the exempt classification of PC/LAN Engineer 3s, 4s and 5s was improper, and that it owes any of its current and former employees overtime pay as a result. Moreover, not only does Wells Fargo vigorously contest liability but also this Court's prior ruling concerning the proper method of calculating any overtime owed in this case. However these issues would ultimately be resolved, their legal and factual complexity make them expensive to litigate on a class-wide basis. If fully litigated, they could take years to resolve through verdict and judgment, and, inevitably, appeal.

The proposed settlement therefore eliminates the need for a lengthy, uncertain, and expensive trial or series of trials. For example, the Settlement Agreement eliminates the risk of a denial of certification, which would force members of the Rule 23 Class to proceed on a plaintiff-by-plaintiff basis. By eliminating the risk of uncertain outcomes in litigation, the Settlement Agreement reflects economies of time, effort, and expense, by eliminating the need for individual litigation on what are, on average, relatively modest back wage claims. Even with fee-shifting statutes in place, it would be uneconomical for individual plaintiffs to proceed to trial with their claims given that the amount of fees would likely exceed the damages award to many plaintiffs. *See id.* The settlement thus affords the Plaintiff Class with prompt, efficient relief, while avoiding the expenses and

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 21

burdens of trial.

All of these factors weight heavily in favor of approving the settlement. The settlement provides prompt and substantial relief to all members of the FLSA Class as well as absent Rule 23 Class members, without the attendant risks of additional and uncertain litigation. Judicial resources are conserved.

**D.      The Court Should Approve the Content and Distribution of the Proposed Notices.**

"Adequate notice is critical to court approval of a class settlement." *Hanlon*, 150 F.3d at 1025. Here, the proposed FLSA and Rule 23 Notices of Settlement fully comports with the procedural and substantive requirements of both Rule 23 and the FLSA.[7] Under Rule 23, due process requires that Class members receive notice plus an opportunity to be heard and participate in the litigation. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Under section 216(b) of the FLSA, the Court has the discretion to issue notice to apprising absent class members of their rights to join an action, as well as their rights under the terms of a settlement. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-74 (1989). Settlement Class Counsel here have devised a Notice Plan that comports with these requirements, and follows generally accepted methods of notice, including the Federal Judicial Center's recommendations.[8]

*1.    The FLSA and Rule 23 Class Notices Satisfy Due Process.*

The content of the each of the proposed Rule 23 and FLSA Notices provide the definition of the Plaintiff Class, including subclasses, describes the nature of the action, including the Class claims, and explains the procedure for contesting data relied upon for making payments under the settlement, and making comments and objections. The Notices provide specifics concerning the date, time, and place of the Final Approval

---

[7] The proposed Notice of Collective Action Settlement ("FLSA Settlement Notice") is attached as Exhibit G, and the proposed Notice of Class Action Settlement ("Rule 23 Settlement Notice") is attached as Exhibit H, to the parties' Settlement Agreement.

[8] *See* Illustrative Notices, at www.fjc.gov, "Class Action Notices Page."

Hearing, and informs Plaintiff Class members that they may enter an appearance through counsel.  The Notices also inform Plaintiff Class members how to exercise their rights and make informed decisions concerning the proposed settlement and, in particular, advises Rule 23 Class members that if they do not opt out, the judgment will be binding on them.[9]

In addition, the Notices inform the Plaintiff Class about the application of Settlement Class Counsel for reimbursement of costs and attorneys' fees, as well as Settlement Class Counsel's request for service payments to the Class Representatives.

Finally, the Notices summarize the terms of the settlement and inform Plaintiff Class members how individual recoveries will be determined.  Courts routinely approve class notices even when they have only provided general information about the settlement.  *See, e.g., Mendoza v. United States*, 623 F.2d 1338, 1351 (9th Cir. 1980) (recognizing that a "very general description of the proposed settlement" satisfies standards); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (Class Notice "need only describe the terms of the settlement generally").

### 2.   *The Notice Plan and Claims Process are Appropriate.*

The settlement contemplates that the Notices will be mailed individually by the Claims Administrator to the last known address of Plaintiff Class members as identified through Wells Fargo's records.[10]  Given the size and nature of the Plaintiff Class and its discrete subclasses, direct mailing is the best notice practicable, is reasonably designed to reach the Plaintiff Class members, and takes into consideration the needs of the employees affected by this litigation.  The notice plan is consistent with class certification

---

[9]  To avoid the confusion that sometimes results when class members receive a joint Rule 23 and FLSA collective action settlement notice, Settlement Class Counsel has drafted a separate notice to persons who have already opted-in to the FLSA Class advising them of their rights, *i.e.*, the "FLSA Settlement Notice." Because these persons have already opted into the FLSA action, they have signified their intent to be bound by any settlement or judgment under the FLSA.  Conversely, persons who did not opt into the FLSA action will receive only the Rule 23 Settlement Notice.

