1  William M. Audet (California State Bar No. 117456)
   Adel Nadji (California State Bar No.232599)
2  AUDET & PARTNERS, LLP
   221 Main Street, Suite 1460
3  San Francisco, California  94105
   ANadji@audetlaw.com
4  Telephone:     (415) 568-2555
   Facsimile:      (415) 568-2556
5
6  T. Joseph Snodgrass (*Pro Hac Vice*)
   jsnodgrass@larsonking.com
7  Kelly A. Swanson (*Pro Hac Vice*)
   kswanson@larsonking.com
8  LARSON · KING, LLP
   2800 Wells Fargo Place
9  30 East 7th Street
   St. Paul, Minnesota 55101
10 Telephone:  (651) 312-6500
   Facsimile:   (651) 312-6619
11
   Settlement Class Counsel
12
13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15
16 MONTE RUSSELL and DANIEL FRIEDMAN,          Case No.: CASE NO: C 07 3993 CW
   on behalf of themselves and others similarly
17 situated,

18 Plaintiffs,                                 **PLAINTIFFS' UNOPPOSED MOTION
                                               FOR FINAL APPROVAL OF CLASS AND
19 v.                                          COLLECTIVE ACTION SETTLEMENT
                                               AND MEMORANDUM
20 WELLS FARGO AND COMPANY and WELLS           OF POINTS AND AUTHORITIES IN
   FARGO BANK, N.A.,                           SUPPORT THEREOF**
21
22        Defendants.                          [[Proposed] Order Filed Concurrently
                                               Herewith]
23
24                                             Date: June 17, 2010
                                               Time: 2:00 p.m.
25                                             Place: Courtroom 2, 4th Floor
                                               **Hon. Claudia Wilken**
26
27
28

### TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... iii

NOTICE OF MOTION AND MOTION .......................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................... 2

    I.    INTRODUCTION ................................................................... 2

    II.   FACTUAL AND PROCEDURAL BACKGROUND ................... 3

        A.   Procedural Background. ................................................ 3

        B.   Discovery and Motion Practice. .................................. 4

        C.   The Parties' Arm's-Length Negotiation Efforts. ....... 5

    III.  THE PLAINTIFF CLASS ...................................................... 6

    IV.  SUMMARY OF SETTLEMENT TERMS ................................ 7

        1.   Class Member Payments ............................................ 7

        2.   Settlement Administrative Costs, Litigation Costs, and Attorneys' Fees. ..................................................... 8

        3.   Class Representative Service Payments ..................... 9

        4.   Distribution of Unclaimed Funds and Uncashed Checks .... 9

        5.   Release of Claims ....................................................... 9

    V.   THE COURT-APPROVED NOTICE PROGRAM IS CONSTITUTIONAL AND HAS BEEN FULLY IMPLEMENTED ...... 10

        A.   Implementation of the Notice Plan. .......................... 10

        B.   Settlement and Claims Administration. ..................... 11

    VI.  LEGAL ARGUMENT ........................................................... 12

        A.   The Court Should Grant Final Certification of the Action as a Collective and Class Action for Settlement Purposes. ..................... 12

        B.   The Court Should Grant Final Approval of the Settlement. ........... 14

            1.   The Settlement is Presumptively Fair and Reasonable. ............... 14

        C.   Additional Factors Support the Conclusion that the Settlement is Fair, Reasonable, and Adequate. ....................... 17

            1.   The Settlement Offer is Appropriate Based on the Merits of the Case. ....................... 17

1

2.   *The Settlement Avoids Protracted and Expensive Litigation.*........ 19

2

3.   *Settlement Class Counsel Supports the Settlement.* ...................... 20

3

**CONCLUSION** ........................................................................................................ 21

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>TABLE OF AUTHORITIES</u>**

2

**Cases**

3

4

*Barcia v. Contain-A-Way, Inc.*,
   No. 07-938, 2009 WL 587844 (S.D. Cal. Mar. 6, 2009) .................................. 19

5

*Camp v. Progressive Corp.*,
   No. Civ. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004) ..................... 14

6

7

*Eisen v. Carlisle & Jacqueline*,
   417 U.S. 175 (1974) ......................................................................................... 10

8

*Ellis v. Naval Air Rework Facility*,
   87 F.R.D. 15 (N.D. Cal. 1980) ............................................................. 15, 16, 20

9

10

*FDIC v. Alshuler*,
   92 F.3d 1503 (9th Cir. 1996) ........................................................................... 15

11

*Ficalora v. Lockheed Cal. Co.*,
   751 F2d 995 (9th Cir. 1985) ............................................................................ 12

12

13

*Garner v. State Farm Mut. Auto. Ins. Co.*,
   No. 08-1365, 2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) .......... 15, 16, 17, 20

14

*Gerlach v. Wells Fargo and Company*,
   No. 4:05-cv-00585 (N.D. Cal. Jan. 19, 2007) .................................................. 19

15

16

*Glass v. UBS Fin. Servs.*,
   No. 06-4068, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ............................... 18

17

*Hunt v. Check Recovery Sys., Inc.*,
   No. 05-4993, 2007 WL 2220972 (N.D. Cal. Aug. 1, 2007) ............................. 10

18

19

*Knight v. Red Door Salons, Inc.*,
   No. 08-1520, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ........................... 15, 16

20

*Linney v. Cellular Alaska P'ship*,
   No. C-96-3008, 1997 WL 450064 (N.D. Cal. July 18, 1997) .................... 15, 17

21

22

*Lynn Food Stores, Inc. v. United States*,
   679 F.2d 1350 (11th Cir. 1982) ....................................................................... 14

23

24

*Monahan v. Emerald Perf. Materials, LLC*,
   No. 08-1511RBL, --- F. Supp. 2d ---, 2010 WL 724031 (W.D.
   Wash. Feb. 25, 2010) ......................................................................................... 5

25

*Nat'l Rural Telecom. Coop. v. DirectTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004) ......................................................... 16, 17, 20

26

27

*Officers for Justice v. Civil Justice Comm'n*,
   688 F.2d 615 (9th Cir. 1982) ............................................................... 12, 15, 20

28

*Prudential Ins. Co. of Am. Sales Practices Litig.*,
    148 F.3d 283 (3d Cir. 1998) ........................................................................ 14

*Rosenburg v. Int'l Bus. Machines Corp.*,
    No. 06-0430, 2007 WL 2043855 (N.D. Cal. July 12, 2007) ........................... 10

