William M. Audet (California State Bar No. 117456)
Adel Nadji (California State Bar No.232599)
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, California  94105
ANadji@audetlaw.com
Telephone: (415) 568-2555
Facsimile:  (415) 568-2556

T. Joseph Snodgrass (*Pro Hac Vice*)
jsnodgrass@larsonking.com
Kelly A. Swanson (*Pro Hac Vice*)
kswanson@larsonking.com
LARSON · KING, LLP
2800 Wells Fargo Place
30 East 7th Street
St. Paul, Minnesota 55101
Telephone: (651) 312-6500
Facsimile:  (651) 312-6619

Settlement Class Counsel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE RUSSELL and DANIEL FRIEDMAN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO AND COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No.: CASE NO: C 07 3993 CW<br><br>JUDGE CLAUDIA WILKEN<br>COURTROOM 2<br><br>**ORDER FOR<br>FINAL JUDGMENT** |

This cause comes before the Court on the motion of Plaintiffs for Final Approval of Class and Collective Action Settlement and Motion for an Award of Service Payments to Class Representatives and for an Award of Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel, the memoranda filed in support thereof, the oral arguments of counsel and the applicable law.  Having found that the Settlement Agreement meets the applicable criteria for final approval and having found that Settlement Class Counsel's request for Class Representative service payments, attorneys' fees, costs, and expenses

meet the applicable standard for approval, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.  The Named Plaintiffs and Defendants Wells Fargo and Company and Wells Fargo Bank, N.A. (collectively "Wells Fargo"), entered into a Settlement Agreement on February 26, 2010.

2.  On March 26, 2010, the Court entered Findings and an Order, which (i) certified for settlement purposes a Class; (ii) preliminarily approved the settlement as to the Settlement Class ("Plaintiff Class");[1] (iii) approved the forms and methods of notice of the settlement to members of the Plaintiff Class; (iv) directed that appropriate notice of the settlement be given to the Plaintiff Class; and (v) set a hearing date for final approval of the settlement.  (ECF No. 152).

3.  Notice of the settlement was mailed to the Plaintiff Class by April 16, 2010.  No Settlement Class members have elected to be excluded from the Plaintiff Class.  No Plaintiff Class members filed formal objections to the settlement.

4.  On June 17, 2010, at 2:00 p.m., in Courtroom 2, in the United States District Court for the Northern District of California, Oakland Division, 1301 Clay Street, Oakland, California, the Court held a hearing on whether the settlement was fair, reasonable, adequate, and in the best interests of the Plaintiff Class ("Final Approval Hearing").  At the Final Approval Hearing, the Class Representatives and the Plaintiff Class were represented by T. Joseph Snodgrass of the firm Larson · King, LLP.  Glenn L. Briggs appeared on behalf of Wells Fargo.  The Court also afforded the opportunity to hear from other persons who chose to appear at the Final Approval Hearing.

5.  The form, content, and method of dissemination of the notice given to the Plaintiff Class fully complies with the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), Rule 23 of the Federal Rules of Civil Procedure, and due process, constituted the best notice practicable under the circumstances, and is due and

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the parties' Settlement Agreement.

sufficient notice to all parties entitled to notice of the settlement of this Action.

6. <u>Rule 23 Settlement Class Findings.</u>  For purposes of the settlement of the Action (and only for such purposes, and without an adjudication on the merits), the Court finds that the requirements for certification of the Federal Rules of Civil Procedure, the United States Constitution, and the Local Rules of the United States District Court for the Northern District of California have been met as to the Rule 23 Class defined below, in that:

(a) The Court finds that the Rule 23 Class is ascertainable from records kept on file by Wells Fargo, and the members of the Plaintiff Class are so numerous that their joinder before the Court would be impracticable.  Rule 23(a)(1) is satisfied.

(b) The commonality requirement of Rule 23(a) is generally satisfied when members of the Rule 23 Class share at least one common factual or legal issue.  Here, Named Plaintiff Daniel Friedman has alleged questions of fact and law purportedly common to the Rule 23 Class.  The Court finds that there are one or more questions of fact or law common to the Rule 23 Class.  Rule 23(a)(2) is satisfied.

(c) The Court finds that Named Plaintiff Friedman's claims are typical of the claims of the Rule 23 Class.  Rule 23(a)(3) is satisfied.

(d) The Court finds that Named Plaintiff Friedman will fairly and adequately protect the interests of the Rule 23 Class (defined below) in that (i) his interests and the nature of the claims alleged are consistent with those of the members of the Rule 23 Class; (ii) there appear to be no conflicts between or among Named Plaintiff Friedman and the Rule 23 Class; and (iii) Named Plaintiff Friedman and the members of the Rule 23 Class are represented by qualified, reputable counsel who are experienced in preparing and

prosecuting complex class actions.  Rule 23(a)(4) is satisfied.

(e) Having considered the allegations of the Amended Complaint (ECF No. 55), the Court finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Rule 23 Class.  The Court finds that a resolution of this case in the manner proposed by the Settlement Agreement is superior to other available methods for the fair and efficient adjudication of the litigation.  The proposed resolution of this case provides all members of the Rule 23 Class with an opportunity to receive compensation in the form of back pay and/or liquidated damages.  In making these findings, the Court has considered, among other factors: (i) the interest of the Rule 23 Class members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the lack of any litigation concerning these same claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.  Rule 23(b)(3) is satisfied.