[10]  The Claims Administrator will undertake efforts, including performing skip traces, in the event any Notice is returned as undeliverable due to a bad address.

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 23

1    notice plans approved by numerous state and federal courts, including this Court's prior

2    approval of the FLSA *Hoffman-LaRoche* notice, and is, under the circumstances of this

3    case, the best practicable notice.

4            Attached to the Rule 23 Notice will be an individualized Claim Form, which sets

5    forth each Rule 23 Class member's settlement payment, as well as an Opt-Out Form.[11]

6    Under the terms of the settlement, if a Rule 23 Class member wishes to participate in the

7    settlement and receive his or her settlement share, he or she is instructed to complete and

8    return the Claims Form to the Claims Administrator.  On the other hand, if a Rule 23

9    Class member wishes to exclude him or herself from the settlement, the Rule 23 Notice

10   instructs the Class member to complete and return the enclosed Opt-Out Form.

11           In contrast, the FLSA Notice informs FLSA Class members that in order to

12   participate in the settlement, they do not need to take any further action.  A check

13   representing each FLSA Class member's settlement payment, based upon Wells Fargo's

14   existing data of his or her employment, will be mailed directly to the Class member once

15   the Court has issued final approval of the Settlement Agreement.

16           **E.      The Court Should Set Dates for the Final Approval Process.**

17           As set forth in the proposed FLSA and Rule 23 Notices, the parties contemplate

18   that after notice is distributed and the Plaintiff Class is offered an opportunity to review

19   the terms of the Settlement, that the Court will hold a Final Approval hearing to make a

20   final determination on approving the settlement.   Under the terms of the Settlement

21   Agreement, and consistent with Rule 23, Plaintiffs ask the Court to enter an Order setting

22   dates for the final approval process including: (1) a deadline for the Claims Administrator

23   to mail FLSA and Rule 23 Notices and Rule 23 Claim and Opt-Out Forms to Plaintiff

24   Class members; (2) a deadline for Settlement Class Counsel to file a Motion for Final

25   Approval of Settlement and Fee Petition; (3) an opt-out deadline; (4) an objection

26   deadline; (5) a date that is available for the Court to conduct a Final Approval hearing, to

27   ────────────────────
     [11] The Claim Form is attached as Exhibit I and the Opt-Out Form is attached as Exhibit J, to the parties'
     Settlement Agreement.

28

────────────────────
PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 24

1  consider the fairness of the settlement and to hear any comments from the Plaintiff Class;

2  and (6) a deadline by which Rule 23 Class members must submit their Claim Forms to

3  the Claims Administrator.

4  ## CONCLUSION

5  Plaintiffs respectfully request that the Court enter the proposed Order certifying

6  the proposed Plaintiff Class, preliminarily approving the proposed settlement, endorsing

7  the form and content of the proposed Notices of Settlement, authorizing the

8  dissemination of notice, and setting a schedule for the final approval process.

9

10

Dated:                                    Respectfully submitted,

11
                                          LARSON • KING, LLP
12
                                          s/Kelly A. Swanson
13                                        T. Joseph Snodgrass (*Pro Hac Vice*)
                                          Kelly A. Swanson (*Pro Hac Vice*)
14                                        LARSON  KING, LLP
                                          2800 Wells Fargo Place
15                                        30 East 7th Street
                                          St. Paul, Minnesota 55101
16                                        Telephone: (651) 312-6500
                                          Facsimile:  (651) 312-6619
17

18                                        William M. Audet (California State Bar No. 117456)
                                          Adel Nadji (California State Bar No. 232599)
19                                        AUDET & PARTNERS, LLP
                                          221 Main Street, Suite 1460
20                                        San Francisco, California  94105
                                          Telephone: (415) 568-2555
21                                        Facsimile:  (415) 568-2556

22                                        Attorneys for Plaintiffs MONTE RUSSELL and DANIEL
                                          FRIEDMAN
23

24

25

26

27

28

PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND MEMORANDUM
CASE NO. C 07 3993 CW

Page 25