*Russell v. Wells Fargo*,
    672 F. Supp. 2d 1008 (N.D. Cal. 2009) .......................................................... 5

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ......................................................................... 17

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) ................................................................. 12, 20

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal.) .................................................................... passim

**Statutes**

29 U.S.C. § 216(b) ..................................................................................... passim

California's Unfair Competition Law, Business and Professions
Code Section 17200 *et seq* ........................................................................... 2

**Other Authorities**

3 Herbert B. Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS
    §§ 8.21, 8.39 (4th ed. 2002) ....................................................................... 10

4 NEWBERG § 11.41; .................................................................................... 15

David F. Herr, ANNOTATED MANUAL FOR COMPLEX LITIGATION
    (FOURTH) §§ 23, 30.4 (2005) ..................................................................... 12

MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.311 (West/Fed.
    Jud. Ct. 2004) ............................................................................................ 10

**Rules**
Fed. R. Civ. P. 23 ......................................................................................... passim

Fed. R. Civ. P. 23(a) .................................................................................... 1, 12

Fed. R. Civ. P. 23(b) ........................................................................................ 12

Fed. R. Civ. P. 23(b)(3) .................................................................................... 1

Fed. R. Civ. P. 23(c)(2) ................................................................................... 10

Fed. R. Civ. P. 23(e) ....................................................................................... 14

Fed. R. Civ. P. 23(e)(2) ................................................................................... 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on June 17, 2010, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of the above-entitled Court, located on the 4th Floor at Ronal V. Dellums Federal Building, 1301 Clay Street, Oakland, California, Plaintiffs Monte Russell and Daniel Friedman will and hereby do move the Court as follows:

(1)    To grant final collective and class action certification of the Plaintiff Class and subclasses preliminarily certified in this Court's March 26, 2010 Order, pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(a) and 23(b)(3) for settlement purposes;

(2)    To grant final approval of the proposed collective and class action settlement;

(3)    To enter a final judgment consistent with the terms of the settlement;

(4)    To approve service payments to Named Plaintiffs and Class Representatives Monte Russell and Daniel Friedman as representatives of the FLSA and California Rule 23 Classes;[1] and

(5)    To grant an award of attorneys' fees, costs and expenses to Settlement Class Counsel.[2]

This motion is unopposed by Defendants Wells Fargo and Company and Wells Fargo Bank, N.A. (collectively "Wells Fargo"), and is based upon Plaintiffs' memorandum of law in support thereof; the executed Settlement Agreement preliminarily approved by the Court on March 26, 2010 and, as amended on April 16, 2010; the Findings and Order Regarding Preliminary Approval of Settlement (ECF No. 152); and the Declarations of Kelly A. Swanson, T. Joseph Snodgrass, and Alejandra Zarate, filed

---

[1] Settlement Class Counsel are seeking service awards of $15,000 and $10,000 to Named Plaintiffs and Class Representatives Monte Russell and Daniel Friedman, respectively, through Settlement Class Counsel's concurrently filed Motion for an Award of Service Payments to Class Representatives and for an Award of Attorneys' Fees, Costs, and Expenses.

[2] Settlement Class Counsel are seeking an award of attorneys' fees, costs and expenses in the amount of $851,304.50 through their concurrently filed Motion for an Award of Service Payments to Class Representatives and for an Award of Attorneys' Fees, Costs, and Expenses.

1   herewith in support of this Motion; and all other papers filed in this action.

2   <strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong>

3   **I.   <u>INTRODUCTION</u>**

4          Named Plaintiffs Monte Russell and Daniel Friedman, on behalf of all PC/LAN

5   Engineers (levels 3-5) employed nationwide by Defendants Wells Fargo and Company

6   and Wells Fargo Bank, N.A. (collectively "Wells Fargo") during the relevant time period,

7   seek final approval of a proposed settlement of this action, which asserts claims for

8   violations of the Fair Labor Standards Act ("FLSA"), California's Unfair Competition

9   Law, Business and Professions Code Section 17200 *et seq.* ("UCL"), the wage and hour

10  laws of California, and a declaratory judgment.  The terms of the proposed settlement are

11  outlined in the parties' Settlement Agreement (the "Settlement Agreement" or "SA").[3]

12         On March 26, 2010, this Court found the proposed settlement to be within the

13  range of reasonableness and granted preliminary approval of a settlement covering the

14  FLSA Class and California Rule 23 Class (collectively "Plaintiff Class") defined below.

15  (Preliminary Approval Order at 5-6 (ECF No. 152)).   Settlement Class Counsel

16  disseminated notice according to the terms of the Preliminary Approval Order, causing

17  mailed notice to be sent to 111 individuals.   Members of the Plaintiff Class have

18  overwhelmingly supported the proposed settlement.   No requests for exclusion or

19  objections have been filed.   (*See* Declaration of Alejandra Zarate in Supp. of Final

20  Approval ("Zarate Decl.") at ¶14, attached as Exhibit 1 to the Swanson Decl.; Declaration

21  of T. Joseph Snodgrass in Support of Pls' Motions for Final Approval of Settlement,

22  Service Awards and an Award of Attorneys' Fees ("Snodgrass Decl.") at ¶ 29, filed

23  concurrently herewith.)

24  _____

25  [3] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the
    parties' Settlement Agreement.  The Settlement Agreement was executed on February 26, 2010 and filed
26  with the Court that same day (ECF No. 142-1).   The parties subsequently amended the Settlement
    Agreement to encompass three additional opt-in plaintiffs who were inadvertently omitted from the
27  settlement charts attached to the Settlement Agreement as Exhibits A-E (filed under seal pursuant to N.D.
    Cal. L.R. 79-5).   (*See generally* Amnd. to Settlement between Pls. and Defs. (ECF No. 156); and Order
    granting Stip. to Amend Settlement Agreement (ECF No. 160).)

28

The settlement provides a total of $1,734,004.39 to pay claims of all Plaintiff Class Members, exclusive of attorneys' fees, costs, and service awards. The settlement also provides for the payment of Class Representative service awards to Monte Russell and Daniel Friedman in the sums of $15,000 and $10,000, respectively, and $851,304.50 for attorneys' fees, costs and expenses.