(f) The Court finds that Larson · King, LLP and Audet & Partners, LLP ("Settlement Class Counsel") are capable of fairly and adequately representing the interests of the Plaintiff Class.  Settlement Class Counsel have done extensive work identifying or investigating potential claims in the Action and have litigated the validity of those claims.  Settlement Class Counsel are experienced at handling class actions, other complex litigation, and claims of the type asserted in this Action.  Settlement Class Counsel are knowledgeable of the applicable law, and Settlement Class Counsel have committed the necessary resources to represent the

Plaintiff Class.  Rule 23(g) is satisfied.

9. <u>Rule 23 Class Certification.</u>  Based on the foregoing findings, the Court finally certifies the following class for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3) in this Action, for the sole purpose of settlement and without an adjudication on the merits (the "Rule 23 Settlement Class"):

> Named Plaintiff Daniel Friedman, and all current or former employees of Wells Fargo who held the positions of PC/LAN Engineer 3 or PC/LAN Engineer 4 and performed work in those positions in California between September 4, 2004, and July 22, 2007, who did not opt-in to this Action in response to either the first or second notice of collective action (ECF 22 and 54), and who did not receive any overtime back pay from Wells Fargo.

Sixteen (16) individuals comprise the Rule 23 Class.  In light of the foregoing, the Court finds that solely for the purpose of settlement, the Rule 23 Settlement Class is sufficiently well-defined and cohesive.

10. <u>FLSA Collective Action Certification.</u>  Based on the foregoing findings and the Court's previous Orders, the Court reaffirms collective action certification of the FLSA Class (defined below) under 29 U.S.C. § 216(b), for the sole purpose of settlement, and without an adjudication on the merits (the "FLSA Class"):

> All current or former employees of Wells Fargo who held the positions of PC/LAN Engineer 3, PC/LAN Engineer 4, or PC/LAN Engineer 5, including both Named Plaintiffs, who have previously filed opt-in consents in the Action.

The FLSA Class is further defined by and comprised of the following subclasses:

> (a) <u>FLSA Settlement Group 1.</u>  PC/LAN Engineer 3s and PC/LAN Engineer 4s, who opted-in to this Action in response to the first notice of collective action (ECF 22), and who did not receive any overtime back pay from Wells Fargo.  Twenty-five (25) members of the FLSA Class comprise Settlement Group.
>
> (b) <u>FLSA Settlement Group 2.</u>  PC/LAN Engineer 3s and PC/LAN Engineer 4s, who opted-in to this Action in response to the second notice of collective action (ECF 54), who performed work in states other than California, and who received overtime back pay from Wells Fargo pursuant to a fluctuating workweek formula.  Forty-five (45) members of the FLSA Class comprise FLSA Settlement

Group 3.

(c) <u>FLSA Settlement Group 3.</u>  PC/LAN Engineer 3s and PC/LAN Engineer 4s, who opted-in to this Action in response to the second notice of collective action (ECF 54), who performed work in California, and who received overtime back pay from Wells Fargo pursuant to the time-and-a-half formula.  Fourteen (14) members of the FLSA Class comprise FLSA Settlement Group 3.

(d) <u>FLSA Settlement Group 4.</u>  PC/LAN Engineer 5s, who opted-in to this Action in response to the second notice of collective action (ECF 54).  Thirteen (13) members of the FLSA Class comprise FLSA Settlement Group 4.

11. The Court appoints Named Plaintiffs Monte Russell and Daniel Friedman as Class Representatives of the FLSA Class.  The Court also appoints Named Plaintiff Friedman as Class Representative of the Rule 23 Class.

12. The settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Plaintiff Class.

13. This Action is dismissed with prejudice.

14. The Class Representatives and all Plaintiff Class members are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Settled Claims against any of the Released Parties, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any other agency or other authority, tribunal, or forum wherever located.  Any person or entity who knowingly violates this injunction shall pay the costs and attorneys' fees incurred by Wells Fargo or any other Released Party as a result of the violation.  The Class Representatives and members of the Plaintiff Class who have not opted out are bound by the release of claims set forth in paragraph 9 of the Settlement Agreement.

15. Settlement Class Counsel are awarded reimbursement of expenses, disbursements, and costs, including mediator fees, settlement and claims administration fees, and attorneys' fees, in the amount of $**851,304.50**.  The Class Representatives Monte Russell and Daniel Friedman are each awarded Class Representative service fees in the amount of $**15,000** and $**10,000**, respectively, for reimbursement of their time

expended and the risks undertaken on behalf of the Plaintiff Class. Such amounts as awarded shall be paid in accordance with the terms of the Settlement Agreement.

16. The Court shall retain continuing jurisdiction over this action, the Parties and all Plaintiff Class members to determine all matters relating in any way to this Order, the Preliminary Approval Order, the Judgment, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

17. In the event that this judgment does not become "final" in accordance with paragraph 11 of the Settlement Agreement, then the judgment shall be rendered null and void to the extent provided by and in accordance with paragraph 12 of the Settlement Agreement, and this Order for Final Judgment shall be vacated. Upon vacation, all orders entered in connection with the settlement shall be null and void. In such event, this Action shall return to its respective status prior to execution of the Settlement Agreement as if the Settlement Agreement had never been executed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

SO ORDERED this **16th** day of **June**, 2010.

_____
The Honorable Claudia Wilken
United States District Judge

1273934

[PROPOSED] ORDER FOR FINAL JUDGMENT
CASE NO. C 07 3993 CW

Page 7