The Plaintiff Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The settlement is the product of arm's length negotiations between the parties and is a fair, reasonable, and adequate resolution of Plaintiffs' claims. Accordingly, Plaintiffs request that the Court: (1) grant final certification of the Plaintiff Class for settlement purposes; (2) grant final approval of the parties' settlement; and (3) enter an Order for Final Judgment.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Procedural Background.

This Court is well aware of the exchange of information, motion practice, and mediation and negotiation efforts the parties have undertaken in nearly three years of litigation. For purposes of this memorandum, Plaintiffs summarize the course of the litigation.

On August 2, 2007, Named Plaintiff Monte Russell filed a complaint against Wells Fargo and Company on behalf of himself and all Technology Information Group employees, who held the position of PC/LAN Engineers (levels 3-5), asserting claims pursuant to 29 U.S.C. § 216(b) of the FLSA. (*See generally* Compl. (ECF No. 1).) In particular, Named Plaintiff Russell alleged that Wells Fargo and Company had misclassified PC/LAN Engineers (levels 3-5) as "exempt" from federal overtime laws, and that it failed to make, report, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment in violation of the FLSA. (*Id.*)

On April 7, 2008, the Court authorized the form and dissemination of Notice of

Collective Action Claims under the FLSA to certain putative collective action members in an effort to facilitate a private mediation between Named Plaintiff Russell, on behalf of himself and others similarly situated, and Wells Fargo.  (04/07/08 Order (ECF No. 22).) Notice was not disseminated to the entirety of the putative collective action class, but rather notice was issued to 111 current and former PC/LAN Engineers 3 and 4 who had not previously received any payment of back pay from Wells Fargo.

The parties' initial attempt to mediate a settlement of this action was unsuccessful.  Accordingly, on July 25, 2008, Plaintiffs moved for conditional collective action certification and for Court-approved notice to issue to the remainder of the putative collective action class (*i.e.*, to those individuals who previously received some but not all of the back pay allegedly owed them from Wells Fargo).  (ECF No. 35).  On September 3, 2008, the Court granted Plaintiffs' motion and authorized dissemination of a second notice of collective action.   (09/03/08 Order Granting Collective Action Certification (ECF No. 54).)

On September 4, 2008, with leave of the Court, Named Plaintiff Russell amended his Complaint to: (1) name Wells Fargo Bank, N.A. as an additional defendant; (2) add Daniel Friedman as a proposed collective and class representative; (3) add certain factual allegations and limit the proposed collective action class definition; (4) add California wage, meal and rest break, and UCL claims on behalf of a class of California employees; and (5) add a cause of action for declaratory judgment concerning the fluctuating workweek method of calculating overtime ("FWW") on behalf of all Plaintiffs.  (*See generally* Am. Compl. (ECF No. 55).)

**B.     Discovery and Motion Practice.**

From the inception of this case, Settlement Class Counsel have conducted a thorough investigation into the facts of this action, including a review of relevant documents, and has diligently pursued an investigation of Plaintiffs' and the Class' claims against Wells Fargo.  During the course of the litigation, Settlement Class Counsel

1    successfully litigated a Motion for Conditional Collective Action Certification (09/03/08

2    Order Granting Collective Action Certification (ECF No. 54)), and a Cross-Motion for

3    Partial Summary Judgment on Stipulated Legal Issues pertaining to the FWW (11/17/09

4    Order Granting in part and Denying in part Pls.' Cross-Motion (ECF No. 130)).[4]  Before

5    reaching the proposed settlement, the parties engaged in an extensive exchange of

6    information and wage data concerning Opt-in Plaintiffs and members of the putative

7    California Rule 23 Class, including but not limited to information concerning salary,

8    position(s) and hours worked, dates of hire and termination, reclassification, and prior

9    back-pay awards.

               **C.**      **The Parties' Arm's-Length Negotiation Efforts.**

11    Since as far back as the spring of 2008, the parties have participated in numerous

12    *ex parte*, telephonic, in-person and joint mediation sessions with three separate and

13    experienced mediators: Gig Kyriacou, Esq., the Honorable Edward R. Infante

14    (Magistrate, Ret.), and, most recently, Jeffrey A. Ross, Esq.  After an in-person, joint

15    mediation session with Mr. Ross on November 18, 2009, together with continuing arm's-

16    length discussions and negotiations thereafter, a settlement in principal was achieved by

17    the parties on December 4, 2009.  Since that time, the parties engaged in numerous

18    conference calls in an effort to finalize the language and formulae contained in the

19    parties' Settlement Agreement.

20    In April, 2010, the parties identified three additional FLSA Class Members who

21    were inadvertently omitted from the FLSA Class as described in the original Settlement

22    Agreement.  The inadvertent omission of these three individuals was discovered by the

23    parties during the administration and facilitation of the settlement process.  (*See generally*

24    Stip. To Amend Settlement Agreement between Pls. and Defs. (ECF No. 155); Amnd. to

---

[4]  The Court's November 17, 2009 ruling that the FWW cannot be used to calculate overtime pay retroactively for purposes of determining damages under the FLSA in misclassification cases, has subsequently been published and relied upon by other district courts within the Ninth Circuit.  *See Monahan v. Emerald Perf. Materials, LLC*, No. 08-1511RBL, --- F. Supp. 2d ---, 2010 WL 724031 (W.D. Wash. Feb. 25, 2010) (relying on *Russell v. Wells Fargo*, 672 F. Supp. 2d 1008 (N.D. Cal. 2009)).

Settlement Agreement between Pls. and Defs. (ECF No. 156).)   The parties worked together to negotiate the claims of the three omitted Class Members and jointly sought to amend the terms of the parties' Settlement Agreement accordingly.  (*See* Order Allowing Amnd. to Settlement Agreement between Pls. and Defs. (ECF No. 160).)

In sum, the parties negotiated the proposed settlement in good faith and at arm's length.  The parties worked together to reach the terms in the Settlement Agreement before experienced mediators.   Settlement Class Counsel considers the Settlement Agreement, as amended, to be fair, reasonable and adequate.  Snodgrass Decl. at ¶ 5.

## III.   **THE PLAINTIFF CLASS**

The parties have reached a settlement affecting two classes: one consisting of those persons who previously opted into the FLSA collective action, and one consisting of PC/LAN Engineer 3s and 4s, who never received prior back pay awards from Wells Fargo, and who may be joined under Rule 23.  The FLSA Class includes:

> All current or former employees of Wells Fargo who held the positions of PC/LAN Engineer 3, PC/LAN Engineer 4 or PC/LAN Engineer 5, including both Named Plaintiffs, who have previously filed opt-in consents in the Action.

(SA at ¶ 2.a.)  The FLSA Class is further defined by and comprised of the following subclasses:

- **FLSA Settlement Group 1.**   PC/LAN Engineer 3s and PC/LAN Engineer 4s, who opted-in to this Action in response to the first notice of collective action (ECF 22), and who did not receive any overtime back pay from Wells Fargo.  Twenty-five (25) members of the FLSA Class comprise FLSA Settlement Group 1.

- **FLSA Settlement Group 2.**   PC/LAN Engineer 3s and PC/LAN Engineer 4s, who opted-in to this Action in response to the second notice of collective action (ECF 54), who performed work in states other than California, and who received overtime back pay from Wells Fargo pursuant to a fluctuating workweek formula.  Forty-five (45) members of the FLSA Class comprise FLSA Settlement Group 3.

- **FLSA Settlement Group 3.**   PC/LAN Engineer 3s and PC/LAN Engineer 4s, who opted-in to this Action in response to the second notice of collective action (ECF 54), who performed work in California, and who received overtime back pay from Wells Fargo pursuant to the time-and-a-half formula.  Fourteen (14) members of the FLSA Class comprise FLSA Settlement Group 3.

- **FLSA Settlement Group 4.**  PC/LAN Engineer 5s, who opted-in to this Action in response to the second notice of collective action (ECF 54).   Thirteen (13) members of the FLSA Class comprise FLSA Settlement Group 4.

(*Id.* at 2.a.i.-iv.)

The Rule 23 Class is defined as:

Named Plaintiff Daniel Friedman, and all current or former employees of Wells Fargo who held the positions of PC/LAN Engineer 3 or PC/LAN Engineer 4 and performed work in those positions in California between September 4, 2004, and July 22, 2007, who did not opt-in to this Action in response to either the first or second notice of collective action (ECF 22 and 54), and who did not receive any overtime back pay from Wells Fargo.  Sixteen (16) individuals comprise the Rule 23 Class.

(*Id.* at ¶ 2.b.)  The Settlement Agreement makes clear that a Plaintiff Class member cannot obtain a double recovery in this case as both an FLSA Class member and Rule 23 Class member.  (*Id.* at ¶ 3.e.)  Two PC/LAN Engineer 5s are members of two FLSA Settlement Groups because they worked in two different positions during the relevant timeframe.  (*Id.*)

## IV.   SUMMARY OF SETTLEMENT TERMS

The Settlement Agreement sets out the terms of the proposed settlement in greater detail.   (*See generally* SA.)   The settlement provides that Wells Fargo will pay $1,734,004.39 to settle the claims of the 95-member FLSA Class[5] and the 16-member Rule 23 Class.  The key provisions of the settlement include:

1.   **Class Member Payments.**  The settlement provides that each FLSA Class member and each member of the Rule 23 Class who timely submits an approved Claim Form[6] will receive payment under the terms of the Settlement Agreement.  (*See* SA at ¶ 3.a.)  The settlement payments to Plaintiff Class members are inclusive of all wages, liquidated damages, and interest and penalties to which Plaintiff Class members claim entitlement in this action, as well as employer-side income, payroll, or other taxes as

---

[5] Again, two PC/LAN Engineer 5s are members of two different FLSA subclasses.

[6] FLSA Class members were not required to submit a claim form in order to receive payment under the settlement.  The deadline for Rule 23 Class Members to submit claim forms is June 15, 2010.  *See* Preliminary Approval Order at ¶ 10.

provided for in the Settlement Agreement.  (*Id.*; *see also id.* at ¶ 3.h.)  The settlement includes a proposed settlement distribution plan, based on formulae carefully designed by counsel who are experienced and accomplished in this type of nationwide, multi-state wage and hour litigation to most fairly and accurately compensate FLSA Class members and qualified Rule 23 Class members.  The amount of compensation will be calculated as follows:

- <u>FLSA Settlement Group 1.</u>  Estimated overtime hours times hourly rate times number of weeks at issue employed in job category times .85 times 1.5 times 1.15.

- <u>FLSA Settlement Group 2.</u>  For weeks in which overtime back pay was paid:  Prior back pay award times 1.12.  For weeks in which no overtime was paid November 1, 2004, to July 21, 2005: Weeks at issue times .85 times 5 times hourly rate.

- <u>FLSA Settlement Group 3.</u>  Prior back pay award times .12.

- <u>FLSA Settlement Group 4.</u>  Individual settlement awards based on individual circumstances.

- <u>Rule 23 Class.</u>  Weeks at issue times .85 times 6.5 times hourly rate times 1.15.

(*See id.* at ¶ 3.b.; *see also* Exhibits A, B, C, D, and E to the SA (ECF 142-1) (filed under seal pursuant to L.R. 79-5); Exhibit A to Amnd. to Settlement Agreement between Pls. and Defs. (ECF No. 156) (filed under seal pursuant to L.R. 79-5).)[7]

A Plaintiff Class member cannot obtain a double recovery in this case as both an FLSA Class member and a Rule 23 Class member.  (*See* SA at ¶3.e.)  Two PC/LAN Engineer 5s are members of two FLSA Settlement Groups.  (*Id.*)

**2.    Settlement Administrative Costs, Litigation Costs, and Attorneys' Fees.**  Wells Fargo has agreed to pay attorneys' fees, costs and expenses (including costs associated with notice and claim administration) in the amount approved by the Court,

---

[7] Exhibits A, B, C and E to the parties' Settlement Agreement (ECF No. 142-1), and Exhibit A to the Amendment to the parties' Settlement Agreement (ECF No. 156), were derived in part from employment data provided by Wells Fargo to Plaintiffs.  If any of the data provided by Wells Fargo upon which the Exhibits were created proves incorrect such that the amount of monies allocated to a specific opt-in is insufficient, Wells Fargo will provide additional funds in accordance with the formulae set forth in paragraphs 3.b. and 3.c. of the parties' Settlement Agreement.

not to exceed $851,304.50, to Settlement Class Counsel.  (*See* SA at ¶ 7.)  Settlement Class Counsel have filed a separate memorandum in support of their fees, costs, expenses and service awards request.

**3.     Class Representative Service Payments.**  Settlement Class Counsel will likewise apply to the Court for service awards of $15,000 and $10,000 to Named Plaintiffs and Class Representatives Monte Russell and Daniel Friedman, respectively, for their services to the Plaintiff Class.  (*See* SA at ¶ 6.)

**4.     Distribution of Unclaimed Funds and Uncashed Checks.**  If any monies go unclaimed or any opt-in cannot be located, any such amounts owing to the Plaintiff Class member shall not revert to Wells Fargo.  Rather, the amounts shall be used as follows.  First, the amounts shall be used to off-set any third-party administrator costs.  Second, if amounts still remain, they will be used to address underpayments, in any, to Opt-in Plaintiffs' based on data errors as outlined in paragraph 3.b. of the Settlement Agreement.  Finally, if amounts still remain, the amounts are to be designated as *cy pres* funds to be donated by Settlement Class Counsel to the Quest Scholars Program of Stanford, California, which provides academic opportunities to low-income students throughout the United States.  (SA at ¶ 3.c.)  Settlement Class Counsel will seek a separate order from the Court regarding any *cy pres* distribution at the appropriate time but no later than 60 days from the issuance of settlement payments to Plaintiff Class members.

**5.     Release of Claims.**  As part of the settlement, FLSA Class members and each member of the Rule 23 Class who has not opted out shall release and discharge Wells Fargo from any claims that were averred or could have been averred upon the facts alleged in the Amended Complaint, including but not limited to matters arising out of or connected in any way with (i) any violations of the FLSA; (ii) any violations of any state wage and hour statutes; (iii) any violation of California Business and Professions Code Section 17200, et seq.; or (iv) any common law claims, in connection with the alleged

misclassification of PC/LAN Engineers 3, PC/LAN Engineers 4, and PC/LAN Engineers 5 as exempt from federal and state overtime requirements by Wells Fargo.  The release is commensurate with the overtime claims and class allegations asserted in the Amended Complaint and nothing more.  (*See* SA at ¶ 9.)

## V.   THE COURT-APPROVED NOTICE PROGRAM IS CONSTITUTIONAL AND HAS BEEN FULLY IMPLEMENTED

Under the discretion granted to this Court by Rule 23 and the FLSA, the Court approved the content of the proposed notice of settlement to the Plaintiff Class and ordered that notice be disseminated by first class mail in congruence with the Settlement Agreement.  *See* Preliminary Approval Order at 7-8; SA at ¶4 and Exhibits G-H to the SA (ECF No. 142-1); *see also* Order on Revisions to Notice to Class Members (ECF No. 153) (revising proposed notice forms).   The Court-ordered notice has successfully apprised Plaintiff Class Members of their rights to participate in, object to, or exclude themselves from the settlement.  Accordingly, the Court's notice plan fully complies with constitutional and statutory requirements for collective and class action notice of settlement.  *Rosenburg v. Int'l Bus. Machines Corp.*, No. 06-0430, 2007 WL 2043855, at *2 (N.D. Cal. July 12, 2007) (holding that dissemination of FLSA and Rule 23 notice of settlement via first class U.S. Mail constituted the "best notice practicable under the circumstances").[8]

### A.   Implementation of the Notice Plan.

In accordance with the Court-approved notice plan in the Preliminary Approval Order, and with the assistance of independent claims administrator, CPT Reporting Group, Inc. ("CPT"), 111 notices were mailed to the last known address of each Plaintiff Class Member appearing in Wells Fargo's database, including updated information

---

[8] *See also Eisen v. Carlisle & Jacqueline*, 417 U.S. 175-76 (1974); *Hunt v. Check Recovery Sys., Inc.*, No. 05-4993, 2007 WL 2220972, at *3 (N.D. Cal. Aug. 1, 2007); Fed. R. Civ. P. 23(c)(2), (e); 3 Herbert B. Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS §§ 8.21, 8.39 (4th ed. 2002) (hereinafter "NEWBERG"); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.311 (West/Fed. Jud. Ct. 2004) (hereinafter "MANUAL").   All cited unpublished orders and decisions are attached as Exhibit 2 to the Declaration of Kelly A. Swanson filed concurrently herewith.

provided by Settlement Class Counsel, on April 16, 2010.[9]  *See* Zarate Decl. at ¶¶ 7-9. The U.S. Postal Service returned six (6) notice packets to CPT.  *Id.* at ¶ 10.  Best efforts to trace these individuals and/or find their updated addresses were conducted resulting in five (5) additional notice packets mailed and five (5) delivered.  *Id.*  One (1) notice was returned to CPT with a forwarding address.  CPT promptly re-mailed via first class mail to the forwarding address provided.  *Id.* at ¶ 11.

### B.  Settlement and Claims Administration.

As required by the Settlement Agreement, CPT mailed notice to each Plaintiff Class Member and maintained a toll-free number in an effort to educate the Class about the settlement, the approval process, and their rights as Plaintiff Class Members.  *Id.*  at ¶¶ 5, 9.  Settlement Class Counsel also received emails and telephone calls from Plaintiff Class Members requesting information concerning the settlement.

Requests for exclusion were to have been postmarked no later than May 28, 2010 and sent to Settlement Class Counsel, Wells Fargo's counsel, and the Clerk of Court.  No objections to or exclusions from the proposed settlement have been filed with the Court or received by counsel for the parties.[10]  *See id.* at ¶ 14, *see also* Snodgrass Decl. at ¶ 29.

As of the date of June 2, 2010, eight (8) individuals have submitted claim forms, which represents a filing rate of approximately 53.33% of the Rule 23 Class.[11]  Zarate Decl. at ¶ 12.  CPT's responsibilities in the claims administration process will continue at least through the end of July 2010, as the deadline for submitting claims is June 15, 2010. *See id.* at ¶ 3; *see also* Preliminary Approval Order at ¶10.  CPT's efficient and effective handling of the notice process under tight time constraints is evidence that the claims

---

[9] Although, as a technical matter, a total of 113 individuals comprise the Plaintiff Class, only 111 notices were mailed by CPT because two PC/LAN Engineer 5s are members of two FLSA Settlement Groups.  SA at ¶3.e; *see also* Zarate Decl. at ¶ 7, n.1.

[10] The deadline (as evidenced by postmark) for Plaintiff Class Members to submit an objection to, opt out of, or comment on the proposed settlement was May 28, 2010.  *See* Preliminary Approval Order at ¶¶ 10, 12-13.

[11] FLSA Class members were not required to submit a claim form in order to receive payment under the settlement.

procedure and distribution of Plaintiff Class payments will continue in fully adequate fashion.

## VI.    **LEGAL ARGUMENT**

Settlement is the preferred means of resolving litigation.  *Officers for Justice v. Civil Justice Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  Settlement of class actions is particularly appropriate because the costs, delays, risks, and uncertainties inherent in complex litigation might overwhelm any recovery the Class stands to obtain.  *See id.*  By supporting the settlement of complex class action disputes, the judicial system can help minimize litigation expenses on both sides, reduce the strain on scarce judicial resources, and avoid the risks of trial to both parties.  *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 943, 950 (9th Cir. 1976); 4 Newberg § 11.41; David F. Herr, Annotated Manual for Complex Litigation (Fourth) §§ 23, 30.4 (2005) (hereinafter referred to as "Ann. Manual").

Nevertheless, in a class action brought pursuant to Rule 23, or in a collective action brought under 29 U.S.C. § 216(b), a court must oversee the resolution because the court, like the representatives and class counsel, assumes a fiduciary duty to absent class members.  *See Ficalora v. Lockheed Cal. Co.*, 751 F2d 995, 996 (9th Cir. 1985).  In addition, for cases where no class has yet been certified, the Court must certify the Rule 23 Settlement Class prior to approving the settlement.  *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 485-86 (E.D. Cal.) (citations omitted) (granting final approval of wage-and-hour settlement class).

### A.    **The Court Should Grant Final Certification of the Action as a Collective and Class Action for Settlement Purposes.**

Final certification requires this Court to determine that the Plaintiff Class presents a bona fide dispute under the FLSA and satisfies the requirements of Rule 23(a) and at least one prong of Rule 23(b).  29 U.S.C. § 216(b); Fed. R. Civ. P. 23.  Here, the Court can easily find that the Plaintiff Class meets the Rule 23 criteria as well as the FLSA standard.

The Court conditionally certified this collective action on September 3, 2008.  *See generally* 09/03/08 Order Granting Collective Action Certification (ECF No. 54).  In its Preliminary Approval Order, this Court conditionally certified the following Rule 23 Settlement Class and reaffirmed its prior certification of the following FLSA Class for settlement purposes:

> Rule 23 Settlement Class.  Named Plaintiff Daniel Friedman, and all current or former employees of Wells Fargo who held the positions of PC/LAN Engineer 3 or PC/LAN Engineer 4 and performed work in those positions in California between September 4, 2004, and July 22, 2007, who did not opt-in to this Action in response to either the first or second notice of collective action (ECF 22 and 54), and who did not receive any overtime back pay from Wells Fargo.  Sixteen (16) individuals comprise the Rule 23 Class.

> FLSA Class.  All current or former employees of Wells Fargo who held the positions of PC/LAN Engineer 3, PC/LAN Engineer 4 or PC/LAN Engineer 5, including both Named Plaintiffs, who have previously filed opt-in consents in the Action.

Preliminary Approval Order at ¶¶ 4-6.

Nothing has changed since the Court preliminarily granted certification for settlement purposes on March 26, 2010.  To avoid needlessly repetitive argument, Plaintiffs therefore incorporate by reference the FLSA collective action and Rule 23 class certification analyses set forth in their Memorandum of Points and Authorities in Support of their Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement, as well as their memoranda supporting conditional certification of the FLSA Class.  *See* ECF Nos. 141, 35, and 48; *see also* 9/03/08 Order Granting Collective Action Certification (ECF No. 54).

The Plaintiff Class is sufficiently well-defined and cohesive for purposes of effecting the proposed settlement.  Moreover, the present case meets every requirement for certification under Rule 23 and the FLSA.  As such, final certification of the Plaintiff Class under Rule 23 and Section 216(b) of the FLSA is entirely appropriate in this case.

**B.     The Court Should Grant Final Approval of the Settlement.**

Approval of a settlement under both Rule 23 and the FLSA is a two-step process. The first step in the class action settlement approval process has already been completed here.  In the first step, the Court granted preliminary approval of the settlement on March 26, 2010.  The Court's preliminary evaluation found the settlement to be within the range of possible final approval, rendering worthwhile the class-wide notice plan and the scheduling of a formal fairness hearing.  *See* Preliminary Approval Order at ¶¶ 2, 8.

As described in Section V above, notice of the settlement was then disseminated in accordance with the Preliminary Approval Order and the parties' Settlement Agreement.  The last step in the approval process for both the FLSA and Rule 23 is the fairness hearing and final approval of the settlement.  29 U.S.C. § 216(b); Fed. R. Civ. P. 23(e); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 307 (3d Cir. 1998) (cited by 2003 Amendments to Rule 23(e)); *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Camp v. Progressive Corp.*, No. Civ. 01-2680, 2004 WL 2149079, at *4 (E.D. La. Sept. 23, 2004).   At the fairness hearing, Plaintiff Class Members will have an opportunity to present their comments or objections regarding the settlement, and Settlement Class Counsel (and counsel for Wells Fargo) will present argument supporting the settlement's fairness, adequacy, and reasonableness.  *See* ANN. MANUAL § 21.634.

*1.     The Settlement is Presumptively Fair and Reasonable.*

When faced with a motion for final approval of a class action settlement, the Court is to determine whether the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2)[12]     The Court's inquiry must be limited to the extent necessary to reach a

---

[12] As described in the ANNOTATED MANUAL FOR COMPLEX LITIGATION:

> Fairness calls for a comparative of the treatment of class members vis-à-vis each other and vis-à-vis similar individuals with similar claims who are not in the class. Reasonableness depends on an analysis of the class allegations and claims and the responsiveness of the settlement to those claims.  Adequacy of the settlement involves a comparison of the relief granted relative to what class members might have obtained without using the class action process.

reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned.  *FDIC v. Alshuler*, 92 F.3d 1503, 1506 (9th Cir. 1996).  Thus, when assessing the fairness, reasonableness and adequacy of the proposed settlement, the Court does not have the responsibility of trying the case or ruling on the merits of the matters resolved by the proposed agreement.  *Officers for Justice*, 688 F.2d 615 at 625 ("the settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits").  Ultimately, the Court's determination is "nothing more than an 'amalgam of delicate balancing, gross approximations, and rough justice.'"  *Id.* (citation omitted).

This Court should begin its analysis with a presumption that the proposed Settlement is fair and valid.  *Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-1365, 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010).  District courts in the Ninth Circuit presume fairness where:  "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small."  4 Newberg § 11.41; *see Garner*, 2010 WL 1687832, at *13; *Vasquez*, 266 F.R.D. at 489 (citation omitted); *Knight v. Red Door Salons, Inc.*, No. 08-1520, 2009 WL 248367, at *4 (N.D. Cal. Feb. 2, 2009) ("[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness" (citation omitted)); *Linney v. Cellular Alaska P'ship*, No. C-96-3008, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997), *aff'd*, 151 F.3d 1234 (9th Cir. 1998); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) (analyzing above-cited factors); Manual § 21.62 at 315. This settlement clearly meets the above-referenced criteria.

In this matter, the parties have completed extensive factual investigation to reach an intelligent settlement.  Before reaching the proposed settlement, the parties engaged in

*Id.* § 21.62, at 378.

an extensive exchange of information and wage data.  The parties' respective analyses of such information and data informed the mediation of this case.  Indeed, "[b]y the time the settlement was reached, the litigation had proceeded to a point in which both plaintiffs and defendants 'ha[d] a clear view of the strengths and weaknesses of their cases.'" *Vasquez*, 266 F.R.D. at 489 (recognizing that this factor creates the presumption that the settlement is fair) (citation omitted).

Unquestioningly, the parties negotiated the proposed settlement in good faith and at arm's length.  The parties engaged in hard-fought settlement negotiations with no less than three separate mediators throughout the course of this case, most recently and successfully before Jeffrey A. Ross, Esq., who is experienced in mediating complex wage and hour cases.  Counsel for each of the parties consider the proposed settlement to be a fair resolution of the parties' respective differences.  In light of counsel's experience, the Court should accord their assessment considerable weight.  *Garner*, 2010 WL 1687832, at *14; *Knight*, 2009 WL 248367, at *4.  Indeed, counsel for each of the parties—who are experienced plaintiffs' class action attorneys and defense attorneys—have fully evaluated the strengths, weaknesses, and equities of the parties' respective positions.  This factor has been noted by both courts and commentators as supporting the fairness and reasonableness of a class action settlement.  *Garner*, 2010 WL 1687832, at *14; *Vasquez*, 266 F.R.D. at 489-90; *Ellis*, 87 F.R.D. at 18 (citing cases and authorities).

Finally, the fairness, reasonableness and adequacy of the settlement are well established by the complete absence of any objections to or exclusions from the settlement and the fact that each Named Plaintiff and Class Representative has given his approval of the proposed settlement.  *See Garner*, 2010 WL 1687832, at *14; *Nat'l Rural Telecom. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).  "[T]he Court 'may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.'"  *Garner*, 2010 WL 1687832, at *14.

The settlement is presumptively fair and reasonable in light of the foregoing

1    factors and, as such, the Court should grant its final approval of the parties' settlement.

2          C.    **Additional Factors Support the Conclusion that the Settlement is Fair,
3                Reasonable, and Adequate.**

4          In addition to being presumptively valid, the proposed settlement meets the Ninth

5    Circuit's additional criteria for final approval.  These criteria may include some or all of

6    the following: (1) the strength of Plaintiffs' case; (2) the risk, expense, complexity, and

7    likely duration of further litigation; (3) the risk of maintaining class action status

8    throughout the trial; (4) the amount offered in settlement; (5) the extent of the discovery

9    completed; (6) the stage of the proceedings; (7) the views and experience of counsel; and

10   (8) any opposition by class members.  *See Linney*, 151 F.3d at 1242.  This list of criteria

11   is not exclusive and the Court may balance and weigh different factors depending on the

12   circumstances of each case.  *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th

13   Cir. 1993); *Garner*, 2010 WL 1687832, at *9.

14          1.   *The Settlement Offer is Appropriate Based on the Merits of the Case.*

15          "An important consideration in judging the reasonableness of a settlement is the

16   strength of the plaintiffs' case on the merits balanced against the amount offered in the

17   settlement."  *Nat'l Rural Telecom.*, 221 F.R.D. at 528.  "However, in balancing these

18   factors, 'a proposed settlement is not to be judged against a speculative measure of what

19   might have been awarded in a judgment in favor of the class.'"  *Vasquez*, 266 F.R.D. at

20   488 (citation omitted).

21          The proposed settlement here provides for a payment of $1,734,004.39 by Wells

22   Fargo, exclusive of fees, costs and incentive awards, and represents a substantial recovery

23   given the relatively small size of the Plaintiff Class (111 members) and the limited nature

24   of the alleged hourly wage and hour violations at issue.  Wells Fargo does not retain any

25   reversionary interest in the amounts to be paid to Plaintiff Class Members under the

26   settlement formulae.  *See Garner*, 2010 WL 1687832, at *11 (noting that this factor

27   supported a finding that the settlement amount offered was fair and reasonable).

28          Each Plaintiff Class Member's settlement payment is determined by a proposed

settlement distribution plan, based on carefully designed and agreed-upon formulae, to most fairly and accurately compensate members of the Plaintiff Class. *See*, *supra*, at Fact Section IV (describing distribution formulae). The proposed distribution plan takes into consideration factual variances amongst and between the Plaintiff Class subclasses. Specifically, for PC/LAN Engineer 3s and 4s, the distribution plan takes into consideration: (1) different salaries of employees; (2) different periods of employment; (3) different estimated hours of overtime (for opt-in employees); (4) the amount and formulae of previous back-pay awards; and (5) different strengths and weaknesses of liquidated damages claims based upon prior payments. For PC/LAN Engineer 5s, the individual claims were not formulaic but negotiated separately with the knowledge of the opt-ins. Nevertheless, the claim values for PC/LAN Engineer 5s were the smallest in light of Wells Fargo's stronger exemption defense for these higher paid employees. The proposed distribution plan is fair, objective and will reasonably approximate the relative damages suffered by Plaintiff Class Members.[13]

Significantly, the proposed settlement does not give undue preferential treatment to the proposed Class Representatives or other members of the Plaintiff Class, or permit excessive attorneys' fees, costs and expenses. Subject to Court approval, the proposed settlement provides for service awards of $15,000 and $10,000, respectively, to Class Representatives Russell and Friedman. Such awards are routine, appropriate, and serve public policy by encouraging individuals to come forward to protect the rights of others, while at the same time compensating the Class Representatives for their time, effort, and inconvenience in representing the interests of the Plaintiff Class members. *See, e.g., Glass v. UBS Fin. Servs.*, No. 06-4068, 2007 WL 221862, at *17 (N.D. Cal. Jan. 26, 2007) (awarding four service awards of $25,000 each in FLSA overtime collective action); Revised Order at 3, *Gerlach v. Wells Fargo and Company*, No. 4:05-cv-00585

---

[13] The settlement provision for unclaimed funds to be redistributed to off-set any third-party administrative fees; to address underpayments, if any, to opt-in's based on data errors; and/or to be donated to a *cy pres* beneficiary is appropriate and ensures that all of the net proceeds of the settlement are directed at Plaintiff Class members to the extent administratively possible.

(N.D. Cal. Jan. 19, 2007) (approving $15,000 service award in misclassification class action); *accord Barcia v. Contain-A-Way, Inc.*, No. 07-938, 2009 WL 587844, at *7 (S.D. Cal. Mar. 6, 2009) (approving $25,000 incentive award in wage and hour class action; citing cases).[12]

Likewise, the proposed settlement provides for reasonable attorneys' fees and costs. Settlement Class Counsel will seek attorneys' fees plus costs and expenses, including the costs associated with notice and claims administration of the settlement, not to exceed $851,304.50. Wells Fargo will pay these fees separately; no Plaintiff Class Member's payment from the claims fund will be reduced to reflect these fees and costs. As Settlement Class Counsel address in their motion for attorneys' fees filed concurrently herewith, several of the statutes at issue in this case – FLSA and the California Labor Code – provide for the mandatory recovery of attorneys' fees and costs. Given the amount of work done in this case, the amount of risk and cost associated with the litigation and the benefits provided to the Plaintiff Class, and the excellent result achieved by the settlement, the parties' agreement on fees and costs is well within the range of reasonableness.

### 2. The Settlement Avoids Protracted and Expensive Litigation.

While Settlement Class Counsel believe that the Plaintiff Class' claims are strong and supported by federal and state precedent, Settlement Class Counsel are also experienced and realistic enough to know that the guaranteed recovery and certainty achieved through settlement—as opposed to the uncertainty inherent in the jury trial and appellate process—weighs heavily in favor of the settlement result here. *See Vasquez*, 266 F.R.D. at 489. Indeed, Wells Fargo denies both that the exempt classification of PC/LAN Engineer 3s, 4s and 5s was improper, and that it owes any of its current and former employees overtime pay as a result. Moreover, not only does Wells Fargo vigorously contest liability but also this Court's prior ruling concerning the proper

method of calculating any overtime owed in this case.  However these issues would ultimately be resolved, their legal and factual complexity make them expensive to litigate on a class-wide basis.  If fully litigated, they could take years to resolve through verdict and judgment, and, inevitably, appeal.

The proposed settlement therefore eliminates the need for a lengthy, uncertain, and expensive trial or series of trials.  For example, the Settlement Agreement eliminates the risk of a denial of certification, which would force members of the Rule 23 Class to proceed on a plaintiff-by-plaintiff basis.  By eliminating the risk of uncertain outcomes in litigation, the Settlement Agreement reflects economies of time, effort, and expense, by eliminating the need for individual litigation on what are, on average, relatively modest back wage claims.  Even with fee-shifting statutes in place, it would be uneconomical for individual plaintiffs to proceed to trial with their claims given that the amount of fees would likely exceed the damages award to many plaintiffs.  The settlement thus affords the Plaintiff Class with prompt, efficient relief, while avoiding the expenses and burdens of trial.

### 3.  *Settlement Class Counsel Supports the Settlement.*

As previously discussed, counsel for each of the parties – who are experienced plaintiffs' class action and defense attorneys – have fully evaluated the strengths, weaknesses, and equities of the parties' respective positions.  This factor weighs in favor of final approval.  *Garner*, 2010 WL 1687832, at *14; *Vasquez*, 266 F.R.D. at 489-90.  In addition, the Court should construe the lack of a single objection, and the favorable response already received by the claims data, as strong indication of Plaintiff Class Member support of the settlement.  *Garner*, 2010 WL 1687832, at *14; *Vasquez*, 266 F.R.D. at 490; *Nat'l Rural Telecom.*, 221 F.R.D. at 528; *Ellis*, 87 F.R.D. at 18.  Finally, this Court should consider the Ninth Circuit's policy favoring settlement of class action litigation.  *See Officers for Justice*, 688 F.2d at 625; *Van Bronkhorst*, 529 F.2d at 943, 950.  In light of all the foregoing, the settlement should be finally approved.

1

2                                          **<u>CONCLUSION</u>**

3              Upon all relevant law and standards, the proposed settlement is fair, adequate, and

4      reasonable, and satisfies all requirements for final approval.  The settlement provides

5      hard-fought and substantial relief to the Plaintiff Class, without the attendant risks of

6      additional litigation.  Settlement Class counsel and the Class Representatives respectfully

7      request that the Court grant final certification of the Plaintiff Class, final approval of the

8      proposed settlement, and enter judgment in this action.

9

10     Dated: June 3, 2010                     Respectfully submitted,

11                                             LARSON • KING, LLP

12                                             s/Kelly A. Swanson
                                               T. Joseph Snodgrass (*Pro Hac Vice*)
                                               Kelly A. Swanson (*Pro Hac Vice*)
13                                             LARSON  KING, LLP
                                               2800 Wells Fargo Place
14                                             30 East 7th Street
                                               St. Paul, Minnesota 55101
15                                             Telephone: (651) 312-6500
                                               Facsimile:  (651) 312-6619
16

17                                             William M. Audet (California State Bar No. 117456)
                                               Adel Nadji (California State Bar No. 232599)
18                                             AUDET & PARTNERS, LLP
                                               221 Main Street, Suite 1460
19                                             San Francisco, California  94105
                                               Telephone: (415) 568-2555
20                                             Facsimile:  (415) 568-2556

21                                             Settlement Class Counsel

22

23     1283047

24

25

26

27

28
       PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE
                         ACTION SETTLEMENT AND MEMORANDUM
                                    CASE NO. C 07 3993 CW
                                          Page 21